UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-00064 (DWF/KMM)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **GOVERNMENT'S RESPONSE TO** |
| ) | **MOTION FOR SCHEDULING** |
| v. ) | **ORDER** |
| ) | |
| EDWARD S. ADAMS, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and David M. Maria and John Kokkinen, Assistant United States Attorneys, respectfully submits this response to the Motion of defendant Edward S. Adams for Entry of Scheduling Order and Setting of Trial Date [Docket No. 28 (hereinafter, "Def. Mot.")].

In general, it is the government's position that the schedule proposed by Adams is unreasonably protracted.  Moreover, it seeks to impose obligations and deadlines on the government that are beyond those required by the Federal Rules or Criminal Procedure and customary practice in this District.  While defense counsel repeatedly highlight the amount of time that they believe that the government has been investigating this case (apparently viewing the Securities and Exchange Commission in Chicago and the U.S. Attorney's Office in Minneapolis as a single entity), it bears mention that Mr. Petrosinelli has been involved with this matter for well over a year, attending a meeting at the U.S. Attorney's

Office in mid-March 2016, during which the government described the issues under investigation that ultimately formed the basis for this prosecution.

Adams seeks a deadline for filing of pre-trial motions of November 5, 2017 – a date almost six months from now and over seven months from the date of the indictment and arraignment. This is an unreasonably long time period. As this Court has explained, in reviewing the sufficiency of an indictment: "Ordinarily, the Court's assessment is limited to the 'four corners' of the indictment, and the Court should studiously avoid the consideration of evidence from sources beyond the indictment." *United States v. Hughson*, 488 F. Supp. 2d 835, 840 (D. Minn. 2007) (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). Thus, a motion challenging an indictment based on the statute of limitations does not require witness interviews or a review of "all the available discovery." (Def. Mot. at 6.) Challenges to the search warrant in this case, likewise, will be appropriately based on the four corners of the search warrant and accompanying affidavit. As to whether certain documents obtained from the search may be challenged on privilege grounds, such a challenge is appropriately raised prior to trial, in a motion in limine. As to conducting "needed legal research before filing motions" (*id.*), to date, five lawyers have formally appeared on behalf of Adams. It therefore seems that the necessary research can be completed and reduced to a written motion more expeditiously than in half a year. For these reasons, the government suggests a deadline for filing of pretrial motions of August 11, 2017, with responses due three weeks later (on September 1, 2017).

Regarding Adams's position on purported 404(b) evidence, the position is based on the incorrect characterization of the conduct that occurred outside the statute of limitation

2

as "uncharged" Rule 404(b) evidence. (Def. Mot. at 6-7.) As the indictment alleges, that conduct was part of Adams's ongoing scheme to defraud, which spanned a period of multiple years. Contrary to Adams's assertion, such evidence does not amount to "uncharged" conduct that implicates Rule 404(b). To the extent that the government determines that it will attempt to offer any 404(b) evidence at trial, the government suggests a disclosure date for any proposed 404(b) evidence of thirty days before trial. Regarding any co-conspirator statements under Rule 801(d)(2)(E), the statements of any testifying co-conspirators or co-defendants are covered by the Jencks Act, and the government will make any such disclosures when it turns over the other Jencks' materials.

As to expert disclosures, the primary example provided (of "flow of funds from investors, what bank accounts the monies touched, where the funds ended up," (Def. Mot. 7-8)) is not the subject of expert testimony but, instead, is routinely introduced by a summary witness. The substance of such summaries is not conveyed in expert reports, but is disclosed in summary charts, exchanged between the parties at, or shortly in advance of, trial. The government is unaware of any instance when the court has treated such "Summaries to Prove Content" under Federal Rule of Evidence 1006 as expert materials. The materials underlying any such charts and related testimony is being produced, or made available, in the government's Rule 16(a) disclosures. Regarding any true expert disclosures, if either party elects to utilize and expert, there is no reasonable basis for staggering those disclosures. The government suggests disclosure of any experts sixty days in advance of trial.

The government suggests the following pretrial schedule:

- Government's Rule 16(a) disclosures: (will go out this week);
- Defendant's Rule 16(b) disclosures: June 26, 2017;
- Pretrial Motions: August 11, 2017;
- Responses to Pretrial Motions: September 1, 2017
- Hearing on Pretrial Motions: September 13, 2017
- Expert Disclosures: December 7, 2017
- Government's Notice of 404(b) Evidence: January 5, 2018
- Motions in Limine: January 5, 2018
- Responses to Motions in Limine: January 19, 2018
- Trial brief, voir dire, jury instructions: January 26, 2018
- Trial begins: February 4, 2018

The Speedy Trial Act was designed with the interests of the defendants *and the public* firmly in mind. *See Zedner v. United States*, 126 S. Ct. 1976, 1987 (2006); *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 383 (1979) ("The public, for example, has a definite and concrete interest in seeing that justice is swiftly and fairly administered."). The government submits that the proposed schedule provides adequate time for the defendant to prepare adequately for trial, while still meeting the objectives of the Speedy Trial Act.

Dated: May 16, 2017

Respectfully Submitted,

GREGORY G. BROOKER
Acting United States Attorney

/s/ David M. Maria

BY:   DAVID M. MARIA
      JOHN E. KOKKINEN
      Assistant U.S. Attorneys