UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-64 (DWF/KMM)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD S. ADAMS, )<br>)<br>Defendant. ) | **MEMORANDUM IN OPPOSITION TO MOTION FOR A BILL OF PARTICULARS** |

The United States respectfully submits this Memorandum in Opposition to Edward S. Adams' ("Adams") Motion for a Bill of Particulars [Docket No. 34]. The motion should be denied because the indictment provides ample notice to Adams of the charged offenses.

## LEGAL STANDARDS

An indictment is "legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Wessels*, 12 F. 3d 746, 750 (8th Cir. 1993) (citing *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir. 1980)). It satisfies these requirements "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense" for which the defendant has been indicted. *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009); *see also United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993) (same).

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v.*

*Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). The Eighth Circuit has repeatedly emphasized, however, that "[a] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (*quoting United States v. Livingstone*, 576 F. 3d 881, 883 (8th Cir. 2009)); *see also United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) ("A bill of particulars ... is not a proper tool for discovery; it is not to be used to provide detailed disclosure of the government's evidence at trial."); *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006) (noting a bill of particulars is not to be used for discovery purposes); *see also generally United States v. Holzendorf*, 576 Fed. App'x 932, 935–36 (11th Cir. 2014) (unpublished) (affirming district court's denial of defendant's request for a bill of particulars detailing each misrepresentation the government planned to prove at trial, describing the requested bill of particulars as "a thinly veiled attempt to have the government make a detailed disclosure of the evidence that it planned to present at trial"); *United States v. Tyler*, 42 Fed. App'x 186, 190 (10th Cir. 2002) (unpublished) (defendant was not entitled to notice of all the government's evidence); *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982) ("[E]ven a bill of particulars cannot be required to compel revelation of the full theory of the case or all the evidentiary facts."). The decision to deny or order a bill of particulars is left to the broad discretion of the trial court. *See, e.g., United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986).

Because of the emphasis on surprise to the defendant, whether the information the defendant seeks is available by another avenue, such as discovery, is a factor in whether a bill of particulars is warranted. *See, e.g., United States v. Valentine*, 984 F. 2d 906, 908 (8th Cir. 1993); *see also, e.g.*, *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998).

## ARGUMENT

The twenty-page indictment in this matter provides sufficient notice to Adams. The indictment includes detailed allegations describing Adams' scheme to defraud and asserts that "Adams embezzled millions of dollars from Apollo and its investors for his own personal use and benefit." Indictment at ¶ 15. The indictment alleges that among the ways Adams executed the scheme was representing to investors that funds provided by them to "RL Investments" and "DL Investments" and "ADR Investments" would be used for Apollo Diamond, when in fact Adams surreptitiously diverted the funds for his own use (*e.g.* ¶¶ 17, 19-22, 24, 26-28, 34-36, 38-39); lying to investors about the source of the shares that investors would be purchasing, thereby concealing the fact that Adams was diverting the money to himself (¶¶ 18-22, 25-28, 37-39); opening corporate bank accounts without authorization and then used the accounts to divert to his own use funds he represented would be used for Apollo (¶¶ 29-32); falsely representing that no funds were available in the ADR Investments account to meet Apollo's basic operational costs when, in fact, Adams transferred $100,000 from that account to his own personal account the very same day he made the false representation (¶ 40); and devising a lulling scheme to conceal his embezzlement, appease shareholders, and extend and continue the fraud (¶¶ 41-59). Far removed from an indictment that is "so defective that it cannot be said, by any reasonable

3

construction, to charge the offense," the indictment here includes extensive allegations in support of the charged offenses and more than ample notice of the government's theory of the case.

Adams' motion for a bill of particulars is a thinly veiled attempt to have the government disclose the evidence it intends to adduce at trial. First, Adams claims a bill of particulars is necessary in light of the limitations on honest services fraud announced in *Skilling*. Adams Br. at 8-11. The indictment does not allege deprivation of honest services. The indictment is explicit in its allegation that Adams defrauded his victims of money by embezzling millions of dollars from them. Indictment at ¶¶ 1, 15; *cf.* Adams Br. at 17-18 (purporting need for bill of particulars to assure that fraudulent deprivation of money or property, and not deprivation of honest services, is the basis for liability). *Skilling* is being used here as a stalking horse for discovery of the government's trial evidence.

Second, Adams seeks to convert sufficiently pled allegations of concealment and nondisclosure within the broader scheme to defraud into a vehicle for discovery. Adams Br. at 11-16. The allegations of concealment and nondisclosure cited by Adams are specific as to their subject matter and materiality to the overall scheme, thereby providing Adams sufficient notice. Those allegations, appropriately read in context, are not a basis for a bill of particulars seeking detailed discovery of the trial evidence to be presented to a jury in support of charged offenses. *See, e.g.*, *United States v. Afremov*, 2007 WL 2475972 at *2 (D. Minn. 2007) (JRT/SRN) (unpublished) (denying bill of particulars in part because allegations of concealment, when read in context of the scheme to defraud as a whole, provided sufficient notice). That is even more true here, where the government has

provided extensive pretrial discovery. *See* Exhibit 10 to Adams' Motion to Suppress, DCD 41-1 at 116-122 (summarizing extensive discovery disclosure provided in May 2017); *see generally Afremov*, 2007 WL at *2 (rejecting assertion that quantity of discovery necessitated bill of particulars). Adams' effort to use a bill of particulars to discover the evidence that will be adduced at trial to support the allegations made in the indictment should be rejected.

*Steffen* is not apposite. In *Steffens*, the indictment was deemed insufficient in part because concealment and nondisclosure were not alleged as part of a broader, preexisting scheme to defraud. *United States v. Steffen*, 687 F.3d 1104, 1115 (8th Cir. 2012). The indictment also relied upon omissions and implied misrepresentations arising from contractual relationships, *id.* at 1116-17 — not, as alleged here, as material parts of a scheme to defraud victims by embezzling their investment monies. Like in *Afremov*, the allegations isolated by Adams, when read in context, are part of a sufficiently pled indictment that provides ample notice.

Adams also asserts that the government should be required to identify others who made representations or participated in the scheme. Adams Br. at 16-17, 18-19. There is no such requirement, and the Eighth Circuit accordingly has not imposed one in analogous circumstances. *See United States v. Huggans*, 650 F.3d 1210, 1217-1218 (8th Cir. 2011) (noting in conspiracy context that "the persons with whom, and the locations and times at which, he [committed the offenses charged]" need not be specified); *United States v. Pemberton*, 121 F.3d 1157 (8th Cir. 1997) (denying defendant's request for bill of particulars identifying all members of a conspiracy and the dates and locations of each

5

alleged act); *see also United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (noting that the government is not required to furnish names of other co-conspirators in a bill of particulars); *United States v. Jimenez,* 824 F.Supp. 351, 365 (S.D.N.Y. 1993) (The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars).

## **CONCLUSION**

For the reasons stated herein, defendant's motion for a bill of particulars should be denied.

Dated: November 15, 2017                    Respectfully Submitted,

                                                      GREGORY S. BROOKER
                                                     Acting United States Attorney

                                                     s/David M. Genrich

                                                 BY:   DAVID M. GENRICH
                                                           DAVID M. MARIA
                                                           JOHN E. KOKKINEN
                                                           Assistant United States Attorneys