UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-64 (DWF/KMM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **NOTICE OF INTENT** |
| | ) | **TO CALL WITNESSES** |
| v. | ) | |
| | ) | |
| EDWARD S. ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States respectfully submits this Notice of Intent to Call Witnesses.  The Notice is filed pursuant to Local Rule 12.1(c)(3)(a).

## **Motion To Be Addressed**

Witnesses noticed below will be addressing Defendant's Motion to Suppress [Docket No. 37].   Specifically, Defendant's Motion seeks suppression of emails seized from Yahoo! pursuant to search warrant on two alleged Fourth Amendment grounds, namely "because the search warrant amounted to an unconstitutional general warrant and because the warrant was executed in an unreasonable manner."  Def. Mem. In Support of Motion to Suppress, Docket No. 37 at 3.

With respect to the general warrant claim, the government submitted a written response reviewing the warrant, its sufficiently particularized

nature, and the *Leon* exception.  *See* Gov't Mem. In Opposition to Motion to Suppress, Docket No. 49.  The government does not intend to call witnesses as to that claim.

With respect to the manner in which the warrant was executed, the government intends to call some or all of the witnesses noticed below to supplement declarations filed by the government along with this Notice. Taken together, the evidence will show that the manner in which the warrant was executed was reasonable.  The government searched the locations specified in the warrant (Adams' email accounts) for the items subject to seizure (as set forth in Section II of Attachment B to the warrant).

By way of a general prehearing overview, the government expects the evidence will show that the email content at issue was received by Postal Inspector Christie Kroells on a thumb drive from Yahoo! on or about March 7, 2016. Between on or about March 7, 2016, and March 17, 2016, Postal Inspector Kroells accessed the drive to verify receipt of the content requested in the warrant, determine the volume of content within the accounts, determine how best to conduct the search of the content, and to prepare for several potential witness interviews.  Had Inspector Kroells encountered a document she believed to be potentially privileged, she would have

followed her standard practice of stopping review of the document and having it subjected to taint/filter review.  On March 17, 2016, Inspector Kroells (through FBI Special Agent Jennifer Khan) provided the thumb drive to the United States Attorney's Office.  Potentially privileged emails were filtered out using specific lawyer/law firm search terms to segregate emails containing those terms from prosecution team review.  The excluded documents were placed in one of two secure folders (the "Taint Folder" or "Not For Review Folder"), neither of which has ever been available to or accessed by the prosecution team.

During the prosecution team's review of the resulting "For Review Folder" (which contained the emails not filtered out by application of the list of specific search lawyer/law firm search terms), if any documents in the For Review Folder appeared to contain privileged information, review of the document ceased and additional specific search terms (e.g., the name of the law firm or lawyer in the document) were added to a list for further filtering. In June 2016, the additional list of specific search terms was applied to the For Review Folder, and any documents containing any of those terms were removed from the For Review Folder and added to the secure Not For Review Folder.

In April 2017, a final list of "relevance" search terms was applied to the For Review Folder. The emails in the For Review Folder that contained one or more of the relevance search terms were seized pursuant to Section II of Attachment B to the email search warrant. Accordingly, by the end of the process, the For Review Folder had been filtered to exclude documents containing terms on either of the two lists of specific search terms and further filtered to exclude documents that did not contain at least one of the "relevance" search terms.

The evidence will demonstrate the warrant was reasonably executed under Fourth Amendment standards, and thus Defendant's Motion to Suppress should be denied. As is noted in the government's responsive memorandum (Gov't Mem. In Opp. To Motion to Suppress at 23), insofar as Adams' briefing also includes what appear to be assertions that the prosecution team accessed actually privileged documents and/or is tainted by that alleged access, those assertions are premature. There has been no threshold determination of privilege with respect to any documents, and no corresponding determination of whether the prosecution team was exposed to any documents that were, in fact, privileged. Not until privilege matters

are agreed upon or litigated is an assessment of any alleged prosecution team exposure to actually privileged materials possible.

## Witnesses

| **Witness** | **Estimated Duration (Direct)** |
| --- | --- |
| Mark Zeitz | 30 minutes |
| Christie Kroells | 30 minutes |
| Jennifer Khan | 5 minutes |
| Brandon Belich | 5 minutes |
| Dan Czapko | 5 minutes |

Dated: November 30, 2017          Respectfully submitted,

GREGORY S. BROOKER
Acting United States Attorney

s/David M. Genrich

BY:   DAVID M. GENRICH
      DAVID M. MARIA
      JOHN E. KOKKINEN
      Assistant United States Attorneys