UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 17-cr-64-DWF-KMM |
| | ) | |
| v. | ) | **RESPONSIVE NOTICE OF** |
| | ) | **INTENT TO CALL WITNESSES** |
| EDWARD S. ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

In response to the Government's Notice of Intent to Call Witnesses and related disclosures provided on November 30, 2017, Mr. Adams, by and through his undersigned counsel, believes that additional evidence is relevant to his Motion to Suppress (DCD 36) and therefore notices additional witnesses pursuant to Local Rule 12.1(c)(3)(b).  Among other things, the Government's recent disclosures demonstrate:

1) On January 8, 2016, the Government executed the search warrant on Attorney Adams's Yahoo! email accounts.  (DCD 52-1 at 4 (Kroells Decl. ¶ 8)).

2) On or about March 7, 2016, the Government received email data from Yahoo! on a flash drive.  (DCD 52-1 at 4 (Kroells Decl. ¶ 10)).  The Government received approximately 146,000 documents from Yahoo!.  (DCD 52-1 at 24 (Zeitz Decl. ¶ 7)).

3) On March 15 and 17, 2016, before taking any steps to remove privileged documents from Attorney Adams's email, Inspector Kroells, with permission from AUSA Maria, conducted searches of the Yahoo! flash drive over a two-

day period.  (DCD 52-1 at 4-5 (Kroells Decl. ¶¶ 9-12)).  Inspector Kroells used "keywords and key dates" to conduct her searches, which were for the purpose of preparing for upcoming interviews of potential witnesses.  (DCD 52-1 at 5 (Kroells Decl. ¶ 12)).  Inspector Kroells printed 22 documents from the flash drive.  *Id.*

4) At no time did the Government use a taint team during its search of Attorney Adams's email.  (DCD 52-1 at 39 (Maria Decl. ¶ 8)).

5) On or about April 14, 2016, AUSA Maria proposed a list of search terms to apply to the 146,000 Yahoo! documents to exclude potentially privileged documents from the Government's review of Attorney Adams's email.  (DCD 52-1 at 26 (Zeitz Decl. ¶ 13)).  Upon applying this initial list of search terms, 70 to 80 percent of the documents, or approximately 105,000 documents, were identified as containing potentially privileged information.  (DCD 52-1 at 26 & 29-31 (Zeitz Decl. ¶¶ 14, 23)).

6) Rather than segregating those 105,000 potentially privileged documents, on or about April 27, 2016, AUSA Maria abandoned the original list of search terms in favor of a shorter, narrower list of terms.  (DCD 52-1 at 26-27 (Zeitz Decl. ¶¶ 15-16)).  The application of these search terms resulted in excluding only approximately 32,000, rather than the approximately 105,000, emails from the Government's review.  (DCD 52-1 at 29 (Zeitz Decl. ¶ 23) & 39 (Maria Decl. ¶ 8)).  Those 32,000 emails were excluded from the Government's review

database ("Review Database") and moved into a segregated database ("Segregated Database").  (DCD 52-1 at 39 (Maria Decl. ¶ 8)).

7) The narrower list of search terms did not include the name or law firm name of Mr. Adams's then criminal defense counsel, Jon Hopeman, with whom the Government had recently met.[1]  (*See* DCD 52-1 at 26-27 (Zeitz Decl. ¶¶ 15-16)).

8) Approximately three weeks later, on May 16, 2016, after reviewing documents, the Government realized it had omitted Mr. Hopeman and his law firm from the search terms, in addition to other attorneys and law firms.  (DCD 52-1 at 7-8 (Kroells Decl. ¶ 20) & 28 (Zeitz Decl. ¶¶ 18-19)).  The Government did not exclude from its Review Database documents containing these attorneys' names for another three weeks, until June 7, 2016.  (DCD 52-1 at 29 (Zeitz Decl. ¶ 20)).

9) This additional search and segregation resulted in excluding an additional 1,000 documents from the Review Database (thus approximately 33,000 documents in total were excluded for privilege reasons).  (DCD 52-1 at 29 (Zeitz Decl. ¶ 20)).

---

[1] In March 2016, Mr. Adams's defense counsel Mr. Jon Hopeman, then of Felhaber Larson, met with AUSAs Maria and Kokkinen.

3

10) After the exclusion of approximately 33,000 potentially privileged documents, the Review Database would have contained approximately 113,000 documents. (*See* DCD 52-1 at 26 & 29 (Zeitz Decl. ¶¶ 13, 20), 39 (Maria Decl. ¶ 8)).

