# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:17-cr-00064-DWF-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Edward S. Adams, | |
| Defendant. | |

David M. Maria, John E. Kokkinen, Tim Rank, Assistant United States Attorneys, counsel for the government

James L. Volling, Faegre Baker Daniels LLP; Gloria K. Maier, Lance A. Wade, Williams & Connolly LLP, counsel for defendant

The Court issues the following schedule to govern the next steps in this litigation. This schedule is based upon proposals from the government and from Mr. Adams, and was discussed at length with the parties during a telephonic status conference held on January 19, 2018. Min., ECF No. 85. Based on the parties' proposals and extensive discussions with counsel about the unique issues raised by the complex pretrial motions in this case, the Court adopts the schedule set forth below.

**Relevant Pretrial Litigation**

On January 8 and January 9, 2018, the Court held an evidentiary hearing regarding a Motion to Suppress filed by Mr. Adams. *See* Mins., ECF Nos. 81, 82; Mot. to Suppress Evid., ECF No. 36. That motion, and most of the anticipated litigation addressed below, concerns the government's execution of a search warrant on two email accounts belonging to or controlled by Mr. Adams. Mem. in Supp. at 1, ECF No. 37. Mr. Adams asserts both that the execution of the warrant was unreasonable and therefore violated the Fourth Amendment, and that the warrant was executed without adequate protections for attorney-client privilege. *See generally id.*

Mr. Adams, an attorney, asserted through counsel at the motion hearing that privileges related to his representation of clients were breached. The government disagreed that any attorney-client privilege protects these communications, and therefore asserted that they can be utilized in the prosecution of Mr. Adams. Mr. Adams also asserts that the privilege he shares with his own attorneys was violated by the email review in this case. Mem. in Supp. at 14, 26-29. The government is not seeking at this time to use any emails that may implicate the privilege Mr. Adams's shares with his own counsel, and therefore has attempted to avoid all review of those communications. The claim that these sorts of allegedly privileged documents remain among the documents seized by the government gives rise to practical challenges in managing the ongoing litigation related to execution of the search warrant. It also complicates the parties' ability to litigate the anticipated motion for sanctions and remedies related to the alleged violations of attorney-client privilege.

A final factor that complicates scheduling is that the grand jury issued a Superseding Indictment on December 20, 2017, which adds additional charges against Mr. Adams. Superseding Indictment, ECF No. 70. These new allegations may create the need for additional pretrial motions.

### Scheduling Order

1. Work on the preparation of a privilege log by the defendant shall begin immediately, if it is not already underway. To that end, the government must disclose a list of all of the emails from the accounts at issue that were accessed by the government on or before **February 1, 2018.** Mr. Adams shall produce the agreed upon privilege log on or before **March 15, 2018**.
2. Additional briefing shall be prepared and filed forthwith so the Court can first address the following issue: whether the attorney-client privilege protects Mr. Adams's communications with individuals and entities he represented.
    a. Mr. Adams shall file a brief as to any privilege issues on or before **February 5, 2018**.
    b. The government shall file a response on or before **February 19, 2018**.
    c. Mr. Adams shall file a reply on or before **February 26, 2018**.
    d. Judge Menendez intends to file a Report and Recommendation on this issue by March 12, 2018.

      i. The time period for objections to the Report and Recommendation will be shortened as allowed by LR 72.2(b)(1).
      ii. Objections shall be filed on or before **March 19, 2018**.
      iii. Responses to objections shall be filed on or before **March 26, 2018**.

3. The Court believes and the parties agree that no additional evidentiary hearing will likely be required, either with respect to any new motions filed or with respect to the existing Motion to Suppress, and Judge Menendez will require a showing that such a hearing is necessary. If either party believes a second evidentiary hearing is necessary, that party must file such a request on or before **April 16, 2018**. If an additional hearing is requested, the remaining steps of this schedule may be adjusted to bifurcate further motion practice accordingly.
4. Assuming there is no need for a hearing, the parties will submit any new motions arising from the superseding indictment, any motions that arise from the privilege-related findings of the Court as contemplated in paragraph 2 above, and all briefing as to the currently pending motions as follows:
    a. Mr. Adams shall file any additional motions and supporting memoranda as well as any memoranda in support of existing motions on or before **April 30, 2018**.
    b. The government shall file a response to both new motions and post-hearing memoranda as to pending motions on or before **May 28, 2018**.
    c. Mr. Adams shall file a reply on or before **June 11, 2018**.

Date: January 23, 2018

                                          *s/ Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge