# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:17-cr-00064-DWF-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Edward S. Adams, | |
| Defendant. | |

David M. Genrich, David J. MacLaughlin, David M. Maria, John E. Kokkinen, Assistant United States Attorneys, counsel for the government

Deborah A. Ellingboe, James L. Volling, Faegre Baker Daniels LLP; Gloria K. Maier, Joseph G. Petrosinelli, Lance A. Wade, Sarah L. O'Connor, Williams & Connolly LLP, counsel for defendant

This matter is before the Court on the defendant Edward S. Adams's Motion for a Bill of Particulars, ECF No. 34, and Motion to Compel Hearing Documents, ECF No. 64, as well as the government's Motion to Quash Subpoena, ECF No. 65. For the reasons discussed below, the Court denies the motions for a bill of particulars and to compel, and grants the motion to quash.

## I.  Motion for a Bill of Particulars

Mr. Adams filed a Motion for a Bill of Particulars as to his initial indictment. Mot. for Bill of Particulars. He argues that the indictment improperly "refers to unnamed 'others' and to acts that Mr. Adams allegedly undertook 'indirectly,'" and that it blends allegations which could support liability with allegations that cannot in light of mail and wire fraud caselaw. Mem. in Supp. Mot. for Bill of Particulars at 1,

ECF No. 35.[1]  However, none of the reasons offered by Mr. Adams in support of his motion carries the day.

Motions for bills of particulars are rarely granted, with the vast majority of cours denying the requests as unnecessary.  A bill of particulars is appropriate only where the indictment provides insufficient detail to allow adequate preparation of a defense or is so lacking in information that it presents a danger of surprise at trial.  *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).  But an indictment which alleges a scheme to defraud under bank, mail, or wire fraud statutes is sufficient where it "'describe[s] the scheme or artifice to defraud which had been devised, with such certainty as would clearly inform the defendants of the nature of the evidence to prove the existence of the scheme to defraud, with which they would be confronted at trial.'"  *United States v. Hansmeier*, 16-cr-00334 (JNE/KMM), 2017 WL 3971874, at *1 (D. Minn. Sept. 8, 2017) (quoting *United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012)).  It is settled that a mere desire on the part of a defendant for additional details about how the government intends to prove its case is not a basis on which to order a bill of particulars.  "'A bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial.'"  *Huggans*, 650 F.3d at 1220 (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009)).

Mr. Adams specifically requests details as to the following:

> (1) the alleged false or fraudulent pretenses, representations, promises, or concealments, by means of which the charged scheme was allegedly executed; (2) the bases for alleging in paragraphs 46 and 55 that certain nondisclosures were part of a scheme to defraud; (3) the means by which Mr. Adams allegedly 'indirectly' made

---

[1] At the motions hearing, Mr. Adams suggested that the Court deny as moot the Motion for a Bill of particulars with the understanding that a similar motion would be refiled as to the superseding indictment as a whole.  However, the Court can find no authority for the idea that a superseding indictment which merely adds charges and does not meaningfully alter the allegations in the first indictment, as in this case, renders a request for a bill of particulars moot.  *See, e.g., United States v. Tinnin*, 07-cr-00439 (JNE/SRN), 2008 WL 11350815, at *4 n.5 (D. Minn. Mar. 14, 2008) (where a superseding indictment included no new charges, bill of particulars was not moot but was denied on the merits).

> representations about the use of investments as alleged in paragraph 31, and 'indirectly' solicited new investors without disclosing certain information to them as alleged in paragraph 55; (4) the 'others' through whom Mr. Adams allegedly made the representations alleged in paragraphs 17, 18, 24, 25, 36, and 37; (5) the money or property that was the alleged object of the scheme to defraud; and (6) the other alleged participants in the charged scheme to defraud.

Def.'s Mot. for Bill of Particulars at 1.

