# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>V.<br><br>EDWARD S. ADAMS,<br><br>       Defendant. | 17-cr-64-DWF-KMM<br><br>**STATEMENT OF FACTS IN SUPPORT OF EXCLUSION OF TIME UNDER SPEEDY TRIAL ACT** |

Pursuant to 18 U.S.C. § 3161(h)(7)(A), I, Edward S. Adams, the defendant in this case, agree to the following statement of facts in support of my motion to exclude time under the Speedy Trial Act:

- As I noted in a previous motion to exclude time under the Speedy Trial Act, my counsel expected at that time to bring significant motions related to the claims in the Indictment. We ultimately did bring just such motions, which were substantive and complex, and the Court ultimately held an evidentiary hearing on January 8 and 9, 2018, regarding our motion to suppress.

- In our motion to suppress and at the evidentiary hearing, we presented evidence and argument related to what we believe was an unreasonable execution of a search warrant on email accounts belonging to or controlled by me. We also presented evidence and argument related to what we believe was the improper handling of attorney-client privileged and work product protected materials contained in the emails.

- As the Court has acknowledged, we believe that even emails that the government concedes are privileged nevertheless remain among the documents the

government seized. [Dkt. 88.] The Court noted that this claim "gives rise to practical challenges in managing the ongoing litigation related to execution of the search warrant" and "complicates the parties' ability to litigate the anticipated motion for sanctions and remedies related to the alleged violations of attorney-client privilege." [*Id.*]

- The Court has further noted that another factor "complicat[ing] scheduling is that the grand jury issued a Superseding Indictment on December 20, 2017, which adds additional charges" against me. [*Id.*] The Court observed that these new allegations may create the need for more pretrial motions. [*Id.*]

- To address the above privilege and suppression issues, and to allow my counsel to file additional pretrial motions on my behalf (which is our current intent), the Court has issued a scheduling order that allows for briefing to stretch out as far as mid-June 2018. Even with some of that briefing being directed to occur on an expedited schedule, briefing on all potential motions likely will not be complete before this summer.

- Thus, my counsel and I believe (and the government has indicated it agrees with this proposal) that trial should be continued until this coming fall, either in September or October, whenever the Court's schedule will allow.

Based on the above facts, I request that the period of time from March 31, 2017 (the date of my original arraignment) until October 31, 2018 (the outside date my counsel and I have proposed as our trial date in this matter) be excluded from the time in which I would otherwise have to be brought to trial on my case.

I have discussed this matter with my attorney. I voluntarily make this request, with full knowledge of my rights under the Speedy Trial Act.

Dated: February 8, 2018         <u>s/Edward S. Adams</u>

                                                  Edward S. Adams, Defendant