UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  EDWARD S. ADAMS,  Defendant. | 17-cr-64-DWF-KMM  DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO MARCH 12, 2018 REPORT AND RECOMMENDATION |

Edward S. Adams respectfully files this response to the government's objections to the Magistrate Judge's March 12, 2018 Report and Recommendation, ECF 117 (the "R&R"), which recommended that the Court grant in part and deny in part Mr. Adams's Motion Asserting Certain Privileges Implicated By Yahoo! Email Seizure.  ECF 89 & 90. This Court should adopt and confirm the Magistrate Judge's recommendation that Mr. Adams has established the privileged nature of communications with accountants that his tax attorney retained, pursuant to *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961), for the purpose of rendering legal advice to Mr. Adams.[1]

The R&R correctly applied *Kovel* and its progeny to the facts in the record in concluding that "Mr. Adams has established the privileged nature of the communications

---

[1] As the Magistrate Judge recognized, neither Mr. Adams nor his tax attorney claim privilege over communications that contain only information that ultimately was disclosed on filed tax returns.  R&R 14.  Such communications have already been provided to the government.  *Id.*

PUBLIC VERSION

at issue." R&R 13.  Although the government challenges the sufficiency of the factual record, the evidence Mr. Adams submitted was extensive—three hundred pages of privileged documents submitted *in camera*, *see* Mot. Ex. 22, ECF 95-96, two declarations from his tax attorney Mr. Brever supported by ten exhibits (including contemporaneous communications), *see* ECF 93, 112, and additional contemporaneous privileged communications with Mr. Brever, *see* Reply Exs. 28, 29.[2]  The R&R reflects that the Magistrate Judge carefully reviewed this evidence in reaching her recommendation.  The government's objections to the R&R are without merit.

## BACKGROUND

The complete facts relevant to the government's objections are set out in Mr. Adams's Memorandum of Law in Support of his Motion Asserting Certain Privileges, ECF 90, his reply to the government's response to that motion, ECF 110, and the papers accompanying those filings, ECF 91-22, 93 *et seq.*, 111-5, 112 *et seq.*  Mr. Adams includes here an overview of essential facts but urges the Court to consider these previous filings and papers in reaching its decision, as the submissions to the Magistrate Judge described with greater specificity the privileged nature of the communications at issue.

On September 24, 2014, Mr. Adams retained Thomas Brever, an attorney at Foster Brever Wehrly, PLLC, "to represent him in connection with legal issues on tax and

---

[2] Along with the filing of this response, Mr. Adams has submitted courtesy copies to the Court of the record below including all sealed and *in camera* submissions.

related matters." Brever Dec. ¶ 2; *see also* Supp. Brever Dec. ¶ 2.³  Specifically, "" Supp. Brever Dec. ¶ 2.  As Mr. Brever explained, "[i]n light of complex tax and accounting issues involved in this representation and their impact on [his] legal advice to Mr. Adams, [he] determined that it was essential to retain an accounting firm to assist [him] in providing legal counsel to Mr. Adams on certain tax matters—." Brever Dec. ¶ 2.

Thus, on October 28, 2014, Foster Brever Wehrly retained Murry & Associates, LLC ("Murry LLC") to aid it in providing legal advice to Mr. Adams.  *See* Brever Dec. ¶ 3; Ex. B, ECF 93-2 (Retention Agreement).  The retention agreement made clear that Murry LLC was hired to assist Foster Brever Wehrly, authorized Murry LLC to communicate directly with Mr. Adams, and instructed Murry LLC that information it received would be subject to the attorney-client privilege and also potentially protected by the work product doctrine and other privileges.  *Id.*; *see also* Ex. C, ECF 93-3 (contemporaneous email from Mr. Brever to Mr. Adams on October 28 informing Mr.

---

³ Redacted versions of these declarations and corresponding exhibits were publicly filed. *See* ECF 93 *et seq.*; ECF 112 *et seq.*  Unredacted versions of these documents were provided to the Magistrate Judge for her review *in camera* and have also been provided to this Court for its review *in camera*.

3

Adams that Murry LLC was "retained under the Kovel doctrine to render legal advice").

Ultimately, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in January 2015 Mr. Adams submitted amended tax returns for tax years 2008, 2009, and 2010." Supp. Brever Dec. ¶ 3. As described by Mr. Brever, "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Supp. Brever Dec. ¶ 3.[4]

On November 4, 2016, Murry LLC received a grand jury subpoena for documents related to Mr. Adams. See Brever Dec. ¶ 10. Thereafter, Mr. Brever responded to explain that Murry LLC had been hired under a *Kovel* arrangement for the purpose of assisting him in rendering legal advice to Mr. Adams; Mr. Brever accordingly produced certain non-privileged documents and provided a privilege log. *Id.* ¶¶ 10-11. After a subsequent additional production, Mr. Brever and the government agreed to resolve any disagreement over the application of privileges to particular documents through *in camera* submission. *See id.* ¶¶ 12-14. This process was never used, *see id.*, and the government never subpoenaed Mr. Brever's own files. *See* ECF 110 at 17-18.

