## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 17-64 (DWF/KMM)

           Plaintiff,

v.                                                 **ORDER ADOPTING REPORT
                                              AND RECOMMENDATION**

Edward S. Adams,

           Defendant.

This matter is before the Court upon Plaintiff United States of America's ("Plaintiff") objections (Doc. No. 119) and Defendant Edward S. Adams' ("Defendant") partial objection (Doc. No. 120) to Magistrate Judge Katherine M. Menendez's March 12, 2018 Report and Recommendation (Doc. No. 117) insofar as it recommends that the Defendant's Motion Asserting Certain Privileges Implicated by Yahoo! Email Seizure be granted in part and denied in part. Defendant filed a response to Plaintiff's objections on March 26, 2018. (Doc. No. 121.) Plaintiff filed a response to Defendant's partial objection on March 26, 2018. (Doc. No. 125.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's and Defendant's objections. In the Report and Recommendation, the Magistrate Judge considered Defendant's motion asserting that certain privileges were implicated by the seizure by the United States of two categories of documents from e-mail accounts pursuant to a Yahoo! Warrant. In the Report and Recommendation, the

Magistrate Judge found that (1) there exists no privilege that Defendant can assert relating to communications between him and the Apollo entities, and (2) the communications between Defendant, Thomas Brever, and the accounting firm Murry & Associates are protected by the attorney-client privilege. Plaintiff objects only to the second finding insofar as the court recommended that communications between Defendant and Murry are protected. Plaintiff also objects that the privilege determination did not involve review of contemporaneous communications among Defendant, Brever, and Murry to assess the purpose and nature of the relationship. Defendant, on the other hand, objects to the Magistrate Judge's conclusion that Defendant cannot validly assert the legal privileges of the Apollo entities. In this regard, Defendant argues that Scio Diamond Technology Corporation ("Scio" ), the company that acquired certain of Apollo's assets, could not waive Apollo's privileges.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). After this review, the Court finds no reason that would warrant a departure from the Magistrate Judge's recommendations. The Magistrate Judge correctly concluded that Defendant has established the privileged nature of communications with accountants that his tax attorney retained for the purpose of rendering legal advice to Defendant. In addition, the Magistrate Judge correctly held that Apollo retained no attorney-client privilege subsequent to the Scio transaction and that Scio's waiver of privilege with Defendant was valid. Based upon the *de novo* review of the record and all

of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff United States of America's objections (Doc. No. [119]) to Magistrate Judge Katherine M. Menendez's March 12, 2018 Report and Recommendation are **OVERRULED**.

2. Defendant Edward S. Adams's partial objection (Doc. No. [120]) to Magistrate Judge Katherine M. Menendez's March 12, 2018 Report and Recommendation are **OVERRULED**.

3. Magistrate Judge Katherine M. Menendez's March 12, 2018 Report and Recommendation (Doc. No. [117]) is **ADOPTED**.

4. Defendant Edward S. Adams's Motion Asserting Certain Privileges Implicated by Yahoo! Email Seizure (Doc. No. [89]) is **GRANTED IN PART** and **DENIED IN PART**.

5. As ordered by the Magistrate Judge, the parties shall proceed with the creation of privilege logs and the litigation of any remaining issue related to the status of specific documents as necessary.

Dated: May 25, 2018                s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge