UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 17-cr-64-DWF-KMM |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **DISMISS COUNTS 15–17 OF THE** |
| | ) | **SUPERSEDING INDICTMENT, OR** |
| EDWARD S. ADAMS, | ) | **IN THE ALTERNATIVE, FOR A** |
| | ) | **BILL OF PARTICULARS** |
| Defendant. | ) | |
| | ) | |
| | ) | |

**INTRODUCTION**

On December 20, 2017, the government filed the First Superseding Indictment ("Indictment"), which, in addition to the previously-charged counts of mail and wire fraud, added counts 15 to 17 alleging that Mr. Adams understated his taxable income for the years 2008, 2009, and 2010 in filings with the IRS, in violation of 26 U.S.C. § 7206(1).  *See* ECF No. 70 ¶¶ 64–67 ("the tax charges").  These years, in addition to the amount of income Mr. Adams reported, the elements of the statute, and the general facts of the alleged conspiracy incorporated by reference, are the only information the Indictment sets forth regarding the tax charges.  Critically, the Indictment does not even estimate the amount by which Mr. Adams allegedly understated his income, or which "income" he purportedly misstated, but rather states for each year that Mr. Adams reported a certain amount "where his taxable income exceeded" that amount.  *Id.* ¶ 67.  These bare allegations do not provide enough information to put Mr. Adams on notice of the charges against him, in violation of the Sixth Amendment, nor do they protect Mr.

Adams from twice being tried for the same offense, in violation of the Fifth Amendment. For these reasons, the Court should dismiss the tax charges from the Indictment. At a minimum, the Court should require the government to produce a bill of particulars for the tax charges that identifies (1) the date, amount, character, and source of any allegedly unreported income; (2) the date, amount, and character of any allegedly unlawful deductions or exemptions; and (3) the government's potential methods of proof (*e.g.*, net worth method, cash expenditures method, etc.) at trial.

## BACKGROUND

The general allegations of the Indictment are summarized in Mr. Adams's brief supporting his motion for a bill of particulars on the original charges, and will not be repeated herein. *See* ECF No. 35 at 2–7.

The *entirety* of the Indictment's explanation of the three charges alleging a violation of 26 U.S.C. § 7206(1) is as follows:

> As detailed above, during the course of his scheme to defraud, ADAMS diverted large portions of investors' funds to personal accounts controlled by ADAMS for his personal use and benefit. In filing his personal income tax returns with the Internal Revenue Service, ADAMS failed to disclose most of these funds on his tax returns and, accordingly, did not pay income tax on these amounts. The allegations set forth in paragraphs 1 through 65 of this Superseding Indictment are alleged as if fully set forth herein. On or about the following dates, in the State and District of Minnesota and elsewhere, the defendant, EDWARD S. ADAMS, did willfully make and subscribe false tax returns for the years set forth on the chart below, which were verified by written declarations that they were made under the penalty of perjury, and which the defendant did not believe to be true and accurate as to every material matter[.]

Indictment ¶¶ 64–67. The chart provided merely identifies three years—2008, 2009, and 2010—and that the "nature of falsity" in each year was that Mr. Adams's "taxable

2

income exceeded" the amount reported in the returns that he filed on December 29, 2011. Indictment ¶ 67.

## ARGUMENT

### I. The Court Should Dismiss the Tax Charges.

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. The Fifth Amendment requires that no person shall "be subject for the same offen[s]e to be twice put in jeopardy of life or limb." *Id.* amend. V. To be constitutional, therefore, an indictment must meet two requirements: "first, [it must] contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, [it must] enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *accord United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001). The tax charges satisfy neither requirement.