11) The Government agents and counsel assigned to this case appear to have routinely accessed and searched the 113,000 documents in the Review Database for investigative purposes as they prepared the case for indictment. (DCD 52-1 at 7-9 (Kroells Decl. ¶¶ 19-23), 14-15 (Khan Decl. ¶¶ 11-13), 19-20 (Belich Decl. ¶ 11), 25 (Zeitz Decl. ¶ 9), 39-42 (Maria Decl. ¶¶ 9-16)).

12) On March 22, 2017, the indictment was returned against Mr. Adams. (DCD 1).

13) On April 4, 2017, two weeks after the return of the indictment, and thirteen months after receipt of the Yahoo! documents, AUSA Maria requested that a list of relevance search terms be applied to the Review Database. (*See* DCD 52-1 at 41-42 (Maria Decl. ¶¶ 13-14)). Any document that did not contain one of the relevance search terms was moved from the Review Database to the Segregated Database. *Id.* This resulted in the movement of approximately 70,000 documents to the Segregated Database, leaving approximately 43,000 documents in the Review Database. (*See* April 4, 2017 Automated Litigation Support Email disclosed by Government).

14) Prior to the return of the indictment, the Government does not appear to have taken any action to segregate non-responsive documents from its investigative team's Review Database. Nor does the Government appear to have taken any

4

efforts to otherwise limit its review of documents to those that were within the scope of the search warrant.

15) AUSA Maria has not accessed the Review Database since April 4, 2017. (DCD 52-1 at 25 (Zeitz Decl. ¶ 9)).

16) The following table summarizes the approximate number of documents in each database at the different times described above:

| Date | Review Database | Segregated Database |
|---|---|---|
| March 15-17, 2016 | 146,000 | 0 |
| April 27, 2016 | 114,000 | 32,000 |
| June 7, 2016 | 113,000 | 33,000 |
| April 4, 2017 | 113,000 | 33,000 |
| April 5, 2017 | 43,000 | 103,000 |

17) On April 7, 2017, AUSA Maria wrote a letter to Mr. Adams's then-defense counsel, Rachel Paulose. The letter stated that the Government would "provide you with the data from the two accounts in the unfiltered format in which it was produced by Yahoo, as well as **the database from which we have been working**, which has been filtered in an effort to remove potentially privileged, as well as non-responsive, emails and documents." (Emphasis added). AUSA Maria did not inform defense counsel that the filtering for responsiveness had occurred just three days earlier.

18) On May 16, 2017, the Government produced the Yahoo! emails to Mr. Adams in the form of two databases.  (DCD 38 at 4, Wade Decl. ¶¶ 15-16; DCD 41-1 at 116).

19) On May 24, 2017, AUSA Maria wrote an email to undersigned counsel, and stated: "we provided to you the unfiltered database, which contains all of the emails that were in the accounts, as well as the filtered version (i.e., the seized documents) **that is the database to which the prosecution team has had access**."  (DCD 41-1 at 131 (emphasis added)).

20) On August 23, 2017, AUSA Maria stated to undersigned counsel, via email: "As to the remaining documents that are **not** in our review database [i.e., the documents in the Segregated Database], the government will retain those materials for authentication purposes, **but I can assure you that nobody on the prosecution team has had, or will have, access to those documents**."  (DCD 41-1 at 124 (emphasis added)).

This is a troubling sequence of events.  Indeed, the foregoing evidence, along with other evidence previously submitted, is sufficient to warrant the relief sought by Mr. Adams – i.e., an order suppressing the materials seized from Yahoo! and all evidence derived therefrom.  *See* DCD 37; *United States v. Wey*, 256 F. Supp. 3d 355, 360 (S.D.N.Y. 2017) (suppressing all evidence).  Nevertheless, Mr. Adams has a right to fully develop the evidentiary record given the Fourth Amendment interests at stake here.  Mr. Adams therefore supplements the witness list previously submitted (DCD 53).  Mr.

Adams intends to cross examine the witnesses identified by the Government in its Notice, (DCD 52); he intends to call the witnesses identified in his prior Notice (DCD 53); and he provides notice of his intent to call the following additional witness:

| Witness | Motion | Estimated Duration |
|---|---|---|
| AUSA David Maria | Motion to Suppress (DCD 36) | 1.0 hour |

Dated:  December 4, 2017            Respectfully submitted,


       /s/ *Lance Wade*
Joseph G. Petrosinelli (DC Bar #434280)
Lance Wade (DC Bar #484845)
Sarah Lochner O'Connor (DC Bar #1012405)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
jpetrosinelli@wc.com
lwade@wc.com
soconnor@wc.com

James L. Volling (#113128)
Deborah A. Ellingboe (#26216X)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55420
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
james.volling@faegrebd.com
debbie.ellingboe@faegrebd.com

Attorneys for Defendant Edward S. Adams