The Court is not persuaded that the twenty-page indictment in this case, particularly in combination with the voluminous disclosures made thus far, is insufficiently detailed to allow Mr. Adams to adequately prepare his defense. Nor does the Court believe that the allegations are so sparse as to risk the sort of surprise at trial of which *Huggans* warns. The indictment includes very specific details: it names J.Z. and M.M. as participants; lists precise amounts of allegedly diverted funds associated with clearly identified investment groups or companies; enumerates the specific banks through which funds were routed; refers to particular dated letters; and describes the content and recipients of certain mailings. *See generally* Indictment. It is not the sort of vague and undetailed charging document that would require augmentation in order to satisfy concerns of due process. None of the authority relied upon by Mr. Adams supports a suggestion that an indictment as detailed as the one in this case, with as clear an articulation of the necessary elements, must be augmented with a bill of particulars.

Mr. Adams relies on two specific cases to support his request for yet more detail: *Skilling v. United States*, 561 U.S. 358, 130 S.Ct. 2896 (2010), disallowing charges for violating a shareholder's right to honest services, and *United States v. Steffen*, 687 F.3d 1104, requiring more than nondisclosure or silence to support mail and wire fraud charges. Mem. in Supp. Mot. for Bill of Particulars at 8-12. He argues that a bill of particulars is needed not just to provide additional detail, but also to somehow prevent the government from seeking his conviction on an impermissible basis. His arguments are unavailing.

First, his reliance on *Skilling* is misplaced. Mr. Adams quotes *Skilling*'s holding that "§ 1346 criminalizes *only* the bribe-and-kickback core of the pre-*McNally* case law," which schemes violate a shareholder's right to honest services. *Skilling*, 561 U.S.

-3-

at 408-12, 130 S.Ct. 2931-33; Mem. in Supp. Mot. for Bill of Particulars at 8-11. He argues that a bill of particulars in this case would "ensure that the government does not . . . predicate its case in whole or in part" "on a contention that [he] violated Apollo's or investors' right to 'honest services.'" Mem. in Supp. Mot for Bill of Particulars at 11. However, the indictment in this case does not allege deprivation of honest services. Rather than asserting any sort of bribe or kickback scheme, the indictment clearly and explicitly charges fraudulent diversion of funds. In fact, the government's memorandum in opposition expressly states that "[t]he indictment does not allege deprivation of honest services." Gov't Mem. in Opp. Mot. for Bill of Particulars at 4, ECF No. 48.

Mr. Adams's argument regarding *Steffen* is similarly unpersuasive. Mr. Adams cites *Steffen* in support of his assertion that the details of a bill of particulars would "guard against Mr. Adams being tried for passive concealment." Mem. in Supp. Mot. for Bill of Particulars at 11-12. He argues that "passive concealment—mere nondisclosure or silence—cannot support a mail or wire fraud charge." *Id.* at 12. But *Steffen* characterizes active concealment as "involv[ing] the requisite intent to mislead by creating a false impression or representation." *Steffen*, 687 F.3d 1115 (quotation omitted). And the government clearly alleges active concealment in the indictment: each count notes that the actions Mr. Adams took were after "having devised and intending to devise" the underlying fraudulent scheme and for the purpose of executing that scheme. Indictment at 17-19. The allegations here are quite distinct from those in *Steffen*.

*Steffen* is distinguishable from this case in another key respect as well. The court in *Steffen* dismissed an indictment for failing to sufficiently allege a scheme to defraud. In fact, in *Steffen*, the government "expressly agreed that the indictment did not allege that any scheme to defraud existed at the outset" of the alleged conduct. 687 F.3d at 1115. The charged concealment in *Steffen* was not an integral part of the execution of a fraudulent scheme because the concealment came first, followed by the fraudulent scheme. *Id.* Here, by contrast, the indictment alleges a greater fraudulent scheme, of which Mr. Adams's active concealment is a part.