---

[4] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Supp. Brever Dec. ¶ 3 (citing Ex. H, ECF 112-1 (Foster Brever Wehrly billing records)).

PUBLIC VERSION

In early 2016, the government obtained a search warrant to seize the contents of Mr. Adams's Yahoo! email accounts. *See* ECF 37. Among the items the government purportedly seized pursuant to this warrant were the seven emails (and their attachments) between Mr. Adams and Murry LLC that were submitted to the Magistrate Judge for *in camera* review, and over which Mr. Adams is asserting privilege. *See* ECF 91-20, 95, 96. As explained by Mr. Brever, these seven emails (the "Murry Emails") contain information Mr. Adams provided to Murry LLC and Foster Brever Wehrly to solicit advice on legal issues identified in Mr. Brever's declarations. *See* Brever Dec. ¶¶ 5-9; Supp. Brever Dec. ¶¶ 2-5.

## ARGUMENT

The government raises two objections to the Magistrate Judge's finding that some of Mr. Adams's communications with Murry LLC are protected by privilege. The first objection is that, according to the government, Murry LLC was retained merely to prepare tax returns rather than to assist in the rendering of legal advice, and that under this view of the facts, the Magistrate Judge misapplied *United States v. Cote,* 456 F.2d 142 (8th Cir. 1972), in reaching her conclusion. The second objection is that the Magistrate Judge should not have relied on Mr. Brever's declarations and the exhibits thereto, and that instead she should have required the production of "all contemporaneous communications relating to the engagement of Mr. Brever and Murry." ECF 119 at 3. Both objections should be rejected.

1.  In support of its first objection, the government claims that the contents of three emails and the timing of Mr. Brever's retention of Murry LLC show that Murry

5

LLC was hired only "*after* Mr. Brever had determined that Mr. Adams should amend his returns" and thus the retention must have been "for the primary, if not sole, purpose of preparing those returns." ECF 119 at 3-4.[5] As the Magistrate Judge found, the record demonstrates otherwise.

The government's three-email "chronology" of events omits numerous other emails and evidence. In considering and rejecting the government's argument, the Magistrate Judge had before her the following:

- The seven Murry Emails, ECF 91-20, 95, 96;
- Mr. Brever's sworn declarations, ECF 93, 112;
- Foster Brever Wehrly's engagement letter, Ex. A, ECF 93-1;
- Murry LLC's Retention Agreement, Ex. B, ECF 93-2;
- Contemporary communications regarding the Murry LLC engagement, Ex. C, ECF 93-3;
- Mr. Brever's communications with and production of documents to the government, Exs. E & F, ECF 93-5 & 93-6;
- Foster Brever Wehrly's contemporaneous notes, Ex. G;
- Foster Brever Werhly's billing records, Ex. H, ECF 112-1;
- And other relevant documents, including additional privileged communications between Mr. Adams and Mr. Brever, Reply Exs. 27, 28, & 29, ECF 111-5.

This evidence fully supports the Magistrate Judge's finding that Mr. Brever retained Murry LLC to assist him in rendering legal advice to Mr. Adams, rather than for the mere preparation of amended tax returns. For example, the evidence is undisputed that Mr. Adams initially engaged Mr. Brever to help with ▮▮▮▮▮▮▮▮▮▮▮▮. *See* ECF 110 at 20-21, 24 (citing Supp. Brever Dec. ¶ 2; Ex. G). ▮▮▮▮▮▮▮▮▮▮▮▮

---

[5] The government pointed the Magistrate Judge to these same emails in its response to Mr. Adams's Motion Asserting Certain Privileges. *See* ECF 109 at 22-23. Mr. Adams responded at length in his reply. *See* ECF 110 at 19-26.

PUBLIC VERSION



*See id.* at 22-23 (citing ECF 90 at 26-27 tbl.1; Brever Dec. ¶¶ 7-8; Supp. Brever Dec. ¶¶ 3-4; Ex. H).  As Mr. Brever averred (and the other evidence bears out), "███████████████████████████████████████████████████████████████████████████████████████████."  Supp. Brever Dec. ¶ 3.  While the government argues that the Murry Emails "appear to relate solely to the preparation and filing of the amended returns," ECF 119 at 4, ███████████████████████████████████████████████████████████████.  *See* ECF 110 at 30-33 (citing ECF 90 at 26-27 tbl.1; Ex. 22; Brever Dec. ¶¶ 11-14; Supp. Brever Dec. ¶¶ 2, 4, 6-7).  ███████████████████████████████████████████████████████████.  *See id.* at 24-25 (citing Supp. Brever Dec. ¶¶ 3-4; Ex. 22 Tabs 2–5).  ████████████████████████████████████████