First, Mr. Adams lacks sufficient information to mount an informed defense to the tax charges. The Indictment charges Mr. Adams with underreporting his taxable income in 2008, 2009, and 2010, but it gives no indication of how much he failed to report each year or the source of that missing income, beyond alleging that it came from a broad, multi-year fraud. The vagueness of the indictment in this case stands in stark contrast to the more-detailed § 7206 indictments upheld in other cases. *See, e.g.*, *Blumenfield v. United States*, 306 F.2d 892, 896 (8th Cir. 1962) (holding indictment sufficient where it informed defendants that "false representation consisted of placing the word 'owner'

following the signature upon" a specific type of tax return); *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993) (upholding indictment because it "informed [defendant] that he was charged with making false tax returns in 1985 and 1986 *and identified the particulars in which the returns were alleged to be false*" (emphasis added)); *see also United States v. Engle*, 458 F.2d 1017, 1018 n.1 (8th Cir. 1972) (describing as "drawn in compliance with § 7206(1)" an indictment that "alleged appellant's return for 1965 reported total income of $35,106.51, whereas he then and there well knew and believed the correct total for 1965 was $39,006.50"). Without more specific information like that provided in *Blumenfield*, *Cochrane*, and *Engle*, Mr. Adams is unable to prepare an informed defense against the government's allegations.

Second, the Indictment is so vague that it cannot protect Mr. Adams from future prosecution for the same offense. It provides no indication of what taxable income the grand jury found probable cause to believe Mr. Adams failed to declare. *See Russell v. United States*, 369 U.S. 749, 770 (1962) ("To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure."). Nothing, therefore, prevents the government's allegations from "evolv[ing]" between the grand jury and trial. *See id.* at 768 (decrying indictment that "left the prosecution free to roam at large—to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal"); *see also* ECF No. 127 at 2 (describing how the government's theory of the case "evolved" while it was purportedly executing the warrant). And without pinning down

4

the actual amount and source of allegedly unreported taxable income now, nothing would prevent the government from re-indicting Mr. Adams for failure to disclose "other" income allegedly not disclosed during the same time period.

## II.     Alternatively, the Court Should Order a Bill of Particulars.

At the very least, the Court should order a bill of particulars, pursuant to Federal Rule of Criminal Procedure 7(f). As this Court has explained, a bill of particulars is appropriate "where the indictment provides insufficient detail to allow adequate preparation of a defense or is so lacking in information it presents a danger of surprise at trial." ECF No. 100 (citing *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011)). Both are true here.

The Indictment does not provide nearly enough detail for Mr. Adams to prepare an informed defense. Mr. Adams does not know which transactions and payments from the alleged fraud the government has deemed to be his income. For example, the Indictment states that Mr. Adams "transferred millions of dollars of Apollo investment funds from [Apollo] accounts into personal bank accounts controlled by ADAMS and the bank account for his law firm, AMLLP." Indictment ¶ 14. Are the funds transferred to AMLLP supposed to be taxable income to Mr. Adams? The Indictment is unclear. *See id.* ("While AMLLP did perform services for Apollo, ADAMS unilaterally determined how much Apollo would pay AMLLP, ADAMS himself signed *most* of the checks for payments to AMLLP, and Apollo's books and records did not reflect *most* of the payments that ADAMS caused to be paid to AMLLP." (emphases added)). What's more, Mr. Adams does not know when—specifically, in which tax year—most of these

5

allegedly fraudulent transactions are supposed to have taken place, as the Indictment is arranged topically rather than broken down by year.  For example, the Indictment alleges that sometime after opening an Apollo bank account in 2007, "ADAMS diverted large portions of" the money invested in Apollo "for his own personal use," *id.* ¶ 31, later giving a figure of "over $938,000" purportedly transferred to Mr. Adams's personal bank account and "over $1,176,000" transferred to his law firm's bank account "from which [Mr. Adams] received distributions," *id.* ¶ 33.  The Indictment is silent about how many transactions there were and when they took place.  It is no "answer . . . for the government to say: 'The defendant knows what he did, and, therefore, has all the information necessary.'  This argument could be valid only if the defendant be presumed to be guilty. . . .  Being presumed to be innocent, it must be assumed 'that he is ignorant of the facts on which the pleader founds his charges.'"  *United States v. Anderson*, 254 F. Supp. 177, 181 (W.D. Ark. 1966) (ordering bill of particulars in § 7206(1) case).