Finally, Mr. Adams argues that the government should be required to identify the "others" through whom Mr. Adams made certain representations. Mem. in Supp. Mot. for Bill of Particulars at 3-4, 16-17  This argument fails as well for two reasons. First, the government has already identified two co-conspirators specifically. *See*

Indictment at 3, 5-7, 9-10, 14.  More importantly, there is no requirement in the law that every actor in the scheme, both witting and unwitting, be identified in an indictment.  *See, e.g., Huggans*, 650 F.3d at 1218 (denying a motion for a bill of particulars where the defendant "could not tell from the indictment who were his alleged co-conspirators" because, in part, the government had provided him with considerable discovery); *Tinnin*, 2008 WL 11350185, at *4 (denying a motion for a bill of particulars where the defendant sought "details about the dates, places, and co-conspirators" involved in the charged offense because the indictment contained all essential elements).  Indeed, Mr. Adams cites no authority whatsoever that such a list must be part of the charging document.

In sum, the Court is not persuaded that Mr. Adams requires more information to prepare his defense, to ensure against either an honest-services prosecution or an unlawful prosecution for passive concealment, or to avoid undue surprise at trial.  The clear language of the indictment prevents an attempt to contravene either *Steffen* or *Skilling*.  And the Court finds the level of detail in the twenty-page indictment to be sufficient for purposes of preparing a defense, particularly in light of the voluminous documentary disclosures by the government to date.  Therefore, Mr. Adams's motion for a bill of particulars is denied.[2]

**Motion to Compel Hearing Documents**

In his Motion to Compel Hearing Documents, Mr. Adams asks this Court to order the government to "disclose documents, including memoranda and email correspondence, relating to Inspector Kroells's statement in her declaration that she understood from AUSA Kokkinen that he complied with the requirements for seeking an attorney-related search warrant, including evidence that those requirements were or were not met."  Mot. to Compel Hrg Docs at 1.  In support of his motion, Mr. Adams quotes the United States Attorneys' Manual section that sets forth guidelines for attorney-related search warrants.  *Id.* at 5.  Mr. Adams acknowledges that the manual does not create a right of action for defendants, but suggests that the extent of compliance with this policy would impact the reasonableness analysis as to

---

[2] Though Mr. Adams noted at the motion hearing that he intended to file an additional motion for a bill of particulars, the Court notes that the factual allegations contained in both the indictment and the superseding indictment are identical, and Mr. Adams might consider this before filing an additional motion.

-5-

the government's actions. *Id.* at 6. He finally argues that disclosure is required by Rule 16, Rule 26.2, *Brady*, and *Giglio*. *Id.* at 7-8. Even prior to the filling of Mr. Adams's motion, the government had already submitted the sought-after documents to the Court for *in camera* review.

For three reasons, Mr. Adams is not entitled to disclosure of the documents at issue. First, and most importantly, the requested information is irrelevant to the issue before the Court, namely the reasonableness of the execution of the search warrant. Whether the government attorneys followed internal protocols or not, the Court must examine the manner in which the search was conducted by reference to the Fourth Amendment and controlling caselaw, not the Department of Justice guidance. The steps and planning taken by prosecutors before procuring a warrant are not relevant to the reasonableness of the ultimate execution of that warrant. Gov't Mem. in Opp. Mot. to Compel at 2-3, ECF No. 68.

Second, Rule 16 explicitly excludes the production of this type of documents. The government submitted materials to the Court for *in camera* review which the Court finds are "internal government documents made by an attorney for the government … in connection with investigating" a case, and are therefore not subject to disclosure under Rule 16. Fed. R. Crim. P. 16(a)(2). And Rule 16(a)(2) likewise applies to materials that were not submitted but may otherwise respond to Mr. Adams's request. The submitted materials further do not contain information to which Rule 26.2, *Brady*, or *Giglio* apply.

And third, even if Rule 16 did not explicitly preclude production, the documents constitute work product and protected by that doctrine from disclosure. The work-product doctrine protects against disclosure of an "attorney's strategies and legal impressions." *Kushner v. Buhta*, -- F.R.D. --, 16-cv-02646 (SRN/SER), 2017 WL 4271247 (D. Minn. Sept. 25, 2017) (quotation omitted); *see also United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 2170 (1975) (finding work-product doctrine applicable to criminal as well as civil litigation). Mr. Adams argues that work-product doctrine cannot apply because the "execution of a search warrant is a quintessentially public act." Mot. to Compel Hrg Docs at 9. While the Court agrees that the execution of a search warrant itself may be public, the discussions held ahead of that execution are definitely not. The documents submitted to the Court clearly constitute work product and are therefore protected from disclosure on that basis as well.