After reviewing all of the available evidence (not just three emails), the Magistrate Judge rejected the government's argument and correctly concluded that "the communications between Mr. Adams, Mr. Brever, and Murry & Associates accountants were made . . . for the purpose of obtaining legal advice."  *See* R&R 13-14.  The Magistrate Judge quoted the very portion of *Cote* about "mechanical calculations" that the government argues applies here, R&R 12; ECF 119 at 3, and concluded based "[o]n

7

the record before the Court" that "Murry & Associates was retained to 'assist [Mr. Brever] in providing professional services, possibly including research and development of positions on tax and other matters that may result in litigation.'" R&R 13 (quoting Brever Dec. ¶ 2). This was a textbook application of *Cote*, which recognized that the "decision as to whether [a] taxpayer[] should file an amended return undoubtedly involve[s] legal considerations" and that an "accountant's aid to [a] lawyer" can be "an integral part" of making that decision. 456 F.2d at 144.

2.  Regarding the second objection, the government argues that the Magistrate Judge should have disregarded Mr. Brever's declarations as not credible, and asks the Court to do the same. The sole basis for its position is the suggestion that Mr. Brever's declarations are not consistent with the contemporaneous documents, but in fact the extensive contemporaneous documents, on which the Magistrate Judge relied, support Mr. Brever's testimony.[6] Indeed, Mr. Brever's two declarations attached his

---

[6] Like it did before the Magistrate Judge, the government complains that it lacked access to the portions of Mr. Brever's declarations and attached materials over which Mr. Adams claims privilege. *See* ECF 119 at 5 n.3; ECF 109 at 18-19. But as Mr. Adams explained in his reply, *in camera* review of documents over which privilege and work product protection have been asserted is the norm. *See* ECF 110 (citing *In re Berkley & Co., Inc.*, 629 F.2d 548, 553 n.9 (8th Cir. 1980); *In re Grand Jury Proceedings Involving Berkley & Co., Inc.*, 446 F. Supp. 863, 868 (D. Minn. 1979), aff'd as modified, 629 F.2d 548 ("[T]he most judicious way to determine application of the privilege is through an in camera inspection by this court.")).

As for the government's suggestion that a "filter team" could properly view the documents to determine if they are privileged, *see* ECF 119 at 4 n.2, Mr. Adams shares the skepticism of other judges of this Court that such a procedure would adequately protect his constitutional rights. *See, e.g.*, Order Adopting R&R, *United States v. Heppner et al.*, No. 05-cr-00094, at 4 n.1, ECF 79 (D. Minn. Nov. 23, 2005) (Tunheim,

PUBLIC VERSION

contemporaneous notes, Ex. G, his billing records, Ex. H, and contemporaneous correspondence relating to the engagement, Exs. A, B, & C—all of which are consistent with his testimony and confirm the privileged nature of the Murry Emails.  The Murry Emails themselves are contemporaneous documentation of the privileged nature of the communications.  *See* Ex. 22.  The emails the government cites are, in fact, consistent with Mr. Brever's testimony that ███████████████████████████████████████████████████████████████████████████████████████████.  The R&R reflects that the Magistrate Judge considered Mr. Brever's declarations, the contemporaneous documentation attached thereto, and the Murry Emails, and found this record to be a sufficient basis upon which to find that, "[o]n the record before the Court, Mr. Adams has established the privileged nature of the communications at issue."  R&R 13.   This Court should adopt that finding.

## **CONCLUSION**

Mr. Adams respectfully requests that the Court adopt the Magistrate Judge's Report and Recommendation as to the Murry Emails.

---

J.) ("The Court shares the Magistrate Judge's skepticism regarding the prosecution's suggestion that the use of a 'taint reviewer' was adequate to protect defendants' Sixth Amendment Rights." (quoting ECF 71 at 11 n.3 (Noel, M.J.) (stating that employing a taint team is "not unlike assigning the fox to guard the henhouse"))).  Although some circuit courts have acknowledged the existence of so-called "taint teams," counsel to Mr. Adams is unaware of any case in which a circuit court, much less the Eighth Circuit, has endorsed their use.

PUBLIC VERSION

Dated:  March 26, 2018               Respectfully submitted,


   /s/ *Lance Wade*

Joseph G. Petrosinelli (DC Bar #434280)
Lance Wade (DC Bar #484845)
Sarah Lochner O'Connor (DC Bar #1012405)
Gloria Maier (DC Bar # 1012208)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
jpetrosinelli@wc.com
lwade@wc.com
soconnor@wc.com
gmaier@wc.com

James L. Volling (#113128)
Deborah A. Ellingboe (#26216X)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55420
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
james.volling@faegrebd.com
debbie.ellingboe@faegrebd.com


*Attorneys for Defendant Edward S. Adams*

PUBLIC VERSION