More fundamentally, the tax charges present a danger of surprise at trial because Mr. Adams will not—and cannot—know by how much the government alleges he understated his taxable income until the close of the government's case.  The government alleges that Mr. Adams underreported his "*taxable* income" in 2008, 2009, and 2010.  *See* Indictment ¶ 67 (emphasis added).  "Taxable income is what remains after all lawful exemptions and deductions are subtracted from gross income."  *United States v. Quinto*, 582 F.2d 224, 228 n.1 (2d Cir. 1978).  The government could therefore attempt to prove its case by showing unreported income, unlawful exemptions or deductions, or some combination of these items.  The Indictment's reference to Mr. Adams's alleged

6

fraudulent scheme adds nothing because it alleges that Mr. Adams "failed to disclose *most* of these funds on his tax returns," leaving ambiguous whether any funds that were disclosed could form the basis of one of the charges.  Indictment ¶ 65 (emphasis added).  Absent particulars, Mr. Adams will not know the specifics of his alleged crime until it is too late for him to adequately defend against it.  *See United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) ("In the case of fraud . . . it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific fraudulent documents, and the fraudulent statements within the documents.").

To avoid this surprise and allow Mr. Adams to mount an informed defense, the Court should order the government to identify (1) the date, amount, character, and source of any allegedly unreported income; (2) the date, amount, and character of any allegedly unlawful deductions or exemptions; and (3) the government's potential methods of proof at trial.[1]  There is ample support for ordering the government to provide these particulars.  *See, e.g.*, *United States v. Earnhart*, 683 F. Supp. 717, 717–18 (W.D. Ark. 1987) (ordering government in prosecution for filing "false and fraudulent" tax returns to disclose all of the information listed above except the method of proof, which had already been disclosed); *Anderson*, 254 F. Supp. at 178–79, 185 (ordering government in § 7206(1) case to identify, among other things, "[t]he date, amount, payor, and character

---

[1] "[D]ue to the complex nature of tax evasion cases, several methods of proof have been developed." *United States v. Manfredi*, 628 F. Supp. 2d 608, 635–36 (W.D. Pa. 2009) (offering brief explanations of the "specific items" method, "net-worth" method, "cash expenditures" method, and "bank deposits" method).

of each item" on which the government intended to rely to prove omission of specific items, for each tax year); *United States v. Deluca*, No. 11-CR-169A(F), 2013 WL 5566451, at *7 (W.D.N.Y. Oct. 7, 2013) (ordering government in § 7206(1) case to provide particulars "stat[ing] for each Defendant and related Count of the Superseding Indictment the date, source, character and the amount of unreported income relating to each Defendant and related Count"). Given the complexity of the present case and Mr. Adams's inability to intuit the taxable income he allegedly failed to report, the Court should order a bill of particulars. *See Earnhart*, 683 F. Supp. at 718 ("The courts have generally recognized that because tax cases are ordinarily so complex, motions for bills of particulars should be viewed more liberally in such cases.").

## CONCLUSION

Mr. Adams respectfully requests that the Court dismiss, or, in the alternative, order a bill of particulars for the tax charges.

Dated:  June 1, 2018                     Respectfully submitted,


    /s/ *Lance Wade*

Joseph G. Petrosinelli (DC Bar #434280)
Lance Wade (DC Bar #484845)
Gloria Maier (DC Bar # 1012208)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
jpetrosinelli@wc.com
lwade@wc.com
gmaier@wc.com

8

James L. Volling (#113128)
Deborah A. Ellingboe (#26216X)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55420
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
james.volling@faegrebd.com
debbie.ellingboe@faegrebd.com


*Attorneys for Defendant Edward S. Adams*