Finally, the Court notes that the government has made unusually expansive disclosures with respect to its execution of the warrant in this case, including emails between investigators and Assistant United States Attorneys working on the case. Both the Court and Mr. Adams have more than enough material with which to assess the reasonableness of the execution of the challenged warrant. Based on the foregoing, the Court denies the motion to compel.

### Motion to Quash Subpoena

Mr. Adams filed a notice of intent to call Assistant United States Attorney David Maria and served a subpoena accordingly, which the government moved to quash. *See* Def.'s Responsive Notice of Intent to Call Witnesses, ECF No. 54; Mot. to Quash, ECF No. 65. Mr. Adams sought to elicit information from AUSA Maria as to his execution of the search warrant. *See generally* Def.'s Responsive Notice of Intent to Call Witnesses.

The parties agree that the applicable standard under which to evaluate a request for testimony of a prosecuting attorney is two-pronged. *See* Gov't Mem. in Supp. Mot to Quash at 10, ECF No. 66; Def.'s Opp. to Mot. to Quash at 11, ECF No. 69. The party seeking the testimony must (1) "demonstrate that the evidence is vital to his case" and (2) demonstrate an inability to present the same information from another source, which "creates a compelling need for the testimony." *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991). Whether AUSA Maria, who is working on this case, may testify is within this Court's discretion, though such requests are disfavored in the caselaw and rarely made in practice. *See id.*

The significant disclosures made by the government regarding the execution of the search warrant in this case defeat Mr. Adams's need for the testimony. As exhibits to its notice of intent to call witnesses, the government filed declarations of Postal Investigator Christie Kroells, FBI Special Agent Jennifer Khan, Deputy United States Marshal Brandon Belich, United States Attorney's Office Supervisory IT Specialist Mark Zeitz, and Mr. Maria. Gov't Notice of Intent to Call Witnesses, Ex. 1, ECF No. 52. These declarations attested to the involvement of the various law enforcement officers in the execution of the search warrant and to the tracking feature of the document database which accurately records the steps taken during the search. *See id.* And these detailed declarations were accompanied by voluminous and ongoing documentary disclosures regarding, with remarkable precision, what actions

-7-

were taken by members of the prosecution team with regard to the emails in question.³ Testimony at the hearing, particularly that of Investigator Kroells and Mr. Zeitz, established in great detail how the warrant was executed in this case. It is difficult to imagine that Mr. Maria could provide any additional necessary information regarding this issue. Therefore, even if his testimony could be described as "vital," Mr. Adams fails to meet the second prong of the test because he cannot show that Mr. Marias's information was unavailable through another source.

Mr. Adams asserts that Mr. Maria's testimony is needed to explore why the warrant was executed in the manner that occurred here, with what he argues are inadequate protections for privilege and no meaningful effort to avoid seizure of irrelevant documents. However, "subjective intent is irrelevant to the question of whether [an investigator's] conduct violated a constitutional right by exceeding the scope of a warrant." *McClendon v. Story Cty Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Any testimony Mr. Maria could offer as to why he lead his team in executing the warrant the way he did would be irrelevant to this Court's suppression inquiry. As a result, though Mr. Maria may be the only individual capable of testifying to his subjective intent, Mr. Adams does not have a compelling need for such testimony.

Because Mr. Adams cannot satisfy either prong of the *Watson* test, the Court grants the government's motion to quash the subpoena of Mr. Maria.

**IT IS HEREBY ORDERED THAT:**

1. The defendant's Motion for a Bill of Particulars (**ECF No. 34**) is **DENIED**;
2. The defendant's Motion to Compel Hearing Documents (**ECF No. 64**), is **DENIED**; and
3. The government's Motion to Quash Subpoena (**ECF No. 65**) is **GRANTED**.

Date: February 6, 2018

                                          *s/ Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge

---

³ At the hearing in this matter, the Court received thousands of pages of evidence from the parties, almost all of which was produced by the government to Mr. Adams.