# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   17-cr-64-DWF-KMM |
| | ) |
| EDWARD S. ADAMS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## DEFENDANT'S POST-HEARING BRIEF
## IN SUPPORT OF MOTION TO SUPPRESS

### *INDEX OF EXHIBITS*

| Ex. # | Description |
|---|---|
| 1 | Order Adopting Report and Recommendation of Magistrate Judge, *U.S. v. Heppner* (D. Minn. 2005), No. 05-cr-00094, at 4 n.1 (D. Minn. Nov. 23, 2005), ECF 79 (Tunheim, J.) |
| 2 | Order, *United States v. Vision Sys. Grp., Inc.*, No. 4:09-cr-00004-RP-CFB, at 33–41 (S.D. Iowa Mar. 24, 2010), ECF 116 |
| 3 | Government's Opposition to Michael Cohen's Motion for a Temporary Restraining Order, *Cohen v. United States*, No. 18-mj-03161, ECF 1, (S.D.N.Y. 2018) |
| 4 | February 2, 2018 Email from AUSA A. Bildtsen to L. Wade, G. Maier re: documents provided to Investigator Belich |
| 5 | (*intentionally omitted*) |
| 6 | January 31, 2009 email transmitted by Inspector Kroells to Investigator Belich |

| Ex. # | Description |
|-------|-------------|
| 7 | Excerpts from Relativity log reflecting documents in the "Entirely Unrelated – Personal or Family" category (*see* Maier Supp. Decl. Ex. 2) that were viewed three or more times by members of the prosecution team |
| 8 | Excerpts from Relativity log reflecting documents in the "Entirely Unrelated – Non-Apollo Business" category (*see* Maier Supp. Decl. Ex. 3) that were viewed three or more times by members of the prosecution team |
| 9 | Excerpts from Relativity log reflecting documents in the "Warrants or Bank Accounts" category (*see* Maier Supp. Decl. Ex. 5) that were viewed three or more times by members of the prosecution team |
| 10 | (*intentionally omitted*) |
| 11 | February 22, 2018 Email from AUSA D. Maria to L. Wade, G. Maier, cc: AUSA T. Rank, AUSA J. Kokkinen re: post-hearing discovery |
| 12 | Excerpt of Mr. Adams's May 15, 2015 Revised Privilege Log for three communications between Mr. Adams and Murry LLC (Doc. IDs 00224269 & 00224270 (attachment); 00224366; 00224368) |
| 13 | October 29, 2014 email from E. Adams to P. Murry and A. Miller, attaching Mr. Adams's 2007, 2008, 2009, and 2010 amended tax returns, as well as correspondence with the Minnesota Department of Revenue (attachments omitted) (forwarded by AUSA Maria to Belich) |
| 14 | January 5, 2018 AUSA M. Bildtsen Emails Transmitting 24 Yahoo! emails that she could identify as having been used with witnesses |
| 15 | Excerpt of Relativity log showing Inspector Kroells's "Update" activity |
| 16 | Excerpt of Relativity log showing prosecution team's "Print" activity |
| 17 | Excerpt of Mr. Adams's privilege log for Doc. IDs 00210651 and 00210652 (*in camera* Ex. A), and corresponding excerpt of Relativity log |
| 18 | Excerpt of Mr. Adams's privilege log for Doc. IDs 00219514 and 00219515 (*in camera* Ex. J), and corresponding excerpt of Relativity log |

| Ex. # | Description |
|---|---|
| 19 | Excerpt of Mr. Adams's privilege log for communications with Mr. Hartman (*in camera* Ex. U), and corresponding excerpt of Relativity log |
| 20 | Excerpt of Mr. Adams's privilege log for draft email to Latham (*in camera* Ex. D), and corresponding excerpt of Relativity log |
| 21 | Excerpt of Mr. Adams's privilege log for draft analysis for Latham (*in camera* Ex. G), and corresponding excerpt of Relativity log |
| 22 | Excerpt of Mr. Adams's privilege log for certain Murry LLC documents (*in camera* Exs. M-P, R), and corresponding excerpt of Relativity log for such documents, that were viewed or converted after December 6, 2016 |

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 05-94 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| (1) ANTHONY HEPPNER and (2) THOMAS ANDERSON, | |
| Defendants. | |

---

Frank Magill, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Dean S. Grau, **GRAU LAW OFFICE**, 80 South Eighth Street, Suite 1919, Minneapolis, MN 55402, for defendant Heppner.

Thomas G. Dunnwald, **DUNNWALD & PETERSON PA**, 412 South Fourth Street, Suite 1150E, Minneapolis, MN 55415, for defendant Anderson.

Defendants are charged with twenty counts of mail fraud, in violation of 18 U.S.C. §§ 2 and 1341. Defendants jointly move to dismiss the indictment. Following a hearing, United States Magistrate Judge Franklin L. Noel recommended denying defendants' motion. The defendants jointly object to the Magistrate Judge's Report and Recommendation dated October 12, 2005. The Court has conducted a *de novo* review of defendants' objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b),

and for the reasons set forth below, overrules defendants' objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

The Indictment alleges that defendants Heppner and Anderson formed an investment club called Skyward Group and solicited individuals to become members and investors. It further alleges that from January 1999 until February 2001, defendants aided and abetted each other to devise a scheme to defraud and obtain money and property by means of materially false and fraudulent representations, which defendants knowingly caused to be sent and delivered by the United States Postal Service mail for the purpose of executing the scheme.

On June 20, 2004, Postal Inspector Agnew attempted to serve Anderson with a subpoena to appear before the Grand Jury. The subpoena requested Anderson to produce documents referring or relating to various entities, including the Skyward Group. Agnew met with Anderson at Agnew's office on July 20, 2004. Anderson claims he brought the documents with him and offered them to Agnew at that time, but that Agnew refused them, and Anderson brought the documents back home with him. Agnew denies that Anderson brought any documents with him, and also states that Anderson informed her that he would not be producing the documents. Regardless of what happened at that meeting, it is undisputed that Agnew did not take possession of the documents or review them at that time.

On August 23, 2005, Agnew sought a search warrant for Anderson's home.  At that time, the trial was scheduled to begin in just over a month – on September 26, 2005. When Agnew applied for the search warrant, she knew defendants were represented by counsel, and that the trial had originally been scheduled for September 26, 2005. Moreover, Agnew acknowledged in her affidavit submitted in support of the warrant application that she believed that the execution of the warrant so close to trial might implicate the Sixth Amendment.

The search warrant was executed on August 24, 2005.  At that time, and unbeknownst to Agnew, Anderson and Heppner had scheduled a meeting with their lawyers for August 26, 2005, to discuss their defense.  In preparation for that meeting, Anderson's lawyer had told him to gather the documents he believed relevant to the defense.  At the time the documents were seized, Anderson had been in the process of preparing them at the request of his lawyer.

The search of Anderson's home yielded fifteen boxes of documents, which were seized and removed from Anderson's home.  One of the boxes contained documents that were determined to be "potentially privileged" by the "taint" inspector.[1]  At a hearing

---

[1]  Agnew arranged for a "taint team," led by Postal Inspector Gloria Faust as "taint reviewer," to review any confidential or privileged documents uncovered during the execution of the search warrant to determine whether the document should be seized, and if so, to ensure that the document was segregated from the non-privileged documents seized.  Agnew testified at the hearing before the Magistrate Judge that Faust received no instruction on how to determine whether a document was privileged or not, and stated that she herself did not know upon what basis Faust made any such determination.  During the execution, Faust designated one box of documents as potentially privileged. The record is silent with respect to why Faust believed these documents were potentially privileged.

(Footnote continued on next page.)

before the Magistrate Judge, Agnew testified that she had not reviewed any of the potentially privileged documents.   Agnew also testified that she began to review the remaining documents, but that she stopped all review once defendants filed their motion to dismiss.   It is the Court's understanding that the prosecution is currently in possession of all the documents seized, except for two documents, which were returned to defendants by Assistant United States Attorney Cheever.    (Mem. Opp'n Defs.' Objections, 5.)   At the time of the hearing before the Magistrate Judge, the prosecution had refused to return the rest of the seized documents to defendants or to provide them with copies, although it had offered to let defendants inspect the documents.   The prosecution has informed the Court that it has now provided defendants with copies of all the documents.  (*Id.* at 5 n.4.)

Defendants now object to the Magistrate Judge's report and recommendation, arguing that the search of Anderson's residence and seizure of documents violated

_____

(Footnote continued.)

The Court shares the Magistrate Judge's skepticism regarding the prosecution's suggestion that use of a "taint reviewer" was adequate to protect defendants' Sixth Amendment rights.  (October 12, 2005 Report and Recommendation, 11 n.3 (stating that employing a taint team is "not unlike assigning the fox to guard the henhouse.")   The Court also notes that, contrary to the prosecution's assertion in its Memorandum in Opposition to Defendants' Motion to Dismiss, the prosecution has failed to identify any case from this District approving the use of a "taint reviewer," nor has the Court's own research uncovered any.  Nevertheless, the Court need not reach the issue of the propriety of a "taint reviewer" today, as defendants have not yet identified any privileged document reviewed by the prosecution team.

defendants' rights under the Fourth, Fifth, and Sixth Amendments, and that the only remedy for such violations is dismissal of the indictment.  The Court disagrees.

## ANALYSIS

## I.    MOTION TO DISMISS INDICTMENT

Although they invoke the Fourth, Fifth, and Sixth Amendments, defendants' primary concern is that they were deprived of documents they intended to use in preparation of their defense.  Notably, defendants do not appear to argue that the warrant was not supported by probable cause in violation of the Fourth Amendment, or that the warrant was otherwise invalid.  In addition, defendants do not appear to raise any argument in support of a Fifth Amendment violation.  Rather, defendants argue that the deprivation of the documents caused them harm by preventing them from preparing their defense, by permitting the prosecution an unfair "peek" into their legal strategy, and also by functionally granting the prosecution a "continuance" of the trial, which defendants would have opposed.  These concerns are best analyzed under the Sixth Amendment.

The Sixth Amendment provides that an accused shall enjoy the right "to have the Assistance of Counsel for his defense."  This right is meant to assure fairness in the adversary criminal process.  *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963).  To establish a Sixth Amendment violation, a criminal defendant must show two things: first, that the government knowingly intruded into the attorney-client relationship; and second, that the intrusion demonstrably prejudiced the defendant or created a substantial threat of

prejudice. *United States v. Singer*, 785 F.2d 228, 234 (8th Cir. 1985); *United States v. Morrison*, 449 U.S. 361, 366 (1980).

Identification of a Sixth Amendment violation alone does not require dismissal of the indictment. The interests supporting the Sixth Amendment right, meant to assure fairness in the adversary criminal process, must be reconciled with society's competing interest in prosecuting criminal conduct. *Singer*, 785 F.2d at 234. Therefore, the appropriate remedy for a Sixth Amendment violation is not necessarily dismissal, but rather a remedy tailored to the injury suffered: "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate." *Morrison*, 449 U.S. at 365.

For example, in *Morrison*, the defendant had retained private counsel to represent her in a criminal proceeding. *Id.* at 362. Thereafter, two agents of the Drug Enforcement Agency, aware that she had been indicted and had retained counsel, sought to obtain her cooperation in a related investigation. They met and conversed with her without the knowledge of her counsel. During the conversation the agents disparaged the defendant's counsel and indicated that she would receive a stiff jail term if she did not cooperate. The agents visited the defendant again, but at no time did she agree to cooperate with them, and she continued to rely upon the services of the attorney whom she had retained. *Id.* at 362-63. The Supreme Court, assuming arguendo that the defendant's Sixth Amendment rights were violated, held that absent a showing of any adverse consequence to the representation she received or to the proceedings leading to her conviction, dismissal of the indictment was not appropriate. *Id.* at 366-67.

- 6 -

Similarly, in *Singer*, the Eighth Circuit upheld a remedy short of dismissal where the defendant asserted a Sixth Amendment violation.  *Singer*, 785 F.2d at 234-37.  In that case, the prosecution obtained and reviewed privileged defense documents, including documents from the defense lawyer's trial strategy file.  The District Court determined that although Singer's Sixth Amendment rights had been violated, the violation did not warrant dismissal of the indictment, and instead ordered the prosecution to return the privileged documents, and prohibited the prosecuting attorney with knowledge of the privileged documents from participating in retrial of case.  On appeal, the Eighth Circuit upheld the District Court's order under *Morrison*, finding that the District Court properly fashioned a remedy that removed any prejudice to the defendant.  *Id.* at 237.

Therefore, even if a Sixth Amendment violation occurs, a defendant is not entitled to dismissal of the indictment if a less drastic remedy can eliminate any potential prejudice.  *Morrison*, 449 U.S. at 366;  *Singer*, 785 F.2d 228 at 236.  Based on the circumstances of this case, the Court holds that a less drastic remedy can eliminate any potential prejudice and remedy or avoid any Sixth Amendment violation, and accordingly dismissal of the indictment is not warranted.

Here, defendants were deprived of documents they believed were necessary to prepare their defense one month before trial was initially scheduled to begin.  The documents seized included documents that defendants intended to review with their lawyers at a meeting that had been scheduled to occur two days after the execution of the search warrant, as well as potentially privileged documents.  The seizure of the documents clearly interfered with counsel's preparation of the defense.  Execution of the

search warrant so close to trial, which denied counsel the opportunity to review the documents with their clients in confidence, could potentially prejudice defendants' rights to prepare their defense and to a fair trial.

Although the timing of the seizure before the meeting, as well as the seizure of potentially privileged documents, clearly implicates defendants' Sixth Amendment rights, the Court concludes any potential prejudice resulting from the seizure under these circumstances may be remedied by the return of the "potentially privileged" documents without review by the prosecution, and by counsel for defendants now having the opportunity to review the documents with their clients in confidence. *Morrison*, 449 U.S. at 366; *Singer*, 785 F.2d 228 at 236; *Nat'l City Trading Corp.*, 635 F.2d at 1026. Accordingly, the Court will order the prosecution to return the "potentially privileged" documents without review, and to copy the rest of the documents at its own expense and deliver a complete set of the documents in the order in which they are currently organized to the defendants. *See* Fed. R. Crim. P. 16(a)(1)(E); *United States v. Freedman*, 688 F.2d 1364, 1366 (11th Cir. 1982) (trial court has considerable discretion regarding discovery matters under Rule 16, including the discretion to determine which parties should bear the cost of copying documents). Additionally, the Court notes that if, after having reviewed the copies of the non-"potentially privileged" documents, defendants believe that the prosecution has retained documents that are covered by the attorney-client or work-product privileges, the Court will permit defendants to bring a motion regarding such documents at that time, as necessary.

Defendants' final objection to the report and recommendation is that the prosecution's conduct, in seizing the documents, functionally granted the prosecution a continuance of the trial, which defendants would have opposed. Even assuming this is the case, the trial will be "continued" no more than a few months, and defendants do not allege that this "continuance" caused them any prejudice.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendants Heppner's and Anderson's objections [Docket No. 74] and **ADOPTS** the Report and Recommendation [Docket Nos. 71 and 72]. Accordingly, **IT IS HEREBY ORDERED** that defendants Heppner's and Anderson's Joint Motion to Dismiss [Docket No. 54] is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent the prosecution has not already complied with the Order in the Report and Recommendation, the prosecution must return those documents it has identified as "potentially privileged" without inspection, and must copy the remaining documents at its own expense and deliver the copies to the Defendants in the order in which they are currently organized.

DATED:  November 23, 2005                        s/ John R. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                  United States District Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | 4:09-cr-00004 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CHANDRA MOHAN RAO MANDALAPU, | * | ORDER |
| VISWA MOHAN MANDALAPU, and | * | |
| VISION SYSTEMS GROUPS, INC., | * | |
| | * | |
| Defendants. | * | |
| | * | |

Before the Court are two Motions filed by the above captioned Defendants (individually "Defendant" or collectively "Defendants"). The first is a Motion to Dismiss and Strike Portions of the Second Superseding Indictment, filed on September 21, 2009. Clerk's No. 81. The second is a Motion to Suppress, filed on October 16, 2009.[1] Clerk's No. 87. Defendants filed an accompanying overlength brief in support of the Motion to Suppress on October 19, 2009. Clerk's No. 90. The Government filed a Resistance to the Motion to Suppress on January 12, 2010. Clerk's No. 106. The Government filed a Resistance to the Motion to Dismiss on January 19, 2010. Clerk's No. 108. The Court held a hearing on the matters on January 20, 2010. Clerk's No. 110. Defendants filed a Reply to the Resistance to the Motion to Suppress on January 25, 2010. Clerk's No. 114. Defendants also filed a document entitled "Defendants' Supplemental Statement in Support of Motion to Suppress" on January 27, 2010. Clerk's No. 115. The matters are fully submitted.

---

[1] Defendants' Motion to Dismiss incorporated, by reference, aspects of their prior Motions to Dismiss (Clerk's Nos. 19, 42), as well as the responses and subsequent replies to those Motions (Clerk's Nos. 22, 24, 50, 54).

## I.   FACTUAL AND PROCEDURAL HISTORY

According to the Government, Defendant Vision Systems is a New Jersey based information technology consulting firm that conspired to fraudulently obtain immigration documents in order to facilitate the entry of alien workers, who would otherwise not be entitled to enter or remain in the United States. *See generally* Clerk's No. 59. The Government also asserts that Defendant Viswa Mandalapu, the president of Vision Systems, and Defendant Chandra Mandalapu, an officer in the corporation, participated in this conspiracy through various overt acts. *Id.*

Much of the evidence against Defendants stems from a multi-year investigation by Special Agent Gustavo Ponce ("Agent Ponce") of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). Tr. at 113. During the course of his investigation, on February 11, 2009, Agent Ponce led an approximately twenty member team in searching the New Jersey office of Defendant Vision Systems, pursuant to a search warrant ("Warrant"). *Id.* at 110-11, 114. The Warrant authorized the Government to search for and seize evidence of immigration fraud, money laundering, mail fraud, and wire fraud. Hr'g Ex. 2. During the execution of the search, Agent Ponce and his team seized the majority of the company's paper records, primarily immigration, financial and personnel records, and made digital copies of nearly, if not all, of the company's computer hard drives. Tr. at 111, 119, 121.

Based at least in part upon this evidence, on August 27, 2009, a grand jury returned a second superceding indictment ("Indictment") against Defendants, charging them with committing seventeen crimes. Clerk's No. 59. The Indictment also provided a notice of forfeiture. *Id.* More specifically, Count One generally alleges that Defendants conspired to

fraudulently obtain immigration documents, namely H1-B visas and/or alien registration receipt cards, i.e., "green cards," by making materially false statements to the Government, in violation of 18 U.S.C. § 371.  Counts Two through Nine generally allege that Defendants committed mail fraud related to this scheme by mailing, via FedEx, documents to the Iowa Department of Workforce Development that contained material misstatements, in violation of 18 U.S.C. § 1341. Counts Ten through Twelve further allege Defendants committed mail fraud, in violation of 18 U.S.C. § 1341, by making similar misrepresentations to the United States Citizenship and Immigration Services ("USCIS").  Counts Thirteen through Seventeen generally allege that Defendants Viswa Mandalapu and/or Chandra Mandalapu made false statements to the Government related to the aforementioned scheme, in violation of either 18 U.S.C. § 1001 or § 1546.  Finally, Count Eighteen contains a Notice of Forfeiture, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461.

Defendants now contest nearly every Count contained in the Indictment and challenge the validity of the Warrant, as well as the manner in which Agent Ponce executed it, in their two Motions.  Defendants request that the Court dismiss the mail fraud charges contained in Counts Two through Nine because the Government "has not charged a cognizable mail fraud theory." Defs.' Br. in Supp. of Mot. to Dismiss at 5-10.  Alternatively, Defendants argue that the Court should dismiss these Counts because they are "gilded," that is, they represent the Government's attempt to cure a defect in a previous indictment that runs afoul of the Speedy Trial Act.  *Id*. at 10-14.  Additionally, Defendants request that the Court dismiss the mail fraud charges contained in Counts Ten through Twelve because they fail to allege proper venue and fail to allege any wrongdoing.  *Id*. at 14-18.  Defendants also request that the Court dismiss the forfeiture allegation

in Count Eighteen because it is impermissibly vague and because it is predicated upon the fatally

flawed mail fraud Counts.  *Id*. at 18-19.  Moreover, Defendants request that the Court suppress

any evidence of the February 11, 2009 search because the Warrant is fatally overbroad and

insufficiently particular and because Agent Ponce exceeded the scope of the Warrant by failing to

comply with its nominal restrictions.  *See* Defs.' Br. in Supp. of Mot. to Suppress.  The

Government denies all of Defendants' assertions, arguing that the Indictment and search complied

with all governing laws.

## II.   LAW AND ANALYSIS

### A.   *Motion to Dismiss*

The sufficiency of an indictment is a matter of law to be determined by the Court.  *United*

*States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007) (quoting *United States v. Dolan*, 120 F.3d 856,

864 (8th Cir. 1997)).  Under Federal Rule of Criminal Procedure 7, an indictment must contain "a

plain, concise, and definite written statement of the essential facts constituting the offense

charged."  In interpreting this provision, the Eighth Circuit has repeatedly held:

> An indictment is legally sufficient on its face if it contains all of the essential elements
> of the offense charged, fairly informs the defendant of the charges against which he
> must defend, and alleges sufficient information to allow a defendant to plead a
> conviction or acquittal as a bar to a subsequent prosecution.

*United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001) (citing *United States v. Wessels*, 12

F.3d 746, 750 (8th Cir. 1993)).  An indictment ordinarily need not contain every fact pertaining to

a charge so long as it states the essential elements of an offense in a manner that provides

adequate notice to a defendant.  *Hance*, 501 F.3d at 906 ("Typically an indictment is not

sufficient only if an essential element of the offense is omitted from it.") (quoting *United States v.*

*Cuervo*, 354 F.3d 969, 985 (8th Cir. 2004)).  If an indictment fails to state an offense or is

defective in some other fashion, a defendant may move to strike all or part of the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B).

      1.      *Mail fraud as alleged in Counts Two through Nine.*

As both parties agreed in the hearing, the Government is pursuing the mail fraud charges contained in Counts Two through Nine on the theory that Defendants schemed to deprive United States workers out of two property rights, namely their right to notice provided for in the H1-B visa regulations and their rights in employment. Tr. at 10-11. Defendants challenge the validity of the Government's theory, asserting that the two enumerated rights are not property within the meaning of 18 U.S.C. § 1341.

Title 18 U.S.C. § 1341 provides in relevant part: "Whoever, having devised . . . any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises [uses the mails in furtherance of the scheme] shall be fined [or] imprisoned . . . or both." To establish mail fraud under § 1341, the Government must prove that a defendant:

> (1) voluntarily and intentionally devised or participated in a scheme to obtain money or property by means of false representations or promises, (2) entered into the scheme with the intent to defraud, (3) knew it was reasonably foreseeable that the mails would be used, and (4) used the mails in furtherance of some essential step in the scheme.

*United States v. Kelly*, 152 F.3d 881, 887 (8th Cir. 1998) (citation omitted). Since *McNally v. United States*, 483 U.S. 350 (1987), the Supreme Court has generally held that this statute is "'limited in scope to the protection of property rights.'"[2] *Cleveland v. United States*, 531 U.S. 12,

---

    [2] The one exception to this general rule stems from Congressional action to overturn the specific holding in *McNally*. After *McNally*, Congress enacted 18 U.S.C. § 1346 in order to expand the reach of the mail fraud statute to cases involving "the intangible right of honest services." *United States v. Cleveland*, 531 U.S. 12, 19-20 (2000). The Court need not, however,

18 (2000) (quoting *McNally*, 483 U.S. at 360). These property rights may be both tangible and

intangible. *Carpenter v. United States*, 484 U.S. 19, 25-26 (1987) (stating that "*McNally* did not

limit the scope of § 1341 to tangible as distinguished from intangible property rights" before

holding that "[c]onfidential business information has long been recognized as property").

Whether the object of the scheme is property within the meaning of § 1341 is determined by

whether it is property in the hands of the victim, not the alleged schemer. *Cleveland*, 531 U.S. at

26-27 ("We conclude that § 1341 requires the object of the fraud to be 'property' in the victim's

hands . . . .").

Under the facts of this case, the Court does not believe that any right to notice that

American workers may possess under the H1-B regulatory scheme is capable of giving rise to a

property interest within the meaning of § 1341. The H1-B visa program was designed to allow

nonimmigrant professionals to enter the United States temporarily for employment in specialty

occupations. *See* 20 C.F.R. § 655.700.[3] In order to obtain an H1-B employee, an employer must

first file a Labor Condition Application with the Department of Labor. 20 C.F.R. § 655.730. As

part of this application process, the employer must provide:

> notice of the filing of the labor condition application to the bargaining representative
> of the employer's employees in the occupational classification in which the H-1B
> nonimmigrants will be employed or are intended to be employed in the area of

---

consider whether this case falls within the ambit of the honest services doctrine because the
Government is not pursuing this theory. Tr. at 41 ("As far as the [M]otion to [D]ismiss is
concerned, the Government has tried to be clear from the outset [that] this is not an honest
services case.").

[3] Although some of the regulations governing the H1-B visa program have changed
significantly since the alleged inception of this conspiracy in 2003, the underlying substance of
those regulations remain mostly intact. Accordingly, the Court will not delve into the temporal
permutations of the various H1-B regulations because it is not material to its analysis.

> intended employment, or, if there is no such bargaining representative, [post] notice
> of filing in conspicuous locations in the employer's establishment(s) in the area of
> intended employment . . . .

20 C.F.R. § 655.734.  Even assuming that this provision gives rise to an individual notice right for

American workers, the Court cannot see how this right could constitute a sufficient property

interest within the meaning of the mail fraud statute because it is not excludable, transferable, or

otherwise controllable.[4]  *See Carpenter*, 484 U.S. at 26 ("Confidential information acquired or

compiled by a corporation in the course and conduct of its business is a species of property to

which the corporation has the exclusive right and benefit . . . ."); *United States v. Henry*, 29 F.3d

122, 115 (3d Cir. 1994) (holding that "competing banks' interest in a fair bidding opportunity

does not meet this test," in part, because the condition that the bidding process would be fair is

"not a grant of a right of exclusion, which is an important aspect of traditional property"); *United*

*States v. Granberry*, 908 F.2d 278, 280 (8th Cir. 1990) ("And the right to control a thing, for

example, money, is an integral part of the property right in the thing itself.  When we say that we

---

[4]  Additionally, the Government's theory of property is admittedly novel, which mitigates
against a finding of a sufficient interest because the scope of the mail fraud statute is determined
in part by historical concepts of property rights.  *Pasquantino v. United States,* 544 U.S. 349, 356
(2005) (holding that "Canada's right to uncollected excise taxes" constitutes property under the
similarly construed wire fraud statute, in part, because "[t]he common law of fraud confirms this
characterization of Canada's right to excise taxes.  The right to be paid money has long been
thought to be a species of property."); *Cleveland*, 531 U.S. at 23, 24 (rejecting the
Government's theories of property rights partially because "they stray from traditional concepts
of property"); *United States v. Henry*, 29 F.3d 112, 155 (3d Cir. 1994) ("Thus, to determine
whether a particular interest is property for purposes of the fraud statutes, we look to whether the
law traditionally has recognized and enforced it as a property right." (citing *United States v.*
*Evans*, 844 F.2d 36, 41 (2d Cir. 1988), for the proposition:  "That the right at issue . . . has not
been treated as a property right in other contexts and that there are many basic differences
between it and common-law property are relevant considerations in determining whether the
right is property under the federal fraud statutes.")); *United States v. Granberry*, 908 F.2d 278,
280 (8th Cir. 1990) (stating that "the indictment must still allege that the injured party has been
deprived of something that fairly deserves the label of property under traditional usage").

own something, one of the things that we mean is that we can determine what to do with it.  We can either keep it or transfer it to someone else.  And we can choose those persons to whom we will transfer it."); *United States v. Doherty*, 867 F.2d 47, 60 (1st Cir. 1989) ("Getting jobs by false pretenses falls within the prohibition of § 1341 because it 'deprived' the Commonwealth 'of control over how its money was spent.'" (citing *McNally*, 107 U.S. at 360)).  In other words, the right to H1-B notice lacks all the traditional indicia of property that other courts have found determinative when analyzing whether something is property within the meaning of the mail fraud statute.  Accordingly, and in light of the Supreme Court's command to construe any ambiguity in the definition of property narrowly, the Court holds that notification rights under the H1-B regulatory scheme are insufficient as a matter of law to constitute property under § 1341.[5] *Cleveland*, 531 U.S. at 25 ("Moreover, to the extent that the word property is ambiguous as placed in § 1341, we have instructed that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." (internal quotations and citations omitted)).

The Court likewise concludes that the purported right of displaced workers in the employment that they would have obtained if Defendants had not fraudulently secured immigration documents for foreign workers does not constitute property within the meaning of § 1341.  According to the Government, Defendants secured employment contracts for foreign workers by depriving United States workers of their aforementioned notice rights, thereby precluding American workers from applying for and securing those employment contracts.  Pl.'s

_____

[5]  The Court's conclusion is only strengthened by the Government's failure to provide any legal authority for its position on H1-B notice rights.  Pl.'s Br. in Supp. of its Resistance to Defs.' Mot. to Dismiss at 10 (stating without support that "A U.S. workers intangible right to notice . . . constitute[s] property for purposes of 18 U.S.C. § 1341.").  Indeed, the Government did not even attempt to analogize H1-B notice rights to any recognized property right.

Br. in Supp. of its Resistance to Defs.' Mot. to Dismiss at 13-14. Defendants also allegedly deprived American workers of employment opportunities not only indirectly by the aforementioned scheme, but also directly by improperly refusing to hire domestic applicants, some of whom responded to newspaper ads for employment, in favor of alien workers. *Id.* at 12. The Government asserts that this conduct deprived American workers of their property rights because employment, including lost job opportunities, falls within the definition of property under *Granberry,* 908 F.2d 278, and *United States v. Sorich*, 523 F.3d 702 (7th Cir. 2008). The Court disagrees.

In *Granberry*, the Government charged the defendant with mail fraud for obtaining employment from a school district as a school bus operator by fraudulently concealing a prior murder conviction on his job application. 908 F.2d at 279. According to the Government in *Granberry*, the school district would not have hired Granberry if it had known about the prior conviction. *Id.* The defendant moved to dismiss the indictment for failure to state an offense under § 1341, and the district court granted the motion, finding no sufficient property interest. *Id.* The Eighth Circuit reversed, holding, in part, that "[a]n employment contract is property." *Id.* at 280. The Eighth Circuit reasoned that Granberry had deprived the school of money and property because the school district was entitled to an employee who conformed to its employment requirements, even though the school district would have paid another, qualified driver the same amount of money. *Id.* ("What the School District wanted was a competent school-bus driver who was truthful and had not been convicted of a felony, and this is not what it got. The School District has been deprived of money in the very elementary sense that its money has gone to a person who would not have received it if all of the facts had been known.").

-9-

Likewise, in *Sorich*, the defendants were convicted of mail fraud for participating in a hiring scheme that "doled out thousands of city civil service jobs [in Chicago] based on political patronage and nepotism." 523 F.3d at 705. Defendants appealed the district court's denial of a motion to dismiss, arguing, in part, that "since the city would have filled these jobs and paid these salaries anyway, it has not suffered a loss." *Id.* at 713. In other words, the defendants argued that they did not commit mail fraud because the City of Chicago suffered no monetary or property loss. The Seventh Circuit rejected this argument, holding that "jobs are property for purposes of mail fraud" and reasoning that "the city paid for, and was cheated out of, qualified civil servants." *Id.* at 723.

The Court finds that the Government's reliance on these cases is misplaced. Both *Granberry* and *Sorich* stand for the well-recognized proposition that employment contracts or jobs *may* be property under § 1341. Indeed, Defendants do not seriously contest this proposition. However, under *Cleveland*, the mere possibility that employment may be property in some instances does not necessary establish that it is property in every mail fraud case. In *Cleveland*, the Supreme Court narrowed the scope of the mail fraud statute by concluding that "§ 1341 requires the object of the fraud to be 'property' in the victim's hands." 531 U.S. at 26. It is not sufficient for the object of the fraud to be property in the schemer's hands.[6] *Id.* at 25 ("[W]e do not here question that video poker licensees may have property interests in their licenses."). In this case, the Government has identified the alleged victims as displaced American workers,

---

[6] In applying this principle, the Supreme Court reversed a defendant's mail fraud conviction, finding that although the gambling license at issue was likely property in the hands of the defendant, it was not property in the hands of the issuing State. *Cleveland*, 531 U.S. at 25-26.

-10-

unlike the employers who were the victims in *Sorich* and *Granberry*.[7]  Since the employer in this

case is not an alleged victim and is, in fact, a co-defendant, *Sorich* and *Granberry* are

distinguishable because those courts measured whether employment is property from a different

perspective, namely that of the victim governmental entity.  Here, the Court is deciding whether

employment contracts are property from the generalized perspective of displaced American

workers, some of whom would have allegedly received employment but for Defendants' scheme.

The Court does not believe that putative displaced workers have a sufficient property interest

because such individuals never possessed any right to the disputed employment.  In other words,

Defendants did not deprive these displaced workers of any interest in employment that is

meaningfully excludable, transferable, or controllable.[8]  At best, these displaced American

---

[7]  Importantly, the Government did not identify as victims the third-party employers who provided employment contracts to Defendants. Pl.'s Br. in Supp. of its Resistance to Defs.' Mot. to Dismiss at 12-14.  Likewise, the Government never alleged that any United States workers were deprived of rights, including a right to compete, provided for in a collective bargaining agreement or similar contractual arrangement.  *See United States v. Douglas*, 398 F.3d 407, 417-18 (6th Cir. 2005) ("The right to compete guaranteed by the collective bargaining agreement in this case is sufficient to constitute property for purposes of the mail fraud statute.").

[8]  While not directly dispositive of this issue, the Court's conclusion draws strength from a recent unpublished decision by the Federal Circuit  holding that an individual, who claimed to have been improperly terminated or rejected in favor of "H1-B aliens," did not have "a property right in employment at any of the accused employers."  *Watson v. United States*, No. 2007-5051, 2007 WL 1655231, at *3 (Fed. Cir. June 6, 2007).  In coming to this conclusion, the court stated:

> Regarding Mr. Watson's takings claim, the trial court noted that the Fifth Amendment requires a plaintiff to possess a private property interest.  *See, e.g.*, *American Pelagic Fishing Co. v. United States,* 379 F.3d 1363 (Fed. Cir. 2004).  To present a compensable claim, a property interest must include attributes such as the ability to exclude others from the use or enjoyment of that property.  *Members of the Peanut Quota Holders Ass'n v. United States,* 421 F.3d 1323 (Fed. Cir. 2005).  The trial court found no evidence of such a private property interest.  Indeed, Mr. Watson's only argument on appeal is that the failure of [the] alien labor certification officer to adjudicate his claim constitutes a taking.  Mr. Watson, however, never had

-11-

workers had prospective employment, i.e., a job opportunity, which is an insufficient "property" interest under §1341 for the same reasons. Accordingly, the Court holds that the Government's alternative displaced worker theory is not cognizable under the law.[9] Therefore, the Court must dismiss Counts Two through Nine.[10]

     2.     *Mail Fraud as alleged in Counts Ten through Twelve.*

     Defendants next challenge the validity of Counts Ten through Twelve of the Indictment, asserting that the Indictment fails to allege proper venue and fails to adequately state a mail fraud offense. More specifically, Defendants first argue that these Counts are fatally flawed because "they contain no allegation supporting venue in the Southern District of Iowa." Br. in Supp. of Mot. to Dismiss at 15. Alternatively, Defendants argue that these Counts fail to state an offense because they omit an essential element, namely the allegation that Defendants fraudulently under-

---

     a property right in employment at any of the accused employers. *Stone v. Fed. Deposit Ins. Corp.,* 179 F.3d 1368, 1374 (Fed. Cir. 1999) (observing the federal constitution provides property rights protection for public, not private employment). Thus, the decision of the certification officer not to investigate the accused employers could not have deprived Mr. Watson of a property right.

*Id.* In accordance with this reasoning, the Court cannot see how the Government can predicate a mail fraud theory upon a displaced worker's purported right to employment when that individual has no cognizable right in that employment.

  [9] The Government seemingly offered several other alterative theories of property, including a purported collective American right in controlling employment and deprivation of "other meaningful rights." Tr. at 41; Pl.'s Br. in Supp. of its Resistance to Defs.' Mot. to Dismiss at 12. The Court will not, however, address these theories for two reasons. First, the Government agreed with Defendants at the outset of the hearing on these matters that it was proceeding under the theories discussed by the Court. Second, it is not the Court's role to sift through the Government's filings in order to determine which theories it is currently pursuing. If the Government wishes to advance any of these alternative theories, it must do so unequivocally, with supporting reasoning and appropriate legal citations and with enough forewarning that Defendants have an opportunity to respond.

  [10] The Court notes that its decision renders moot Defendants' gilding arguments.

represented the number of employees the company had in order to pay a reduced filing fee for the immigration documents.[11]  *Id.* at 17-18.  In response, the Government argues that the Indictment alleges venue because it contains the statement "in the Southern District of Iowa."  Pl.'s Br. in Supp. of its Resistance to Defs.' Mot. to Dismiss at 3.  The Government further argues it can substantiate this claim of venue at trial.  *Id.*  Moreover, the Government argues that the Indictment is sufficient because it implicitly alleges that Defendants erroneously understated the number of employees.  *Id.* at 4.

    a.  *The adequacy of the venue allegations.*

The Court believes that the Indictment sufficiently alleges proper venue.  "Both Rule 18 of the Federal Rules of Criminal Procedure and the Constitution require that a person be tried for an offense where that offense is committed."  *United States v. Cabrales*, 524 U.S. 1, 5 (1998).  Proof of venue is, thus, an element of every federal offense that the Government must allege and prove, although it can be waived.[12]  *United States v. Netz*, 758 F.2d 1308, 1312 (8th Cir. 1985) ("Proof of venue is an essential element of the Government's case.  It may be established either by direct or circumstantial evidence." (internal quotations and citations omitted)).  "An

---

    [11]  The Court notes that Defendants' argument in this regard is much more nuanced than their arguments concerning Counts Two through Nine.  In Counts Two through Nine, Defendants were asserting that the Government was proceeding under flawed theory of mail fraud, whereas here, Defendants are merely asserting that the Government failed to properly allege a cognizable mail fraud theory.  Accordingly, the Court's analysis turns on whether the Indictment provided sufficient notice and not whether the governmental filing fees that give rise to Counts Ten through Twelve can constitute property.

    [12]  However, "[u]nlike the other elements of a crime which must be proved beyond a reasonable doubt, venue need only be proved by a preponderance of the evidence, in the light most favorable to the government."  *United States v. Delgado*, 914 F.2d 1062, 1064 (8th Cir. 1990) (citations omitted).

indictment alleges proper venue when it alleges facts which, if proven, would sustain venue." *United States v. Bohle*, 445 F.2d 54, 59 (7th Cir. 1971), *overruled on other grounds by United States v. Lawnson*, 653 F.2d 299 (7th Cir. 1981). If an indictment fails to allege sufficient facts, the Defendant must raise the issue or risk waiving it, and the Court has the authority to dismiss any count that suffers from a defect in venue. *Id.*; *see also United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir. 1979) ("Where lack of proper venue is apparent on the face of an indictment, venue objections are waived if not made prior to trial."). In mail fraud cases under § 1341, venue is proper in either the district in which the letter at issue was mailed or received. *United States v. McGregor*, 503 F.2d 1167, 1170 (8th Cir. 1974) ("The Supreme Court and other circuits have accordingly held that the government may elect to bring [a mail fraud] prosecution in the district where the letter was mailed or where it was delivered." (citations omitted)).

In this case, the Indictment, with respect to Counts Ten through Twelve, alleges that "in the Southern District of Iowa" the Defendants did "cause to be sent" fraudulent immigration documents, namely Form I-129s containing material misrepresentations, to processing centers in Nebraska, Vermont, and California. Clerk's No. 59 at 35, 42. As a preliminary matter, the Court finds that these allegations, if proven, can satisfy the venue element for mail fraud under the test affirmed in *McGregor* because the Indictment alleges that Defendants sent fraudulent documents from the Southern District of Iowa. The Court further finds that the Indictment provides sufficient notice to the Defendants because it states the theory under which the Government will seek to satisfy the venue element for each offense. Defendants' argument, that "[c]ounts ten through twelve nowhere allege that Defendants mailed anything to or from the Southern District

-14-

of Iowa," is without merit.[13]  Br. in Supp. of Mot. to Dismiss at 16.  Moreover, Defendants'

insistence that the "boilerplate phrase" "in the Southern District of Iowa" is insufficient to allege

venue is also unavailing because the Government is not obliged to allege every fact giving rise to

venue in the Indictment and because this Indictment alleges proper venue and asserts the theory

of venue such that Defendants have adequate notice.  *Hance*, 501 F.3d at 906 ("Typically an

indictment is not sufficient only if an essential element of the offense is omitted from it.")

(quoting *Cuervo*, 354 F.3d at 985).  Accordingly, the Court finds that the Indictment alleges

proper venue.

      b.  *The adequacy of the mail fraud allegations.*

      The Court also finds that Counts Ten through Twelve allege all the essential elements of

mail fraud and, thus, are cognizable offenses.  As stated earlier:

> An indictment is legally sufficient on its face if it contains all of the essential elements
> of the offense charged, fairly informs the defendant of the charges against which he
> must defend, and alleges sufficient information to allow a defendant to plead a
> conviction or acquittal as a bar to a subsequent prosecution.

*Carter*, 270 F.3d at 736 (citing *Wessels*, 12 F.3d at 750).  In this case, the manner and means

section for Counts Ten through Twelve states, in part, that Defendants:

> caused to be filed Forms I-129 on behalf of Vision Systems Group, Venturisoft Inc.
> and Axiom System Inc. claiming 25 or fewer full-time equivalent employees in order
> to pay a reduced filing fee of $750, as opposed to a filing fee of $1,500 for employers
> with more than 25 full-time equivalent employees.

Clerk's No. 59 at 32.  The Indictment later states in Counts Ten through Twelve that Defendants,

"representing themselves to be agents of Venturisoft Inc.," sent immigration documents to the

---

    [13]  Defendants' reliance on *United States v. Ramirez*, 420 F.3d 134, 143-48 (2d Cir. 2005)
is likewise without merit because, unlike the facts of that case, the Government is prosecuting
Defendants in the district in which they allegedly mailed the fraudulent documents.

Government indicating "the current number of Venturisoft employees was" "15", "18," or "23," depending upon the Count.  *Id*. at 45.  As the Government concedes, these provisions do not explicitly state that Defendants committed mail fraud by fraudulently under-representing the number of employees at a shell company, Venturisoft, in order to pay a reduced filing fee under 8 U.S.C. § 1184(c)(9).  However, the Court believes that these excerpts provide a strong implication of this both because they state Defendants were acting through another entity, and because there would be no reason to focus on the twenty five employee threshold except to allege fraudulent under-representation.

The Court recognizes, though, that the Indictment's remaining language somewhat obscures the force of this implication.  First, the lengthy Indictment contains explicit allegations of wrongdoing in other, similar provisions, which weakens the reasonableness of relying on any implication contained in the allegations.  For example, the Indictment also alleges that various immigration documents contained "false representations as to the work locations for the nonimmigrant worker" and that other documents "contained representations as to the prevailing wage for the location in Iowa, rather than the prevailing wage where the worker would actually be employed."  Clerk's No. 59 at 32, 34.  Second, the Indictment contains numerous statements that, at most, provide trivial background information regarding the alleged crimes, which again reduces the reasonableness of relying on any implication because of the difficulty associated with sifting out seemingly peripheral allegations.[14]  For example, the Indictment in the same manner and

---

[14]  The Court's concern is only heightened by the asymmetry between the two provisions at issue.  The manner and means excerpt refers to Defendant Vision Systems, Venturisoft, and Axiom filing documents claiming 25 or fewer employees, while Counts Ten through Twelve only reference Venturisoft filings.  Clerk's No. 59 at 32, 42.  This disjuncture increases the difficulty in determining what crime the Indictment is actually alleging.  In fact, the disjuncture

means section also alleges that Defendant Vision Systems used fraudulent immigration

documents to obtain green cards more quickly in an effort to attract foreign workers, even though,

by the Government's own account, no mail fraud theory is predicated upon this allegation.  *Id.* at

32; Tr. at 10.  Nevertheless, the Court cannot ignore the strong inference created by the cited

excerpts and, thus, finds Counts Ten through Twelve of the Indictment minimally adequate to

meet the low viability threshold because those Counts sufficiently allege, albeit indirectly, all the

elements of mail fraud and provide adequate notice regarding those charges.  *See United States v.*

*Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) ("An indictment will ordinarily be held sufficient

unless it is so defective that it cannot be said, by any reasonable construction, to charge the

offense for which the defendant was convicted." (internal quotation and citations omitted)).

      3.     *The forfeiture Count*.

Defendants next contest the forfeiture allegation contained in Count Eighteen.  Count

Eighteen states, in relevant part:  "Upon conviction of any of the offenses . . . set forth in Counts 1

through 12 of this Superseding Indictment, the *Defendant* shall forfeit to the United States . . . any

property, real or personal, which constitutes or is derived from proceeds traceable to the offense."

Clerk's No. 59 at 45 (emphasis added).  Defendants assert that this allegation is fatally defective

because it fails to specify which of the three Defendants are subject to forfeiture.  Defs.' Br. in

Supp. of Mot. to Dismiss at 18-19 ("The Defendants cannot discern which of them are 'the

Defendant' referenced in count eighteen.").  The Government resists this argument, claiming

---

appears to have even misled the Government because, in its pleadings relating to Counts Ten
through Twelve, it argues that the "evidence . . . at trial will demonstrate that [the Government]
was defrauded of . . . at least $183,000 due to Axiom System Inc. filings."  Pl.'s Br. in Supp. of
its Resistance to Defs.' Mot. to Dismiss at 4-5.  Such evidence, however, is likely irrelevant
because Counts Ten through Twelve expressly rely *only* on the Venturisoft filings.

without citation to any legal authority:  "Because all three defendants are included in Counts One through Twelve, the defendants are on notice that Count Eighteen applies to all three defendants. Count Eighteen is not fatally vague."  Pl.'s Br. in Supp. of its Resistance to Defs.' Mot. to Dismiss at 5.

The Court finds that Count Eighteen is fatally vague because it fails to specify which Defendant is subject to forfeiture.  According to Federal Rule of Criminal Procedure 32.2(a):  "A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute."[15]  "The 'essential purpose' of notice is to inform the defendant that the government seeks forfeiture so the defendant can marshal evidence in his defense."  *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008) (citations omitted).  In this case, the Court does not believe the Government provided any of the Defendants with adequate notice.  First, the notice of forfeiture failed to identify any Defendant by name.  Second, the notice of forfeiture only states that the property of the "Defendant" is subject to forfeiture, despite the fact that there are multiple Defendants.  While this may seem like a technicality, the Court views identifying the subject of a forfeiture allegation as elemental to the viability of the forfeiture because a defendant needs to know, with some certainty, whether or not his property is subject to forfeiture so that he has the opportunity to mount a defense.  The Government's argument that all Defendants possess adequate notice

---

[15]  During the initial pendency of the Indictment, a provision of Rule 7(c)(2) was still in effect and provided for substantially similar protections, as the language was virtually identical to Rule 32.2(a).  Although there is no substantive difference, the Court is conducting its analysis under Rule 32.2(a).

because they are expressly named in Counts One through Twelve, which are referenced in the forfeiture allegation, belies the express language of the forfeiture allegation, as it only identifies a *singular* Defendant.  While the Court may occasionally look past the express language of an indictment to its substance, the Court cannot simply override the express language of the Indictment in these circumstances.  The Court is also unaware of how any form of *de facto* notice can fix such an elemental problem.  Accordingly, the Court strikes the forfeiture allegation contained in Count Eighteen.[16]

### B.   *Motion to Suppress*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const., amend IV.  It also mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  *Id.*  "It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions."  *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (internal quotations and citations omitted).

In their Motion to Suppress, Defendants assert that Agent Ponce's February 11, 2009 search was unreasonable because the Warrant authorized the Government to search and seize some items without probable cause.  Defs.' Br. in Supp. of Mot. to Suppress at 7.  In other words, Defendants claim that the Warrant is overly broad.  *Id.*  ("Because the Warrant's list of items to be seized includes records far removed from any probable cause established by the Ponce

---

[16]  The Court notes that its decision moots Defendants' alternative forfeiture argument.

Affidavit, the Warrant was overbroad."). Defendants also argue that Agent Ponce's search was

unreasonable because the Warrant failed to specify, with particularity, what items could be

searched and seized, thereby allowing the Government to rummage through their property for

evidence of criminality. *Id*. at 18-21; Defs.' Reply in Supp. of Mot. to Suppress. at 8 ("As set

forth in the Opening Brief, because the Search Warrant authorized the executing agents to seize

virtually every paper or electronic file relating to Vision Systems' business operations, it is a

constitutionally prohibited general warrant."). Finally, Defendants assert that Agent Ponce's

search was unreasonable because he disregarded the limitations in the Warrant, which turned it

into an unreasonable, warrantless search and seizure. Defs.' Br. in Supp. of Mot. to Suppress at

21-28. More specifically, Defendants claim that the Government flagrantly disregarded the terms

of the Warrant by indiscriminately seizing documents and by failing to follow the protocols

relating to the handling of the seized digital information.[17] *Id*. The Government denies each of

Defendants' claims.

      1.    *The scope of the Warrant.*

      A search warrant must be supported by a showing of probable cause to be valid under the

Fourth Amendment. *See Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). The Government must

make this showing as to each place to be searched and each item to be seized. *United States v.

Christine*, 687 F.2d 749, 753 (3d Cir. 1982) ("The Fourth Amendment dictates that a magistrate

---

[17] Defendants make two additional arguments in the footnotes of their briefs relating to
whether Exhibit A, which described the place to be searched, was properly attached to the
Warrant and whether the Government properly returned the executed Warrant to the issuing
Magistrate. Defs.' Br in Supp. of Mot. to Suppress at 22 n.14; Defs.' Reply in Supp. of Mot. to
Suppress at 11 n.9. Based upon the record made at the hearing and the underlying filings, the
Court is unsure if Defendants still wish to pursue these arguments. Accordingly, the Court will
not address them unless Defendants file an appropriate motion directly addressing these issues.

may not issue a warrant authorizing a search and seizure which exceeds the ambit of the probable cause showing made to him.").[18]   "Probable cause exists to support the issuance of a search warrant if, based on a totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997) (quoting *Illinois v. Gates*, 462 U.S. at 238).  When reviewing a magistrate judge's determination of probable cause, the Court must give deference to the magistrate's determination because "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed."  *Gates*, 462 U.S. at 238 (internal quotations and citations omitted).  If a warrant "authorizes the seizure of items as to which there is no probable cause," then the warrant is defective for being "overly broad."  *Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents*, 307 F.3d 137, 149 (3d Cir. 2002) (citations omitted).  Finally, even if a warrant is defectively overbroad, any evidence the Government obtains under the warrant may, nevertheless, be admissible under the good faith doctrine.  *Id.* at 149 ("Evidence seized pursuant to an overly broad warrant need not be suppressed if the good faith exception applies.").

The Court believes that Agent Ponce's Affidavit ("Affidavit") provides adequate support

_____

[18]  Over the objections of the Government, Defendants assert that the Court must apply Third Circuit law, instead of Eighth Circuit law, because the search warrant was issued by a district court in the Third Circuit. Defs.' Br. in Supp. of Mot. to Suppress at 5 n.5 (citing *United States v. Restrepo*, 890 F. Supp. 180, 191 (E.D.N.Y. 1995), and *United States v. Gerena*, 667 F.Supp. 911, 926-27 (D. Conn. 1987)).  The Court assumes, without deciding, that Third Circuit law applies to Agent Ponce's search because the Court agrees, in principle, with the concept that the validity of a search warrant should be measured by the governing laws of the issuing jurisdiction.  To hold otherwise would risk the integrity of the federal courts because the validity of a search might then rest solely upon the district of prosecution.  *See Gerena*, 667 F. Supp. at 926-27.  The Court notes, however, that this dispute is purely academic given the similarity between the standards of both Circuits and the Court's analysis in this case.

for the Warrant.  His Affidavit states that "Defendant Viswa Mandalapu and Chandra Mandalapu

are brothers and the president and the senior vice-president of [Defendant] Vision Systems,

respectively."  Aff. ¶ 18.  The Affidavit further states that "Vision Systems' employee base

consists primarily of aliens."  *Id*. ¶ 22.  The Affidavit also indicates that Vision Systems

established what would appear to be a fully functioning office in Coon Rapids, Iowa.  *Id*.  ¶¶ 38

("Vision Systems calls the Coon Rapids location their 'Regional Office and Development Center'

on their website."); 41 ("The mail [received at the Coon Rapid's location] is then placed into an

express mail package and forwarded to the Vision Systems office in New Jersey by the landlord's

secretary.  As previously indicated, the records obtained from Coon Rapids Municipal Utilities

also show that telephone calls are automatically forwarded to the New Jersey Office.").  The

Affidavit additionally states:  "From 2003 to 2007, Vision Systems submitted approximately 56

Form 1-129s to [the Government] reporting that the alien beneficiary of each would work in

Iowa."  *Id*. ¶ 55.  Moreover, the Affidavit states:  "From December 2004 to July 2008, Vision

Systems caused to be sent . . . a quarterly Employer's Contribution and Payroll Report to the Iowa

Workforce Development in Des Moines, Iowa claiming to employ an average of 8 workers in

Iowa each quarter between January 2004 and June 2008."  *Id*. ¶ 61.

The Affidavit then indicates that the Coon Rapids office is a shell office and that no

Vision System employees work in Iowa.  *Id*. ¶¶ 40 ("Surveillance by agents at the Coon Rapids

location has shown no employees working at the location."); 41 ("Questioning of persons that

work in the reception area for the Coon Rapids building owner reveal that no Vision Systems

employee has ever actually worked in Coon Rapids.").  In addition, the Affidavit indicates that

Defendant Vision Systems did not even have authority to conduct business in Iowa during part of

the time it claimed to have Iowa employees. *Id.* ¶ 36 ("On or about August 7, 2006, the Iowa

Secretary of State revoked Vision Systems' corporate Certificate of Authority. . . . As a result of

this revocation, Vision Systems was not authorized to do business in the State of Iowa.").

Moreover, the Affidavit details three specific examples of when Defendant Vision Systems

claimed that an employee worked in Iowa, despite the fact that the employee possessed an out of

state driver's licence. *Id.* ¶¶ 63-77. The Affidavit also indicates the extensive scope of this

suspected immigration scheme. First, the Affidavit indicates that a large portion of Defendant

Vision Systems' revenue was likely derived from the scheme. *Id.* ¶ 48 ("An initial analysis by

agents of Vision Systems' financial records has revealed that approximately 50% of Vision

Systems' monthly income is from payments received from third party companies, the majority of

which are either other IT companies or staffing companies that appear to be hiring Vision

Systems' employees in violation of the terms of the H1B [sic] visa. The staffing companies

appear to be subcontracting Vision System's employees to the actual clients.").[19] Second, the

Affidavit creates a strong inference that Defendants have been hiding their ill-gotten gains

through transfers to related corporations, including Venturisoft, or perhaps even overseas. *Id.* ¶¶

14-18, 46, 47, 53.

Although the Court could distill additional incriminating statements from the Affidavit,

the Court firmly believes that the foregoing statements provide a substantial basis for the

---

[19] Defendants challenge the propriety of relying on paragraph 48 of the Affidavit,
arguing that it contains "unsubstantiated allegations and statements of Special Agent Ponce's
'opinion' that Vision Systems and Viswa engaged in criminal wrongdoing." Defs.' Br. in Supp.
of Mot. to Suppress at 8. The Court disagrees because Agent Ponce states the basis for his
conclusion, namely the "analysis." While thin, the Court does not believe Agent Ponce was
required to elaborate further on this point for the magistrate to rely upon it.

magistrate's finding of probable cause.  The magistrate found that probable cause existed to

believe that Defendants were involved in:  immigration fraud, in violation of 18 U.S.C. § 1546;

money laundering, in violation of 18 U.S.C. § 1956; mail fraud, in violation of 18 U.S.C. § 1341;

wire fraud in violation of 18 U.S.C. § 1343; and conspiracy to commit immigration fraud and

money laundering, in violation of 18 U.S.C. § 371.  Hr'g Ex. 2 at 1.  The Affidavit supports the

magistrate's conclusions because the previous excerpts indicate that Defendants were

systematically filing fraudulent immigration documents, routinely employing foreign workers in

violation of their visas, funneling money into other entities or out of the country in an effort to

avoid detection, and conspiring to do so.[20]  Moreover, the probable cause arising from these

statements justifies the expansive list of documents to be searched and seized in the Warrant

because of the complexity of the scheme, the extent to which the scheme had infected Defendant

Vision Systems' operations, and the distribution of the criminal proceeds through the company

and Defendants Viswa and Chandra Mandalaupu's finances, as well as that of the related

companies.  *United States v. Am. Investors of Pittsburgh, Inc.*, 879 F.2d 1087, 1106 (3d Cir.

1989) ("The fact that the warrant authorized a search for a large amount of documents and records

does not necessarily render the search invalid so long as there exists a sufficient nexus between

the evidence to be seized and the alleged offenses.").  While the Court would have preferred a

more confined search, it cannot conclude that there was no substantial basis to believe that

probable cause existed to search and seize any of the items articulated in the Warrant.

---

[20]  The Court's conspiracy conclusion primarily stems from Defendants Chandra and
Viswa Mandalapus' positions within Defendant Vision Systems, as well as their connections to
the related companies, mostly Venturisoft, which engaged in large transactions with Defendant
Vision Systems.

-24-

Defendants' arguments to the contrary are unpersuasive mostly in light of the deferential review standard. First, Defendants argue that the Affidavit is defective because it improperly relies on Agent Ponce's unsubstantiated opinion. Defs.' Br. in Supp. of Mot. to Suppress at 8. However, the Court's analysis does not rest upon Agent Ponce's opinions, even though some of his opinions appear sufficiently substantiated. Second, Defendants argue that the Affidavit is defective once the irrelevant sections, namely those relating to background information or failing to allege an impropriety, are discarded. *Id.* However, the Court finds these provisions relevant because they provide the context for the Government's subsequent allegations of wrongdoing and help to establish the alleged conspiracy in this case. Third, Defendants assert that the probable cause was insufficient to justify the search and seizure of such a large volume of business and personal documents, including financial records.[21] *Id.* at 10-18. However, while the scope of the Warrant was admittedly broad, the Court does not believe the scope was impermissibly broad because even the more questionable categories of documents identified by the Warrant are supported by probable cause, at least under the deferential review standard. Moreover, even assuming no probable cause existed, the good faith exception would apply with full force to any potential defect in this aspect of the Warrant because the Warrant is not so lacking in probable cause that a reasonable officer would have known it was defective. Accordingly, the Court holds that the Warrant was not defective for being overly broad.

2.      *The particularity of the Warrant.*

"The Fourth Amendment provides that warrants must 'particularly describ[e] the place to

_____

[21] The Court notes that Defendants identified 34 separate categories of documents within the Warrant. Defs.' Br. in Supp. of Mot. to Suppress at 10.

be searched and the persons or things to be seized.'" *United States v. Yusuf*, 461 F.3d 374, 393 (3d Cir. 2006) (quoting U.S. Const., amend. IV). This particularity requirements "makes general searches . . . impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196 (1927). In other words, the Fourth Amendment proscribes a general warrant, that is, a warrant that "essentially authorize[s] 'a general exploratory rummaging in a person's belongings.'"[22] *Yusuf*, 461 U.S. at 467 (quoting *Coolidge v. New Hampshire,* 403 U.S. 443, 467 (1971)). Whether a warrant is sufficiently particular is a case-specific determination that will turn on the circumstances at hand. *Am. Investors of Pittsburgh*, 879 F.2d at 1106 ("Here, given the range of information required to unravel the laundering scheme and the extent of participation by the parties, the warrant was as specific as circumstances would allow, however broad the requirements of the search might be. We cannot see how any more precise language in the affidavit could have limited the scope of the search authorized by the magistrate, despite the fact that the language of the warrant was broader than that of the affidavit."); *see also Yusuf*, 461 F.3d at 395. Previously, courts have found the following language in warrants to be impermissibly vague:

---

[22] In drawing a distinction between an overbreath challenge and a particularity challenge, the *Yusuf* court noted:

> There is a legal distinction between a general warrant, which is invalid because it vests the executing officers with unbridled discretion to conduct an exploratory rummaging through the defendant's papers in search of criminal evidence, and an overly broad warrant, which describes in both specific and inclusive general terms what is to be seized, but authorizes the seizure of items as to which there is no probable cause.

461 F.3d at 393 n.19 (internal quotations and citations omitted).

> (1) evidence of "smuggled goods," *Boyd v. United States*, 116 U.S. 616 [] (1886); (2) evidence of "obscene materials," *Marcus v. Search Warrant*, 367 U.S. 717 [] (1961); (3) evidence of "books, records, pamphlets, cards, lists, memoranda, pictures, recordings, and other written instruments concerning the Communist Party of Texas," *Stanford v. Texas*, 379 U.S. 476 [] (1965); (4) evidence of "illegally obtained films," *United States v. Cook*, 657 F.2d 730 (5th Cir. 1981); and (5) evidence of "stolen property," *United States v. Giresi*, 488 F. Supp. 445 (D.N.J. 1980), *aff'd*, 642 F.2d 444 (3d Cir. 1981).

*Yusuf*, 461 F.3d at 393.

In this case, the Court believes the Warrant is sufficiently particular given the complexity and extent of the suspected immigration scheme. The Warrant, as set forth in Attachment B, authorized the Government to review virtually all of Defendants' business and personal records, thereby making this an admittedly broad warrant without much specificity. However, as discussed *supra*, the Affidavit indicates that the suspected scheme was complex and that any evidence pertaining to it would be disbursed throughout the company's records, whether it be in the employee personnel records, the company's financial documents, or the Defendants' correspondence, both internally and externally with other private and public entities. Indeed, the Affidavit contained allegations that a significant portion of Vision Systems' revenue stemmed from this scheme and, accordingly, most company records would seemingly contain evidence of the scheme.[23] Aff. ¶ 48 ("An initial analysis by agents of Vision Systems' financial records has

---

[23] The Court's conclusion draws strength from the Eighth Circuit's decision in *United States v. Kail*, where the Circuit held that systemic fraud throughout a business will lower the particularity requirement for a search warrant. 804 F.2d 441, 445 (8th Cir. 1986) ("While the search warrant in this case was broad in the sense that it allowed inspectors to seize almost all of the business records of Coin & Stamp Gallery, we would conclude that under the particular facts of this case the scope of the warrant was justified. This is because it would not be possible through a more particular description to separate those business records that would be evidence of fraud from those that would not since there was probable cause to believe that fraud permeated the entire business operation.").

revealed that approximately 50% of Vision Systems' monthly income is from payments received

from third party companies, the majority of which are either other IT companies or staffing

companies that appear to be hiring Vision Systems' employees in violation of the terms of the

H1B [sic] visa."). Moreover, the Affidavit indicated that the non-corporate Defendants, by virtue

of their positions in Defendant Vision Systems, involvement in related companies, and overseas

banking, would likely have evidence of at least the suspected money laundering scheme disbursed

throughout their personals records, including financial records and communication documents.

Consequently, the Court does not believe it was practicable for the magistrate to refine the

categories of documents the Government could search and seize beyond that which he did in the

Warrant. Defendants' specific objection to Section A(c) of Attachment B is unpersuasive because

each of those types of documents could reasonably be expected to contain evidence of the

extensive scheme and because, taken as a whole, the Attachment limits the search to the

aforementioned crimes. Defs.' Br. in Supp. of Mot. to Suppress at 19; Warrant, Attach. B.

Therefore, the Court holds that the Warrant was sufficiently particular.

       3.    *The execution of the Warrant.*

"The general touchstone of reasonableness which governs Fourth Amendment analysis

[also] governs the method of execution of the warrant." *United States v. Ramirez*, 523 U.S. 65, 71

(1998). An officer executing a search warrant must be careful to scrupulously observe the

limitations set forth in a search warrant. *Bivens v. Six Unkown Named Agents of Fed. Bureau of*

*Narcotics*, 403 U.S. 388, 395 n.7 (1971) ( "[T]he Fourth Amendment confines an officer

executing a search warrant strictly within the bounds set by the warrant."). Indeed, "[i]t is

incumbent on the officer executing a search warrant to ensure the search is lawfully authorized

and lawfully conducted." *Groh v. Ramirez*, 540 U.S. 551, 563 (2004). "Hence, the seizure of items not described in the warrant violates the Fourth Amendment–and the items should be suppressed–unless an exception to the warrant requirement applies." *United States v. Legg*, 18 F.3d 240, 242 (4th Cir. 1994) (citing *Horton v. California*, 496 U.S. 128, 133-34 (1990)). "A flagrant disregard for the limitations of a search warrant might make an otherwise valid search an impermissible general search and thus require the suppression or return of all evidence seized during the search." *Marvin v. United States*, 732 F.2d 669, 674-75 (8th Cir. 1984) (citations omitted); *Am. Investors of Pittsburgh, Inc.*, 879 F.2d at 1107 ("What we focus upon is whether the officers' conduct overreached to the extent that it rendered an otherwise valid warrant so general in nature that it failed to authorize a legal search."). "The Supreme Court, however, has expressly dictated that the flagrant disregard standard applies only where the government exceeds the scope of the authorized search in terms of the places searched, and not to cases in which the government indulges in excessive seizures." *United States v. Decker*, 956 F.2d 773, 779 (8th Cir. 1992) (citing *Waller v. Georgia*, 467 U.S. 39, 43 n.3 (1984)).

    a.  *The document seizure.*

    With respect to indiscriminately seizing documents, the Court finds that any malfeasance by the Government does not justify suppressing all of the fruits of the search. On direct examination, Agent Ponce testified that: he had a copy of the search warrant; he generally explained its contents to the other individuals participating in the search, all of whom seemed to understand his briefing; he was aware of a site review[24] meant to ensure that only documents falling under the search warrant were seized; and to his understanding, the search complied with

---

[24] The record is unclear on exactly what the site review entailed.

all of the terms of the Warrant.[25]  Tr. at 111-12.  On cross examination, he additionally testified

that he answered questions for searching agents throughout the day.  Tr. at 133.  However, on

cross examination, he also testified that he did not know how many, if any, of the other agents

conducting the search read the Warrant before entering the office.  *Id*. at 116.  Agent Ponce

further testified that his briefing only included general descriptions of items to be sought, instead

of the more narrow, sometimes time specific, categories of documents contained in the Warrant.[26]

_____

[25]  Agent Ponce specifically testified:

Q.  Did you have a copy of the search warrant present at that time?
A.  Yes.
Q.  And did you explain to the other agents the contents of the search warrant?
A.  Yes.
Q.  And did they understand what was being searched during the execution of that search warrant?
A.  Yeah.  I believe so.  Yes.  There weren't any questions.
Q.  And during the execution of the search warrant, was there, in fact, a review done of the premises in order to try to determine and seize only the items that were covered under the search warrant?
A.  Yes.
 . . .
Q.  To the best of your recollection, was the execution of the search warrant . . . on February 11, 2009, in compliance with the Court's order as set forth in the search warrant?
. . .
A.  Yes, it was.

Tr. at 111-12.

[26]  For example, Agent Ponce testified that he instructed Agents to look for immigration documents and financial records in general, even though the Warrant specifically authorized the taking of only certain immigration documents from "January 2002" and on, and certain financial records from the "2002 through 2008 tax years."  Tr. at 117 ("Q.  All right.  Now, you told them as a general proposition that they were looking for immigration documents, personnel documents, and financial records; correct?  A.  Yes.  Q.  Did you in any way narrow the scope of whose immigration documents they were to look for?  A.  No, I don't think so.  Q.  Did you in any way narrow the scope of whose personnel documents they were supposed to look for?  A.  No.  Q.  Did you in any way narrow the scope or explain what kind of financial records they

*Id.* at 116-17; Hr'g Ex. 2 at 3-4.  In addition, he testified that his discussions with other agents

failed to include any information as to which were *not* subject to search and seizure.  *Id.* at 117

("Q. Now, in that meeting where you were instructing the people, what things did you tell them

not to take?  A.  I don't think we really talked about what not to take, but what to take.").  Agent

Ponce, likewise, testified that he did not know if the individuals actually conducting the search

either knew what items fell within the ambit of the Warrant or complied with the limitations in

the Warrant.  *Id.* at 129-31.  Agent Ponce finally testified that the Government seized a large

volume of documents, nearly 100 boxes, that required two postal trucks to transport.  *Id.* at 118.

Moreover, Special ICE Agent Christopher Doyle ("Agent Doyle") testified that he participated in

the February 11, 2009 search by imaging hard drives and that he had to ask for a copy of the

Warrant to read because there was no briefing by the case agents.  *Id.* at 73 ("Q.  Right.  Did

anyone try to verbally tell you, or orally tell you what was in the search warrant?  A.  No, that's

why I read the search warrant.").  Agent Doyle even stated that the case agent who handed him

the Warrant to read was "irritated" by his request.  *Id.* at 72.

In light of this evidence, the Court does not believe that the Government flagrantly

disregarded the limitations contained in the Warrant.  The evidence strongly indicates that Agent

Ponce failed to adequately explain the nuances of the Warrant to his team and failed to monitor

their compliance with its restrictions, which suggests that his search team might not have adhered

to the Warrant.  *United States v. Heldt*, 668 F.2d 1238, 1261 (D.C. Cir. 1981) ("Warrants are not

self-executing; they require agents to carry them out.  In order for a warrant's limitations to be

---

were supposed to be looking for?  A.  Bank statements, checkbooks–bank statements, primarily,
and any other financial-related documents. . . ."); Hr'g Ex. 2 at 3-4.

effective, those conducting the search must have read or been adequately apprised of its terms."). The Court cannot, however, draw this conclusion here because the only other testifying member of the search team, Agent Doyle, stated that he compensated for the lack of instruction and oversight by personally reading the Warrant and attempting to follow its precepts.[27] Consequently, the Court is uncertain what, if any, actual impact Agent Ponce's lack of oversight produced, especially in light of the fact that he was answering searching agents questions all day.[28] Moreover, the mere fact the Government seized a large volume of documents, approximately 100 boxes, provides virtually no insight as to whether the Government indiscriminately seized documents because the Warrant's scope was extensive, accounting for the sheer magnitude of the suspected scheme. Indeed, the Court would expect the Government to seize a large volume of documents. Finally, Defendants' only direct evidence of governmental impropriety stems from affidavits submitted by each of the non-corporate Defendants, who allegedly saw Agent Ponce and his team execute the search. The affidavits state that the Government began indiscriminately seizing documents in the afternoon. Clerk's No. 90. However, the Court cannot trust the veracity of their statements because neither of the non-corporate Defendants subjected themselves to cross examination. Accordingly, and even in light of the following discussion on the Government's partial mishandling of the electronically stored

---

[27] The Court notes that Agent Doyle focused on imaging hard drives, not seizing documents, but his experience is nonetheless relevant because it shows a level of compensation by a member of Agent Ponce's search team.

[28] The Court also notes that there was another lead investigator, Agent Cress, on the scene of the search, but without more information on his role, the Court cannot draw any firm conclusions about the impact of his presence outside of the fact that he also answered questions from searching agents. Tr. at 117, 133.

information, the Court finds that the Government did not flagrantly disregard the Warrant when searching and seizing documents.[29]

> b.   The electronic data seizure.

With respect to the electronically seized information, the Court believes that the Government's reckless disregard for the Warrant's specific procedures regarding the handling of digital information after the February 11, 2009 search requires suppression of this evidence.  The Warrant in this case expressly authorized the Government to make digital images of electronic storage devices, including hard drives, under limited circumstances.  Hr'g Ex. 2, Attach. B, B(b)(iii) ("If it is practical, and the digital device cannot be searched on site in a reasonable amount of time and without jeopardizing the ability to preserve data, the computer personnel will make a forensically sound image of the data contained on the digital device (a 'data image') during the execution of this search and shall seize the data image rather than the digital device itself.").  The Warrant, however, also expressly established a limiting protocol for the Government to follow when handling the digital images.  More specifically, the Warrant required the Government to make an initial search of any digital image within sixty days or obtain a court order extending the time, stating in relevant part:

> If the computer personnel . . . make a data image pursuant to subparagraph iii above, the computer personnel will initially search the digital device or data image within a

---

[29]  Moreover, even if the searching agents had engaged in "excessive seizures," the remedy would not be suppression of the entire search because the Government had the authority under the Warrant to search the places in which it allegedly seized an excessive number of documents.  *Waller*, 467 U.S. at 43 n.3 ("Petitioners do not assert that the officers exceeded the scope of the warrant in the places searched.  Rather, they say only that the police unlawfully seized and took away items unconnected to the prosecution. . . .  In these circumstances, there is certainly no requirement that lawfully seized evidence be suppressed as well." (citations omitted)).

reasonable amount of time not to exceed 60 days from the date of execution of the warrant. If, after conducting such an initial search, the case agents determine that the digital device or data image contains any data falling within the list of items to be seized pursuant to this warrant, the government will either (1) return the digital device, keeping a data image for further analysis, provided that, prior to such return, the owner and user(s) of the digital device stipulate individually and in writing to the authenticity and accuracy of the data image or (2) seek an order of the Court allowing the government to retain the original digital device for further analysis. If the digital device or data image does not contain any data falling within the list of the items to be seized pursuant to this warrant, the government will return the digital device or delete the data image. If the government needs additional time to determine whether the digital device or data image contains any data falling within the list of items to be seized pursuant to this warrant, it may seek an extension of the time period from the Court within the original sixty day period from the date of execution of the warrant.

Ex. 2, Attach. B, B(b)(vi).

Despite this express, unambiguous language, the record before the Court indicates that the Government failed to adhere to the protocol because it failed to properly search Defendants' electronic data within 60 days or request an time extension. During its February 11, 2009 search of Defendant Vision Systems' office, the Government made digital images of 21 hard drives. Tr. at 92. The Government then transferred those images to a computer expert stationed in Omaha, who proceeded to verify the integrity of the images, extract all files matching the search criteria Agent Ponce sent to him, and send the extracted files to Agent Ponce on May 4, 2009. *Id.* 92, 94; Hr'g Ex. 8. The expert, however, never personally determined whether any data on the images fell within the scope of the Warrant. Tr. at 98 ("Q. You never determined yourself whether data on the hard drives fell within the items to be seized as listed in the search warrant? A. No. I just–no."). He merely extracted files based upon Agent Ponce's search criteria, which is alone insufficient to determine if any data fell within the ambit of the Warrant because the search criteria were over-inclusive and not tailored to the limitations set forth in the Warrant. Hr'g Ex. A (stating that the search terms included "all email files," "Word (or Word type) documents

opened/modified in the last year," and "spreadsheets opened/modified in the last year"); Tr. at 97. Consequently, the Government failed to conduct an adequate initial search of the data images within the 60 day time frame mandated by the protocol because Agent Ponce did not even receive the images until May of 2009.[30]  Tr. at 124.  Moreover, the Government never presented any evidence that it sought an extension of time.  Indeed, Agent Ponce, the lead governmental investigator, testified he was simply unaware of this explicit Warrant requirement.  *Id.* at 136 ("Q. Did you understand that the review of everything on the computers had to be done within 60 days?  A.  No.  I can't recall having that deadline, a 60-day deadline.").

The Court believes that the Government's utter disregard for the protocol explicitly set forth in the Warrant requires suppression under the facts of this case.  In *United States v. Gerber*, the Eleventh Circuit held that "completing a search shortly after the expiration of a search warrant does not rise to the level of a constitutional violation and cannot be the basis for suppressing evidence seized so long as probable cause continues to exist, and the government does not act in bad faith," which seemingly includes reckless conduct.  994 F.2d 1556, 1560-61 (11th Cir. 1993) (cautioning that its decision not be "misunderstood to be providing a precedent for careless attention to the acquisition of warrants, including their duration").  In applying this principle, the Eleventh Circuit upheld the Government's search underneath a vehicle's hood three days after the authorizing federal search warrant expired because:  probable cause still existed to search the vehicle; the Government was unaware that the warrant would expire, due in part to the warrant

---

[30]  The record indicates that a "taint team" did review the computer data at some point to determine if it contained privileged communications.  Tr. at 126, 135.  The taint team did not, however, review the data to determine if it fell within the scope of the Warrant.  *Id.* at 124-26, 135.  Accordingly, the Government cannot rely on the search by the taint team.

expiring within a day of its issuance rather than in a typical ten day period; and the delay was due

to the Government's desire to avoid damaging the vehicle by waiting until the next business day

when a mechanic would be able to assist them.[31]  *Id.*

Similarly, the Tenth Circuit, in *United States v. Sims*, upheld a search of an individual's

office and computer one day after "the warrant had expired by its own terms" because "there was

no showing that the one-day delay was the result of any intentional disregard of the terms of the

warrant" and because "there is no evidence [that the delay] had any effect on the Government's

probable cause to search."  428 F.3d 945, 955 (10th Cir. 2005).  In reaching this conclusion, the

Tenth Circuit adopted a slightly different analytical approach by applying its jurisprudence on

technical violations of Federal Rule of Criminal Procedure 41, which governs federal search

warrants, to technical violations of a search warrant's own express terms.  *Id.* ("Although we are

here dealing with a violation of the warrant itself, rather than a violation of Rule 41 per se, we

find the same analysis applies to technical violations of the warrant.").  The Tenth Circuit

standard stems from a widely accepted Ninth Circuit case, which held:

> "Unless a clear constitutional violation occurs, noncompliance with Rule 41 requires
> suppression of evidence only where (1) there was 'prejudice' in the sense that the
> search might not have occurred or would not have been so abrasive if the rule had
> been followed, or (2) there is evidence of intentional and deliberate disregard of a
> provision in the Rule."

*United States v. Hugoboom*, 112 F.3d 1081, 1088 (10th Cir. 1997) (quoting *United States v.*

*Stephenson*, 648 F.2d 1231, 1235 (9th Cir. 1981)).  While this underlying standard does not

---

[31]  The Eighth Circuit appeared to apply a more rudimentary form of the First Circuit test
in *United States v. Gibson*.  123 F.3d 1121, 1124-25 (8th Cir. 1997) (upholding a search four-
days after the issuance of a warrant that stated "make immediate search" because probable cause
still existed and because the Government provided a reasonable explanation for the delay).

reference reckless conduct and while the Tenth Circuit did not consider recklessness in *Sims*,

most, if not all, circuits applying the *Stephenson* approach interpret the standard to require

suppression when the Government violates Rule 41 in bad faith, which includes reckless conduct.

*United States v. Freeman*, 897 F.2d 346, 349 (8th Cir. 1990) ("This general refusal to apply the

exclusionary rule to violations of Rule 41 provisions, absent a constitutional infirmity or showing

of prejudice or reckless disregard, has been adopted in other circuits." (collecting cases from the

Seventh, Ninth, Tenth, and Eleventh Circuits)); *see also United States v. Martinez-Zayas*, 857

F.2d 122, 136-37 (3rd Cir. 1988) (applying the substantively identical *Burke* test to require

suppression when reckless disregard or bad faith is shown) *overruled on other grounds by United

States v. Chapple*, 985 F.2d 729 (3d Cir. 1993); *United States v. Comstock*, 805 F.2d 1194, 1207

(5th Cir. 1986) ("Consequently, we hold that, where there is no constitutional violation nor

prejudice in the sense that the search would likely not have occurred or been as abrasive or

intrusive had Rule 41 been followed, suppression in these circumstances is not appropriate if the

officers concerned acted in the affirmative good faith belief that the warrant was valid and

authorized their conduct.  Good faith in this context implies not only that Rule 41 was not

knowingly and intentionally violated, but also that the officers did not act in reckless disregard or

conscious indifference to whether it applied and was complied with.").  Indeed, the Eighth Circuit

recently re-affirmed this approach in *United States v. Mutschelknaus*.  592 F.3d 826, 829-30 (8th

Cir. 2010) ("[N]oncompliance with Rule 41 does not automatically require exclusion of evidence

in a federal prosecution.  Instead, exclusion is required only if a defendant is prejudiced or if

reckless disregard of proper procedure is evident." (internal quotation and citations omitted)).

Accordingly, the Court believes that whether it applies the Eleventh Circuit's or the Tenth

Circuit's approach to violations of a search warrant's express terms, suppression is required when the Government acts in bad faith, that is, where it either intentionally or recklessly disregards the express terms of the search warrant.

The Court believes that the Government's execution of the electronic portion of the Warrant was in bad faith because the          the failure to adhere to the temporal restrictions in the protocol stems from Agent Ponce's gross recklessness.  Just as in *Gerber*, the Government commenced searching Defendants' electronic documents during a time period articulated by the Warrant, namely on February 11, 2009, when the searching agents created the data images.  The Government likewise did not finish searching the images until a time period after that authorized by the Warrant, namely May 2009 or thereafter.[32]  Unlike *Gerber*, though, the source of delay in this case was not a reasonable reaction to an unanticipated hindrance.  The source of the delay was due to Agent Ponce's ignorance about the Warrant's temporal restrictions on searching electronic data that was contained in the protocol.  Tr. at 136 ("Q.  Did you understand that the review of everything on the computers had to be done within 60 days?  A.  No.  I can't recall having that deadline, a 60-day deadline.").  The Court finds such a failure in knowledge inexcusable under the facts of this case and, at best, the product of a highly reckless course of action because Agent Ponce indicated he read the Warrant, explained its contents to his search team, and participated in the search of the electronic data.  Tr. at 116, 124, 136.  Indeed, Agent Ponce was the lead Government investigator, and as such, he should have been keenly aware of Warrant's requirements, especially since the 60 day time frame is ten times the standard ten-day

---

[32]  The record is unclear on when Agent Ponce finished his search of Defendants' data.

window that the Government had at that time to execute a warrant under Rule 41.[33] The

Government attempts to negate Agent Ponce's failure by stating he relied in good faith upon the

protocol, which was only meant to apply to seized computer hardware. *Id*. at 174.  The Court,

however, finds the Government's argument unpersuasive because no reasonable interpretation of

the unambiguous protocol could support Agent Ponce's actions.  The Court likewise finds the

Government's argument that it was unreasonable to expect Agent Ponce to search the data images

within 60-days unpersuasive because the Government failed to even seek an extension of the time

as the protocol expressly provides.  *Id*.  Accordingly, the Court believes that Agent Ponce acted

recklessly in deciding when to search Defendants' electronic data and believes that this

recklessness towards the express terms of the Warrant produced a temporal violation of the

Warrant.[34]  Consequently, the Court finds that the Government cannot rely upon the Warrant to

---

[33]  Federal Rule of Criminal Procedure 41 has since been amended to provide for a 14 day window.

[34]  Agent Ponce's recklessness in deciding when to conduct his electronic search is consistent with his other conduct during the course of executing the Warrant.  Besides his seemingly reckless conduct while overseeing the search of Defendants' offices, the record additionally indicates that Agent Ponce acted recklessly while conducting the actual search of Defendants' electronic files because he did not restrict his search terms to those that necessarily fell within the ambit of the Warrant.  Instead, Agent Ponce searched for files pertaining to his overall investigation, thereby risking suppression of all evidence derived from his searches, including non-electronic evidence.  In Agent Ponce's own words:

> Q.  Well, if Agent Hernandez[,the Omaha forensic expert,] testified that he sent the images to you in May, would you have any basis to disagree with that?
> A.  No.  Sounds about right.
> Q.  So would these search terms have been run against the documents that you got, or the images you got from Hernandez in May and thereafter?
> A.  Yes.
> Q.  And would that have been the first time that anybody within the Federal Government actually started looking at those documents in the sense of reading the words in them to see what the documents were and what they said?

justify Agent Ponce's search.  Seeing no exception to the general warrant requirement, the Court

views Agent Ponce's searches of Defendants' electronic data as warrantless and impermissible.[35]

Therefore, the Court grants in part Defendants' Motion to Suppress.  The Government may not

---

> A.  As far as I know, yes.
> Q.  How did your group develop this list of terms?
> A.  How exactly?  It's based on the investigation, what we were looking for, to make it simpler, to find what we needed.
> Q.  So, for example, the first term, "bench," where does that come from?
> A.  From interviews with workers and prior investigations.
> Q.  And is there something in your warrant that establishes probable cause to believe that a document containing the word "bench" would contain evidence of a crime?
> A.  In the warrant?  I'd have to go back over the warrant.  I'm not sure.  I don't think it would.
> Q.  How about the word "account," is there something in your warrant that would establish probable cause to believe that the documents containing the word "account" would contain evidence of a crime?
> A.  Could you repeat?
> Q.  Is there something in your–I'm just trying to understand how you developed this list.
> A.  Uh-huh.
> Q.  Is there–was the list developed based upon the things contained in your warrant application?
> A.  Yes.
> Q.  Or was it based on a broader understanding of the case that you had?
> A.  A combination of both. I mean–
> Q.  So it was not just based upon the warrant application, it was based upon other investigative work that you had done?
> A.  Right.

Tr. at 125-26.  Additionally, Agent Ponce's conduct in executing the electronic portion of the Warrant indicates that there might be a more subtle flaw in the Warrant, namely that some of the probable cause underlying the Warrant had become stale, which theoretically could also erode the justification for the Warrant's lack of particularity.

[35]  The Court in *United States v. Brunette* reached an identical conclusion for substantially similar reasons in a case also involving the Government's failure to timely search seized electronic data.  76 F. Supp. 2d 30, 42 (D. Me. 1999) ("The Government has offered no legitimate reason for its delay.  Therefore, because the Government failed to adhere to the requirements of the search warrant and subsequent order, any evidence gathered from the Leading Edge computer is suppressed.").

use any evidence derived from the data images.[36]

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART both Defendants' Motion to Dismiss (Clerk's No. 81) and Defendants' Motion to Suppress (Clerk's No. 87).  Specifically, the Court hereby dismiss Counts Two through Nine, as well as the forfeiture allegation contained in Count Eighteen.[37]  The Court also suppresses all fruits derived from the Government's search of Defendants' data images.

IT IS SO ORDERED.

Dated this _24th_ day of March, 2010.

---

[36]  The Court's decision renders moot Defendants remaining arguments about the impropriety of the electronic seizures.

[37]  If the parties still wish for the Court to strike individual allegations contained in the Indictment, then the parties should file an appropriate motion that precisely identifies each allegation and articulates the reason that the allegation(s) should be stricken.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MICHAEL D. COHEN                          :

               Plaintiff,       :

     -v.-                               :

UNITED STATES OF AMERICA,                 :

               Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**THE GOVERNMENT'S OPPOSITION TO MICHAEL COHEN'S MOTION FOR A
TEMPORARY RESTRAINING ORDER**

ROBERT S. KHUZAMI
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Thomas McKay
Rachel Maimin
Nicolas Roos
Assistant United States Attorneys
     -Of Counsel-

## PRELIMINARY STATEMENT

On April 9, 2018, agents from the New York field office of the Federal Bureau of Investigation ("FBI") executed search warrants for Michael Cohen's residence, hotel room, office, safety deposit box, and electronic devices.  The searches were authorized by a federal magistrate judge, who had found probable cause to believe that the premises and devices searched contained evidence, fruits, and instrumentalities of conduct for which Cohen is under criminal investigation, namely ███████████████████████████████████ ████████████████.

Cohen now seeks the extraordinary remedy of preventing the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") from reviewing lawfully-obtained evidence of Cohen's alleged criminal conduct, and asks that, instead, *defense counsel* be permitted to review the materials in the first instance and produce to the USAO-SDNY what defense counsel deems to be "responsive, non-privileged items."  This request is unprecedented and is not supported by case law in this Circuit, which has repeatedly found that the government's use of a filter team appropriately protects applicable privileges.  Cohen's alternative request for the appointment of a special master should likewise be denied.  It is premised on a wholly distinguishable case involving a search of the law offices of a practicing criminal defense attorney, who shared an office with other criminal defense attorneys, in the district in which the attorney was being prosecuted.  Here, Cohen is not a criminal defense attorney, has no cases with the USAO-SDNY, and is being investigated for criminal conduct that largely centers on his personal business dealings.  Based on information gathered in the investigation to date, the USAO-SDNY and FBI have reason to believe that Cohen has exceedingly few clients and a low volume of potentially privileged communications.

Moreover, although Cohen's claims are founded on his expressed concern that attorney-client privilege will be undermined, he nevertheless asks for far broader relief:  He asks to also be the first to make the determination of whether a document is *responsive* to the search warrant. That request for relief, which bears no relation to the claimed justification, belies the true intent of his motion:  To delay the case and deprive the USAO-SDNY of evidence to which it is entitled.

To be sure, searches of premises belonging to an attorney raise special concerns, which impose a need for heightened care, due to the fact that such premises may contain privileged material.  But there can be no dispute that attorneys, like anyone else, may be criminally investigated for their conduct, and that law enforcement officials may search an attorney's law office – or other premises – "pursuant to a valid warrant that is supported by probable cause that an attorney has been engaging in criminal activity and that the law offices in question contain evidence of this suspected wrongdoing."  *United States v. Stewart*, No. 02 Cr. 396 (JGK), 2002 WL 1300059, at *3 (S.D.N.Y. June 11, 2002).  That is what happened here:  A federal magistrate judge found that there was probable cause to believe that Cohen's premises and devices contained evidence, fruits and instrumentalities that specified federal crimes were committed. Despite Cohen's conclusory claims to the contrary, there is nothing inappropriate about the execution of these warrants.

The USAO-SDNY and FBI take seriously the obligation to respect attorney-client privilege.  That is why the search warrants in question expressly provide that review of the seized material "shall be conducted pursuant to established procedures designed to collect evidence in a manner reasonably designed to protect any attorney-client or other applicable privilege."  As set forth below, the USAO-SDNY and FBI have established rigorous protocols –

consistent with common practice in this District – to ensure that the attorney-client privilege is respected. Furthermore, the USAO-SDNY and FBI have invited Cohen to offer suggestions as to the USAO's review process and to provide a list of Cohen's clients and his own attorneys, to facilitate the initial segregation of potentially-privileged materials for review (which invitation has thus far been ignored). These protocols are more than sufficient to protect any privileged materials that may have been seized. Cohen's motion should be denied.

## I.   FACTUAL BACKGROUND

As noted, on April 9, 2018, the FBI executed search warrants for Cohen's residence, hotel room, office, safety deposit box, and two cell phones. Each warrant was supported by a detailed affidavit, and authorized by a federal magistrate judge, who found probable cause to believe that the subject premises and devices contained evidence of ██████████████

████████████████████████████████████████

██████████████████████

These searches were carried out as part of an ongoing grand jury investigation being conducted by the USAO-SDNY and the FBI.[1]  Unlike in this case, challenges to search warrants typically occur after charges have been filed; consequently, facts that are normally set forth in a charging document are not available to the Court in this case. For that same reason, the USAO-SDNY is constrained from disclosing certain facts that would provide the Court with a more

---

[1] Although Cohen accurately states that the Special Counsel's Office ("SCO") referred this investigation to the USAO-SDNY, the investigation has proceeded independent from the SCO's investigation. Cohen's speculation, *see* Br. at 10, that the SCO drafted the search warrants is unfounded. The date in the bottom corner of the attachments is the date that the USAO-SDNY's standard form search warrant rider was most recently updated for use by the office.

complete factual background.[2]  But the riders to the search warrants – copies of which have been

provided to Cohen – identify the federal criminal statutes under which Cohen is being

investigated.

   Although Cohen is an attorney, he also has several other business interests and sources of

income.  The searches are the result of a months-long investigation into Cohen, and seek

evidence of crimes, many of which have nothing to do with his work as an attorney, but rather

relate to Cohen's own business dealings.  As set forth below, unlike a search of a traditional law

office, the information gathered thus far in the investigation suggests that the overwhelming

majority of evidence seized during the searches will not be privileged material, but rather will

relate to Cohen's business dealings.

   Nevertheless, because Cohen holds himself out as a practicing attorney, each of the

search warrants contains the following provision:

> Additionally, review of the items described in this Attachment shall be conducted pursuant
> to established procedures designed to collect evidence in a manner reasonably designed to
> protect any attorney-client or other applicable privilege. When appropriate, the procedures
> shall include use of a designated "filter team," separate and apart from the investigative
> team, in order to address potential privileges.

   The FBI agents who seized materials pursuant to the search warrants were filter agents

who are not part of the investigative team and have been walled off from those AUSAs or FBI

personnel assigned to the investigation (the "Investigative Team").

   Moreover, before seeking and obtaining the search warrants, the USAO-SDNY consulted

with the Department of Justice's Office of Enforcement Operations, consistent with the guidance

provided by the United States Attorney's Manual.  As a part of that consultation, the USAO-

---

   [2] To the extent the Court has specific factual questions, the Government is prepared to
provide additional information to the Court on an *ex parte* basis, including the affidavit that
formed the basis for the search warrants.

SDNY developed a set of instructions for a team of walled-off AUSAs (the "Filter Team"),
which has been tasked with reviewing the materials seized pursuant to the search warrants in the
first instance to identify documents that are subject to the attorney-client privilege (and any other
applicable privilege).

The Filter Team is composed of AUSAs who have had, and will have, no involvement in
the investigation. The Filter Team is prohibited from disclosing, directly or indirectly, the
substance of any material under its review to the Investigative Team, unless and until the Filter
Team has determined that the material is not privileged.

As an initial matter, the Filter Team will review and release communications to the
Investigative Team between Cohen and persons with whom Cohen undisputedly does not have
an attorney-client relationship.[3] Based on the information presently known to the USAO, the
Investigative Team has compiled a list of individuals and entities relevant to the investigation
with whom Cohen undisputedly does *not* have an attorney-client relationship. (The USAO-
SDNY has asked Cohen's counsel to provide a list of Cohen's clients and attorneys, but that
invitation has thus far been ignored.) To the extent there are any remaining potentially
privileged documents—*i.e.*, any communications between Cohen and clients known or believed
to have been represented by Cohen, any communications between Cohen and an identified

---

[3] The attorney-client privilege protects from disclosure "confidential communications
that pass in the course of professional employment from client to lawyer." *United States v.
Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). The privilege does not attach to communications
between two or more persons that do not enjoy an attorney-client relationship. *Id.* Additionally,
it is settled that even where an attorney-client relationship does exist, disclosure of a privileged
communication to a third party waives privilege as to that communication. *See Schaeffler v.
United States*, 806 F.3d 34, 40 (2d Cir. 2015) (privilege "is generally waived by
voluntary disclosure of the [privileged] communication to another party"); *In re Horowitz*, 482
F.2d at 81 ("subsequent disclosure to a third party by the party of a communication with his
attorney eliminates whatever privilege the communication may have originally possessed").

attorney or law firm known or believed to have represented Cohen—the Filter Team will review them to determine whether the material is: (1) not privileged, (2) potentially privileged, (3) requires redaction, and/or (4) potentially meets an applicable exception (for example, the crime-fraud exception).

To be clear, under no circumstances will a potentially privileged document or a document potentially subject to the crime-fraud exception be provided to or described to the Investigative Team without the consent of the privilege holder or his/her counsel, or the court's approval.  If the Filter Team is unable to clarify a document's category, or if there is an exception to the privilege that applies to particular material, such as the crime-fraud exception, or any waiver of the privilege – the Filter Team will (1) confer with counsel for the privilege holder at the appropriate time and before any such material is shared with the Investigative Team and, if no agreement can be reached, submit the material under seal to an appropriate court for a determination as to whether the material is privileged; (2) bring the document to a court for resolution, including by seeking an *ex parte* determination if appropriate; *or* (3) if the document is of obviously minimal probative value, place the document into the "Privileged" category as a means of efficiently completing the review.

## II.   JURISDICTION & STANDARD OF REVIEW

Cohen contends that his pre-indictment claim is akin to a motion to return property seized by the government, which, in the pre-indictment context, should be treated as a "civil equitable proceeding."  (Br. 12).  But courts in this District have recognized that this is an "anamolous" form of jurisdiction, which "is to be exercised with great restraint and caution, since it rests upon the Court's supervisory powers over the actions of federal law enforcement officials."  *United States v. Padilla*, 151 F.R.D. 232, 234 (W.D.N.Y. 1992); *see also Fifth Ave. Peace Parade*

*Committee v. Hoover*, 327 F. Sup. 238, 242 (S.D.N.Y. 1971) ("such jurisdiction is to be

exercised with great restraint and caution since it rests upon the court's supervisory power over

the actions of federal law enforcement officials").  Under this standard, courts have declined to

exercise such jurisdiction where "it is far from clear that Plaintiffs' Fourth Amendment rights

were infringed," *id.*, and have declined to grant relief where the government took care in the

execution of the search, *see National City Trading Corp. v. United States*, 635 F.2d 1020, 1026

(2d Cir. 1980).

      To the extent the typical standard for a temporary restraining order applies in this unique

context, "[i]t is well established that in this Circuit the standard for an entry of a TRO is the same

as for a preliminary injunction."  *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

"Generally, to obtain a preliminary injunction, a party must demonstrate (1) irreparable harm in

the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b)

sufficiently serious questions going to the merits to make them a fair grounds for litigation and a

balance of hardships tipping decidedly in the movant's favor."  *Id.* (quotation omitted).

## III.    THE PROPOSED USE OF A FILTER TEAM IS APPROPRIATE

###     1.  <u>The Use of a Filter Team is Common Procedure in This District</u>

      The use of a designated filter team, like the one in place here, is a "common procedure"

in this District.  *United States v. Ceglia*, 2015 WL 1499194, at *1 (S.D.N.Y. Mar. 30, 2015); *see*

*also United States v. Patel*, No. 16 Cr. 798 (KBF), 2017 WL 3394607, at *7 (S.D.N.Y. Aug. 8,

2017) (noting government use of wall review team as evidence of good faith); *United States v.*

*Lumiere*, No. 16 Cr. 483, 2016 WL 7188149, at *7 (S.D.N.Y. Nov. 29, 2016) (noting proposed

use of wall review team); *SEC v. Lek Secs. Corp.*, 17 Civ. 1879 (DLC), 2018 WL 417596, at *4

(S.D.N.Y. Jan. 16, 2018) (SEC's use of filter team "reflects respect for the privilege").  Indeed,

the USAO-SDNY currently has numerous pending cases in which it is employing the use of a filter team to screen for potentially privileged material.  This common procedure is sufficient for this case.

Moreover, courts in this District have approved the use of Filter Teams over the objection of defendants, including in cases in which the defendants have sought the appointment of a special master.  For example, in *United States v. Winters*, No. 06 Cr. 54 (SWK), 2006 WL 2789864 (S.D.N.Y. Sept. 27, 2006), the court specifically found that the USAO-SDNY's proposed use of a "'wall Assistant' adequately protects the defendant's asserted privilege."  *Id.* at *2.  While recognizing the importance of the attorney-client privilege, the court found that it must be "balanced against competing public policies, including the public's interest in the enforcement of criminal law."  *Id.* at *2.  The court explained that the defendant's proposal for in camera review did not "adequately account for society's interest in the enforcement of its criminal law," because:

> [t]he documents in question were gathered during the execution of a search warrant whose lawfulness and manner of execution have not, to this point, been challenged. The Government, having lawfully conducted the initial seizure of evidence, possesses a strong interest in prosecuting crimes revealed by the same. In order to fully advance this interest, members of a Government privilege team should be permitted to review all allegedly privileged documents. Only in this manner can the privilege team acquire information necessary to challenge assertions of privilege.

*Id.* at *2.  The same reasoning applies fully in this case.  The searches were conducted pursuant to judicially authorized warrants.  The lawfulness and manner of execution have not been

seriously challenged.[4]  And the USAO-SDNY and FBI should be permitted to review documents they lawfully obtained so long as the Filter Team has screened out privileged documents.

This last point bears particular relevance in this case, in which Cohen proposes (as his primary argument) not that a neutral third party conduct the initial review of the seized materials, but that *Cohen's own counsel* conduct the initial review, including for responsiveness.  Such a procedure would stymie the USAO-SDNY's investigation and block lawful evidence gathering in accordance with the Government's judicially-approved Rule 41 search authority.  Moreover, under such a procedure, Cohen's claims of privilege would likely be "generous."  Already in his brief to this Court, Cohen's makes overbroad privilege claims.  For example, as described below, Cohen makes claims about his purported privileged communications involving a law firm (with which he had a "strategic relationship"), which are inconsistent with the facts we know about his actual relationship with that firm.  In addition, the USAO-SDNY has already received correspondence from counsel for the Trump Organization (Cohen's former employer), which referenced the searches conducted of Cohen's premises and claimed:

> We consider *each and every communication by, between or amongst* Mr. Cohen and the Trump Organization and each of its officers, directors and employees, to be subject to and protected by the attorney- client privilege and/or the work-product privilege.

(emphasis added)).

In the face of inaccurate and/or overbroad claims of privilege, the USAO-SDNY would be seriously prejudiced if it were not able, through a Filter Team, to evaluate the validity of such claims.  As Judge Barbara Jones explained in permitting review by a filter

---

[4] Cohen himself told a CNN journalist that the FBI agents who conducted the searches "were all extremely professional, courteous and respectful."  Don Lemon, *Michael Cohen to CNN: FBI Was 'Professional, Courteous, Respectful' In Raids, Counter to Trump's Depiction*, CNN (Apr. 10, 2018), https://www.cnn.com/2018/04/10/politics/michael-cohen-fbi-raid/index.html.

team, "[w]ithout the benefit of such a review, the privilege team would likely be unable to argue, for example, that no attorney-client privilege attached to the communication because of the crime-fraud exception, or that a document should be available for use at trial, regardless of work-product contents, because of necessity and unavailability by other means." *United States v. Grant*, No. 04 Cr. 207 (BSJ), 2004 WL 1171258, at *2 (S.D.N.Y. May 25, 2004); *see also Winters*, 2006 WL 2789864, at *2.

This Court should follow the common procedure in this District and permit the use of a Filter Team.

### 2. Cohen's Attempts to Distinguish This Case Are Inaccurate

Cohen makes several attempts to argue that the facts of this case somehow warrant a variance from this common approach, but none is persuasive.

Cohen claims that the materials seized include "thousands of privileged documents and communications related to numerous clients of Mr. Cohen, as well as Mr. Cohen's privileged communications with his own attorneys." (Br. 2). Although the USAO-SDNY and FBI have not yet reviewed the seized materials, there is considerable reason to doubt that assertion. As an initial matter, as set forth above, the USAO-SDNY's investigation relates in significant part to Cohen's personal business dealings and finances. Moreover, it is neither apparent (i) that Cohen, in his capacity as an attorney, has many, or any, attorney-client relationships *other than* with President Donald Trump (indeed, he does not specifically identify any in his motion and thus far has refused to identify any to the USAO-SDNY), nor (ii) that the seized communications will

include a significant volume of communications with that one identified client.  This is so for several reasons.

First, Cohen's claim that he has confidential communications with multiple clients appears to be exaggerated.  For example, Cohen has told at least one witness that he has only client – President Trump.[5]

Second, Cohen's claim to have privileged communicatons through a law firm that he describes as "Law Firm-1" omits facts about his relationship with Law Firm-1 that render it unlikely that a significant volume of attorney-client privileged material – if any – was seized in connection with Cohen's relationship with that law firm.  Specifically, on or about March 1, 2017, Cohen—through his wholly-owned entity, Michael D. Cohen & Associates P.C.—entered into a "Strategic Alliance Agreement" with the law firm (the "Agreement").[6]  Among other things, the Agreement provided that Cohen would receive a $500,000 annual "strategic alliance fee" from the law firm.  Under certain circumstances, Cohen would also receive a percentage of the fees charged by the law firm for clients introduced to the law firm by Cohen. The Agreement also spelled out other aspects of the relationship between Cohen and the law firm, including: (1) Cohen would be given an office at the law firm; (2) Cohen would maintain his own computer server system *not connected to the law firm's computer server system*; and (3) *the law firm would*

---

[5] And there is reason to doubt that even communications with his only publicly identified client regarding payments to Stephanie Clifford, who is also known as Stormy Daniels, would be protected by attorney-client privilege.  Among other things, President Trump has publicly denied knowing that Cohen paid Clifford, and suggested to reporters that they had to "ask Michael" about the payment.  *See* Kevin Liptak, *Trump Says He Didn't Know About Stormy Daniels Payment,* CNN.com (Apr. 6, 2018), https://www.cnn.com/2018/04/05/politics/donald-trump-stormy-daniels/index.html.

[6] Written notice of termination by the law firm was made to Cohen on or about March 2, 2018, although oral discussion of termination preceded that date.

11

*not have a key to Cohen's office*.  In addition, based upon conversations with a representative of the law firm, the USAO-SDNY understands as follows, in substance and in part: (1) Cohen did not have an email address associated with the firm; (2) Cohen did not have access to the firm's shared drives or document systems—and vice versa; (3) Cohen's documents were to be kept in a locked filing cabinet; and (4) Cohen did not have access to any of the firm's client files.

A representative of the firm also advised, in substance and in part, that for the duration of the Agreement, Cohen introduced a sum total of five clients to the firm (the "Five Clients"). Cohen did not maintain timesheets at the law firm and Cohen did not bill any clients through the law firm. Thus, the law firm is not aware one way or another whether Cohen billed any of the Five Clients for services of any kind.

Cohen was not an employee or partner of the law firm and, according to the law firm's representative, maintained complete independence from the firm.  To be sure, it is possible that Cohen was copied on certain attorney-client privileged communications relating to clients of the firm.  But to the extent such documents exist, it is likely – given the relatively short duration of the Agreement, the limited number of clients involved, and the utterly segregated nature of Cohen's relationship with the firm, both electronically and otherwise – that the number of such communications is small.

*Third*, ███████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████, further belying the notion that Cohen is currently engaged in any significant practice of law.

*Fourth*, the USAO-SDNY has specific reason to doubt that the seized materials will include the volume and nature of attorney-client communications that Cohen claims.  This is

because the USAO-SDNY has already obtained search warrants – covert until this point – on multiple different email accounts maintained by Cohen, and has conducted a privilege review of the materials obtained pursuant to those warrants.  The results of that review, as resported by the USAO's Filter Team, indicate that Cohen is in fact performing little to no legal work, and that *zero* emails were exchanged with President Trump.

Cohen next relies on the United States Attorney's Manual ("USAM") for the argument that search warrants should not have been executed here, and that a Special Master should be appointed.  That reliance is misplaced, and the conclusions Cohen draws from the USAM are wrong.  As a preliminary matter, it is well settled that the USAM "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, that are enforceable at law by any party in any matter, civil or criminal."  USAM § 1-1.100; *see also United States v. Piervinanzi*, 23 F.3d 670, 682 (2d Cir. 1994) (USAM "guidelines . . . provide no substantive rights to criminal defendants"); *United States v. Ohle*, 678 F. Supp. 2d 215, 233 (S.D.N.Y. 2010) ("the Second Circuit has held that the provisions of the USAM reflect executive branch policy judgments and do not confer substantive rights on any party") (quotations and citations omitted).

Moreover, not only is Cohen's reliance on the USAM misplaced, but he invokes the wrong section.  Cohen cites to section 9-19.220 of the USAM, which, as Cohen points out, applies to "attorneys who are not suspects" of a criminal investigations.  *See* Br. at 22; USAM § 9-19.220 (noting the procedure to be followed when privileged materials are sought from a "disinterested third party").  Cohen, however, is not the disinterested third party contemplated by the USAM.  The applicable provision is that which applies when the attorney is a "suspect, subject or target" of the investigation.  As a result, as the USAM observes, "[t]here are occasions when effective law enforcement may require the issuance of a search warrant for the premises of

13

an attorney *who is a subject of an investigation*, and who also is or may be engaged in the

practice of law on behalf of clients."  USAM § 9-13.420 (emphasis added).  This was such an

occasion, and the USAO-SDNY followed the applicable guidelines in the USAM for the search

of premises of a subject attorney by, among other things, consulting with the Department of

Justice's Office of Enforcement Operations, implementing safeguard procedures in the warrant

and during the execution of searches, and considering and rejecting "less intrusive means."  *Id.*

   The USAO-SDNY had good cause to execute search warrants at Cohen's premises and

seize certain electronic devices, in lieu of "less intrusive means."  *Id.*  ████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████  Accordingly, the nature of the USAO-

SDNY's investigation and the nature of the offenses—which sound in fraud and evidence a lack

of truthfulness—weighed heavily in favor of the USAO-SDNY's decision to execute search

warrants.  Furthermore, in the course of its investigation, the USAO-SDNY has learned that

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████  As a result, absent a

search warrant, these records could have been deleted without record, and without recourse for

the law enforcement.[7]

---

[7] The service of a subpoena also necessarily implicates the Fifth Amendment's act-of-production privilege.  "[A]lthough the Fifth Amendment may protect an individual from complying with a subpoena for the production of his personal records in his possession because

That Cohen cites to his purported cooperation with Congressional investigations does not alter that conclusion.  It appears that Cohen was not a target of those investigations. Additionally, while Cohen claims in his motion to have been cooperative, he offers no support for this assertion.  Publicly, Cohen suggested the opposite, telling *Time Magazine* that he declined a voluntary request from Congress because it was "too broad."  *See* Alana Abramson, *House Intelligence Committee Issues Subpoenas for Michael Cohen and Michael Flynn*, Time (May 31, 2017), https://www.cnn.com/2018/04/10/politics/michael-cohen-fbi-raid/index.html.

Cohen also states that the SCO "had requested that the Trump Organization produce all of Mr. Cohen's communications that were within the Trump Organization's custody, possession, or control," and that Cohen objected "on the grounds that [the request] called for production of privileged communications, among other things." (Br. 8-9).  Although in the ordinary course, the USAO-SDNY would not comment on investigative requests or demands made to third parties, particularly those from a separate office undertaking its own, independent investigation, in light of the representations made by Cohen's counsel, USAO-SDNY contacted the SCO about these representations and understands they are not accurate.  In particular, the SCO did not request that the Trump Organization produce "all communications" by Cohen in the Trump Organization's

---

the very act of production may constitute a compulsory authentication of incriminating information, a seizure of the same materials by law enforcement officers differs in a crucial respect [that] the individual against whom the search is directed is not required to aid in the discovery, production, or authentication of incriminating evidence."  *Andresen v. Maryland*, 427 U.S. 463, 473-74 (1976).  Had the USAO-SDNY served Cohen with a subpoena, he may have been entitled to asset a Fifth Amendment objection to compliance.  Indeed, in civil litigation involving Cohen, he has invoked the Fifth Amendment to obtain a stay.  *See* David Voreacos, *Trump Lawyer Cohen Says He Intends to Seek Halt to Stormy Daniels Case*, Bloomberg (Apr. 12, 2018), https://www.bloomberg.com/news/articles/2018-04-12/trump-lawyer-cohen-intends-to-seek-halt-to-stormy-daniels-case.  Cohen has given no indication of how he would have responded to a grand jury subpoena, but to the extent his response would have been consistent with his recent filing in the civil litigation, it is an additional reason why service of a subpoena would have been futile.

possession or control irrespective of subject matter or privilege.  Indeed, the request made by the SCO was considerably narrower, and specifically omitted, among other things, any documents that were protected by privilege or of a purely personal nature.  Cohen nonetheless objected to that request for documents and, after discussions between Cohen's counsel and the SCO, the SCO decided not to seek production at that time.  That Cohen sought to preclude the Trump Organization from producing these third party communications belies both (i) his general assertion of cooperation, and (ii) his stated principal interest in protecting attorney-client communications.  Indeed, a careful review of Cohen's motion papers reveals that he does not purport to have personally produced any documents to the SCO.

*Lastly*, Cohen argues that the USAM suggests that a special master should be appointed here.  As discussed below, the appointment of a special master is neither required nor appropriate in these circumstances.  The USAM does not alter that analysis.  It merely lists a special master, along with, notably, "a privilege team," as one possible reviewer of potentially privileged material.  *See* USAM § 9-13.420(F).  There is nothing in the USAM that expresses a preference for review of potentially privileged material by a special master, or that indicates that use of a special master is necessary here.

### 3. Cohen Offers No Support for His Request to View the Seized Materials First

Cohen advances the novel proposition, without any precedent or legal basis, that Cohen's own counsel should undertake the initial review of the returns of lawfully executed search warrants.  The USAO is aware of no precedent for such an unconventional practice.  This Court

16

should not accept Cohen's invitation to make new law and convert a duly authorized search warrant into a subpoena.

The two cases Cohen cites do not support his proposed approach.  One, a case from the District of Kansas, involved a motion *for the return of property* seized during a search warrant. The court granted that motion, after finding that "the seizure in question grossly exceeded the scope of the search warrant."  *Matter of 636 S. 66th Terrace, Kansas City, Kan.*, 835 F. Supp. 1304 (D. Kan. 1993).  The second case relied on by Cohen involved a search that the court described as a "government rampage" that "potentially or actually invaded the privacy of every client of the . . . firm."  *See Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955, 961 (3d Cir. 1984).  Critically, in that case, the court found that "the government took not one step to minimize the extent of the search or to prevent the invasion of the clients' privacy guaranteed by the attorney-client privilege."  *Id.*  Here, by contrast, the USAO-SDNY and FBI did not seek broad authority to seize all files of a law firm, but rather specific categories of documents for which probable cause existed.  Moreover, as discussed herein, the USAO-SDNY and FBI have established a rigorous protocol to honor the attorney-client privilege.  In no way do either of these cases stand for the novel proposition for which they are cited.

In attempting to align this case with these precedents, Cohen briefly suggests that the seizure of materials from his premises was overbroad.  But unlike in *Matter of 636 S. 66th Terrance* and *Klitzman*, the search warrants here were narrowly tailored.  Cohen claims that the seized materials contain privileged documents relating to communications with President Trump and other clients.  That suggestion, though, as noted above, is undermined by the fact that Cohen apparently rarely emailed with President Trump, and has identified no other clients with whom he has an attorney-client relationship.  In fact, when questioned about this very issues, Cohen's

17

counsel declined to identify Cohen's other clients, and instead chose to file this motion.

Similarly, as noted above, Cohen exaggerates the extent to which he had an attorney-client

relationship with the law firm described above.

Cohen also suggests that the USAO-SDNY seized personal communications with

Cohen's family and medical records.  Notably, this assertion does not appear in the sworn

affidavit of Cohen's counsel, Todd Harrison, and to the extent the unsworn claim is true, it is

likely because such records exist on Cohen's electronic devices, which were expressly covered

by the search warrants.  Thus, Cohen's claims of over-seizure are overblown.  And to the extent

records covered by the attorney-client privilege were seized during the searches, they will be

reviewed, as described herein, pursuant to a rigorous filter protocol.

Cohen's novel proposal would set a dangerous precedent.  It would permit subjects or

targets of an investigation, who have not yet been indicted, to delay government investigations

into their criminal conduct by giving them, and not the government, the authority to make a

unilateral determination not only of what is privileged, but also of what is "responsive" to the

warrant.  *See* Br. at 1 (asking the court to "have all seized items be made available to Mr.

Cohen's counsel to conduct a review of the documents in the first instance and produce to the

government all responsive, non-privileged items").  Cohen provides no suggestions how as to

how the USAO-SDNY would ever be able to challenge defense counsel's representation of a

document as non-responsive.  Given that the crimes being investigated involve acts of

concealment by Cohen, the USAO-SDNY sought and obtained a search warrant – rather than

using a subpoena – so that it would not have have to rely on Cohen to accurately make such a

production.  *See United States v. Roberts*, 852 F.2d 671, 676 (2d Cir. 1988) ("[W]e can deplore

but not ignore the possibility that the recipient of a subpoena may falsely claim to have lost or

destroyed the documents called for, or may even deliberately conceal or destroy them after service of the subpoena.").

Moreover, even were Cohen to narrow his request to focus only on privilege determinations, his already demonstrably overbroad claims of privilege evidence that this would result in extensive delay and will prevent law enforcement from seeing evidence to which it is entitled. This Court should not permit Cohen to stall the investigation of his conduct in this manner. *See United States v. Bilzerian*, 926 F.2d 1285, 12923 (2d Cir. 1991) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword. A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." (internal citations omitted)).

### 4. The Court Should Not Appoint a Special Master

As an alternative, Cohen argues that the Court should appoint a special master to conduct the privilege review. The Court should deny this alternative request.

Cohen principally relies on *United States v. Stewart*. But as the foregoing establishes, this case is fundamentally different from *Stewart*. Stewart was a criminal defense attorney who represented numerous defendants being prosecuted by the USAO-SDNY. She shared an office with other criminal defense attorneys who similarly represented numerous defendants being prosecuted by the USAO-SDNY. When agents executed a search warrant on her office, they seized files not just from her own office, but also hard drives and networking hardware from common areas of the office that had been used by other attorneys. 2002 WL 1300059, at *3. This fact raised significant Sixth Amendment concerns for numerous defendants in pending criminal cases, as multiple courts have recognized in distinguishing *Stewart*. *See, e.g.*, *United States v. Grant*, No. 04 Cr. 207 (BSJ), 2004 WL 1171258, at *3 (S.D.N.Y. May 25, 2004)

("[U]nlike the situation in *Stewart*, there are no Sixth Amendment concerns in this case.  The seized documents were not in the files of a criminal defense lawyer, and relate to civil, not criminal, litigation that predates the indictment in this case."); *United States v. Kaplan*, No. 02 Cr. 883 (DAB), 2003 WL 22880914, at *11 (S.D.N.Y. Dec. 5, 2003) ("*Stewart* is of little aid to the Defendant here, since in this case Defendant is a civil litigation attorney, the seized files are materials pertaining to civil cases, and the Sixth Amendment concerns implicated in *Stewart* are clearly not present here.").

Here, unlike in *Stewart*, Cohen appears to practice only *civil* law, such that no Sixth Amendment concerns are raised by the seizure of any of his client files.  In addition, for the reasons set forth above, there is reason to believe that Cohen has few actual representations, and that the amount of potentially privileged material as to those representation will be low.  Moreover, to the extent that any privileged documents were seized in this case, they were seized from *Cohen* – the person whose conduct gave rise to the federal magistrate judge's finding that there was probable cause to believe the premises contained evidence of federal crimes.  This is significant:  In *National City Trading Corp. v. United States*, 635 F.2d 1020 (2d Cir. 1980), the Second Circuit denied a motion for return of property where materials were seized from a business that included an attorney's office.  In describing the reasonableness of the search, the Second Circuit pointed out that the facts were distinguishable from cases where a warrant is issued to search a lawyer's office to obtain evidence of a *client's* criminal activity.  In *National City*, "the lawyer actually permitted the allegedly criminal business operation to take place at his office."  *Id.* at 1025.  Here, the warrant

authorized seizure of materials from Cohen, because the judge found probable cause to believe that such materials would include evidence of Cohen's own crimes.

Moreover, *Stewart* was exceptional because the search swept-up files for multiple criminal defendants with cases pending before the USAO-SDNY, which was the office investigating Stewart herself. There was thus no way for the USAO to effectively establish a filter team, because the filter AUSAs may well have had cases involving the clients (whose names were unknown to the USAO-SDNY) of the other attorneys in the defendant's law suite. Thus, the filter attorneys might have inadvertently been exposed to the privileged files of the very defendants they were prosecuting. 2002 WL 1300059, at *7. No such concern exists here, where Cohen is not a criminal lawyer at all, let alone in any pending criminal case in this Court.

Appointment of a special master would also run the risk of creating significant delay in an ongoing criminal investigation, as even the author of *Stewart* recognized. In the related case of *United States v. Sattar*, the defendants asked Judge Koeltl to appoint another special master for a different privilege review. Judge Koeltl denied the request, noting that the appointment of a special master would cause "undue delay," and lamenting that the special master in *Stewart* was appointed in June 2002 but had yet, as of September 15, 2003 – 15 months later – to prepare a report. 2003

WL 22137012, at *22 (S.D.N.Y. Sept. 15, 2003). Such a delay in this case would unacceptably prolong and impede an ongoing criminal investigation in a case of national interest.

This case is thus a far cry from *Stewart*, and is more in line with the cases in this District that have approved the use of a Filter Team, such as *Grant* and *Winters*, described above. This Court should not deviate from this common, well-accepted practice.

### CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court deny Cohen's motion.[8]

Dated:   April 13, 2018
         New York, New York

Respectfully submitted,

ROBERT S. KHUZAMI
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

By:   _____
      Thomas A. McKay
      Rachel Maimin
      Nicolas Roos
      Assistant United States Attorneys

---

[8] In light of the Court's order, dated April 12, 2018, addressing Cohen's sealing request, the USAO does not respond herein to Cohen's request for sealing.

# EXHIBIT 4



*Logout*

# [Not Virus Scanned] [Not Virus Scanned] Adams: additional requested information

**From:** Ann.Bildtsen@usdoj.gov

**To:** LWade@wc.com, GMaier@wc.com

**Cc:**

**Sent:** 2/2/2018 5:27:10 PM

**Attachments:** 2008 Amended Adams.pdf   2009 Amended Adams.pdf
2010 Amended Adams.pdf   MN Rev Correspondence dated 8-24-11.pdf
MN Rev Correspondence dated 10-11-11.pdf   Embedded email.pdf
2007 Amended Adams.pdf

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.
This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Lance and Gloria:

I understand that you requested the dates the prosecution team provided certain information to Criminal Investigator Brandon Belich in this matter.  I can provide the following:

1)  On 1/5/18 I produced to you a pdf file titled "1.31.09 email".  Postal Inspector Kroells provided this email to Belich on 3/15/16.
2)  On 1/5/18 I produced to you a pdf file titled "1.30.09 emails".  Postal Inspector Kroells provided these emails to Belich on 3/15/16.
3)  On 1/5/18 I produced to you a pdf file titled "Additional 21 pages #1".  AUSA David Maria provided this information to Belich on the following dates:
     a.  Page 1: 5/5/16
     b.  Pages 2-3: 10/11/16
     c.  Pages 4-7: 5/25/16
     d.  Pages 8-11: 1/20/17
     e.  Pages 12-22: 9/7/16.

Finally, I attach 7 additional pdfs.  AUSA Maria provided these materials to Belich on 9/7/16.  I redacted a portion of the file titled "Embedded email" containing AUSA Maria's correspondence to Belich.

I am not copying the prosecution team on this email, but will share with them the cover email without the attachments.

I am sending this email securely.  Please let me know if you have any questions.  Thank you.

**Ann M. Bildtsen | Assistant United States Attorney**

[Not Virus Scanned] [Not Virus Scanned] Adams: additional requested information          Page 2 of 2

**Deputy Civil Chief**
U.S. Attorney's Office  |  District of Minnesota
600 U.S. Courthouse  |  300 South Fourth Street  |  Minneapolis, MN 55415
T:  612.664.5615  |  F:  612.664.5788
ann.bildtsen@usdoj.gov

Logout

# EXHIBIT 6

**From:** Adams Edward <jafman1@yahoo.com>
**Date:** 1/31/2009 8:07 AM
**To:** jafman1@yahoo.com

─Attachments:────────────────────────────────────────────

ESA 2006 Tax Return.pdf                                              278 KB

# EXHIBIT 7

U.S. v. Adams

Log Showing Documents Outside the Scope of the Warrant (Personal or Family) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00000116 | View | Document | Khan, Jennifer | 7/8/2016 3:32:15 PM EDT | |
| 00000116 | View | Document | Maria, David | 5/27/2016 12:40:24 PM EDT | |
| 00000116 | View | Document | Maria, David | 8/30/2016 2:53:06 PM EDT | |
| 00030889 | View | Document | Kroells, Christine | 5/11/2016 4:16:08 PM EDT | |
| 00030889 | View | Document | Maria, David | 5/20/2016 10:00:20 AM EDT | |
| 00030889 | Print | Document | Maria, David | 5/20/2016 10:04:55 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00031991 | View | Document | Kroells, Christine | 5/10/2016 2:34:43 PM EDT | |
| 00031991 | View | Document | Maria, David | 9/19/2016 11:05:36 AM EDT | |
| 00031991 | View | Document | Maria, David | 10/17/2016 5:19:17 PM EDT | |
| 00215682 | View | Document | Kroells, Christine | 5/11/2016 5:05:36 PM EDT | |
| 00215682 | View | Document | Maria, David | 5/4/2016 3:27:24 PM EDT | |
| 00215682 | View | Document | Maria, David | 9/23/2016 9:48:42 AM EDT | |
| 00231205 | View | Document | Maria, David | 5/4/2016 3:56:07 PM EDT | |
| 00231205 | View | Document | Maria, David | 9/23/2016 9:49:42 AM EDT | |
| 00231205 | View | Document | Maria, David | 9/23/2016 9:49:46 AM EDT | |
| 00231205 | Print | Document | Maria, David | 9/23/2016 9:50:48 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00231254 | View | Document | Maria, David | 5/4/2016 3:56:55 PM EDT | |
| 00231254 | View | Document | Maria, David | 5/4/2016 3:57:01 PM EDT | |
| 00231254 | View | Document | Maria, David | 9/23/2016 9:49:44 AM EDT | |
| 00231254 | View | Document | Maria, David | 9/23/2016 9:57:14 AM EDT | |
| 00231290 | View | Document | Maria, David | 5/4/2016 3:56:58 PM EDT | |
| 00231290 | View | Document | Maria, David | 5/4/2016 3:57:37 PM EDT | |
| 00231290 | View | Document | Maria, David | 9/23/2016 9:57:22 AM EDT | |
| 00233130 | View | Document | Maria, David | 5/4/2016 3:57:56 PM EDT | |
| 00233130 | View | Document | Maria, David | 5/4/2016 3:57:59 PM EDT | |
| 00233130 | View | Document | Maria, David | 9/23/2016 9:57:42 AM EDT | |
| 00233166 | View | Document | Maria, David | 5/4/2016 3:57:57 PM EDT | |
| 00233166 | View | Document | Maria, David | 5/4/2016 3:58:08 PM EDT | |
| 00233166 | View | Document | Maria, David | 9/23/2016 9:57:45 AM EDT | |
| 00236493 | View | Document | Kroells, Christine | 5/31/2016 11:07:54 AM EDT | |
| 00236493 | View | Document | Kroells, Christine | 5/31/2016 11:07:58 AM EDT | |
| 00236493 | View | Document | Kroells, Christine | 5/31/2016 11:09:24 AM EDT | |
| 00265191 | View | Document | Maria, David | 5/4/2016 4:00:48 PM EDT | |
| 00265191 | View | Document | Maria, David | 5/4/2016 4:00:54 PM EDT | |
| 00265191 | View | Document | Maria, David | 9/23/2016 9:59:39 AM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 87 of 203
Log Showing Documents Outside the Scope of the Warrant (Personal or Family) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00269550 | View | Document | Kroells, Christine | 5/5/2016 2:48:12 PM EDT | |
| 00269550 | View | Document | Kroells, Christine | 11/17/2016 1:03:19 PM EST | |
| 00269550 | View | Document | Kroells, Christine | 11/17/2016 1:40:39 PM EST | |
| 00269550 | View | Document | Kroells, Christine | 11/17/2016 1:40:47 PM EST | |
| 00271138 | View | Document | Kroells, Christine | 5/5/2016 2:51:30 PM EDT | |
| 00271138 | View | Document | Kroells, Christine | 11/17/2016 1:16:57 PM EST | |
| 00271138 | View | Document | Kroells, Christine | 11/17/2016 1:17:34 PM EST | |
| 00302963 | View | Document | Maria, David | 5/4/2016 4:08:36 PM EDT | |
| 00302963 | View | Document | Maria, David | 9/23/2016 10:22:46 AM EDT | |
| 00302963 | View | Document | Maria, David | 1/23/2017 10:25:21 AM EST | |
| 00302985 | View | Document | Maria, David | 5/4/2016 4:08:44 PM EDT | |
| 00302985 | View | Document | Maria, David | 9/23/2016 10:22:49 AM EDT | |
| 00302985 | View | Document | Maria, David | 1/23/2017 10:25:25 AM EST | |
| 00307049 | View | Document | Maria, David | 5/4/2016 4:08:48 PM EDT | |
| 00307049 | View | Document | Maria, David | 9/23/2016 10:22:56 AM EDT | |
| 00307049 | View | Document | Maria, David | 1/23/2017 10:25:30 AM EST | |
| 00309857 | View | Document | Maria, David | 5/4/2016 4:09:05 PM EDT | |
| 00309857 | View | Document | Maria, David | 9/23/2016 10:23:14 AM EDT | |
| 00309857 | View | Document | Maria, David | 1/23/2017 10:25:46 AM EST | |
| 00312574 | View | Document | Maria, David | 5/4/2016 4:09:10 PM EDT | |
| 00312574 | View | Document | Maria, David | 9/23/2016 10:23:17 AM EDT | |
| 00312574 | View | Document | Maria, David | 1/23/2017 10:25:48 AM EST | |
| 00321944 | View | Document | Maria, David | 5/4/2016 4:09:11 PM EDT | |
| 00321944 | View | Document | Maria, David | 9/23/2016 10:23:20 AM EDT | |
| 00321944 | View | Document | Maria, David | 1/23/2017 10:25:50 AM EST | |
| 00336261 | View | Document | Kroells, Christine | 5/10/2016 4:06:50 PM EDT | |
| 00336261 | View | Document | Maria, David | 9/16/2016 3:41:13 PM EDT | |
| 00336261 | View | Document | Maria, David | 9/19/2016 11:41:20 AM EDT | |
| 00337541 | View | Document | Maria, David | 5/4/2016 4:09:21 PM EDT | |
| 00337541 | View | Document | Maria, David | 9/23/2016 10:23:32 AM EDT | |
| 00337541 | View | Document | Maria, David | 1/23/2017 10:26:00 AM EST | |
| 00337963 | View | Document | Maria, David | 5/4/2016 4:09:23 PM EDT | |
| 00337963 | View | Document | Maria, David | 9/23/2016 10:23:36 AM EDT | |
| 00337963 | View | Document | Maria, David | 1/23/2017 10:26:03 AM EST | |
| 00342602 | View | Document | Maria, David | 10/17/2016 6:05:04 PM EDT | |
| 00342602 | View | Document | Maria, David | 10/18/2016 5:04:55 PM EDT | |
| 00342602 | View | Document | Maria, David | 10/19/2016 9:42:24 AM EDT | |

# EXHIBIT 8

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 89 of 203
Log Showing Documents Outside the Scope of the Warrant (Non-Apollo Business Ventures) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00002698 | View | Document | Kroells, Christine | 5/17/2016 11:17:34 AM EDT | |
| 00002698 | View | Document | Maria, David | 5/17/2016 1:29:02 PM EDT | |
| 00002698 | View | Document | Maria, David | 1/10/2017 11:09:17 AM EST | |
| 00002735 | View | Document | Maria, David | 5/4/2016 3:12:53 PM EDT | |
| 00002735 | View | Document | Maria, David | 1/23/2017 10:20:29 AM EST | |
| 00005246 | View | Document | Khan, Jennifer | 5/5/2016 2:13:01 PM EDT | |
| 00005246 | View | Document | Kroells, Christine | 5/5/2016 1:06:29 PM EDT | |
| 00005246 | View | Document | Kroells, Christine | 5/5/2016 1:09:56 PM EDT | |
| 00005246 | View | Document | Kroells, Christine | 5/5/2016 1:15:23 PM EDT | |
| 00009046 | View | Document | Kroells, Christine | 5/31/2016 10:47:48 AM EDT | |
| 00009046 | View | Document | Maria, David | 5/24/2016 9:43:05 AM EDT | |
| 00009046 | View | Document | Maria, David | 10/17/2016 10:22:43 AM EDT | |
| 00030985 | View | Document | Kroells, Christine | 11/29/2016 4:07:33 PM EST | |
| 00030985 | View | Document | Maria, David | 5/25/2016 3:39:08 PM EDT | |
| 00030985 | View | Document | Maria, David | 5/25/2016 3:41:44 PM EDT | |
| 00030985 | View | Document | Maria, David | 5/25/2016 4:18:46 PM EDT | |
| 00030985 | View | Document | Maria, David | 5/25/2016 4:25:14 PM EDT | |
| 00030996 | View | Document | Kroells, Christine | 5/12/2016 2:58:16 PM EDT | |
| 00030996 | View | Document | Kroells, Christine | 11/29/2016 4:13:05 PM EST | |
| 00030996 | View | Document | Maria, David | 5/25/2016 3:39:51 PM EDT | |
| 00030996 | View | Document | Maria, David | 5/25/2016 4:11:36 PM EDT | |
| 00030996 | View | Document | Maria, David | 5/25/2016 4:18:58 PM EDT | |
| 00030996 | View | Document | Maria, David | 5/25/2016 4:25:25 PM EDT | |
| 00030996 | View | Document | Maria, David | 6/6/2016 11:32:55 AM EDT | |
| 00031000 | View | Document | Kroells, Christine | 5/12/2016 2:58:21 PM EDT | |
| 00031000 | View | Document | Kroells, Christine | 11/29/2016 4:14:50 PM EST | |
| 00031000 | View | Document | Maria, David | 5/25/2016 3:39:54 PM EDT | |
| 00031000 | View | Document | Maria, David | 5/25/2016 4:13:22 PM EDT | |
| 00031000 | View | Document | Maria, David | 5/25/2016 4:19:01 PM EDT | |
| 00031000 | View | Document | Maria, David | 5/25/2016 4:25:26 PM EDT | |
| 00043195 | View | Document | Maria, David | 5/4/2016 3:13:26 PM EDT | |
| 00043195 | View | Document | Maria, David | 9/23/2016 9:44:31 AM EDT | |
| 00043195 | View | Document | Maria, David | 1/23/2017 10:21:18 AM EST | |
| 00062085 | View | Document | Maria, David | 5/4/2016 3:26:17 PM EDT | |
| 00062085 | View | Document | Maria, David | 9/23/2016 9:47:22 AM EDT | |
| 00062091 | View | Document | Maria, David | 5/4/2016 3:26:20 PM EDT | |
| 00062091 | View | Document | Maria, David | 9/23/2016 9:47:25 AM EDT | |
| 00067498 | View | Document | Maria, David | 5/4/2016 3:26:26 PM EDT | |
| 00067498 | View | Document | Maria, David | 9/23/2016 9:47:29 AM EDT | |

U.S. v. Adams

Log Showing Documents Outside the Scope of the Warrant (Non-Apollo Business Ventures) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00080582 | View | Document | Kroells, Christine | 5/5/2016 2:23:53 PM EDT | |
| 00080582 | View | Document | Maria, David | 5/5/2016 11:19:08 AM EDT | |
| 00080582 | View | Document | Maria, David | 10/5/2016 3:55:37 PM EDT | |
| 00094956 | View | Document | Kroells, Christine | 5/5/2016 2:24:24 PM EDT | |
| 00094956 | View | Document | Maria, David | 5/5/2016 11:19:48 AM EDT | |
| 00094956 | View | Document | Maria, David | 10/5/2016 3:57:08 PM EDT | |
| 00098374 | View | Document | Maria, David | 5/4/2016 3:26:42 PM EDT | |
| 00098374 | View | Document | Maria, David | 9/23/2016 9:47:40 AM EDT | |
| 00098374 | View | Document | Maria, David | 9/23/2016 9:47:52 AM EDT | |
| 00098458 | View | Document | Kroells, Christine | 5/5/2016 2:24:47 PM EDT | |
| 00098458 | View | Document | Maria, David | 5/5/2016 11:20:13 AM EDT | |
| 00098458 | View | Document | Maria, David | 10/5/2016 3:57:13 PM EDT | |
| 00098460 | View | Document | Kroells, Christine | 5/5/2016 2:24:56 PM EDT | |
| 00098460 | View | Document | Maria, David | 5/5/2016 11:20:23 AM EDT | |
| 00098460 | View | Document | Maria, David | 10/5/2016 3:57:19 PM EDT | |
| 00098464 | View | Document | Kroells, Christine | 5/5/2016 2:25:02 PM EDT | |
| 00098464 | View | Document | Maria, David | 5/5/2016 11:20:31 AM EDT | |
| 00098464 | View | Document | Maria, David | 10/5/2016 3:57:23 PM EDT | |
| 00155837 | View | Document | Maria, David | 5/4/2016 3:26:54 PM EDT | |
| 00155837 | View | Document | Maria, David | 5/4/2016 3:27:03 PM EDT | |
| 00155837 | View | Document | Maria, David | 9/23/2016 9:48:03 AM EDT | |
| 00170538 | View | Document | Kroells, Christine | 5/11/2016 3:36:04 PM EDT | |
| 00170538 | View | Document | Kroells, Christine | 5/12/2016 3:41:50 PM EDT | |
| 00170538 | View | Document | Kroells, Christine | 5/12/2016 3:42:14 PM EDT | |
| 00170538 | View | Document | Maria, David | 9/19/2016 11:22:15 AM EDT | |
| 00191267 | View | Document | Maria, David | 5/5/2016 11:24:08 AM EDT | |
| 00191267 | View | Document | Maria, David | 5/5/2016 11:24:12 AM EDT | |
| 00191267 | View | Document | Maria, David | 9/19/2016 11:22:38 AM EDT | |
| 00192362 | View | Document | Maria, David | 5/5/2016 11:24:09 AM EDT | |
| 00192362 | View | Document | Maria, David | 5/5/2016 11:24:26 AM EDT | |
| 00192362 | View | Document | Maria, David | 9/19/2016 11:22:40 AM EDT | |
| 00196437 | View | Document | Kroells, Christine | 5/5/2016 2:26:47 PM EDT | |
| 00196437 | Print | Document | Kroells, Christine | 5/5/2016 2:28:26 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00196437 | View | Document | Kroells, Christine | 5/5/2016 3:05:31 PM EDT | |
| 00196437 | View | Document | Kroells, Christine | 5/5/2016 3:16:21 PM EDT | |
| 00196437 | View | Document | Kroells, Christine | 5/11/2016 5:05:32 PM EDT | |
| 00196437 | View | Document | Kroells, Christine | 6/28/2016 11:22:40 AM EDT | |
| 00196437 | View | Document | Maria, David | 5/9/2016 4:34:02 PM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 91 of 203
Log Showing Documents Outside the Scope of the Warrant (Non-Apollo Business Ventures) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00196437 | View | Document | Maria, David | 5/9/2016 4:34:05 PM EDT | |
| 00196437 | View | Document | Maria, David | 5/25/2016 11:05:38 AM EDT | |
| 00196437 | View | Document | Maria, David | 8/30/2016 3:44:45 PM EDT | |
| 00202953 | View | Document | Kroells, Christine | 5/10/2016 4:21:19 PM EDT | |
| 00202953 | View | Document | Maria, David | 9/19/2016 11:24:08 AM EDT | |
| 00202953 | View | Document | Maria, David | 9/19/2016 11:24:14 AM EDT | |
| 00202953 | View | Document | Maria, David | 10/5/2016 4:30:17 PM EDT | |
| 00204490 | View | Document | Kroells, Christine | 5/31/2016 12:13:09 PM EDT | |
| 00204490 | View | Document | Maria, David | 5/5/2016 5:00:04 PM EDT | |
| 00204490 | View | Document | Maria, David | 5/9/2016 4:34:04 PM EDT | |
| 00204490 | View | Document | Maria, David | 5/9/2016 4:35:19 PM EDT | |
| 00214875 | View | Document | Kroells, Christine | 5/10/2016 2:38:07 PM EDT | |
| 00214875 | View | Document | Kroells, Christine | 5/10/2016 3:08:14 PM EDT | |
| 00214875 | View | Document | Kroells, Christine | 5/10/2016 5:08:34 PM EDT | |
| 00214875 | View | Document | Kroells, Christine | 5/10/2016 5:10:50 PM EDT | |
| 00214875 | View | Document | Kroells, Christine | 5/11/2016 3:36:08 PM EDT | |
| 00214875 | View | Document | Kroells, Christine | 5/11/2016 5:05:34 PM EDT | |
| 00214875 | View | Document | Kroells, Christine | 5/12/2016 3:42:18 PM EDT | |
| 00214875 | View | Document | Maria, David | 9/7/2016 1:40:46 PM EDT | |
| 00214875 | View | Document | Maria, David | 9/19/2016 11:24:38 AM EDT | |
| 00234106 | View | Document | Maria, David | 5/17/2016 1:44:16 PM EDT | |
| 00234106 | View | Document | Maria, David | 9/7/2016 1:41:58 PM EDT | |
| 00234106 | View | Document | Maria, David | 9/19/2016 11:25:33 AM EDT | |
| 00247910 | View | Document | Kroells, Christine | 5/11/2016 5:05:43 PM EDT | |
| 00247910 | View | Document | Kroells, Christine | 5/31/2016 12:13:52 PM EDT | |
| 00247910 | View | Document | Maria, David | 9/7/2016 1:41:09 PM EDT | |
| 00250985 | View | Document | Maria, David | 8/30/2016 3:52:35 PM EDT | |
| 00250985 | View | Document | Maria, David | 8/30/2016 3:52:42 PM EDT | |
| 00250985 | View | Document | Maria, David | 8/30/2016 3:52:50 PM EDT | |
| 00271715 | View | Document | Maria, David | 5/5/2016 11:33:12 AM EDT | |
| 00271715 | View | Document | Maria, David | 9/23/2016 9:43:11 AM EDT | |
| 00271715 | View | Document | Maria, David | 10/5/2016 4:37:17 PM EDT | |
| 00271719 | View | Document | Maria, David | 5/5/2016 11:33:26 AM EDT | |
| 00271719 | View | Document | Maria, David | 9/23/2016 9:43:31 AM EDT | |
| 00271719 | View | Document | Maria, David | 10/5/2016 4:37:33 PM EDT | |
| 00280384 | View | Document | Maria, David | 5/5/2016 11:35:30 AM EDT | |
| 00280384 | View | Document | Maria, David | 9/16/2016 2:42:02 PM EDT | |
| 00280384 | View | Document | Maria, David | 10/5/2016 4:40:02 PM EDT | |
| 00290923 | View | Document | Maria, David | 5/4/2016 4:07:29 PM EDT | |

CASE 0:17-cr-00064-DWF-KMM  Document 149  Filed 06/01/18  Page 92 of 203
U.S. v. Adams
Log Showing Documents Outside the Scope of the Warrant (Non-Apollo Business Ventures) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00290923 | View | Document | Maria, David | 9/23/2016 10:22:24 AM EDT | |
| 00290923 | View | Document | Maria, David | 1/23/2017 10:24:54 AM EST | |
| 00293404 | View | Document | Kroells, Christine | 5/5/2016 3:27:46 PM EDT | |
| 00293404 | View | Document | Kroells, Christine | 5/5/2016 3:28:23 PM EDT | |
| 00293404 | View | Document | Kroells, Christine | 5/5/2016 3:28:31 PM EDT | |
| 00293615 | View | Document | Maria, David | 5/4/2016 4:31:49 PM EDT | |
| 00293615 | View | Document | Maria, David | 5/4/2016 4:31:52 PM EDT | |
| 00293615 | View | Document | Maria, David | 5/4/2016 4:32:11 PM EDT | |
| 00299657 | View | Document | Kroells, Christine | 5/12/2016 3:17:27 PM EDT | |
| 00299657 | View | Document | Kroells, Christine | 5/12/2016 3:18:50 PM EDT | |
| 00299657 | View | Document | Kroells, Christine | 5/12/2016 3:19:10 PM EDT | |
| 00299657 | View | Document | Kroells, Christine | 5/12/2016 3:20:29 PM EDT | |
| 00303659 | View | Document | Maria, David | 5/4/2016 4:08:45 PM EDT | |
| 00303659 | View | Document | Maria, David | 9/23/2016 10:22:53 AM EDT | |
| 00303659 | View | Document | Maria, David | 1/23/2017 10:25:27 AM EST | |
| 00310636 | View | Document | Maria, David | 5/5/2016 11:41:40 AM EDT | |
| 00310636 | View | Document | Maria, David | 10/5/2016 4:47:04 PM EDT | |
| 00310636 | View | Document | Maria, David | 10/17/2016 11:33:42 AM EDT | |
| 00310666 | View | Document | Maria, David | 5/5/2016 11:41:42 AM EDT | |
| 00310666 | View | Document | Maria, David | 10/5/2016 4:47:09 PM EDT | |
| 00310666 | View | Document | Maria, David | 10/17/2016 11:33:44 AM EDT | |
| 00312961 | View | Document | Maria, David | 5/5/2016 11:41:43 AM EDT | |
| 00312961 | View | Document | Maria, David | 5/25/2016 12:31:04 PM EDT | |
| 00312961 | View | Document | Maria, David | 10/5/2016 4:47:21 PM EDT | |
| 00325300 | View | Document | Kroells, Christine | 5/5/2016 3:19:46 PM EDT | |
| 00325300 | View | Document | Kroells, Christine | 11/29/2016 9:36:42 AM EST | |
| 00325300 | View | Document | Kroells, Christine | 11/29/2016 9:41:57 AM EST | |
| 00325405 | View | Document | Kroells, Christine | 5/5/2016 3:19:50 PM EDT | |
| 00325405 | View | Document | Kroells, Christine | 11/29/2016 9:40:00 AM EST | |
| 00325405 | View | Document | Kroells, Christine | 11/29/2016 9:41:02 AM EST | |
| 00326752 | View | Document | Kroells, Christine | 5/5/2016 3:20:32 PM EDT | |
| 00326752 | View | Document | Kroells, Christine | 5/5/2016 3:20:41 PM EDT | |
| 00326752 | View | Document | Kroells, Christine | 11/29/2016 11:33:29 AM EST | |
| 00327226 | View | Document | Kroells, Christine | 5/5/2016 3:20:34 PM EDT | |
| 00327226 | View | Document | Kroells, Christine | 5/5/2016 3:20:45 PM EDT | |
| 00327226 | View | Document | Kroells, Christine | 11/29/2016 11:52:55 AM EST | |
| 00334701 | View | Document | Kroells, Christine | 5/31/2016 12:16:58 PM EDT | |
| 00334701 | View | Document | Maria, David | 5/4/2016 4:37:31 PM EDT | |
| 00334701 | View | Document | Maria, David | 5/9/2016 4:45:18 PM EDT | |

*U.S. v. Adams*

Log Showing Documents Outside the Scope of the Warrant (Non-Apollo Business Ventures) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00334701 | View | Document | Maria, David | 5/9/2016 4:45:24 PM EDT | |
| 00334701 | View | Document | Maria, David | 6/27/2016 2:39:35 PM EDT | |
| 00339159 | View | Document | Maria, David | 5/25/2016 4:28:52 PM EDT | |
| 00339159 | View | Document | Maria, David | 5/25/2016 4:29:10 PM EDT | |
| 00339159 | View | Document | Maria, David | 6/27/2016 2:50:47 PM EDT | |
| 00339641 | View | Document | Maria, David | 5/4/2016 4:09:24 PM EDT | |
| 00339641 | View | Document | Maria, David | 9/23/2016 10:23:39 AM EDT | |
| 00339641 | View | Document | Maria, David | 1/23/2017 10:26:05 AM EST | |
| 00355531 | View | Document | Kroells, Christine | 5/31/2016 11:35:27 AM EDT | |
| 00355531 | View | Document | Kroells, Christine | 5/31/2016 11:38:38 AM EDT | |
| 00355531 | View | Document | Maria, David | 5/9/2016 4:29:25 PM EDT | |
| 00356764 | View | Document | Kroells, Christine | 5/5/2016 3:28:40 PM EDT | |
| 00356764 | View | Document | Kroells, Christine | 5/5/2016 3:28:48 PM EDT | |
| 00356764 | View | Document | Kroells, Christine | 5/5/2016 3:29:02 PM EDT | |
| 00356764 | Print | Document | Kroells, Christine | 5/5/2016 3:29:06 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00358172 | View | Document | Maria, David | 10/20/2016 10:10:39 AM EDT | |
| 00358172 | View | Document | Maria, David | 10/20/2016 10:10:47 AM EDT | |
| 00358172 | View | Document | Maria, David | 10/20/2016 10:10:51 AM EDT | |

# EXHIBIT 9

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 95 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00000110 | View | Document | Maria, David | 5/4/2016 11:27:21 AM EDT | |
| 00000110 | View | Document | Maria, David | 5/4/2016 11:27:47 AM EDT | |
| 00000110 | View | Document | Maria, David | 5/9/2016 3:58:20 PM EDT | |
| 00000110 | View | Document | Maria, David | 5/9/2016 4:15:47 PM EDT | |
| 00000110 | View | Document | Kroells, Christine | 5/10/2016 2:42:24 PM EDT | |
| 00000110 | View | Document | Khan, Jennifer | 7/8/2016 3:31:15 PM EDT | |
| 00000110 | View | Document | Khan, Jennifer | 7/13/2016 10:29:05 AM EDT | |
| 00000110 | View | Document | Belich, Brandon | 7/13/2016 12:29:52 PM EDT | |
| 00000110 | View | Document | Maria, David | 8/30/2016 2:52:24 PM EDT | |
| 00000110 | View | Document | Maria, David | 9/19/2016 10:04:07 AM EDT | |
| 00000114 | View | Document | Maria, David | 5/4/2016 11:49:45 AM EDT | |
| 00000114 | View | Document | Khan, Jennifer | 7/8/2016 3:31:37 PM EDT | |
| 00000114 | View | Document | Khan, Jennifer | 7/13/2016 10:29:15 AM EDT | |
| 00000114 | View | Document | Maria, David | 8/30/2016 2:52:41 PM EDT | |
| 00000122 | View | Document | Maria, David | 5/4/2016 11:28:07 AM EDT | |
| 00000122 | View | Document | Maria, David | 5/9/2016 3:59:33 PM EDT | |
| 00000122 | View | Document | Kroells, Christine | 5/10/2016 2:43:14 PM EDT | |
| 00000122 | View | Document | Kroells, Christine | 5/12/2016 3:44:25 PM EDT | |
| 00000122 | View | Document | Khan, Jennifer | 7/8/2016 3:34:18 PM EDT | |
| 00000122 | View | Document | Maria, David | 8/30/2016 2:53:41 PM EDT | |
| 00000122 | View | Document | Maria, David | 9/19/2016 10:04:19 AM EDT | |
| 00000125 | View | Document | Maria, David | 5/4/2016 11:50:28 AM EDT | |
| 00000125 | View | Document | Khan, Jennifer | 5/5/2016 3:18:06 PM EDT | |
| 00000125 | View | Document | Khan, Jennifer | 7/8/2016 3:35:26 PM EDT | |
| 00000125 | View | Document | Maria, David | 8/30/2016 2:53:43 PM EDT | |
| 00000145 | View | Document | Khan, Jennifer | 7/8/2016 3:36:43 PM EDT | |
| 00000145 | View | Document | Maria, David | 8/30/2016 2:54:09 PM EDT | |
| 00000145 | View | Document | Maria, David | 3/9/2017 10:39:11 AM EST | |
| 00000146 | View | Document | Khan, Jennifer | 7/8/2016 3:37:49 PM EDT | |
| 00000146 | View | Document | Maria, David | 8/30/2016 2:54:24 PM EDT | |
| 00000163 | View | Document | Khan, Jennifer | 7/8/2016 3:30:17 PM EDT | |
| 00000163 | View | Document | Maria, David | 8/30/2016 2:55:48 PM EDT | |
| 00000163 | View | Document | Maria, David | 3/1/2017 4:43:51 PM EST | |
| 00000192 | View | Document | Maria, David | 5/4/2016 11:28:20 AM EDT | |
| 00000192 | View | Document | Maria, David | 5/9/2016 3:59:44 PM EDT | |
| 00000192 | View | Document | Kroells, Christine | 5/10/2016 2:43:21 PM EDT | |
| 00000192 | View | Document | Maria, David | 9/19/2016 10:04:21 AM EDT | |
| 00000195 | View | Document | Maria, David | 3/1/2017 4:44:30 PM EST | |
| 00000205 | View | Document | Maria, David | 5/4/2016 11:28:22 AM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 96 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00000205 | View | Document | Maria, David | 5/9/2016 3:59:49 PM EDT | |
| 00000205 | View | Document | Kroells, Christine | 5/10/2016 2:43:26 PM EDT | |
| 00000205 | View | Document | Maria, David | 9/19/2016 10:04:23 AM EDT | |
| 00000205 | View | Document | Maria, David | 9/19/2016 10:04:26 AM EDT | |
| 00000219 | View | Document | Kroells, Christine | 5/5/2016 12:57:43 PM EDT | |
| 00000219 | View | Document | Khan, Jennifer | 5/5/2016 2:08:31 PM EDT | |
| 00000219 | Print | Document | Khan, Jennifer | 5/5/2016 2:09:19 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00000219 | View | Document | Khan, Jennifer | 5/5/2016 3:18:27 PM EDT | |
| 00000219 | View | Document | Kroells, Christine | 6/28/2016 12:09:40 PM EDT | |
| 00000219 | View | Document | Kroells, Christine | 6/28/2016 12:12:15 PM EDT | |
| 00000243 | View | Document | Maria, David | 5/4/2016 11:28:40 AM EDT | |
| 00000243 | View | Document | Maria, David | 5/9/2016 4:00:04 PM EDT | |
| 00000243 | Print | Document | Maria, David | 5/9/2016 4:00:28 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00000243 | View | Document | Kroells, Christine | 5/10/2016 2:44:00 PM EDT | |
| 00000243 | Print | Document | Kroells, Christine | 5/10/2016 2:44:28 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00000243 | View | Document | Maria, David | 9/19/2016 10:04:25 AM EDT | |
| 00000243 | View | Document | Maria, David | 9/19/2016 10:04:36 AM EDT | |
| 00000293 | View | Document | Maria, David | 5/9/2016 4:00:35 PM EDT | |
| 00000293 | View | Document | Kroells, Christine | 5/10/2016 2:44:35 PM EDT | |
| 00000293 | View | Document | Maria, David | 9/19/2016 10:04:41 AM EDT | |
| 00000528 | View | Document | Maria, David | 5/4/2016 11:28:51 AM EDT | |
| 00000528 | View | Document | Maria, David | 5/9/2016 4:00:39 PM EDT | |
| 00000528 | View | Document | Kroells, Christine | 5/10/2016 2:44:45 PM EDT | |
| 00000528 | View | Document | Maria, David | 5/24/2016 10:16:43 AM EDT | |
| 00000528 | View | Document | Maria, David | 9/19/2016 10:04:46 AM EDT | |
| 00000528 | Print | Document | Maria, David | 9/19/2016 10:05:13 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00001027 | View | Document | Maria, David | 5/4/2016 11:29:05 AM EDT | |
| 00001027 | View | Document | Maria, David | 5/9/2016 4:01:05 PM EDT | |
| 00001027 | View | Document | Kroells, Christine | 5/10/2016 2:45:16 PM EDT | |
| 00001027 | View | Document | Maria, David | 9/19/2016 10:05:21 AM EDT | |
| 00001088 | View | Document | Kroells, Christine | 5/5/2016 12:58:04 PM EDT | |
| 00001088 | Print | Document | Kroells, Christine | 5/5/2016 12:58:38 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00001088 | View | Document | Khan, Jennifer | 5/5/2016 2:38:36 PM EDT | |
| 00001088 | Print | Document | Khan, Jennifer | 5/5/2016 2:39:04 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00001088 | View | Document | Kroells, Christine | 5/5/2016 3:08:49 PM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 97 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00001088 | View | Document | Khan, Jennifer | 5/5/2016 3:18:46 PM EDT | |
| 00001088 | View | Document | Maria, David | 5/27/2016 12:42:35 PM EDT | |
| 00001088 | View | Document | Maria, David | 5/27/2016 12:42:39 PM EDT | |
| 00001088 | Print | Document | Maria, David | 5/27/2016 12:42:54 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00001088 | View | Document | Kroells, Christine | 6/28/2016 12:11:26 PM EDT | |
| 00001088 | View | Document | Kroells, Christine | 6/28/2016 12:13:50 PM EDT | |
| 00001088 | View | Document | Maria, David | 10/17/2016 3:26:40 PM EDT | |
| 00001088 | View | Document | Kroells, Christine | 11/17/2016 2:47:28 PM EST | |
| 00001088 | View | Document | Kroells, Christine | 11/17/2016 2:56:33 PM EST | |
| 00001088 | View | Document | Kroells, Christine | 11/17/2016 2:57:25 PM EST | |
| 00001558 | View | Document | Maria, David | 5/4/2016 11:29:18 AM EDT | |
| 00001558 | View | Document | Maria, David | 5/9/2016 4:01:15 PM EDT | |
| 00001558 | Print | Document | Maria, David | 5/9/2016 4:01:25 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00001558 | View | Document | Kroells, Christine | 5/10/2016 2:45:36 PM EDT | |
| 00001558 | View | Document | Maria, David | 9/19/2016 10:05:24 AM EDT | |
| 00001579 | View | Document | Maria, David | 5/4/2016 11:29:26 AM EDT | |
| 00001579 | View | Document | Maria, David | 5/9/2016 4:01:32 PM EDT | |
| 00001579 | View | Document | Kroells, Christine | 5/10/2016 2:45:55 PM EDT | |
| 00001579 | View | Document | Kroells, Christine | 5/12/2016 3:44:53 PM EDT | |
| 00001579 | View | Document | Maria, David | 9/19/2016 10:05:26 AM EDT | |
| 00001663 | View | Document | Maria, David | 5/5/2016 9:52:36 AM EDT | |
| 00001663 | View | Document | Khan, Jennifer | 5/5/2016 3:19:34 PM EDT | |
| 00001663 | View | Document | Khan, Jennifer | 5/5/2016 3:20:10 PM EDT | |
| 00001663 | View | Document | Maria, David | 5/27/2016 12:46:06 PM EDT | |
| 00001884 | View | Document | Maria, David | 5/4/2016 11:29:57 AM EDT | |
| 00001884 | View | Document | Maria, David | 5/9/2016 4:02:10 PM EDT | |
| 00001884 | View | Document | Kroells, Christine | 5/10/2016 2:46:10 PM EDT | |
| 00001884 | View | Document | Kroells, Christine | 5/12/2016 3:45:25 PM EDT | |
| 00001884 | View | Document | Maria, David | 9/19/2016 10:05:53 AM EDT | |
| 00001889 | View | Document | Maria, David | 5/4/2016 11:30:05 AM EDT | |
| 00001889 | View | Document | Maria, David | 5/9/2016 4:02:15 PM EDT | |
| 00001889 | View | Document | Kroells, Christine | 5/10/2016 2:46:16 PM EDT | |
| 00001889 | View | Document | Kroells, Christine | 5/12/2016 3:45:42 PM EDT | |
| 00001889 | View | Document | Maria, David | 9/19/2016 10:05:59 AM EDT | |
| 00001894 | View | Document | Maria, David | 5/4/2016 11:30:10 AM EDT | |
| 00001894 | View | Document | Maria, David | 5/9/2016 4:02:17 PM EDT | |
| 00001894 | View | Document | Kroells, Christine | 5/10/2016 2:46:26 PM EDT | |
| 00001894 | View | Document | Kroells, Christine | 5/12/2016 3:45:51 PM EDT | |
| 00001894 | View | Document | Maria, David | 9/19/2016 10:06:01 AM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM  Document 149  Filed 06/01/18  Page 98 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00001919 | View | Document | Maria, David | 5/4/2016 11:30:11 AM EDT | |
| 00001919 | View | Document | Maria, David | 5/5/2016 11:13:01 AM EDT | |
| 00001919 | View | Document | Maria, David | 5/9/2016 4:02:21 PM EDT | |
| 00001919 | View | Document | Maria, David | 5/9/2016 4:02:28 PM EDT | |
| 00001919 | View | Document | Kroells, Christine | 5/10/2016 2:30:51 PM EDT | |
| 00001919 | View | Document | Kroells, Christine | 5/10/2016 2:41:08 PM EDT | |
| 00001919 | Print | Document | Kroells, Christine | 5/10/2016 2:41:38 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-2&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[HP LaserJet 4250 PCL 5]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00001919 | View | Document | Kroells, Christine | 5/10/2016 2:46:31 PM EDT | |
| 00001919 | View | Document | Kroells, Christine | 5/12/2016 3:00:47 PM EDT | |
| 00001919 | View | Document | Maria, David | 9/19/2016 10:06:02 AM EDT | |
| 00002689 | View | Document | Maria, David | 5/4/2016 11:30:23 AM EDT | |
| 00002689 | View | Document | Maria, David | 5/9/2016 4:03:38 PM EDT | |
| 00002689 | View | Document | Kroells, Christine | 5/10/2016 2:48:52 PM EDT | |
| 00002689 | View | Document | Maria, David | 9/19/2016 10:06:35 AM EDT | |
| 00002691 | View | Document | Maria, David | 5/4/2016 11:30:55 AM EDT | |
| 00002691 | View | Document | Maria, David | 5/9/2016 4:03:52 PM EDT | |
| 00002691 | View | Document | Kroells, Christine | 5/10/2016 2:50:03 PM EDT | |
| 00002691 | View | Document | Maria, David | 9/19/2016 10:06:51 AM EDT | |
| 00002816 | View | Document | Kroells, Christine | 5/5/2016 1:01:20 PM EDT | |
| 00002816 | Print | Document | Kroells, Christine | 5/5/2016 1:01:53 PM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00002816 | View | Document | Khan, Jennifer | 5/5/2016 2:27:59 PM EDT | |
| 00002816 | View | Document | Maria, David | 10/17/2016 3:27:25 PM EDT | |
| 00003864 | View | Document | Maria, David | 5/9/2016 4:04:56 PM EDT | |
| 00003864 | View | Document | Kroells, Christine | 5/10/2016 2:55:25 PM EDT | |
| 00003864 | View | Document | Kroells, Christine | 5/10/2016 2:57:43 PM EDT | |
| 00003864 | View | Document | Maria, David | 9/19/2016 10:07:18 AM EDT | |
| 00003919 | View | Document | Maria, David | 5/9/2016 4:05:02 PM EDT | |
| 00003919 | View | Document | Kroells, Christine | 5/10/2016 2:57:49 PM EDT | |
| 00003919 | View | Document | Maria, David | 9/19/2016 10:07:22 AM EDT | |
| 00003959 | View | Document | Maria, David | 5/27/2016 12:47:44 PM EDT | |
| 00003959 | View | Document | Maria, David | 5/27/2016 12:47:48 PM EDT | |
| 00003959 | View | Document | Kroells, Christine | 6/28/2016 12:15:52 PM EDT | |
| 00003959 | View | Document | Maria, David | 10/17/2016 3:27:39 PM EDT | |
| 00004162 | View | Document | Maria, David | 5/4/2016 11:31:04 AM EDT | |
| 00004162 | View | Document | Maria, David | 5/9/2016 4:05:07 PM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 99 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00004162 | View | Document | Kroells, Christine | 5/10/2016 2:58:12 PM EDT | |
| 00004162 | View | Document | Maria, David | 9/19/2016 10:07:24 AM EDT | |
| 00004164 | View | Document | Maria, David | 5/4/2016 11:31:15 AM EDT | |
| 00004164 | View | Document | Maria, David | 5/9/2016 4:05:14 PM EDT | |
| 00004164 | View | Document | Kroells, Christine | 5/10/2016 2:58:26 PM EDT | |
| 00004164 | View | Document | Maria, David | 9/19/2016 10:07:30 AM EDT | |
| 00004192 | View | Document | Maria, David | 5/4/2016 11:31:34 AM EDT | |
| 00004192 | View | Document | Maria, David | 5/9/2016 4:05:26 PM EDT | |
| 00004192 | View | Document | Kroells, Christine | 5/10/2016 2:59:00 PM EDT | |
| 00004192 | View | Document | Maria, David | 9/19/2016 10:07:38 AM EDT | |
| 00004418 | View | Document | Maria, David | 5/4/2016 11:31:44 AM EDT | |
| 00004418 | View | Document | Maria, David | 5/9/2016 4:05:46 PM EDT | |
| 00004418 | View | Document | Kroells, Christine | 5/10/2016 2:59:35 PM EDT | |
| 00004418 | View | Document | Maria, David | 9/19/2016 10:07:50 AM EDT | |
| 00004970 | View | Document | Maria, David | 5/4/2016 11:37:38 AM EDT | |
| 00004970 | View | Document | Maria, David | 5/9/2016 4:07:01 PM EDT | |
| 00004970 | View | Document | Maria, David | 5/9/2016 4:07:03 PM EDT | |
| 00004970 | View | Document | Kroells, Christine | 5/10/2016 4:12:59 PM EDT | |
| 00004970 | View | Document | Khan, Jennifer | 7/13/2016 11:00:43 AM EDT | |
| 00004970 | View | Document | Maria, David | 9/19/2016 10:08:45 AM EDT | |
| 00004974 | View | Document | Maria, David | 5/4/2016 11:38:04 AM EDT | |
| 00004974 | View | Document | Maria, David | 5/9/2016 4:07:02 PM EDT | |
| 00004974 | View | Document | Maria, David | 5/9/2016 4:07:12 PM EDT | |
| 00004974 | Print | Document | Maria, David | 5/9/2016 4:07:19 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00004974 | View | Document | Kroells, Christine | 5/10/2016 4:13:26 PM EDT | |
| 00004974 | View | Document | Khan, Jennifer | 7/13/2016 11:00:15 AM EDT | |
| 00004974 | View | Document | Maria, David | 9/19/2016 10:08:48 AM EDT | |
| 00005213 | View | Document | Maria, David | 5/4/2016 11:38:11 AM EDT | |
| 00005213 | View | Document | Maria, David | 5/9/2016 4:09:30 PM EDT | |
| 00005213 | View | Document | Khan, Jennifer | 7/13/2016 10:32:04 AM EDT | |
| 00005213 | View | Document | Maria, David | 9/19/2016 10:08:52 AM EDT | |
| 00005213 | View | Document | Maria, David | 9/19/2016 10:09:03 AM EDT | |
| 00005219 | View | Document | Maria, David | 5/4/2016 11:38:22 AM EDT | |
| 00005219 | View | Document | Maria, David | 5/9/2016 4:09:37 PM EDT | |
| 00005219 | View | Document | Khan, Jennifer | 7/13/2016 10:31:19 AM EDT | |
| 00005219 | View | Document | Maria, David | 9/19/2016 10:09:05 AM EDT | |
| 00005222 | View | Document | Maria, David | 5/4/2016 11:38:31 AM EDT | |
| 00005222 | View | Document | Maria, David | 5/9/2016 4:09:40 PM EDT | |
| 00005222 | View | Document | Khan, Jennifer | 7/13/2016 10:31:04 AM EDT | |

U.S. v. Adams

Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00005222 | View | Document | Maria, David | 9/19/2016 10:09:11 AM EDT | |
| 00005453 | View | Document | Maria, David | 5/4/2016 11:38:42 AM EDT | |
| 00005453 | View | Document | Kroells, Christine | 5/5/2016 1:07:07 PM EDT | |
| 00005453 | View | Document | Kroells, Christine | 5/5/2016 1:15:29 PM EDT | |
| 00005453 | Print | Document | Kroells, Christine | 5/5/2016 1:15:55 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00005453 | View | Document | Khan, Jennifer | 5/5/2016 2:12:00 PM EDT | |
| 00005453 | View | Document | Maria, David | 9/19/2016 10:09:32 AM EDT | |
| 00005504 | View | Document | Maria, David | 5/4/2016 11:39:06 AM EDT | |
| 00005504 | View | Document | Kroells, Christine | 5/5/2016 1:16:53 PM EDT | |
| 00005504 | View | Document | Kroells, Christine | 5/5/2016 1:17:32 PM EDT | |
| 00005504 | View | Document | Khan, Jennifer | 5/5/2016 2:11:09 PM EDT | |
| 00005504 | View | Document | Kroells, Christine | 5/10/2016 3:04:46 PM EDT | |
| 00005504 | View | Document | Maria, David | 9/19/2016 10:09:34 AM EDT | |
| 00005506 | View | Document | Kroells, Christine | 5/5/2016 1:17:14 PM EDT | |
| 00005506 | View | Document | Maria, David | 5/17/2016 1:29:11 PM EDT | |
| 00005506 | View | Document | Maria, David | 1/10/2017 11:09:25 AM EST | |
| 00005522 | View | Document | Maria, David | 5/4/2016 11:39:31 AM EDT | |
| 00005522 | View | Document | Kroells, Christine | 5/12/2016 3:46:16 PM EDT | |
| 00005522 | View | Document | Maria, David | 9/19/2016 10:09:37 AM EDT | |
| 00005593 | View | Document | Maria, David | 10/17/2016 3:46:10 PM EDT | |
| 00005593 | View | Document | Maria, David | 10/17/2016 3:46:16 PM EDT | |
| 00005593 | Print | Document | Maria, David | 10/17/2016 3:47:02 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00005593 | View | Document | Maria, David | 10/17/2016 3:49:19 PM EDT | |
| 00006292 | View | Document | Maria, David | 5/4/2016 11:41:02 AM EDT | |
| 00006292 | View | Document | Kroells, Christine | 5/10/2016 3:04:55 PM EDT | |
| 00006292 | View | Document | Kroells, Christine | 5/10/2016 3:05:07 PM EDT | |
| 00006292 | View | Document | Kroells, Christine | 5/10/2016 3:06:20 PM EDT | |
| 00006292 | Print | Document | Kroells, Christine | 5/10/2016 3:06:38 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00006292 | View | Document | Kroells, Christine | 5/10/2016 3:08:03 PM EDT | |
| 00006292 | View | Document | Kroells, Christine | 5/12/2016 3:46:39 PM EDT | |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00006292 | View | Document | Kroells, Christine | 5/12/2016 3:47:03 PM EDT | |
| 00006292 | View | Document | Maria, David | 9/19/2016 10:09:46 AM EDT | |
| 00006292 | Print | Document | Maria, David | 9/19/2016 10:10:20 AM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00006292 | View | Document | Maria, David | 9/19/2016 10:11:08 AM EDT | |
| 00006293 | View | Document | Kroells, Christine | 5/10/2016 3:05:16 PM EDT | |
| 00006293 | View | Document | Kroells, Christine | 5/10/2016 3:06:42 PM EDT | |
| 00006293 | Print | Document | Kroells, Christine | 5/10/2016 3:06:51 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00006293 | View | Document | Kroells, Christine | 5/12/2016 3:46:51 PM EDT | |
| 00006293 | View | Document | Maria, David | 9/19/2016 10:10:32 AM EDT | |
| 00006594 | View | Document | Maria, David | 5/4/2016 11:42:21 AM EDT | |
| 00006594 | View | Document | Kroells, Christine | 5/10/2016 4:14:10 PM EDT | |
| 00006594 | View | Document | Kroells, Christine | 5/10/2016 4:14:56 PM EDT | |
| 00006594 | View | Document | Kroells, Christine | 5/12/2016 3:47:21 PM EDT | |
| 00006594 | View | Document | Maria, David | 9/19/2016 10:11:57 AM EDT | |
| 00006893 | View | Document | Maria, David | 5/4/2016 11:42:30 AM EDT | |
| 00006893 | View | Document | Maria, David | 5/9/2016 4:16:12 PM EDT | |
| 00006893 | View | Document | Kroells, Christine | 5/10/2016 4:14:59 PM EDT | |
| 00006893 | View | Document | Maria, David | 5/27/2016 12:50:03 PM EDT | |
| 00006893 | View | Document | Maria, David | 5/27/2016 12:50:19 PM EDT | |
| 00006893 | View | Document | Maria, David | 9/19/2016 10:12:04 AM EDT | |
| 00006913 | View | Document | Maria, David | 5/4/2016 11:43:00 AM EDT | |
| 00006913 | View | Document | Maria, David | 5/27/2016 12:50:21 PM EDT | |
| 00006913 | View | Document | Maria, David | 9/19/2016 10:12:11 AM EDT | |
| 00006941 | View | Document | Maria, David | 5/4/2016 11:43:42 AM EDT | |
| 00006941 | View | Document | Maria, David | 5/27/2016 12:50:27 PM EDT | |
| 00006941 | View | Document | Maria, David | 5/27/2016 12:50:42 PM EDT | |
| 00006941 | View | Document | Maria, David | 9/19/2016 10:12:30 AM EDT | |
| 00007002 | View | Document | Maria, David | 5/4/2016 11:43:54 AM EDT | |
| 00007002 | View | Document | Maria, David | 5/27/2016 12:51:02 PM EDT | |
| 00007002 | View | Document | Maria, David | 5/27/2016 12:51:15 PM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 102 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00007002 | View | Document | Maria, David | 9/19/2016 10:12:37 AM EDT | |
| 00009868 | View | Document | Maria, David | 5/4/2016 11:45:15 AM EDT | |
| 00009868 | View | Document | Kroells, Christine | 5/5/2016 1:28:31 PM EDT | |
| 00009868 | View | Document | Maria, David | 9/19/2016 10:15:35 AM EDT | |
| 00010412 | View | Document | Maria, David | 5/4/2016 11:45:22 AM EDT | |
| 00010412 | View | Document | Kroells, Christine | 5/10/2016 4:38:20 PM EDT | |
| 00010412 | View | Document | Maria, David | 9/19/2016 10:15:52 AM EDT | |
| 00010433 | View | Document | Maria, David | 5/4/2016 11:46:06 AM EDT | |
| 00010433 | View | Document | Kroells, Christine | 5/10/2016 4:40:37 PM EDT | |
| 00010433 | View | Document | Kroells, Christine | 5/10/2016 4:46:47 PM EDT | |
| 00010433 | View | Document | Kroells, Christine | 5/12/2016 3:48:31 PM EDT | |
| 00010433 | View | Document | Maria, David | 9/19/2016 10:16:02 AM EDT | |
| 00010534 | View | Document | Maria, David | 5/4/2016 11:46:20 AM EDT | |
| 00010534 | View | Document | Kroells, Christine | 5/10/2016 4:46:54 PM EDT | |
| 00010534 | View | Document | Maria, David | 9/19/2016 10:16:07 AM EDT | |
| 00010565 | View | Document | Kroells, Christine | 5/5/2016 1:30:33 PM EDT | |
| 00010565 | View | Document | Kroells, Christine | 5/5/2016 3:19:02 PM EDT | |
| 00010565 | View | Document | Maria, David | 10/17/2016 4:04:27 PM EDT | |
| 00013546 | View | Document | Maria, David | 5/4/2016 11:47:08 AM EDT | |
| 00013546 | View | Document | Maria, David | 5/4/2016 11:48:47 AM EDT | |
| 00013546 | View | Document | Kroells, Christine | 5/12/2016 3:48:56 PM EDT | |
| 00013546 | View | Document | Maria, David | 9/19/2016 10:19:30 AM EDT | |
| 00013939 | View | Document | Maria, David | 5/4/2016 11:48:52 AM EDT | |
| 00013939 | View | Document | Kroells, Christine | 5/12/2016 3:49:14 PM EDT | |
| 00013939 | View | Document | Maria, David | 9/19/2016 10:19:35 AM EDT | |
| 00015807 | View | Document | Kroells, Christine | 5/10/2016 2:32:49 PM EDT | |
| 00015807 | View | Document | Kroells, Christine | 5/10/2016 4:15:19 PM EDT | |
| 00015807 | View | Document | Maria, David | 9/19/2016 10:20:05 AM EDT | |
| 00015809 | View | Document | Kroells, Christine | 5/5/2016 1:48:03 PM EDT | |
| 00015809 | Print | Document | Kroells, Christine | 5/5/2016 1:49:17 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00015809 | View | Document | Kroells, Christine | 5/10/2016 2:33:05 PM EDT | |
| 00015809 | View | Document | Maria, David | 9/19/2016 10:20:23 AM EDT | |
| 00018455 | View | Document | Maria, David | 5/4/2016 1:02:14 PM EDT | |
| 00018455 | View | Document | Kroells, Christine | 5/10/2016 4:16:40 PM EDT | |
| 00018455 | View | Document | Maria, David | 5/25/2016 12:20:13 PM EDT | |
| 00018455 | View | Document | Maria, David | 9/19/2016 10:21:18 AM EDT | |
| 00020127 | View | Document | Kroells, Christine | 5/10/2016 4:18:39 PM EDT | |
| 00020127 | View | Document | Kroells, Christine | 5/10/2016 4:19:04 PM EDT | |
| 00020127 | View | Document | Maria, David | 9/19/2016 10:22:04 AM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 103 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00020127 | View | Document | Maria, David | 9/19/2016 10:22:29 AM EDT | |
| 00021952 | View | Document | Kroells, Christine | 5/5/2016 2:03:42 PM EDT | |
| 00021952 | Print | Document | Kroells, Christine | 5/5/2016 2:04:19 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00021952 | View | Document | Maria, David | 10/17/2016 5:17:37 PM EDT | |
| 00021952 | View | Document | Maria, David | 10/17/2016 5:17:44 PM EDT | |
| 00041099 | View | Document | Maria, David | 5/4/2016 3:08:04 PM EDT | |
| 00041099 | View | Document | Maria, David | 5/4/2016 3:13:18 PM EDT | |
| 00041099 | View | Document | Maria, David | 8/30/2016 2:41:17 PM EDT | |
| 00041099 | View | Document | Maria, David | 9/23/2016 9:44:16 AM EDT | |
| 00041099 | View | Document | Maria, David | 1/23/2017 10:20:55 AM EST | |
| 00041103 | View | Document | Maria, David | 5/4/2016 3:08:24 PM EDT | |
| 00041103 | View | Document | Maria, David | 5/4/2016 3:13:20 PM EDT | |
| 00041103 | View | Document | Maria, David | 8/30/2016 2:41:38 PM EDT | |
| 00041103 | View | Document | Maria, David | 9/23/2016 9:44:27 AM EDT | |
| 00041103 | View | Document | Maria, David | 1/23/2017 10:21:13 AM EST | |
| 00041107 | View | Document | Maria, David | 5/4/2016 3:08:40 PM EDT | |
| 00041107 | View | Document | Maria, David | 5/4/2016 3:13:23 PM EDT | |
| 00041107 | View | Document | Maria, David | 8/30/2016 2:41:50 PM EDT | |
| 00041107 | View | Document | Maria, David | 9/23/2016 9:44:28 AM EDT | |
| 00041107 | View | Document | Maria, David | 1/23/2017 10:21:16 AM EST | |
| 00045638 | View | Document | Maria, David | 5/4/2016 3:08:43 PM EDT | |
| 00045638 | View | Document | Maria, David | 5/4/2016 3:14:34 PM EDT | |
| 00045638 | View | Document | Maria, David | 8/30/2016 2:41:53 PM EDT | |
| 00045638 | View | Document | Maria, David | 9/23/2016 9:44:44 AM EDT | |
| 00045638 | View | Document | Maria, David | 1/23/2017 10:21:24 AM EST | |
| 00045640 | View | Document | Maria, David | 5/4/2016 3:08:49 PM EDT | |
| 00045640 | View | Document | Maria, David | 5/4/2016 3:14:38 PM EDT | |
| 00045640 | View | Document | Maria, David | 8/30/2016 2:41:55 PM EDT | |
| 00045640 | View | Document | Maria, David | 9/23/2016 9:44:52 AM EDT | |
| 00045640 | View | Document | Maria, David | 1/23/2017 10:21:28 AM EST | |
| 00045650 | View | Document | Maria, David | 5/4/2016 3:08:51 PM EDT | |
| 00045650 | View | Document | Maria, David | 5/4/2016 3:14:40 PM EDT | |
| 00045650 | View | Document | Maria, David | 8/30/2016 2:42:03 PM EDT | |
| 00045650 | View | Document | Maria, David | 9/23/2016 9:44:54 AM EDT | |
| 00045650 | View | Document | Maria, David | 1/23/2017 10:21:32 AM EST | |
| 00045652 | View | Document | Maria, David | 5/4/2016 3:08:56 PM EDT | |
| 00045652 | View | Document | Maria, David | 5/4/2016 3:14:42 PM EDT | |
| 00045652 | View | Document | Maria, David | 8/30/2016 2:42:10 PM EDT | |
| 00045652 | View | Document | Maria, David | 9/23/2016 9:45:00 AM EDT | |

U.S. v. Adams

Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00045652 | View | Document | Maria, David | 1/23/2017 10:21:36 AM EST | |
| 00220998 | View | Document | Maria, David | 5/4/2016 3:09:07 PM EDT | |
| 00220998 | View | Document | Maria, David | 5/4/2016 3:27:33 PM EDT | |
| 00220998 | View | Document | Maria, David | 8/30/2016 2:44:16 PM EDT | |
| 00220998 | View | Document | Maria, David | 9/23/2016 9:48:48 AM EDT | |
| 00224239 | View | Document | Maria, David | 5/4/2016 3:09:11 PM EDT | |
| 00224239 | View | Document | Maria, David | 5/4/2016 3:27:39 PM EDT | |
| 00224239 | View | Document | Maria, David | 8/30/2016 2:44:20 PM EDT | |
| 00224239 | View | Document | Maria, David | 9/23/2016 9:48:55 AM EDT | |
| 00270220 | View | Document | Maria, David | 5/4/2016 4:00:50 PM EDT | |
| 00270220 | View | Document | Maria, David | 5/4/2016 4:01:16 PM EDT | |
| 00270220 | View | Document | Maria, David | 8/30/2016 3:52:43 PM EDT | |
| 00270220 | View | Document | Maria, David | 8/30/2016 3:53:03 PM EDT | |
| 00270220 | View | Document | Maria, David | 9/23/2016 9:59:46 AM EDT | |
| 00270358 | View | Document | Maria, David | 5/4/2016 2:44:07 PM EDT | |
| 00270358 | View | Document | Maria, David | 5/4/2016 2:45:51 PM EDT | |
| 00270358 | View | Document | Maria, David | 9/19/2016 9:59:33 AM EDT | |
| 00270801 | View | Document | Maria, David | 5/5/2016 11:27:04 AM EDT | |
| 00270801 | Print | Document | Maria, David | 5/5/2016 11:28:58 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00270801 | View | Document | Kroells, Christine | 5/10/2016 4:21:52 PM EDT | |
| 00270801 | Print | Document | Kroells, Christine | 5/10/2016 4:23:28 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00270801 | View | Document | Kroells, Christine | 5/12/2016 3:02:37 PM EDT | |
| 00270801 | View | Document | Maria, David | 5/25/2016 12:28:44 PM EDT | |
| 00270801 | View | Document | Maria, David | 5/25/2016 1:41:14 PM EDT | |
| 00270801 | View | Document | Maria, David | 9/19/2016 11:25:45 AM EDT | |
| 00270801 | View | Document | Maria, David | 10/5/2016 3:47:18 PM EDT | |
| 00270801 | Print | Document | Maria, David | 10/5/2016 3:47:56 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00270801 | View | Document | Maria, David | 10/5/2016 4:35:23 PM EDT | |
| 00270816 | View | Document | Maria, David | 5/5/2016 11:29:29 AM EDT | |
| 00270816 | View | Document | Kroells, Christine | 5/10/2016 4:23:33 PM EDT | |
| 00270816 | View | Document | Kroells, Christine | 5/12/2016 3:02:43 PM EDT | |
| 00270816 | View | Document | Maria, David | 5/25/2016 12:29:27 PM EDT | |
| 00270816 | View | Document | Maria, David | 5/25/2016 1:41:17 PM EDT | |
| 00270816 | View | Document | Maria, David | 9/19/2016 11:25:54 AM EDT | |
| 00270816 | View | Document | Maria, David | 10/5/2016 3:48:15 PM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 105 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00270816 | View | Document | Maria, David | 10/5/2016 4:35:41 PM EDT | |
| 00270821 | View | Document | Maria, David | 5/5/2016 11:29:49 AM EDT | |
| 00270821 | View | Document | Kroells, Christine | 5/10/2016 4:25:37 PM EDT | |
| 00270821 | View | Document | Kroells, Christine | 5/12/2016 3:03:22 PM EDT | |
| 00270821 | View | Document | Maria, David | 5/25/2016 12:29:30 PM EDT | |
| 00270821 | View | Document | Maria, David | 5/25/2016 1:41:21 PM EDT | |
| 00270821 | View | Document | Maria, David | 9/19/2016 11:25:57 AM EDT | |
| 00270821 | View | Document | Maria, David | 10/5/2016 3:48:33 PM EDT | |
| 00270821 | View | Document | Maria, David | 10/5/2016 4:35:45 PM EDT | |
| 00271125 | View | Document | Maria, David | 5/5/2016 11:31:02 AM EDT | |
| 00271125 | Print | Document | Maria, David | 5/5/2016 11:32:42 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00271125 | View | Document | Maria, David | 5/25/2016 12:29:32 PM EDT | |
| 00271125 | View | Document | Maria, David | 10/5/2016 4:36:20 PM EDT | |
| 00271125 | Print | Document | Maria, David | 10/5/2016 4:36:48 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00271125 | View | Document | Kroells, Christine | 5/16/2017 9:12:13 AM EDT | |
| 00271128 | View | Document | Maria, David | 5/5/2016 11:32:49 AM EDT | |
| 00271128 | View | Document | Maria, David | 5/25/2016 12:29:33 PM EDT | |
| 00271128 | View | Document | Maria, David | 5/25/2016 12:29:36 PM EDT | |
| 00271128 | View | Document | Maria, David | 10/5/2016 4:36:57 PM EDT | |
| 00271128 | View | Document | Kroells, Christine | 5/16/2017 9:13:04 AM EDT | |
| 00271132 | View | Document | Maria, David | 5/5/2016 11:33:03 AM EDT | |
| 00271132 | View | Document | Maria, David | 5/25/2016 12:29:34 PM EDT | |
| 00271132 | View | Document | Maria, David | 5/25/2016 12:30:03 PM EDT | |
| 00271132 | View | Document | Maria, David | 10/5/2016 4:37:07 PM EDT | |
| 00271132 | View | Document | Kroells, Christine | 5/16/2017 9:14:04 AM EDT | |
| 00271589 | View | Document | Maria, David | 5/4/2016 3:07:20 PM EDT | |
| 00271589 | View | Document | Kroells, Christine | 5/5/2016 2:52:25 PM EDT | |
| 00271589 | Print | Document | Kroells, Christine | 5/5/2016 2:53:54 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00271589 | View | Document | Maria, David | 8/30/2016 2:40:28 PM EDT | |
| 00271589 | View | Document | Kroells, Christine | 11/17/2016 1:21:48 PM EST | |
| 00271907 | View | Document | Maria, David | 5/4/2016 4:01:27 PM EDT | |
| 00271907 | View | Document | Maria, David | 5/17/2016 1:50:17 PM EDT | |
| 00271907 | View | Document | Kroells, Christine | 6/28/2016 11:44:54 AM EDT | |
| 00271907 | View | Document | Maria, David | 8/30/2016 3:53:04 PM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM Document 149 Filed 06/01/18 Page 106 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00271907 | View | Document | Maria, David | 9/23/2016 10:00:07 AM EDT | |
| 00271907 | View | Document | Maria, David | 1/10/2017 11:12:38 AM EST | |
| 00271960 | View | Document | Maria, David | 5/4/2016 4:02:32 PM EDT | |
| 00271960 | View | Document | Kroells, Christine | 6/28/2016 11:44:56 AM EDT | |
| 00271960 | View | Document | Maria, David | 8/30/2016 3:53:06 PM EDT | |
| 00271960 | View | Document | Maria, David | 9/23/2016 10:00:18 AM EDT | |
| 00273812 | View | Document | Maria, David | 5/25/2016 12:30:09 PM EDT | |
| 00273812 | View | Document | Maria, David | 10/17/2016 5:23:33 PM EDT | |
| 00273812 | View | Document | Maria, David | 10/19/2016 10:23:21 AM EDT | |
| 00275178 | View | Document | Kroells, Christine | 6/28/2016 11:51:09 AM EDT | |
| 00275178 | View | Document | Kroells, Christine | 6/28/2016 11:54:39 AM EDT | |
| 00275178 | View | Document | Maria, David | 9/19/2016 11:26:16 AM EDT | |
| 00275190 | View | Document | Maria, David | 5/4/2016 3:05:14 PM EDT | |
| 00275190 | View | Document | Maria, David | 5/9/2016 5:04:28 PM EDT | |
| 00275190 | View | Document | Maria, David | 8/30/2016 2:39:24 PM EDT | |
| 00275190 | View | Document | Maria, David | 1/10/2017 11:07:58 AM EST | |
| 00275192 | View | Document | Maria, David | 5/4/2016 3:06:07 PM EDT | |
| 00275192 | View | Document | Maria, David | 5/9/2016 5:04:37 PM EDT | |
| 00275192 | View | Document | Maria, David | 8/30/2016 2:39:38 PM EDT | |
| 00275192 | View | Document | Maria, David | 1/10/2017 11:08:21 AM EST | |
| 00278608 | View | Document | Maria, David | 5/4/2016 3:06:14 PM EDT | |
| 00278608 | View | Document | Maria, David | 5/9/2016 5:04:39 PM EDT | |
| 00278608 | View | Document | Maria, David | 8/30/2016 2:39:40 PM EDT | |
| 00278608 | View | Document | Maria, David | 1/10/2017 11:08:26 AM EST | |
| 00284512 | View | Document | Maria, David | 5/17/2016 1:50:53 PM EDT | |
| 00284512 | View | Document | Kroells, Christine | 5/31/2016 10:41:06 AM EDT | |
| 00284512 | Print | Document | Kroells, Christine | 5/31/2016 10:43:33 AM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00284512 | View | Document | Kroells, Christine | 6/28/2016 11:26:21 AM EDT | |
| 00284512 | View | Document | Maria, David | 1/10/2017 11:13:20 AM EST | |
| 00284626 | View | Document | Maria, David | 5/25/2016 12:30:14 PM EDT | |
| 00284626 | View | Document | Maria, David | 10/17/2016 5:28:11 PM EDT | |
| 00284626 | View | Document | Maria, David | 10/17/2016 5:29:05 PM EDT | |
| 00284626 | View | Document | Maria, David | 10/17/2016 5:41:39 PM EDT | |
| 00284825 | View | Document | Maria, David | 5/5/2016 11:37:45 AM EDT | |
| 00284825 | View | Document | Kroells, Christine | 5/10/2016 3:09:41 PM EDT | |

U.S. v. Adams

Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00284825 | View | Document | Kroells, Christine | 5/10/2016 4:25:56 PM EDT | |
| 00284825 | View | Document | Kroells, Christine | 5/17/2016 4:11:24 PM EDT | |
| 00284825 | View | Document | Maria, David | 9/19/2016 11:35:21 AM EDT | |
| 00284825 | View | Document | Maria, David | 10/5/2016 4:40:47 PM EDT | |
| 00284866 | View | Document | Maria, David | 5/4/2016 3:10:43 PM EDT | |
| 00284866 | View | Document | Maria, David | 5/4/2016 4:02:53 PM EDT | |
| 00284866 | View | Document | Maria, David | 8/30/2016 2:44:22 PM EDT | |
| 00284866 | View | Document | Maria, David | 9/23/2016 10:20:04 AM EDT | |
| 00284866 | View | Document | Kroells, Christine | 11/17/2016 2:31:52 PM EDT | |
| 00284866 | View | Document | Maria, David | 1/23/2017 10:24:01 AM EST | |
| 00284902 | View | Document | Maria, David | 5/4/2016 3:10:52 PM EDT | |
| 00284902 | View | Document | Maria, David | 5/4/2016 4:03:03 PM EDT | |
| 00284902 | View | Document | Maria, David | 9/23/2016 10:20:08 AM EDT | |
| 00284902 | Print | Document | Maria, David | 9/23/2016 10:20:32 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00284902 | View | Document | Maria, David | 9/23/2016 10:21:15 AM EDT | |
| 00284902 | View | Document | Maria, David | 11/29/2016 11:42:46 AM EST | |
| 00284902 | View | Document | Maria, David | 1/23/2017 10:24:25 AM EST | |
| 00284903 | View | Document | Maria, David | 5/4/2016 3:10:54 PM EDT | |
| 00284903 | View | Document | Maria, David | 5/4/2016 4:03:08 PM EDT | |
| 00284903 | View | Document | Maria, David | 8/30/2016 2:44:26 PM EDT | |
| 00284903 | View | Document | Maria, David | 9/23/2016 10:20:39 AM EDT | |
| 00284903 | View | Document | Maria, David | 9/23/2016 10:21:12 AM EDT | |
| 00284903 | View | Document | Maria, David | 9/23/2016 10:21:22 AM EDT | |
| 00284903 | View | Document | Maria, David | 11/29/2016 11:43:05 AM EST | |
| 00284903 | View | Document | Maria, David | 1/23/2017 10:24:29 AM EST | |
| 00284912 | View | Document | Maria, David | 5/4/2016 4:03:13 PM EDT | |
| 00284912 | Print | Document | Maria, David | 5/4/2016 4:04:04 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284912 | View | Document | Maria, David | 5/4/2016 4:05:58 PM EDT | |
| 00284912 | View | Document | Kroells, Christine | 5/5/2016 3:05:41 PM EDT | |
| 00284912 | Print | Document | Kroells, Christine | 5/5/2016 3:06:06 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284912 | View | Document | Kroells, Christine | 5/5/2016 3:15:00 PM EDT | |

U.S. v. Adams

Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00284912 | Print | Document | Kroells, Christine | 5/5/2016 3:15:16 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-1&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[HP LaserJet 4250 PCL 5]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00284912 | View | Document | Maria, David | 9/23/2016 10:20:49 AM EDT | |
| 00284912 | Print | Document | Maria, David | 9/23/2016 10:21:07 AM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-1&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00284912 | View | Document | Maria, David | 9/23/2016 10:21:25 AM EDT | |
| 00284912 | View | Document | Maria, David | 1/23/2017 10:24:31 AM EST | |
| 00284947 | View | Document | Maria, David | 5/4/2016 4:05:19 PM EDT | |
| 00284947 | View | Document | Maria, David | 5/4/2016 4:05:57 PM EDT | |
| 00284947 | View | Document | Maria, David | 5/4/2016 4:06:02 PM EDT | |
| 00284947 | View | Document | Maria, David | 9/23/2016 10:21:28 AM EDT | |
| 00284947 | View | Document | Maria, David | 1/23/2017 10:24:34 AM EST | |
| 00284947 | View | Document | Maria, David | 1/23/2017 10:24:38 AM EST | |
| 00285408 | View | Document | Maria, David | 5/4/2016 4:05:39 PM EDT | |
| 00285408 | View | Document | Maria, David | 5/4/2016 4:06:03 PM EDT | |
| 00285408 | View | Document | Maria, David | 5/4/2016 4:06:07 PM EDT | |
| 00285408 | Print | Document | Maria, David | 5/4/2016 4:06:09 PM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00285408 | View | Document | Kroells, Christine | 6/28/2016 12:10:26 PM EDT | |
| 00285408 | View | Document | Kroells, Christine | 6/28/2016 12:10:47 PM EDT | |
| 00285408 | View | Document | Kroells, Christine | 6/28/2016 12:12:46 PM EDT | |
| 00285408 | Print | Document | Kroells, Christine | 6/28/2016 12:12:57 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-1&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[Hewlett-Packard LaserJet 4250]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00285408 | View | Document | Maria, David | 9/23/2016 10:21:36 AM EDT | |
| 00285408 | View | Document | Maria, David | 1/23/2017 10:24:36 AM EST | |
| 00285408 | View | Document | Maria, David | 1/23/2017 10:24:45 AM EST | |
| 00287437 | View | Document | Maria, David | 5/4/2016 4:06:04 PM EDT | |
| 00287437 | View | Document | Maria, David | 5/4/2016 4:06:22 PM EDT | |
| 00287437 | Print | Document | Maria, David | 5/4/2016 4:06:50 PM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00287437 | View | Document | Kroells, Christine | 5/5/2016 3:09:06 PM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM  Document 149  Filed 06/01/18  Page 109 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00287437 | Print | Document | Kroells, Christine | 5/5/2016 3:09:57 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00287437 | View | Document | Maria, David | 9/23/2016 10:21:43 AM EDT | |
| 00287437 | View | Document | Maria, David | 1/23/2017 10:24:48 AM EST | |
| 00288829 | View | Document | Maria, David | 5/4/2016 4:06:59 PM EDT | |
| 00288829 | Print | Document | Maria, David | 5/4/2016 4:07:11 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00288829 | View | Document | Maria, David | 9/23/2016 10:22:05 AM EDT | |
| 00288829 | Print | Document | Maria, David | 9/23/2016 10:22:18 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00288829 | View | Document | Maria, David | 1/23/2017 10:24:51 AM EST | |
| 00293684 | View | Document | Kroells, Christine | 5/12/2016 2:32:59 PM EDT | |
| 00293684 | View | Document | Kroells, Christine | 5/31/2016 11:16:53 AM EDT | |
| 00293684 | View | Document | Kroells, Christine | 6/28/2016 12:21:09 PM EDT | |
| 00302833 | View | Document | Kroells, Christine | 5/5/2016 3:10:39 PM EDT | |
| 00302833 | Print | Document | Kroells, Christine | 5/5/2016 3:11:36 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00302833 | View | Document | Kroells, Christine | 5/5/2016 3:17:59 PM EDT | |
| 00302833 | View | Document | Kroells, Christine | 5/11/2016 4:03:32 PM EDT | |
| 00302833 | Print | Document | Kroells, Christine | 5/11/2016 4:04:05 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00302834 | View | Document | Kroells, Christine | 5/5/2016 3:11:41 PM EDT | |
| 00302834 | View | Document | Kroells, Christine | 5/5/2016 3:18:06 PM EDT | |
| 00302834 | View | Document | Kroells, Christine | 5/11/2016 4:04:14 PM EDT | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM  Document 149  Filed 06/01/18  Page 110 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00302834 | Print | Document | Kroells, Christine | 5/11/2016 4:04:28 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00307075 | View | Document | Maria, David | 5/4/2016 4:08:50 PM EDT | |
| 00307075 | View | Document | Maria, David | 9/23/2016 10:22:59 AM EDT | |
| 00307075 | View | Document | Maria, David | 1/23/2017 10:25:32 AM EST | |
| 00307078 | View | Document | Maria, David | 5/4/2016 4:09:00 PM EDT | |
| 00307078 | View | Document | Maria, David | 9/23/2016 10:23:07 AM EDT | |
| 00307078 | View | Document | Maria, David | 1/23/2017 10:25:40 AM EST | |
| 00307087 | View | Document | Maria, David | 5/4/2016 4:09:03 PM EDT | |
| 00307087 | View | Document | Maria, David | 9/23/2016 10:23:11 AM EDT | |
| 00307087 | View | Document | Maria, David | 1/23/2017 10:25:44 AM EST | |
| 00309919 | View | Document | Kroells, Christine | 5/10/2016 2:38:14 PM EDT | |
| 00309919 | View | Document | Kroells, Christine | 5/10/2016 2:38:31 PM EDT | |
| 00309919 | Print | Document | Kroells, Christine | 5/10/2016 2:39:24 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00309919 | View | Document | Maria, David | 9/19/2016 11:38:50 AM EDT | |
| 00324833 | View | Document | Maria, David | 5/4/2016 3:06:24 PM EDT | |
| 00324833 | View | Document | Maria, David | 5/4/2016 3:10:57 PM EDT | |
| 00324833 | View | Document | Maria, David | 5/4/2016 4:09:14 PM EDT | |
| 00324833 | View | Document | Maria, David | 5/9/2016 5:04:40 PM EDT | |
| 00324833 | View | Document | Maria, David | 8/30/2016 2:39:51 PM EDT | |
| 00324833 | View | Document | Maria, David | 8/30/2016 2:44:32 PM EDT | |
| 00324833 | View | Document | Maria, David | 9/23/2016 10:23:23 AM EDT | |
| 00324833 | View | Document | Maria, David | 1/10/2017 11:08:30 AM EST | |
| 00324833 | View | Document | Maria, David | 1/23/2017 10:25:52 AM EST | |
| 00324835 | View | Document | Maria, David | 5/4/2016 3:06:39 PM EDT | |
| 00324835 | View | Document | Maria, David | 5/4/2016 3:10:59 PM EDT | |
| 00324835 | View | Document | Maria, David | 5/4/2016 4:09:19 PM EDT | |
| 00324835 | View | Document | Maria, David | 5/9/2016 5:04:43 PM EDT | |
| 00324835 | View | Document | Maria, David | 8/30/2016 2:40:00 PM EDT | |
| 00324835 | View | Document | Maria, David | 8/30/2016 2:44:34 PM EDT | |
| 00324835 | View | Document | Maria, David | 9/23/2016 10:23:28 AM EDT | |
| 00324835 | View | Document | Maria, David | 1/10/2017 11:08:38 AM EST | |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM  Document 149  Filed 06/01/18  Page 111 of 203
Log Showing Document Outside the Scope of the Warrant (Warrant Sales Theory) Viewed Three or More Times

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00324835 | View | Document | Maria, David | 1/23/2017 10:25:57 AM EST | |
| 00361439 | View | Document | Kroells, Christine | 5/31/2016 11:20:01 AM EDT | |
| 00361439 | View | Document | Maria, David | 8/30/2016 2:35:21 PM EDT | |
| 00361439 | View | Document | Maria, David | 9/7/2016 1:48:02 PM EDT | |
| 00361439 | View | Document | Maria, David | 10/19/2016 10:35:49 AM EDT | |
| 00361552 | View | Document | Kroells, Christine | 5/12/2016 4:52:15 PM EDT | |
| 00361552 | View | Document | Maria, David | 5/25/2016 4:29:18 PM EDT | |
| 00361552 | View | Document | Kroells, Christine | 5/31/2016 11:20:03 AM EDT | |
| 00361552 | View | Document | Maria, David | 10/19/2016 10:36:03 AM EDT | |

# EXHIBIT 11

**From:** Maria, David (USAMN) 1 [mailto:David.Maria@usdoj.gov]
**Sent:** Thursday, February 22, 2018 1:21 PM
**To:** Wade, Lance <LWade@wc.com>; Maier, Gloria <GMaier@wc.com>
**Cc:** Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>; Kokkinen, John (USAMN)
<John.Kokkinen@usdoj.gov>
**Subject:** RE: U.S. v. Adams

Lance—

Our responses are below.  Let me know if you have any questions or if there is anything that we
need to discuss.

David

**From:** Wade, Lance [mailto:LWade@wc.com]
**Sent:** Wednesday, February 07, 2018 4:00 PM
**To:** Maria, David (USAMN) 1 <dmaria1@usa.doj.gov>
**Cc:** Maier, Gloria <GMaier@wc.com>; Rank, Timothy (USAMN) <TRank@usa.doj.gov>; Kokkinen,
John (USAMN) <jkokkinen@usa.doj.gov>; Wade, Lance <LWade@wc.com>
**Subject:** RE: U.S. v. Adams

David:

This responds to your email below relating to post-hearing discovery.  In it, you
identified three follow-up items.  We will first respond to questions regarding
those items, then identify the other discovery issues we discussed in our post-
hearing calls and our understanding of the status of those requests, and, finally,
we will make one additional request – which I believe was made to David
Maclaughlin previously, but I want to make sure it is documented here.

**Questions/Comments on Items You Identified**

1. **List of documents viewed in Relativity (by document number)**;

   a. ADAMS RESPONSE: We did agree that you would provide us
      with a list, which we received.  However, (as noted below), we
      understood that you were providing us with an unredacted

database activity log, which we have not received.

As you note, we have now provided you with a list of all documents viewed in the database.  We do not plan on providing an unredacted database activity log.

2. **Provide the dates that emails from the Relativity database were sent to Brandon Belich**;

   a. ADAMS RESPONSE: we received materials from Ann Bildtsen. Thank you for the response.  We asked for the transmittal emails themselves, but you have refused to produce them.

   We do not plan on providing the transmittal emails.

3. **Determine (by Taint Team, if necessary) if any Jencks material relating to Brandon Belich's testimony at the hearing exists in any IRS Special Agent Report ("SAR").**

   a. GOVERNMENT POSITION:  "Brandon Belich was not the agent who submitted the SAR to DOJ Tax in this matter, so there exists no Jencks material relating to this request."

   b. ADAMS RESPONSE:  Whether or not IRS Special Agent Belich was the one who "submitted" the report, if he prepared portions of the SAR (we believe he testified he did), it includes his statements.  Those statements, and emails or word documents that reflect sections of the SAR he wrote would similarly include his statements.  Moreoever, if the SAR discusses Yahoo-derived evidence, it is also Brady.  Have materials of this kind been analyzed for Jencks and Brady purposes?

   As noted, the SAR was signed and submitted by Special Agent Marcus Lane, and, accordingly, any "statements" for the purpose of Jencks would be his.  If Agent Lane testifies at trial, we will disclose his SAR to you.  We are unaware of any authority to support your assertion above that any input that Belich may have had into the SAR before he left would constitute his "statement" for Jencks/3500 purposes.  To the contrary, as Agent Belich left well before the completion of the SAR, even if he was involved in the preparation of portions

of the SAR, any such "statements" were not "signed or otherwise adopted or approved by him." *See* 18 U.S.C. § 3500(e)(1).  As to your Brady assertion, it is unclear to us how a discussion of "Yahoo-derived evidence" could be could be exculpatory in any way or could otherwise fall under Brady.  That being said, to the extent there is any actual Brady material in the SAR, it will be disclosed to you.

## Additional Items Discussed, But Not Addressed in Your Correspondence

### 4.  Yahoo emails shown to witnesses during interviews

a.  ADAMS UNDERSTANDING: It was our understanding that you agreed to produce, through the taint team, any Yahoo emails that were shown to witnesses during interviews.  We asked you to identify which documents were shown to which witnesses.  You refused to identify the witnesses who were shown the documents, but agreed to give us the document ID numbers and the dates they were shown to witnesses.

We are reviewing our reports of interviews, and, to the extent that they append or reference documents that were shown to witnesses, we will identify those documents for you (by document number).  As we discussed earlier though, we cannot represent that this will be a comprehensive list of all documents that were shown to witnesses, because, if the agent drafting the interview report did not include such information, we would have no way of knowing with any certainty which, if any, documents were shown.  (Having not reviewed interview reports in quite some time, I do not know one way or another how many reports reference documents.)

### 5.  Jencks Statements/302s

a.  ADAMS UNDERSTANDING: We reiterated our request that you disclose these materials now as they likely contain Brady relating to the pending motion, and because we are entitled to know if you did follow-up searching in the database based on information obtained in the interview.  You reiterated the government's refusal to give us the Jencks statements themselves, but said you will prepare a log of the statements – which we understood to mean the date of the interview and witness interviewed.

We do not intend to produce reports of witness interviews at the present time, but

we will provide them well in advance of trial.  We do not recall discussing on the January call that we would provide you with a list of individuals whom we interviewed (or dates of those interviews).   Again, we do not see how the reports could "contain Brady relating to the pending motion," but, to the extent that they contain actual Brady material, such material will be disclosed to you.

### 6.  Unredacted Version of Database Activity Spreadsheet

a.  ADAMS UNDERSTANDING: It was our understanding from our conversation that you agreed to produce the unredacted log.  We understand that you are taking the position that you only agreed to produce a list of documents you viewed.  We maintain that an unredacted database activity log is essential to the litigation of the forthcoming motions.  If the government maintains its refusal to provide this, we will need to raise this with the Court soon.  Please advise of your position, or if you prefer to confer further on this before going to the Court.

As noted above, the government did not promise to provide, nor will it provide, an unredacted log of activity in the database, as we have already provided to you the full list of documents viewed by the prosecution team.  Providing the unredacted log, which would reflect when, and how many times I, and other members of the team, looked at specific documents, is work product reflecting which documents we found to be most important and which documents we reviewed during the preparation of the indictment.

That being said, If the Court finds certain documents to be privileged after the current round of briefing has concluded, at that time, we will provide you with the specifics as to when, and how many times, we reviewed documents (if any) that are found to be privileged.

### 7.  Emails Transmitting Search Warrants to Agents

a.  ADAMS UNDERSTANDING: you were searching for these emails.

We did not find any emails transmitting the search warrant to agents after it was signed.  Agent Kroells retained a copies of the signed versions after she appeared before the Magistrate Judge to swear out the affidavits and get the warrants signed.

### Additional Items

8. **Please produce, through the taint team, copies of all Yahoo emails/documents that were printed or saved to PDF by members of the investigation team.**

> We will provide you with a list, by document number, of all emails/documents that were printed or saved to PDF.

We stand prepared to meet and confer on any or all of these items.  As explained previously, it would be our preference to record future calls – with your consent.

--Lance

**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com  |  www.wc.com/lwade

---

**From:** Maria, David (USAMN) 1 [mailto:David.Maria@usdoj.gov]
**Sent:** Tuesday, January 30, 2018 1:06 PM
**To:** Wade, Lance <LWade@wc.com>
**Cc:** Maier, Gloria <GMaier@wc.com>; Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>; Kokkinen, John (USAMN) <John.Kokkinen@usdoj.gov>
**Subject:** RE: U.S. v. Adams

Lance—

I am happy to have a call, but below is my recollection of what we discussed, and what the government committed to provide, when we spoke.  Because of the allegations that you have made against me in this matter, I have made sure to include others on the calls that we have, as well as the email communications, and I have confirmed with them that their understanding is the same as mine in terms of what was discussed and/or what commitments were made.  Here is what my notes reflect we agreed to provide to you:

1. Provide a list of documents viewed in Relativity (by document number);
   a. STATUS: This was done yesterday by PDF; today in Excel format.
2. Provide the dates that emails from the Relativity database were sent to Brandon Belich;
   a. NOTE: You requested that any cover emails also be produced, but we did not agree to produce such communications.

     b.   STATUS: These materials are being reviewed by Ann Bildtsen, who will be contacting you on this if she has not already; my understanding is that she will be providing you with the dates of the communications, as well as the documents (or a list of documents by ID number) that were communicated on those dates.

3.  Determine (by Taint Team, if necessary) if any Jencks material relating to Brandon Belich's testimony at the hearing exists in any IRS Special Agent Report ("SAR").

     a.   STATUS: Brandon Belich was not the agent who submitted the SAR to DOJ Tax in this matter, so there exists no Jencks material relating to this request.

Also, per the voice mail that I left you yesterday, we are putting together a list of any discovery materials that have not yet been turned over and will hopefully have that completed and to you this week.

To the extent that you believe that there are communication problems, I would suggest that, after we meet and confer, you provide us with your understanding of what commitments we made within a reasonable time period after the meeting/call, and we can confirm your understanding or note any differences of opinion. That way, there should not be disagreements weeks later as to what was said.

As noted above, we are happy to have a call to discuss this, and we are available this afternoon or most of the day tomorrow.

David

---

**From:** Wade, Lance [mailto:LWade@wc.com]
**Sent:** Tuesday, January 30, 2018 10:54 AM
**To:** Maria, David (USAMN) 1 <dmaria1@usa.doj.gov>
**Cc:** Maier, Gloria <GMaier@wc.com>; Rank, Timothy (USAMN) <TRank@usa.doj.gov>; Kokkinen, John (USAMN) <jkokkinen@usa.doj.gov>
**Subject:** RE: U.S. v. Adams

David,

When are you available to meet and confer on this and other commitments the government has made to provide additional post-hearing information? In light of our continued disagreements regarding the commitments the government has made in telephone calls, I would like to make sure we have clarity on your positions, document them in writing, and then bring remaining disagreements to the Court promptly. I have not had troubles of this kind in prior matters, but perhaps my hearing is failing with age. Given that, I am happy to consent to the recording of these calls to avoid continued disagreements and miscommunications going forward. Please advise if the government is willing to do the same.

Thanks.

--Lance

**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade

**From:** Maria, David (USAMN) 1 [mailto:David.Maria@usdoj.gov]
**Sent:** Tuesday, January 30, 2018 11:27 AM
**To:** Wade, Lance <LWade@wc.com>
**Cc:** Maier, Gloria <GMaier@wc.com>; Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>;
Kokkinen, John (USAMN) <John.Kokkinen@usdoj.gov>
**Subject:** RE: U.S. v. Adams

Lance –

We agreed to produce to you a list of all the documents that were viewed in Relativity and not an
unredacted version of the database activity log.  This is clear from our proposed timeline to the
Court, which provided that the "Government submits list of viewed documents to Adams by Feb. 1,"
as well as the Court's Scheduling Order, which provided that "the government must disclose a list of
all emails form the accounts at issue that were accessed by the government on or before February 1,
2018."

We complied with that obligation when we sent you the PDF list of viewed documents yesterday.
Per your request, here is that list in Excel format.

Thanks,
David

**From:** Wade, Lance [mailto:LWade@wc.com]
**Sent:** Monday, January 29, 2018 8:29 PM
**To:** Maria, David (USAMN) 1 <dmaria1@usa.doj.gov>
**Cc:** Maier, Gloria <GMaier@wc.com>; Rank, Timothy (USAMN) <TRank@usa.doj.gov>; Kokkinen,
John (USAMN) <jkokkinen@usa.doj.gov>; Wade, Lance <LWade@wc.com>
**Subject:** RE: U.S. v. Adams

David,

We would prefer it in Excel format.  Thank you.  Also, in our January 12 meet and confer you agreed
to provide the database activity log in unredacted form.  When can we get that?  We would prefer
that in Excel format as well.

Thanks.

--Lance

**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade

---

**From:** Maria, David (USAMN) 1 [mailto:David.Maria@usdoj.gov]
**Sent:** Monday, January 29, 2018 4:16 PM
**To:** Wade, Lance <LWade@wc.com>
**Cc:** Maier, Gloria <GMaier@wc.com>; Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>;
Kokkinen, John (USAMN) <John.Kokkinen@usdoj.gov>
**Subject:** U.S. v. Adams

Lance,

Attached is a log of all documents (by doc ID number) that were viewed in Relativity.  Let me know if
you want a version of this in Excel instead of as a PDF.

Thanks,
David


David M. Maria
Assistant United States Attorney
District of Minnesota, Criminal Division
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
V: 612.664.5681 | F: 612.664.5787

---

This message and any attachments are intended only for the addressee and may contain information that is
privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or
disclose the contents of the message and any attachments. Instead, please delete the message and any attachments
and notify the sender immediately. Thank you.

# EXHIBIT 12

*U.S. v. Adams*

EXCERPT: Revised Privilege Log of Documents Viewed by Government in "For Review" Folder
E. Adams Personal Attorney-Client Privilege or Attorney Work Product Protection

5/30/2018

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 101 | 00224269 00224270 (attachment) | 10/28/2014 | Confidential correspondence with "ESA Tax Summary for P. Murry" Excel spreadsheet attachment from Edward Adams to Patrick Murry, copying Ashley Miller, supplying private information in an "ESA Tax Summary for P.Murry" Excel spreadsheet, conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | | Edward Adams <edwardsadams@yahoo.com> | Patrick M. Murry <pmurry@murryllc.com> | amiller <amiller@murryllc.com> | | Edward_S_Adams |
| 102 | 00224366 | 10/29/2014 | Confidential correspondence from Edward Adams to Ashley Miller, supplying information conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | X | edwardsadams <edwardsadams@yahoo.com> | Ashley Miller <amiller@murryllc.com> | | | Edward_S_Adams |
| 103 | 00224368 | 10/29/2014 | Confidential correspondence from Edward Adams to Ashley Miller, supplying information conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | X | edwardsadams <edwardsadams@yahoo.com> | Ashley Miller <amiller@murryllc.com> | | | Edward_S_Adams |

# EXHIBIT 13



**From:** Edward Adams [mailto:edwardsadams@yahoo.com]
**Sent:** Wednesday, October 29, 2014 5:33 PM
**To:** Patrick M. Murry <pmurry@murryllc.com>; amiller@murryllc.com
**Subject:** Fw: Request Tax Documents

The password for the amended attached return is REDACTED.  Thanks.

On Monday, October 13, 2014 5:06 PM, "Baltera, Katherine" <Katherine.Baltera@claconnect.com> wrote:

Hey Ed,

Here you go; thanks for your patience!

Give me a call (direct line below) if you have any questions or issues opening the files. (They are again password protected with the last 4 digits of your SSN).

Thanks!



**Katie Baltera, Client Service Assistant**
Dealerships, CliftonLarsonAllen LLP

Direct 612-397-3113
katherine.baltera@CLAconnect.com

Main 612-376-4500 x13113, Fax 612-376-4850
220 South Sixth Street, Suite 300, Minneapolis, MN 55402
CLAconnect.com

 An independent member of Nexia International

**From:** Edward Adams [mailto:edwardsadams@yahoo.com]
**Sent:** Monday, October 13, 2014 7:46 AM
**To:** Baltera, Katherine
**Subject:** Re:

Katie,

Can you resend the amended returns for 2007 thru 2010?  The link expired.  Thanks.

Ed Adams


On Tuesday, September 23, 2014 11:27 AM, "Baltera, Katherine" <Katherine.Baltera@claconnect.com> wrote:


You're welcome.

Let me know if you need anything else sent over!

-Katie



**Katie Baltera, Client Service Assistant**
Dealerships, CliftonLarsonAllen LLP

Direct 612-397-3113
katherine.baltera@CLAconnect.com

Main 612-376-4500 x13113, Fax 612-376-4850
220 South Sixth Street, Suite 300, Minneapolis, MN 55402
CLAconnect.com

 An independent member of Nexia International

**From:** Edward Adams [mailto:edwardsadams@yahoo.com]
**Sent:** Tuesday, September 23, 2014 11:22 AM
**To:** Baltera, Katherine
**Subject:** Re: [2014/09/23 11:12 AM - Sent via LeapFILE] Requested Tax Documents

Thank you!!!


On Tuesday, September 23, 2014 11:13 AM, "katherine.baltera@claconnect.com"
<katherine.baltera@claconnect.com> wrote:


*** You have a secure file transfer awaiting download. Details enclosed. ***

FROM:        katherine.baltera@claconnect.com
TO:            edwardsadams@yahoo.com (edwardsadams@yahoo.com)
SUBJECT: [2014/09/23 11:12 AM - Sent via LeapFILE] Requested Tax Documents
**FILE TRANSFER WAITING:**
Click the secure link to download.
http://claconnect.leapfile.net/get.jsp?t=8ae61408488738310148a3499abc3ad6
(TRANSFER EXPIRES October 07, 2014 11:13 AM)

Hi Ed,

Attached are all the documents you requested from Merv.  They are each password protected with the last 4 digits of your SSN.



**Katie Baltera, Client Service Assistant**
Dealerships, CliftonLarsonAllen LLP

Direct 612-397-3113
katherine.baltera@CLAconnect.com

Main 612-376-4500 x13113, Fax 612-376-4850
220 South Sixth Street, Suite 300, Minneapolis, MN 55402
CLAconnect.com

To ensure compliance imposed by IRS Circular 230, any U. S. federal tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed by governmental tax authorities.

The information (including any attachments) contained in this document is confidential and is for the use only of the intended recipient. If you are not the intended recipient, you should delete this message. Any distribution, disclosure, or copying of this message, or the taking of any action based on its contents is strictly prohibited.

CliftonLarsonAllen LLP

# EXHIBIT 14



Logout

# RE: Further To Our Conversation . . .

**From:**  Ann.Bildtsen@usdoj.gov
**To:**  LWade@wc.com
**Cc:**  GMaier@wc.com
**Sent:**  1/5/2018 3:48:23 PM

**Attachments:**  🔴 1.30.09 emails.pdf  🔴 1.31.09 email.pdf  🔴 5 pages of email.pdf
🔴 17 pages.pdf

Lance:

With regard to your request #1 below, please see the attachments entitled "1.30.09 emails" and "1.31.09 email".

With regard to your request #2 below, please see the attachments entitled "5 pages of email" and "17 pages". These are the emails I could definitively identify from the interview reports and attachments as originating from the yahoo accounts at issue.

I have not copied David Maclaughlin on this email, but will share a hard copy with him without the attachments so he is aware I have responded to you.

I am sending this email securely.

Thank you.

**Ann M. Bildtsen | Assistant United States Attorney**
**Deputy Civil Chief**
U.S. Attorney's Office  |  District of Minnesota
600 U.S. Courthouse  |  300 South Fourth Street  |  Minneapolis, MN 55415
T:  612.664.5615  |  F:  612.664.5788
ann.bildtsen@usdoj.gov

---

**From:** Wade, Lance [mailto:LWade@wc.com]
**Sent:** Friday, January 05, 2018 1:27 PM
**To:** Maclaughlin, David (USAMN) <DMaclaughlin@usa.doj.gov>; Maier, Gloria <GMaier@wc.com>
**Cc:** Bildtsen, Ann (USAMN) <ABildtsen@usa.doj.gov>
**Subject:** RE: Further To Our Conversation . . .

David/Ann,

Any update on timing?

**Lance Wade**
**Williams & Connolly LLP**

725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade

**Logout**

---

**From:** Wade, Lance
**Sent:** Thursday, January 04, 2018 11:15 PM
**To:** 'Maclaughlin, David (USAMN)' <david.maclaughlin@usdoj.gov>; Maier, Gloria <GMaier@wc.com>
**Cc:** 'Bildtsen, Ann (USAMN)' <Ann.Bildtsen@usdoj.gov>
**Subject:** RE: Further To Our Conversation . . .

David,

Thanks for the email.

Re #1 , much appreciated.  We will look forward to a production from Ann.

Re# 2, we appreciate your willingness to provide the emails.  However, we stand by our request for a log of the interviews and the grand jury appearances – the dates they happened, and the witnesses examined.  We think this is relevant for numerous reasons – given that the interviews were being conducted throughout the period that the investigative team was searching and accessing the Yahoo emails.  If you maintain your position on this one, please bring such a log to the hearing.  We may raise this with the court.

Many thanks.

--Lance

**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade

---

**From:** Maclaughlin, David (USAMN) [mailto:david.maclaughlin@usdoj.gov]
**Sent:** Thursday, January 04, 2018 6:17 PM
**To:** Wade, Lance <LWade@wc.com>; Maier, Gloria <GMaier@wc.com>
**Cc:** Bildtsen, Ann (USAMN) <Ann.Bildtsen@usdoj.gov>
**Subject:** Further To Our Conversation . . .

Lance and Gloria,

1.     We will produce the emails that SA Khan/Inspector Kroells sent to then-IRS SA Belich.  This seems like pure work product to us, but we will give them to you anyway, without waiving work product/internal communications privileges as to other matters.

2.     As for the Yahoo! emails actually shown to witnesses, we agree to identify for you what emails were shown to witnesses.  We will provide the emails themselves.  It does not seem relevant to us, at least for Monday's hearing, to identify *to whom* they were shown.  That seems collateral to whether we were using, for any purpose, emails outside of the four corners of the warrant.

I'm sure we will talk soon.

David                                                                          **Logout**

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.



*Logout*

# RE: Further To Our Conversation . . .

**From:**  Ann.Bildtsen@usdoj.gov
**To:**  LWade@wc.com
**Cc:**  GMaier@wc.com
**Sent:**  1/5/2018 5:47:03 PM

**Attachments:**  📄 12.3.09 9 pages.pdf   📄 9.30.2010 3 pages.pdf   📄 9.9.2011 6 pages.pdf
📄 1.7.2010 4 pages.pdf

Lance and Gloria:

In response to your request number 2 below, attached are four additional pdfs containing emails.  I believe this is
my last installment.  I have encrypted this email, and will copy David M. only on the cover email, not the
attachments.  Thank you.

**Ann M. Bildtsen | Assistant United States Attorney**
**Deputy Civil Chief**
U.S. Attorney's Office  |  District of Minnesota
600 U.S. Courthouse  |  300 South Fourth Street  |  Minneapolis, MN 55415
T: 612.664.5615  |  F: 612.664.5788
ann.bildtsen@usdoj.gov

---

**From:** Wade, Lance [mailto:LWade@wc.com]
**Sent:** Friday, January 05, 2018 1:27 PM
**To:** Maclaughlin, David (USAMN) <DMaclaughlin@usa.doj.gov>; Maier, Gloria <GMaier@wc.com>
**Cc:** Bildtsen, Ann (USAMN) <ABildtsen@usa.doj.gov>
**Subject:** RE: Further To Our Conversation . . .

David/Ann,

Any update on timing?

**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade

---

**From:** Wade, Lance
**Sent:** Thursday, January 04, 2018 11:15 PM
**To:** 'Maclaughlin, David (USAMN)' <david.maclaughlin@usdoj.gov>; Maier, Gloria <GMaier@wc.com>
**Cc:** 'Bildtsen, Ann (USAMN)' <Ann.Bildtsen@usdoj.gov>
**Subject:** RE: Further To Our Conversation . . .

**Logout**

David,

Thanks for the email.

Re #1 , much appreciated.  We will look forward to a production from Ann.

Re# 2, we appreciate your willingness to provide the emails.  However, we stand by our request for a log of the interviews and the grand jury appearances – the dates they happened, and the witnesses examined.  We think this is relevant for numerous reasons – given that the interviews were being conducted throughout the period that the investigative team was searching and accessing the Yahoo emails.  If you maintain your position on this one, please bring such a log to the hearing.  We may raise this with the court.

Many thanks.

--Lance

**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade

---

**From:** Maclaughlin, David (USAMN) [mailto:david.maclaughlin@usdoj.gov]
**Sent:** Thursday, January 04, 2018 6:17 PM
**To:** Wade, Lance <LWade@wc.com>; Maier, Gloria <GMaier@wc.com>
**Cc:** Bildtsen, Ann (USAMN) <Ann.Bildtsen@usdoj.gov>
**Subject:** Further To Our Conversation . . .

Lance and Gloria,

1.    We will produce the emails that SA Khan/Inspector Kroells sent to then-IRS SA Belich.  This seems like pure work product to us, but we will give them to you anyway, without waiving work product/internal communications privileges as to other matters.

2.    As for the Yahoo! emails actually shown to witnesses, we agree to identify for you what emails were shown to witnesses.  We will provide the emails themselves.  It does not seem relevant to us, at least for Monday's hearing, to identify *to whom* they were shown.  That seems collateral to whether we were using, for any purpose, emails outside of the four corners of the warrant.

I'm sure we will talk soon.

David

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

# EXHIBIT 15

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 1 | 00270072 | Update | Document | Kroells, Christine | 11/17/2016 12:57:25 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 2 | 00270068 | Update | Document | Kroells, Christine | 11/17/2016 12:57:39 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 3 | 00380866 | Update | Document | Kroells, Christine | 11/17/2016 12:58:23 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 4 | 00270064 | Update | Document | Kroells, Christine | 11/17/2016 1:04:12 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 5 | 00380895 | Update | Document | Kroells, Christine | 11/17/2016 1:04:58 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 6 | 00381008 | Update | Document | Kroells, Christine | 11/17/2016 1:06:31 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 7 | 00381019 | Update | Document | Kroells, Christine | 11/17/2016 1:06:53 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 8 | 00270179 | Update | Document | Kroells, Christine | 11/17/2016 1:08:53 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 9 | 00382713 | Update | Document | Kroells, Christine | 11/17/2016 1:10:26 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 10 | 00270527 | Update | Document | Kroells, Christine | 11/17/2016 1:12:20 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 11 | 00387223 | Update | Document | Kroells, Christine | 11/17/2016 1:20:44 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184254</setChoice></field></auditElement> |
| 12 | 00387222 | Update | Document | Kroells, Christine | 11/17/2016 1:20:54 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184254</setChoice></field></auditElement> |
| 13 | 00387980 | Update | Document | Kroells, Christine | 11/17/2016 1:23:01 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |
| 14 | 00387979 | Update | Document | Kroells, Christine | 11/17/2016 1:23:12 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement> |

Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 15 | 00271645 | Update | Document | Kroells, Christine | 11/17/2016 1:23:48 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 16 | 00271648 | Update | Document | Kroells, Christine | 11/17/2016 1:24:03 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 17 | 00001088 | Update | Document | Kroells, Christine | 11/17/2016 2:57:50 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1037614</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 18 | 00419270 | Update | Document | Kroells, Christine | 11/17/2016 3:02:13 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1037614</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 19 | 00419269 | Update | Document | Kroells, Christine | 11/17/2016 3:02:34 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1037614</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 20 | 00003929 | Update | Document | Kroells, Christine | 11/17/2016 3:06:29 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1037614</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184240</setChoice><setChoice>1184237</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 21 | 00003928 | Update | Document | Kroells, Christine | 11/17/2016 3:07:09 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1037614</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184239</setChoice><setChoice>1184237</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 22 | 00421322 | Update | Document | Kroells, Christine | 11/17/2016 3:22:27 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 23 | 00421407 | Update | Document | Kroells, Christine | 11/17/2016 3:23:03 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 24 | 00421406 | Update | Document | Kroells, Christine | 11/17/2016 3:23:13 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184250</setChoice></field></auditElement>` |
| 25 | 00277641 | Update | Document | Kroells, Christine | 11/28/2016 2:36:21 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184248</setChoice><setChoice>1184250</setChoice></field></auditElement>` |

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 26 | 00318195 | Update | Document | Kroells, Christine | 11/28/2016 2:42:03 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 27 | 00318309 | Update | Document | Kroells, Christine | 11/28/2016 2:42:31 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement> |
| 28 | 00318331 | Update | Document | Kroells, Christine | 11/28/2016 2:42:50 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement> |
| 29 | 00393730 | Update | Document | Kroells, Christine | 11/28/2016 2:48:20 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement> |
| 30 | 00429882 | Update | Document | Kroells, Christine | 11/28/2016 3:03:36 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice></field></auditElement> |
| 31 | 00338078 | Update | Document | Kroells, Christine | 11/28/2016 3:09:22 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 32 | 00338080 | Update | Document | Kroells, Christine | 11/28/2016 3:09:40 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 33 | 00338082 | Update | Document | Kroells, Christine | 11/28/2016 3:09:52 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 34 | 00338084 | Update | Document | Kroells, Christine | 11/28/2016 3:10:01 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 35 | 00338088 | Update | Document | Kroells, Christine | 11/28/2016 3:10:09 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 36 | 00343914 | Update | Document | Kroells, Christine | 11/28/2016 3:11:52 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184238</setChoice></field></auditElement> |

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 37 | 00023233 | Update | Document | Kroells, Christine | 11/28/2016 3:21:36 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184256</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 38 | 00023265 | Update | Document | Kroells, Christine | 11/28/2016 3:22:16 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184256</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 39 | 00023268 | Update | Document | Kroells, Christine | 11/28/2016 3:22:32 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184256</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 40 | 00023287 | Update | Document | Kroells, Christine | 11/28/2016 3:26:28 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184256</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice><setChoice>1184239</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 41 | 00023476 | Update | Document | Kroells, Christine | 11/28/2016 3:29:43 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184256</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 42 | 00023554 | Update | Document | Kroells, Christine | 11/28/2016 3:30:47 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184256</setChoice><setChoice>1184267</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 43 | 00023554 | Update | Document | Kroells, Christine | 11/28/2016 3:31:17 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184269</setChoice></field></auditElement>` |
| 44 | 00023233 | Update | Document | Kroells, Christine | 11/28/2016 3:31:49 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice></field></auditElement>` |
| 45 | 00023265 | Update | Document | Kroells, Christine | 11/28/2016 3:31:57 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice></field></auditElement>` |
| 46 | 00023268 | Update | Document | Kroells, Christine | 11/28/2016 3:32:14 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184255</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><unsetChoice>1184256</unsetChoice></field></auditElement>` |

Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 47 | 00023265 | Update | Document | Kroells, Christine | 11/28/2016 3:32:33 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184255</setChoice><unsetChoice>1184256</unsetChoice></field></auditElement>` |
| 48 | 00023233 | Update | Document | Kroells, Christine | 11/28/2016 3:32:41 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184255</setChoice><unsetChoice>1184256</unsetChoice></field></auditElement>` |
| 49 | 00022652 | Update | Document | Kroells, Christine | 11/28/2016 3:33:15 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 50 | 00022997 | Update | Document | Kroells, Christine | 11/28/2016 3:34:33 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184239</setChoice></field></auditElement>` |
| 51 | 00023037 | Update | Document | Kroells, Christine | 11/28/2016 3:35:09 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 52 | 00027091 | Update | Document | Kroells, Christine | 11/28/2016 3:43:02 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 53 | 00027212 | Update | Document | Kroells, Christine | 11/28/2016 3:53:13 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 54 | 00324408 | Update | Document | Kroells, Christine | 11/28/2016 3:54:25 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1184255</setChoice><setChoice>1037614</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184246</setChoice></field></auditElement>` |
| 55 | 00324448 | Update | Document | Kroells, Christine | 11/29/2016 8:11:30 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184246</setChoice><setChoice>1184237</setChoice><setChoice>1184249</setChoice></field></auditElement>` |

U.S. v. Adams

Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 56 | 00324460 | Update | Document | Kroells, Christine | 11/29/2016 8:14:31 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1037614</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 57 | 00324461 | Update | Document | Kroells, Christine | 11/29/2016 8:15:31 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 58 | 00324464 | Update | Document | Kroells, Christine | 11/29/2016 8:20:12 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1037614</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 59 | 00324469 | Update | Document | Kroells, Christine | 11/29/2016 8:21:55 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 60 | 00324468 | Update | Document | Kroells, Christine | 11/29/2016 8:22:09 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 61 | 00324499 | Update | Document | Kroells, Christine | 11/29/2016 8:24:29 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 62 | 00324502 | Update | Document | Kroells, Christine | 11/29/2016 8:25:29 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1037614</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice></field></auditElement>` |
| 63 | 00324507 | Update | Document | Kroells, Christine | 11/29/2016 8:28:33 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice></field></auditElement>` |
| 64 | 00435996 | Update | Document | Kroells, Christine | 11/29/2016 8:32:36 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184246</setChoice><setChoice>1184237</setChoice><setChoice>1184249</setChoice></field></auditElement>` |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 140 of 203
Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 65 | 00436001 | Update | Document | Kroells, Christine | 11/29/2016 8:34:23 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184246</setChoice><setChoice>1184237</setChoice><setChoice>1184249</setChoice></field></auditElement>` |
| 66 | 00324531 | Update | Document | Kroells, Christine | 11/29/2016 8:35:20 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 67 | 00324536 | Update | Document | Kroells, Christine | 11/29/2016 8:37:29 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 68 | 00324683 | Update | Document | Kroells, Christine | 11/29/2016 8:44:31 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 69 | 00324718 | Update | Document | Kroells, Christine | 11/29/2016 8:45:09 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice></field></auditElement>` |
| 70 | 00324802 | Update | Document | Kroells, Christine | 11/29/2016 8:53:28 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184251</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 71 | 00324820 | Update | Document | Kroells, Christine | 11/29/2016 8:55:11 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice></field></auditElement>` |
| 72 | 00324829 | Update | Document | Kroells, Christine | 11/29/2016 8:57:09 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 73 | 00324830 | Update | Document | Kroells, Christine | 11/29/2016 9:04:51 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1037614</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 74 | 00324829 | Update | Document | Kroells, Christine | 11/29/2016 9:05:17 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1037614</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |

Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 75 | 00324860 | Update | Document | Kroells, Christine | 11/29/2016 9:07:51 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 76 | 00436056 | Update | Document | Kroells, Christine | 11/29/2016 9:11:06 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184246</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 77 | 00436021 | Update | Document | Kroells, Christine | 11/29/2016 9:12:07 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184246</setChoice><setChoice>1184237</setChoice><setChoice>1184249</setChoice></field></auditElement>` |
| 78 | 00324969 | Update | Document | Kroells, Christine | 11/29/2016 9:13:29 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 79 | 00324970 | Update | Document | Kroells, Christine | 11/29/2016 9:14:15 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 80 | 00324971 | Update | Document | Kroells, Christine | 11/29/2016 9:15:09 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 81 | 00325143 | Update | Document | Kroells, Christine | 11/29/2016 9:18:09 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184256</setChoice></field></auditElement>` |
| 82 | 00325149 | Update | Document | Kroells, Christine | 11/29/2016 9:18:38 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 83 | 00436128 | Update | Document | Kroells, Christine | 11/29/2016 9:24:26 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184239</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 84 | 00027355 | Update | Document | Kroells, Christine | 11/29/2016 9:26:13 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184236</setChoice></field></auditElement>` |
| 85 | 00325292 | Update | Document | Kroells, Christine | 11/29/2016 9:36:09 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184254</setChoice></field></auditElement>` |

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|-----|------|--------|-------------|-----------|-----------|---------|
| 86 | 00325290 | Update | Document | Kroells, Christine | 11/29/2016 9:36:41 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184254</setChoice></field></auditElement>` |
| 87 | 00325424 | Update | Document | Kroells, Christine | 11/29/2016 11:03:03 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 88 | 00325425 | Update | Document | Kroells, Christine | 11/29/2016 11:03:46 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 89 | 00326041 | Update | Document | Kroells, Christine | 11/29/2016 11:10:14 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |
| 90 | 00326039 | Update | Document | Kroells, Christine | 11/29/2016 11:10:25 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |
| 91 | 00436255 | Update | Document | Kroells, Christine | 11/29/2016 11:11:17 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice><setChoice>1184235</setChoice><setChoice>1184238</setChoice></field></auditElement>` |
| 92 | 00326133 | Update | Document | Kroells, Christine | 11/29/2016 11:13:40 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 93 | 00326135 | Update | Document | Kroells, Christine | 11/29/2016 11:14:57 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 94 | 00326154 | Update | Document | Kroells, Christine | 11/29/2016 11:16:50 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |
| 95 | 00326158 | Update | Document | Kroells, Christine | 11/29/2016 11:17:10 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |
| 96 | 00436271 | Update | Document | Kroells, Christine | 11/29/2016 11:18:48 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184238</setChoice></field></auditElement>` |
| 97 | 00027972 | Update | Document | Kroells, Christine | 11/29/2016 11:20:14 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|-----|------|--------|-------------|-----------|-----------|---------|
| 98 | 00326300 | Update | Document | Kroells, Christine | 11/29/2016 11:20:39 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice><setChoice>1184235</setChoice><setChoice>1184238</setChoice></field></auditElement>` |
| 99 | 00326306 | Update | Document | Kroells, Christine | 11/29/2016 11:21:13 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice><setChoice>1184235</setChoice><setChoice>1184238</setChoice></field></auditElement>` |
| 100 | 00028222 | Update | Document | Kroells, Christine | 11/29/2016 11:23:50 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 101 | 00436325 | Update | Document | Kroells, Christine | 11/29/2016 11:25:27 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184238</setChoice></field></auditElement>` |
| 102 | 00436354 | Update | Document | Kroells, Christine | 11/29/2016 11:26:43 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184238</setChoice></field></auditElement>` |
| 103 | 00028235 | Update | Document | Kroells, Christine | 11/29/2016 11:28:09 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |
| 104 | 00326684 | Update | Document | Kroells, Christine | 11/29/2016 11:29:43 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |
| 105 | 00436435 | Update | Document | Kroells, Christine | 11/29/2016 11:31:39 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 106 | 00028369 | Update | Document | Kroells, Christine | 11/29/2016 11:32:16 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |
| 107 | 00326717 | Update | Document | Kroells, Christine | 11/29/2016 11:33:17 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184253</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice></field></auditElement>` |
| 108 | 00327050 | Update | Document | Kroells, Christine | 11/29/2016 11:43:17 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 109 | 00327127 | Update | Document | Kroells, Christine | 11/29/2016 11:45:43 AM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice><setChoice>1184235</setChoice><setChoice>1184238</setChoice></field></auditElement>` |

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 110 | 00327129 | Update | Document | Kroells, Christine | 11/29/2016 11:48:12 AM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 111 | 00327239 | Update | Document | Kroells, Christine | 11/29/2016 11:53:27 AM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement> |
| 112 | 00327248 | Update | Document | Kroells, Christine | 11/29/2016 11:53:58 AM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 113 | 00327252 | Update | Document | Kroells, Christine | 11/29/2016 11:54:40 AM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 114 | 00027056 | Update | Document | Kroells, Christine | 11/29/2016 11:58:53 AM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement> |
| 115 | 00435903 | Update | Document | Kroells, Christine | 11/29/2016 11:59:51 AM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 116 | 00324284 | Update | Document | Kroells, Christine | 11/29/2016 12:02:25 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 117 | 00324288 | Update | Document | Kroells, Christine | 11/29/2016 12:04:09 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 118 | 00324290 | Update | Document | Kroells, Christine | 11/29/2016 12:04:35 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 119 | 00324292 | Update | Document | Kroells, Christine | 11/29/2016 12:05:23 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 120 | 00324295 | Update | Document | Kroells, Christine | 11/29/2016 12:05:46 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 121 | 00324339 | Update | Document | Kroells, Christine | 11/29/2016 12:14:00 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement> |
| 122 | 00324338 | Update | Document | Kroells, Christine | 11/29/2016 12:14:15 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 123 | 00324372 | Update | Document | Kroells, Christine | 11/29/2016 12:16:30 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 124 | 00324390 | Update | Document | Kroells, Christine | 11/29/2016 12:17:15 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""></field></auditElement> |
| 125 | 00327597 | Update | Document | Kroells, Christine | 11/29/2016 12:27:13 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement> |
| 126 | 00328520 | Update | Document | Kroells, Christine | 11/29/2016 12:57:58 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184254</setChoice></field></auditElement> |
| 127 | 00328526 | Update | Document | Kroells, Christine | 11/29/2016 12:58:18 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184254</setChoice></field></auditElement> |
| 128 | 00328641 | Update | Document | Kroells, Christine | 11/29/2016 12:59:52 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement> |
| 129 | 00328648 | Update | Document | Kroells, Christine | 11/29/2016 1:11:41 PM EST | <auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement> |

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|-----|------|--------|-------------|-----------|-----------|---------|
| 130 | 00328668 | Update | Document | Kroells, Christine | 11/29/2016 1:17:28 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 131 | 00328674 | Update | Document | Kroells, Christine | 11/29/2016 1:20:05 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184273</setChoice></field></auditElement>` |
| 132 | 00328701 | Update | Document | Kroells, Christine | 11/29/2016 1:23:54 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 133 | 00328713 | Update | Document | Kroells, Christine | 11/29/2016 1:32:53 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 134 | 00328715 | Update | Document | Kroells, Christine | 11/29/2016 1:46:24 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 135 | 00328716 | Update | Document | Kroells, Christine | 11/29/2016 1:54:29 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 136 | 00328734 | Update | Document | Kroells, Christine | 11/29/2016 1:55:17 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 137 | 00328900 | Update | Document | Kroells, Christine | 11/29/2016 3:12:16 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 138 | 00328919 | Update | Document | Kroells, Christine | 11/29/2016 3:15:11 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 139 | 00436894 | Update | Document | Kroells, Christine | 11/29/2016 3:20:06 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 140 | 00330241 | Update | Document | Kroells, Christine | 11/29/2016 3:24:53 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |

U.S. v. Adams

Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|-----|------|--------|-------------|-----------|-----------|---------|
| 141 | 00330878 | Update | Document | Kroells, Christine | 11/29/2016 3:30:56 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 142 | 00330879 | Update | Document | Kroells, Christine | 11/29/2016 3:32:17 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 143 | 00330883 | Update | Document | Kroells, Christine | 11/29/2016 3:32:59 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 144 | 00331062 | Update | Document | Kroells, Christine | 11/29/2016 3:34:55 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 145 | 00331274 | Update | Document | Kroells, Christine | 11/29/2016 3:36:46 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 146 | 00331273 | Update | Document | Kroells, Christine | 11/29/2016 3:37:04 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 147 | 00437048 | Update | Document | Kroells, Christine | 11/29/2016 3:41:31 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 148 | 00331650 | Update | Document | Kroells, Christine | 11/29/2016 3:44:45 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 149 | 00030845 | Update | Document | Kroells, Christine | 11/29/2016 3:49:03 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1037614</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 150 | 00437077 | Update | Document | Kroells, Christine | 11/29/2016 3:50:57 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1037614</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184240</setChoice><setChoice>1184239</setChoice><setChoice>1184237</setChoice></field></auditElement>` |

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|-----|------|--------|-------------|-----------|-----------|---------|
| 151 | 00437082 | Update | Document | Kroells, Christine | 11/29/2016 3:52:28 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184239</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 152 | 00437081 | Update | Document | Kroells, Christine | 11/29/2016 3:53:14 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184239</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 153 | 00331821 | Update | Document | Kroells, Christine | 11/29/2016 4:00:01 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 154 | 00437092 | Update | Document | Kroells, Christine | 11/29/2016 4:03:52 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184266</setChoice><setChoice>1184235</setChoice><setChoice>1184246</setChoice><setChoice>1184237</setChoice><setChoice>1184249</setChoice></field></auditElement>` |
| 155 | 00030985 | Update | Document | Kroells, Christine | 11/29/2016 4:13:04 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184246</setChoice><setChoice>1184237</setChoice><setChoice>1184249</setChoice></field></auditElement>` |
| 156 | 00030996 | Update | Document | Kroells, Christine | 11/29/2016 4:14:50 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184266</setChoice><setChoice>1184235</setChoice><setChoice>1184246</setChoice><setChoice>1184237</setChoice><setChoice>1184249</setChoice></field></auditElement>` |
| 157 | 00332036 | Update | Document | Kroells, Christine | 11/29/2016 4:33:34 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 158 | 00332992 | Update | Document | Kroells, Christine | 11/29/2016 4:56:01 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184256</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184268</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice><setChoice>1184248</setChoice></field></auditElement>` |
| 159 | 00333411 | Update | Document | Kroells, Christine | 11/29/2016 4:58:13 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184256</setChoice></field></auditElement>` |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM Document 149 Filed 06/01/18 Page 149 of 203
Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 160 | 00333448 | Update | Document | Kroells, Christine | 11/29/2016 4:59:03 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184256</setChoice></field></auditElement>` |
| 161 | 00333448 | Update | Document | Kroells, Christine | 11/29/2016 5:00:22 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 162 | 00031299 | Update | Document | Kroells, Christine | 11/29/2016 5:02:36 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184256</setChoice><setChoice>1184267</setChoice><setChoice>1184268</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice></field></auditElement>` |
| 163 | 00031307 | Update | Document | Kroells, Christine | 11/29/2016 5:07:57 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 164 | 00031433 | Update | Document | Kroells, Christine | 11/30/2016 2:14:00 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184253</setChoice><setChoice>1184266</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 165 | 00437376 | Update | Document | Kroells, Christine | 11/30/2016 2:20:26 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 166 | 00334123 | Update | Document | Kroells, Christine | 11/30/2016 4:32:50 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice></field></auditElement>` |
| 167 | 00334144 | Update | Document | Kroells, Christine | 11/30/2016 4:34:46 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 168 | 00334213 | Update | Document | Kroells, Christine | 11/30/2016 4:35:18 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice><setChoice>1184238</setChoice></field></auditElement>` |
| 169 | 00334216 | Update | Document | Kroells, Christine | 11/30/2016 4:36:51 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 170 | 00437431 | Update | Document | Kroells, Christine | 11/30/2016 4:37:39 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184235</setChoice><setChoice>1184243</setChoice><setChoice>1184237</setChoice><setChoice>1184238</setChoice></field></auditElement>` |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM  Document 149  Filed 06/01/18  Page 150 of 203
Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 171 | 00334341 | Update | Document | Kroells, Christine | 11/30/2016 4:38:54 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184252</setChoice><setChoice>1184255</setChoice><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184268</setChoice><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |
| 172 | 00334347 | Update | Document | Kroells, Christine | 11/30/2016 4:39:16 PM EST | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184243</setChoice></field></auditElement>` |
| 173 | 00023942 | Update | Document | Kroells, Christine | 5/16/2017 8:55:56 AM EDT | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184240</setChoice><setChoice>1184239</setChoice></field></auditElement>` |
| 174 | 00025360 | Update | Document | Kroells, Christine | 5/16/2017 8:59:28 AM EDT | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184268</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice></field></auditElement>` |
| 175 | 00026328 | Update | Document | Kroells, Christine | 5/16/2017 9:00:10 AM EDT | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice></field></auditElement>` |
| 176 | 00027129 | Update | Document | Kroells, Christine | 5/16/2017 9:01:35 AM EDT | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice></field></auditElement>` |
| 177 | 00027243 | Update | Document | Kroells, Christine | 5/16/2017 9:04:26 AM EDT | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184267</setChoice><setChoice>1184269</setChoice><setChoice>1184235</setChoice><setChoice>1184236</setChoice></field></auditElement>` |
| 178 | 00384868 | Update | Document | Kroells, Christine | 5/16/2017 9:11:48 AM EDT | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice><setChoice>1184241</setChoice></field></auditElement>` |
| 179 | 00271125 | Update | Document | Kroells, Christine | 5/16/2017 9:13:04 AM EDT | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184236</setChoice><setChoice>1184237</setChoice><setChoice>1184241</setChoice></field></auditElement>` |
| 180 | 00421726 | Update | Document | Kroells, Christine | 5/16/2017 9:16:33 AM EDT | `<auditElement><field id="1036720" type="8" name="ISSUES" formatstring=""><setChoice>1184235</setChoice><setChoice>1184237</setChoice></field></auditElement>` |

Log Showing Kroells Updating the Issues Field of Some Documents in Relativity

| Row | Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|---|
| 181 | 00331670 | Update | Document | Kroells, Christine | 5/16/2017 9:18:57 AM EDT | &lt;auditElement&gt;&lt;field id="1036720" type="8" name="ISSUES" formatstring=""&gt;&lt;setChoice&gt;1184267&lt;/setChoice&gt;&lt;setChoice&gt;1184269&lt;/setChoice&gt;&lt;setChoice&gt;1184235&lt;/setChoice&gt;&lt;setChoice&gt;1184236&lt;/setChoice&gt;&lt;/field&gt;&lt;/auditElement&gt; |
| 182 | 00334673 | Update | Document | Kroells, Christine | 5/16/2017 9:20:27 AM EDT | &lt;auditElement&gt;&lt;field id="1036720" type="8" name="ISSUES" formatstring=""&gt;&lt;setChoice&gt;1184267&lt;/setChoice&gt;&lt;setChoice&gt;1184269&lt;/setChoice&gt;&lt;setChoice&gt;1184235&lt;/setChoice&gt;&lt;setChoice&gt;1184236&lt;/setChoice&gt;&lt;/field&gt;&lt;/auditElement&gt; |
| 183 | 00007023 | Update | Document | Kroells, Christine | 8/21/2017 4:20:57 PM EDT | &lt;auditElement&gt;&lt;field id="1036720" type="8" name="ISSUES" formatstring=""&gt;&lt;setChoice&gt;1184252&lt;/setChoice&gt;&lt;setChoice&gt;1184255&lt;/setChoice&gt;&lt;setChoice&gt;1184235&lt;/setChoice&gt;&lt;setChoice&gt;1184236&lt;/setChoice&gt;&lt;setChoice&gt;1184240&lt;/setChoice&gt;&lt;setChoice&gt;1184239&lt;/setChoice&gt;&lt;/field&gt;&lt;/auditElement&gt; |

# EXHIBIT 16

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00018334 | Print | Document | Maria, David | 5/4/2016 1:01:10 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00018375 | Print | Document | Maria, David | 5/4/2016 1:02:08 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00018842 | Print | Document | Maria, David | 5/4/2016 1:02:52 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00020645 | Print | Document | Maria, David | 5/4/2016 1:06:54 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00023457 | Print | Document | Maria, David | 5/4/2016 1:19:06 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00224366 | Print | Document | Maria, David | 5/4/2016 3:04:21 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00225476 | Print | Document | Maria, David | 5/4/2016 3:10:35 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00224368 | Print | Document | Maria, David | 5/4/2016 3:55:02 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284912 | Print | Document | Maria, David | 5/4/2016 4:04:04 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00285408 | Print | Document | Maria, David | 5/4/2016 4:06:09 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00287437 | Print | Document | Maria, David | 5/4/2016 4:06:50 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00288829 | Print | Document | Maria, David | 5/4/2016 4:07:11 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00299580 | Print | Document | Maria, David | 5/4/2016 4:07:54 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00299581 | Print | Document | Maria, David | 5/4/2016 4:08:18 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00299582 | Print | Document | Maria, David | 5/4/2016 4:08:30 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00030484 | Print | Document | Maria, David | 5/4/2016 4:44:09 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00018263 | Print | Document | Maria, David | 5/4/2016 4:50:25 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00324292 | Print | Document | Maria, David | 5/4/2016 4:55:47 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00324295 | Print | Document | Maria, David | 5/4/2016 4:56:19 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00385559 | Print | Document | Maria, David | 5/5/2016 10:15:22 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00385560 | Print | Document | Maria, David | 5/5/2016 10:15:42 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00397167 | Print | Document | Maria, David | 5/5/2016 10:38:32 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 154 of 203
Log Showing Relativity Print, By User - AUSA Maria

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00078937 | Print | Document | Maria, David | 5/5/2016 10:44:27 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00314820 | Print | Document | Maria, David | 5/5/2016 10:45:11 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00381207 | Print | Document | Maria, David | 5/5/2016 10:47:38 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00087325 | Print | Document | Maria, David | 5/5/2016 11:03:00 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00125764 | Print | Document | Maria, David | 5/5/2016 11:04:12 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00449053 | Print | Document | Maria, David | 5/5/2016 11:10:59 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00102173 | Print | Document | Maria, David | 5/5/2016 11:21:07 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00102176 | Print | Document | Maria, David | 5/5/2016 11:21:53 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00107244 | Print | Document | Maria, David | 5/5/2016 11:22:45 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00270801 | Print | Document | Maria, David | 5/5/2016 11:28:58 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00271125 | Print | Document | Maria, David | 5/5/2016 11:32:42 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284699 | Print | Document | Maria, David | 5/5/2016 11:36:41 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284813 | Print | Document | Maria, David | 5/5/2016 11:37:37 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284853 | Print | Document | Maria, David | 5/5/2016 11:38:31 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00302973 | Print | Document | Maria, David | 5/5/2016 11:41:02 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00302974 | Print | Document | Maria, David | 5/5/2016 11:41:21 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00302987 | Print | Document | Maria, David | 5/5/2016 11:41:32 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00339406 | Print | Document | Maria, David | 5/5/2016 11:43:44 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00035602 | Print | Document | Maria, David | 5/5/2016 4:55:46 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00000243 | Print | Document | Maria, David | 5/9/2016 4:00:28 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00001558 | Print | Document | Maria, David | 5/9/2016 4:01:25 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00002126 | Print | Document | Maria, David | 5/9/2016 4:03:10 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00004974 | Print | Document | Maria, David | 5/9/2016 4:07:19 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00230218 | Print | Document | Maria, David | 5/17/2016 1:43:37 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00230222 | Print | Document | Maria, David | 5/17/2016 1:44:09 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00030889 | Print | Document | Maria, David | 5/20/2016 10:04:55 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00322032 | Print | Document | Maria, David | 5/20/2016 10:10:22 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00018542 | Print | Document | Maria, David | 5/20/2016 10:19:17 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00022655 | Print | Document | Maria, David | 5/20/2016 10:23:43 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00022886 | Print | Document | Maria, David | 5/20/2016 10:24:59 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00023610 | Print | Document | Maria, David | 5/20/2016 10:25:38 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00023911 | Print | Document | Maria, David | 5/20/2016 10:26:35 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00394063 | Print | Document | Maria, David | 5/24/2016 10:27:50 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00393647 | Print | Document | Maria, David | 5/25/2016 11:06:57 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00035879 | Print | Document | Maria, David | 5/25/2016 12:23:33 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00036253 | Print | Document | Maria, David | 5/25/2016 12:24:15 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00042819 | Print | Document | Maria, David | 5/25/2016 12:24:57 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00044964 | Print | Document | Maria, David | 5/25/2016 12:26:09 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00434120 | Print | Document | Maria, David | 5/25/2016 3:30:29 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00434117 | Print | Document | Maria, David | 5/25/2016 3:30:52 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00001088 | Print | Document | Maria, David | 5/27/2016 12:42:54 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00004082 | Print | Document | Maria, David | 5/27/2016 12:48:30 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00434120 | Print | Document | Maria, David | 6/6/2016 11:53:31 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00433199 | Print | Document | Maria, David | 6/6/2016 11:54:37 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00433448 | Print | Document | Maria, David | 6/6/2016 12:10:49 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00433941 | Print | Document | Maria, David | 6/6/2016 12:29:23 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00433994 | Print | Document | Maria, David | 6/6/2016 12:41:27 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00433199 | Print | Document | Maria, David | 6/7/2016 2:34:57 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00336933 | Print | Document | Maria, David | 6/27/2016 2:13:07 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00336940 | Print | Document | Maria, David | 6/27/2016 2:13:57 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00336942 | Print | Document | Maria, David | 6/27/2016 2:14:27 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00336946 | Print | Document | Maria, David | 6/27/2016 2:15:11 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00359626 | Print | Document | Maria, David | 6/27/2016 2:17:44 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00362034 | Print | Document | Maria, David | 6/27/2016 2:18:17 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00448566 | Print | Document | Maria, David | 6/27/2016 2:55:40 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00190855 | Print | Document | Maria, David | 7/18/2016 7:05:23 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00141085 | Print | Document | Maria, David | 8/29/2016 4:45:09 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00081540 | Print | Document | Maria, David | 8/29/2016 4:49:14 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00221676 | Print | Document | Maria, David | 8/30/2016 3:51:27 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00052324 | Print | Document | Maria, David | 9/6/2016 1:15:43 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00053042 | Print | Document | Maria, David | 9/6/2016 1:17:57 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00061774 | Print | Document | Maria, David | 9/6/2016 1:21:03 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00067764 | Print | Document | Maria, David | 9/6/2016 1:22:21 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00362262 | Print | Document | Maria, David | 9/6/2016 1:37:56 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00036550 | Print | Document | Maria, David | 9/6/2016 2:10:26 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00260392 | Print | Document | Maria, David | 9/6/2016 2:16:13 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00029348 | Print | Document | Maria, David | 9/7/2016 1:33:31 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00014297 | Print | Document | Maria, David | 9/9/2016 3:55:20 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00030288 | Print | Document | Maria, David | 9/16/2016 12:41:49 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00030484 | Print | Document | Maria, David | 9/16/2016 12:42:36 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00171922 | Print | Document | Maria, David | 9/16/2016 12:47:06 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00171923 | Print | Document | Maria, David | 9/16/2016 12:47:26 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00171926 | Print | Document | Maria, David | 9/16/2016 12:47:45 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00030969 | Print | Document | Maria, David | 9/16/2016 1:31:22 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00030971 | Print | Document | Maria, David | 9/16/2016 1:31:55 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00048130 | Print | Document | Maria, David | 9/16/2016 1:41:48 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00077430 | Print | Document | Maria, David | 9/16/2016 1:46:15 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00077431 | Print | Document | Maria, David | 9/16/2016 1:46:31 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 158 of 203
Log Showing Relativity Print, By User - AUSA Maria

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00061599 | Print | Document | Maria, David | 9/16/2016 3:14:05 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00336268 | Print | Document | Maria, David | 9/16/2016 3:42:20 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</auditElement> |
| 00429941 | Print | Document | Maria, David | 9/16/2016 3:44:15 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00000528 | Print | Document | Maria, David | 9/19/2016 10:05:13 AM EDT | \<Message>\<![CDATA[The print dialog box was invoked for Viewer.]]>\</Message> |
| 00006292 | Print | Document | Maria, David | 9/19/2016 10:10:20 AM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00009295 | Print | Document | Maria, David | 9/19/2016 10:15:00 AM EDT | \<auditElement>\<printDetails>\<printRange>1-4\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00009294 | Print | Document | Maria, David | 9/19/2016 10:15:25 AM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</auditElement> |
| 00036479 | Print | Document | Maria, David | 9/19/2016 11:09:13 AM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00035879 | Print | Document | Maria, David | 9/19/2016 11:09:54 AM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>None</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00041019 | Print | Document | Maria, David | 9/19/2016 11:11:35 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00042819 | Print | Document | Maria, David | 9/19/2016 11:12:39 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00395233 | Print | Document | Maria, David | 9/19/2016 11:45:29 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00231205 | Print | Document | Maria, David | 9/23/2016 9:50:48 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284902 | Print | Document | Maria, David | 9/23/2016 10:20:32 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00284912 | Print | Document | Maria, David | 9/23/2016 10:21:07 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00288829 | Print | Document | Maria, David | 9/23/2016 10:22:18 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

Log Showing Relativity Print, By User - AUSA Maria

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00164601 | Print | Document | Maria, David | 9/23/2016 10:30:16 AM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00270801 | Print | Document | Maria, David | 10/5/2016 3:47:56 PM EDT | \<Message>\<![CDATA[The print dialog box was invoked for Viewer.]]>\</Message> |
| 00026177 | Print | Document | Maria, David | 10/5/2016 3:51:35 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00107244 | Print | Document | Maria, David | 10/5/2016 3:58:59 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00107293 | Print | Document | Maria, David | 10/5/2016 3:59:51 PM EDT | \<auditElement>\<printDetails>\<printRange>1-3\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00176193 | Print | Document | Maria, David | 10/5/2016 4:07:33 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00179567 | Print | Document | Maria, David | 10/5/2016 4:10:26 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00179801 | Print | Document | Maria, David | 10/5/2016 4:10:44 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 161 of 203
Log Showing Relativity Print, By User - AUSA Maria

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00180502 | Print | Document | Maria, David | 10/5/2016 4:11:13 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00183756 | Print | Document | Maria, David | 10/5/2016 4:13:47 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00184151 | Print | Document | Maria, David | 10/5/2016 4:14:07 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00184208 | Print | Document | Maria, David | 10/5/2016 4:14:41 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00184244 | Print | Document | Maria, David | 10/5/2016 4:14:56 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00184974 | Print | Document | Maria, David | 10/5/2016 4:16:35 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00189770 | Print | Document | Maria, David | 10/5/2016 4:19:53 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00190516 | Print | Document | Maria, David | 10/5/2016 4:21:58 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00200533 | Print | Document | Maria, David | 10/5/2016 4:28:50 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00212537 | Print | Document | Maria, David | 10/5/2016 4:30:45 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00271125 | Print | Document | Maria, David | 10/5/2016 4:36:48 PM EDT | \<auditElement>\<printDetails>\<printRange>1-3\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284813 | Print | Document | Maria, David | 10/5/2016 4:40:41 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284853 | Print | Document | Maria, David | 10/5/2016 4:41:43 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00338695 | Print | Document | Maria, David | 10/5/2016 4:50:23 PM EDT | \<auditElement>\<printDetails>\<printRange>1-3\</printRange>\<printerName>\<![CDATA[\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00341065 | Print | Document | Maria, David | 10/5/2016 5:07:53 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-1&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00341620 | Print | Document | Maria, David | 10/5/2016 5:08:49 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-1&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00027129 | Print | Document | Maria, David | 10/17/2016 10:27:26 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00028531 | Print | Document | Maria, David | 10/17/2016 10:49:06 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00401898 | Print | Document | Maria, David | 10/17/2016 11:01:11 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00295636 | Print | Document | Maria, David | 10/17/2016 11:17:39 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00295685 | Print | Document | Maria, David | 10/17/2016 11:18:09 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00295727 | Print | Document | Maria, David | 10/17/2016 11:19:03 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00040090 | Print | Document | Maria, David | 10/17/2016 11:30:24 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00041020 | Print | Document | Maria, David | 10/17/2016 11:30:51 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00047083 | Print | Document | Maria, David | 10/17/2016 11:31:20 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00133040 | Print | Document | Maria, David | 10/17/2016 11:42:00 AM EDT | &lt;Message&gt;&lt;![CDATA[The print dialog box was invoked for Viewer.]]&gt;&lt;/Message&gt; |
| 00004082 | Print | Document | Maria, David | 10/17/2016 3:28:13 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-4&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00004968 | Print | Document | Maria, David | 10/17/2016 3:38:44 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-2&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00005593 | Print | Document | Maria, David | 10/17/2016 3:47:02 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00010821 | Print | Document | Maria, David | 10/17/2016 4:06:21 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00016680 | Print | Document | Maria, David | 10/17/2016 5:08:00 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00017850 | Print | Document | Maria, David | 10/17/2016 5:12:45 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00017861 | Print | Document | Maria, David | 10/17/2016 5:15:51 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00021627 | Print | Document | Maria, David | 10/17/2016 5:16:50 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00032238 | Print | Document | Maria, David | 10/17/2016 5:19:50 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00035463 | Print | Document | Maria, David | 10/17/2016 5:21:35 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00276687 | Print | Document | Maria, David | 10/17/2016 5:25:16 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>None</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00336902 | Print | Document | Maria, David | 10/17/2016 5:46:15 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00336976 | Print | Document | Maria, David | 10/17/2016 6:04:56 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00272070 | Print | Document | Maria, David | 10/19/2016 10:22:28 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00272071 | Print | Document | Maria, David | 10/19/2016 10:22:51 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00288954 | Print | Document | Maria, David | 10/19/2016 10:28:52 AM EDT | <auditElement><printDetails><printRange>1-10</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00315580 | Print | Document | Maria, David | 10/19/2016 10:32:49 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00315581 | Print | Document | Maria, David | 10/19/2016 10:33:35 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00402626 | Print | Document | Maria, David | 10/19/2016 10:40:08 AM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00404002 | Print | Document | Maria, David | 10/19/2016 10:40:39 AM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[\\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00407577 | Print | Document | Maria, David | 10/19/2016 10:41:14 AM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[\\\\USAMNSUTIL21.usa.doj.gov\USAMNHM4250608]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00443247 | Print | Document | Maria, David | 10/31/2016 4:49:17 PM EDT | \<Message>\<![CDATA[The print dialog box was invoked for Viewer.]]>\</Message> |

Log Showing Relativity Print, By User - Inspector Kroells

U.S. v. Adams

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00001088 | Print | Document | Kroells, Christine | 5/5/2016 12:58:38 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00002816 | Print | Document | Kroells, Christine | 5/5/2016 1:01:53 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00003699 | Print | Document | Kroells, Christine | 5/5/2016 1:02:38 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00003928 | Print | Document | Kroells, Christine | 5/5/2016 1:02:57 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00003929 | Print | Document | Kroells, Christine | 5/5/2016 1:11:40 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00003700 | Print | Document | Kroells, Christine | 5/5/2016 1:13:07 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00005453 | Print | Document | Kroells, Christine | 5/5/2016 1:15:55 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00010321 | Print | Document | Kroells, Christine | 5/5/2016 1:30:09 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00015809 | Print | Document | Kroells, Christine | 5/5/2016 1:49:17 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00021952 | Print | Document | Kroells, Christine | 5/5/2016 2:04:19 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00026960 | Print | Document | Kroells, Christine | 5/5/2016 2:13:27 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00027129 | Print | Document | Kroells, Christine | 5/5/2016 2:14:30 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00027134 | Print | Document | Kroells, Christine | 5/5/2016 2:16:09 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00196437 | Print | Document | Kroells, Christine | 5/5/2016 2:28:26 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00271589 | Print | Document | Kroells, Christine | 5/5/2016 2:53:54 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284912 | Print | Document | Kroells, Christine | 5/5/2016 3:06:06 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00287437 | Print | Document | Kroells, Christine | 5/5/2016 3:09:57 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00302833 | Print | Document | Kroells, Christine | 5/5/2016 3:11:36 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00310849 | Print | Document | Kroells, Christine | 5/5/2016 3:12:31 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00314531 | Print | Document | Kroells, Christine | 5/5/2016 3:13:54 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00284912 | Print | Document | Kroells, Christine | 5/5/2016 3:15:16 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00291400 | Print | Document | Kroells, Christine | 5/5/2016 3:17:55 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00143308 | Print | Document | Kroells, Christine | 5/5/2016 3:26:30 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00356764 | Print | Document | Kroells, Christine | 5/5/2016 3:29:06 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00361871 | Print | Document | Kroells, Christine | 5/5/2016 3:29:29 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00369706 | Print | Document | Kroells, Christine | 5/5/2016 3:32:53 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00382380 | Print | Document | Kroells, Christine | 5/5/2016 3:33:35 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00030612 | Print | Document | Kroells, Christine | 5/10/2016 2:34:33 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00309919 | Print | Document | Kroells, Christine | 5/10/2016 2:39:24 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00430939 | Print | Document | Kroells, Christine | 5/10/2016 2:40:11 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00001919 | Print | Document | Kroells, Christine | 5/10/2016 2:41:38 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00000243 | Print | Document | Kroells, Christine | 5/10/2016 2:44:28 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00002126 | Print | Document | Kroells, Christine | 5/10/2016 2:48:46 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00006292 | Print | Document | Kroells, Christine | 5/10/2016 3:06:38 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00006293 | Print | Document | Kroells, Christine | 5/10/2016 3:06:51 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284810 | Print | Document | Kroells, Christine | 5/10/2016 3:09:03 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284958 | Print | Document | Kroells, Christine | 5/10/2016 3:10:34 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284960 | Print | Document | Kroells, Christine | 5/10/2016 3:13:27 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00299397 | Print | Document | Kroells, Christine | 5/10/2016 3:31:51 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[Adobe PDF]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00270801 | Print | Document | Kroells, Christine | 5/10/2016 4:23:28 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00338688 | Print | Document | Kroells, Christine | 5/10/2016 4:28:20 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00338690 | Print | Document | Kroells, Christine | 5/10/2016 4:29:09 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00338700 | Print | Document | Kroells, Christine | 5/10/2016 4:30:18 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00339405 | Print | Document | Kroells, Christine | 5/10/2016 4:31:29 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00339413 | Print | Document | Kroells, Christine | 5/10/2016 4:32:02 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00351765 | Print | Document | Kroells, Christine | 5/10/2016 4:35:19 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00035366 | Print | Document | Kroells, Christine | 5/10/2016 4:48:48 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00036253 | Print | Document | Kroells, Christine | 5/10/2016 4:57:59 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-4\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00036479 | Print | Document | Kroells, Christine | 5/10/2016 5:06:38 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00041021 | Print | Document | Kroells, Christine | 5/10/2016 5:08:57 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00034903 | Print | Document | Kroells, Christine | 5/10/2016 5:15:40 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00034927 | Print | Document | Kroells, Christine | 5/10/2016 5:16:00 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00035190 | Print | Document | Kroells, Christine | 5/10/2016 5:20:52 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-6\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00035213 | Print | Document | Kroells, Christine | 5/10/2016 5:22:55 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-7\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00035363 | Print | Document | Kroells, Christine | 5/10/2016 5:25:54 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-3\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 172 of 203
Log Showing Relativity Print, By User - Inspector Kroells

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00035356 | Print | Document | Kroells, Christine | 5/10/2016 5:30:12 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00044776 | Print | Document | Kroells, Christine | 5/10/2016 5:35:11 PM EDT | <auditElement><printDetails><printRange>1-5</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00339019 | Print | Document | Kroells, Christine | 5/10/2016 5:42:44 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00445309 | Print | Document | Kroells, Christine | 5/10/2016 5:46:46 PM EDT | <auditElement><printDetails><printRange>1-5</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00190855 | Print | Document | Kroells, Christine | 5/11/2016 3:46:24 PM EDT | <auditElement><printDetails><printRange>1-16</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00001543 | Print | Document | Kroells, Christine | 5/11/2016 3:51:11 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00294729 | Print | Document | Kroells, Christine | 5/11/2016 4:01:34 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00294882 | Print | Document | Kroells, Christine | 5/11/2016 4:02:23 PM EDT | <auditElement><printDetails><printRange>1-4</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00294881 | Print | Document | Kroells, Christine | 5/11/2016 4:03:16 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00302833 | Print | Document | Kroells, Christine | 5/11/2016 4:04:05 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00302834 | Print | Document | Kroells, Christine | 5/11/2016 4:04:28 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00027264 | Print | Document | Kroells, Christine | 5/11/2016 5:04:21 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00027266 | Print | Document | Kroells, Christine | 5/11/2016 5:04:41 PM EDT | \<auditElement>\<printDetails>\<printRange>1-10\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284813 | Print | Document | Kroells, Christine | 5/12/2016 2:29:32 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284814 | Print | Document | Kroells, Christine | 5/12/2016 2:29:47 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00412017 | Print | Document | Kroells, Christine | 5/12/2016 2:37:23 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284724 | Print | Document | Kroells, Christine | 5/12/2016 2:40:47 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284724 | Print | Document | Kroells, Christine | 5/12/2016 2:40:55 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00284757 | Print | Document | Kroells, Christine | 5/12/2016 2:41:23 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284835 | Print | Document | Kroells, Christine | 5/12/2016 2:41:50 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284927 | Print | Document | Kroells, Christine | 5/12/2016 2:42:31 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00285935 | Print | Document | Kroells, Christine | 5/12/2016 2:50:03 PM EDT | \<auditElement>\<printDetails>\<printRange>1-1\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00410941 | Print | Document | Kroells, Christine | 5/12/2016 2:51:10 PM EDT | \<auditElement>\<printDetails>\<printRange>1-2\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284726 | Print | Document | Kroells, Christine | 5/12/2016 2:53:58 PM EDT | \<auditElement>\<printDetails>\<printRange>1-11\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284737 | Print | Document | Kroells, Christine | 5/12/2016 2:54:19 PM EDT | \<auditElement>\<printDetails>\<printRange>1-6\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284743 | Print | Document | Kroells, Christine | 5/12/2016 2:54:37 PM EDT | \<auditElement>\<printDetails>\<printRange>1-3\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |
| 00284746 | Print | Document | Kroells, Christine | 5/12/2016 2:54:53 PM EDT | \<auditElement>\<printDetails>\<printRange>1-6\</printRange>\<printerName>\<![CDATA[HP LaserJet 4250 PCL 5]]>\</printerName>\<setOrder>0\</setOrder>\<printAnnotations>True\</printAnnotations>\<printRedactions>True\</printRedactions>\<stampIdentifier>None\</stampIdentifier>\<slipSheet>none\</slipSheet>\</printDetails>\</auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00285648 | Print | Document | Kroells, Christine | 5/12/2016 3:07:35 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00285649 | Print | Document | Kroells, Christine | 5/12/2016 3:07:52 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00285812 | Print | Document | Kroells, Christine | 5/12/2016 3:09:38 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00295709 | Print | Document | Kroells, Christine | 5/12/2016 3:16:04 PM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00295735 | Print | Document | Kroells, Christine | 5/12/2016 3:17:57 PM EDT | <auditElement><printDetails><printRange>1-4</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00382583 | Print | Document | Kroells, Christine | 5/12/2016 3:24:33 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00423964 | Print | Document | Kroells, Christine | 5/12/2016 3:35:46 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00393676 | Print | Document | Kroells, Christine | 5/12/2016 4:55:41 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00393677 | Print | Document | Kroells, Christine | 5/12/2016 4:56:04 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00393677 | Print | Document | Kroells, Christine | 5/12/2016 4:56:24 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

U.S. v. Adams

Log Showing Relativity Print, By User - Inspector Kroells

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00026240 | Print | Document | Kroells, Christine | 5/17/2016 11:24:02 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00026240 | Print | Document | Kroells, Christine | 5/17/2016 11:24:23 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00252458 | Print | Document | Kroells, Christine | 5/17/2016 2:40:43 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00252458 | Print | Document | Kroells, Christine | 5/17/2016 2:40:58 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00287036 | Print | Document | Kroells, Christine | 5/17/2016 2:47:02 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00287036 | Print | Document | Kroells, Christine | 5/17/2016 2:47:17 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00324390 | Print | Document | Kroells, Christine | 5/17/2016 2:54:37 PM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00339303 | Print | Document | Kroells, Christine | 5/17/2016 3:19:47 PM EDT | <auditElement><printDetails><printRange>1-5</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00343987 | Print | Document | Kroells, Christine | 5/17/2016 3:20:56 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00421228 | Print | Document | Kroells, Christine | 5/17/2016 3:23:20 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00383174 | Print | Document | Kroells, Christine | 5/17/2016 3:52:33 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00352539 | Print | Document | Kroells, Christine | 5/25/2016 5:11:18 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00048042 | Print | Document | Kroells, Christine | 5/25/2016 5:13:55 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00284512 | Print | Document | Kroells, Christine | 5/31/2016 10:43:33 AM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00332992 | Print | Document | Kroells, Christine | 5/31/2016 10:53:25 AM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00035793 | Print | Document | Kroells, Christine | 5/31/2016 11:04:20 AM EDT | <auditElement><printDetails><printRange>1-28</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00035882 | Print | Document | Kroells, Christine | 5/31/2016 11:05:34 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00333653 | Print | Document | Kroells, Christine | 5/31/2016 11:19:47 AM EDT | <auditElement><printDetails><printRange>1-3</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00053035 | Print | Document | Kroells, Christine | 5/31/2016 11:21:39 AM EDT | <auditElement><printDetails><printRange>1-4</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00076770 | Print | Document | Kroells, Christine | 5/31/2016 11:21:53 AM EDT | <auditElement><printDetails><printRange>1-4</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00048754 | Print | Document | Kroells, Christine | 5/31/2016 11:33:18 AM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[HP LaserJet 4250 PCL 5]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00048751 | Print | Document | Kroells, Christine | 5/31/2016 11:33:33 AM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\> \<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00051878 | Print | Document | Kroells, Christine | 5/31/2016 11:36:05 AM EDT | \<Message\>\<![CDATA[The print dialog box was invoked for Viewer.]]\>\</Message\> |
| 00051875 | Print | Document | Kroells, Christine | 5/31/2016 11:36:40 AM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-3\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\> \<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00051878 | Print | Document | Kroells, Christine | 5/31/2016 11:36:55 AM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\> \<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00037529 | Print | Document | Kroells, Christine | 5/31/2016 11:45:46 AM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\> \<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00037527 | Print | Document | Kroells, Christine | 5/31/2016 11:45:59 AM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\> \<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00361156 | Print | Document | Kroells, Christine | 5/31/2016 11:48:19 AM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\> \<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00455435 | Print | Document | Kroells, Christine | 5/31/2016 11:59:25 AM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\> \<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00081325 | Print | Document | Kroells, Christine | 5/31/2016 11:59:36 AM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\> \<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00095501 | Print | Document | Kroells, Christine | 5/31/2016 12:01:29 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-39\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00095003 | Print | Document | Kroells, Christine | 5/31/2016 12:04:26 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00095004 | Print | Document | Kroells, Christine | 5/31/2016 12:04:43 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00095006 | Print | Document | Kroells, Christine | 5/31/2016 12:05:02 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-31\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00137019 | Print | Document | Kroells, Christine | 5/31/2016 12:14:37 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-2\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00052615 | Print | Document | Kroells, Christine | 5/31/2016 12:18:03 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00052616 | Print | Document | Kroells, Christine | 5/31/2016 12:18:18 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00052610 | Print | Document | Kroells, Christine | 5/31/2016 12:18:59 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |
| 00052611 | Print | Document | Kroells, Christine | 5/31/2016 12:19:12 PM EDT | \<auditElement\>\<printDetails\>\<printRange\>1-1\</printRange\>\<printerName\>\<![CDATA[HP LaserJet 4250 PCL 5]]\>\</printerName\>\<setOrder\>0\</setOrder\>\<printAnnotations\>True\</printAnnotations\>\<printRedactions\>True\</printRedactions\>\<stampIdentifier\>None\</stampIdentifier\>\<slipSheet\>none\</slipSheet\>\</printDetails\>\</auditElement\> |

U.S. v. Adams

CASE 0:17-cr-00064-DWF-KMM   Document 149   Filed 06/01/18   Page 180 of 203
Log Showing Relativity Print, By User - Inspector Kroells

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00435551 | Print | Document | Kroells, Christine | 6/28/2016 11:09:26 AM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[Hewlett-Packard LaserJet 4250]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00419932 | Print | Document | Kroells, Christine | 6/28/2016 11:25:05 AM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[Hewlett-Packard LaserJet 4250]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00039996 | Print | Document | Kroells, Christine | 6/28/2016 11:39:46 AM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[Hewlett-Packard LaserJet 4250]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00392220 | Print | Document | Kroells, Christine | 6/28/2016 11:46:29 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00392914 | Print | Document | Kroells, Christine | 6/28/2016 11:47:36 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00392914 | Print | Document | Kroells, Christine | 6/28/2016 11:47:56 AM EDT | <auditElement><printDetails><printRange>1-2</printRange><printerName><![CDATA[Hewlett-Packard LaserJet 4250]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00413754 | Print | Document | Kroells, Christine | 6/28/2016 12:12:37 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[Hewlett-Packard LaserJet 4250]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |
| 00285408 | Print | Document | Kroells, Christine | 6/28/2016 12:12:57 PM EDT | <auditElement><printDetails><printRange>1-1</printRange><printerName><![CDATA[Hewlett-Packard LaserJet 4250]]></printerName><setOrder>0</setOrder><printAnnotations>True</printAnnotations><printRedactions>True</printRedactions><stampIdentifier>None</stampIdentifier><slipSheet>none</slipSheet></printDetails></auditElement> |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00413841 | Print | Document | Kroells, Christine | 6/28/2016 12:13:13 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-2&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[Hewlett-Packard LaserJet 4250]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00413852 | Print | Document | Kroells, Christine | 6/28/2016 12:13:29 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-1&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[Hewlett-Packard LaserJet 4250]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00002336 | Print | Document | Kroells, Christine | 6/28/2016 12:15:24 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-1&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[Hewlett-Packard LaserJet 4250]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00278731 | Print | Document | Kroells, Christine | 11/2/2016 2:09:19 PM EDT | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-1&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[\\USAMNSUTIL22\USAMNRS5503001]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |
| 00324536 | Print | Document | Kroells, Christine | 11/30/2016 2:06:48 PM EST | &lt;auditElement&gt;&lt;printDetails&gt;&lt;printRange&gt;1-5&lt;/printRange&gt;&lt;printerName&gt;&lt;![CDATA[RightFax Fax Printer]]&gt;&lt;/printerName&gt;&lt;setOrder&gt;0&lt;/setOrder&gt;&lt;printAnnotations&gt;True&lt;/printAnnotations&gt;&lt;printRedactions&gt;True&lt;/printRedactions&gt;&lt;stampIdentifier&gt;None&lt;/stampIdentifier&gt;&lt;slipSheet&gt;none&lt;/slipSheet&gt;&lt;/printDetails&gt;&lt;/auditElement&gt; |

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00000219 | Print | Document | Khan, Jennifer | 5/5/2016 2:09:19 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00001088 | Print | Document | Khan, Jennifer | 5/5/2016 2:39:04 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00044851 | Print | Document | Khan, Jennifer | 10/31/2016 10:32:23 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00051925 | Print | Document | Khan, Jennifer | 10/31/2016 10:40:37 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00086172 | Print | Document | Khan, Jennifer | 10/31/2016 10:51:15 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00131421 | Print | Document | Khan, Jennifer | 10/31/2016 10:52:17 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00131426 | Print | Document | Khan, Jennifer | 10/31/2016 10:54:45 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00321341 | Print | Document | Khan, Jennifer | 10/31/2016 11:04:49 AM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |
| 00442170 | Print | Document | Khan, Jennifer | 10/31/2016 3:14:39 PM EDT | <Message><![CDATA[The print dialog box was invoked for Viewer.]]></Message> |

# EXHIBIT 17

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 100 | 00210651 00210652 (attachment) | 6/18/2014 | Confidential communication from Edward Adams to himself attaching a confidential draft memorandum for the purpose of obtaining legal advice from his attorneys at Latham Watkins, and made in anticipation of litigation with the SEC and potential criminal investigation, and subsequently transmitted to James Farrell (Latham & Watkins). | X | X | Edward Adams <edwardsadams@yahoo.com> | Edward Adams <edwardsadams@yahoo.com> | | | Edward_S_Adams |

**Excerpt of Relativity Activity Log:**
*In Camera* **Ex. A (Doc. IDs 00210651 and 00210652)**

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00210652 | View | Document | Maria, David | 5/4/2016 2:58:41 PM EDT | |
| 00210651 | View | Document | Maria, David | 5/4/2016 3:00:14 PM EDT | |
| 00210652 | View | Document | Maria, David | 5/4/2016 3:00:45 PM EDT | |
| 00210652 | View | Document | Maria, David | 5/4/2016 3:02:39 PM EDT | |
| 00210652 | View | Document | Maria, David | 5/4/2016 3:04:37 PM EDT | |
| 00210652 | View | Document | Maria, David | 5/4/2016 3:09:03 PM EDT | |
| 00210652 | View | Document | Maria, David | 5/4/2016 3:27:23 PM EDT | |
| 00210652 | View | Document | Maria, David | 5/4/2016 4:47:33 PM EDT | |
| 00210652 | View | Document | Maria, David | 6/6/2016 11:13:19 AM EDT | |
| 00210652 | View | Document | Maria, David | 8/30/2016 2:42:21 PM EDT | |
| 00210652 | View | Document | Maria, David | 9/16/2016 12:49:46 PM EDT | |
| 00210652 | View | Document | Maria, David | 9/23/2016 9:48:12 AM EDT | |

# EXHIBIT 18

*U.S. v. Adams*

**EXCERPT: Privilege Log of Documents Viewed by Government in Excluded Folder (Not "Seized")**
**E. Adams Personal Attorney-Client Privilege or Attorney Work Product Protection**

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 51 | 00219514 00219515 (attachment) | 9/23/2014 | Confidential correspondence with attachment from Edward Adams to Thomas Brever, Esq. and Jon Hopeman, Esq., supplying a private memo, conveyed to seek legal advice from Foster Brever Wehrly, PLLC and Felhaber Larson, Fenlon, & Vogt, P.A. | X | X | Edward Adams <edwardsadams@yahoo.com> | Jon Hopeman <jhopeman@felhaber.com>; tbrever@fosterbrever.com <tbrever@fosterbrever.com> | | | Edward_S_Adams |

*U.S. v. Adams*

**Excerpt of Relativity Activity Log:**

***In Camera* Ex. J (Doc. IDs 00219514 and 00219515)**

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00219515 | View | Document | Maria, David | 5/5/2016 11:08:32 AM EDT | |
| 00219515 | Update | Document | Maria, David | 5/5/2016 11:09:12 AM EDT | <auditElement><field id="1036719" type="8" name="PRIVILEGE" formatstring=""><setChoice>1036722</setChoice></field></auditElement> |
| 00219515 | View | Document | Kroells, Christine | 5/11/2016 3:48:30 PM EDT | |
| 00219515 | View | Document | Kroells, Christine | 5/11/2016 3:57:16 PM EDT | |
| 00219515 | View | Document | Kroells, Christine | 5/11/2016 3:57:22 PM EDT | |
| 00219514 | View | Document | Kroells, Christine | 5/11/2016 3:57:25 PM EDT | |
| 00219515 | View | Document | Kroells, Christine | 5/11/2016 3:57:51 PM EDT | |

# EXHIBIT 19

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 00447095 | 5/8/2012 | Confidential communication from Michael Monahan to Aaron Hartman copying Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Michael Monahan <michaelrmonahan@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com> | Edward Adams <edwardsadams@yahoo.com> | Michael Monahan <michaelrmonahan@yahoo.com> | Michael_Monahan |
| 19 | 00447097 | 5/9/2012 | Confidential communication from Michael Monahan to Aaron Hartman copying Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Michael Monahan <michaelrmonahan@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com> | edwardsadams@yahoo.com <edwardsadams@yahoo.com> | Michael Monahan <michaelrmonahan@yahoo.com> | Michael_Monahan |
| 20 | 00447099 | 5/9/2012 | Confidential communication from Aaron Hartman to Michael Monahan copying Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | Michael Monahan <michaelrmonahan@yahoo.com> | edwardsadams@yahoo.com <edwardsadams@yahoo.com> | | Michael_Monahan |
| 21 | 00048044 00447125 (duplicate) | 5/10/2012 | Confidential communication from Edward Adams to Aaron Hartman and Michael Monahan for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | edwardsadams <edwardsadams@yahoo.com> | Michael Monahan <michaelrmonahan@yahoo.com>; Aaron Hartman <AHartman@aoblaw.com> | | | Edward_S_Adams Michael_Monahan |
| 22 | 00048045 | 5/10/2012 | Confidential communication from Edward Adams to Aaron Hartman for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | edwardsadams <edwardsadams@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com> | | | Edward_S_Adams |
| 23 | 00447124 | 5/10/2012 | Confidential communication from Michael Monahan to Aaron Hartman copying Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Michael Monahan <michaelrmonahan@yahoo.com> | Aaron Hartman <AHartman@aoblaw.com> | Edward Adams <edwardsadams@yahoo.com> | | Michael_Monahan |
| 24 | 00447126 | 5/10/2012 | Confidential communication from Aaron Hartman to Michael Monahan copying Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | Michael Monahan <michaelrmonahan@yahoo.com> | Edward Adams <edwardsadams@yahoo.com> | | Michael_Monahan |
| 25 | 00447128 | 5/10/2012 | Confidential communication from Michael Monahan to Aaron Hartman and Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Michael Monahan <michaelrmonahan@yahoo.com> | edwardsadams@yahoo.com <edwardsadams@yahoo.com>; Aaron Hartman <AHartman@aoblaw.com> | | | Michael_Monahan |
| 26 | 00447130 | 5/10/2012 | Confidential communication from Aaron Hartman to Michael Monahan and Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | Michael Monahan <michaelrmonahan@yahoo.com>; edwardsadams@yahoo.com <edwardsadams@yahoo.com> | | | Michael_Monahan |

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 27 | 00447133<br>00447134 (attachment)<br>00447144 (attachment)<br>00447147 (attachment)<br>00447150 (attachment)<br>00447153 (attachment) | 5/10/2012 | Confidential communication with draft document attachments from Aaron Hartman to Michael Monahan and Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | Michael Monahan (michaelrmonahan@yahoo.com) <michaelrmonahan@yahoo.com>; Edward Adams (edwardsadams@yahoo.com) <edwardsadams@yahoo.com> | | | Michael_Monahan |
| 28 | 00447156<br>00447157 (attachment)<br>00447160 (attachment)<br>00447169 (attachment)<br>00447172 (attachment)<br>00447175 (attachment) | 5/10/2012 | Confidential communication with draft document attachments from Aaron Hartman to Michael Monahan and Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | Edward Adams (edwardsadams@yahoo.com) <edwardsadams@yahoo.com>; Michael Monahan (michaelrmonahan@yahoo.com) <michaelrmonahan@yahoo.com> | | | Michael_Monahan |
| 29 | 00447178<br>00447179 (attachment)<br>00447189 (attachment)<br>00447192 (attachment)<br>00447195 (attachment)<br>00447198 (attachment) | 5/10/2012 | Confidential communication with draft document attachments from Aaron Hartman to Michael Monahan and Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | Edward Adams (edwardsadams@yahoo.com) <edwardsadams@yahoo.com>; Michael Monahan (michaelrmonahan@yahoo.com) <michaelrmonahan@yahoo.com> | | | Michael_Monahan |
| 30 | 00048048 | 5/11/2012 | Confidential communication from Edward Adams to Aaron Hartman and Michael Monahan for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Edward Adams <edwardsadams@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com>; Michael Monahan (michaelrmonahan@yahoo.com) <michaelrmonahan@yahoo.com> | | | Edward_S_Adams |
| 32 | 00447204 | 5/11/2012 | Confidential communication from Michael Monahan to Aaron Hartman and Edward Adams for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Michael Monahan <michaelrmonahan@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com>; Edward Adams (edwardsadams@yahoo.com) <edwardsadams@yahoo.com> | | | Michael_Monahan |
| 33 | 00447206 | 5/11/2012 | Confidential communication from Aaron Hartman to Michael Monahan for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation, in response to (and including) prior communications between Michael Monahan, Aaron Hartman, and Edward Adams. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | Michael Monahan <michaelrmonahan@yahoo.com> | | | Michael_Monahan |
| 34 | 00447208<br>00447210 (duplicate) | 5/11/2012 | Confidential communication from Michael Monahan to Aaron Hartman for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation, in response to (and including) prior communications between Michael Monahan, Aaron Hartman, and Edward Adams. | X | X | Michael Monahan <michaelrmonahan@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com> | | Michael Monahan <michaelrmonahan@yahoo.com> | Michael_Monahan |

EXCERPT: Revised Privilege Log of Documents Viewed by Government in "For Review" Folder
E. Adams Personal Attorney-Client Privilege or Attorney Work Product Protection

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 35 | 00447212 | 5/11/2012 | Confidential communication from Aaron Hartman to Michael Monahan for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation, in response to (and including) prior communications between Michael Monahan, Aaron Hartman, and Edward Adams. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | Michael Monahan <michaelrmonahan@yahoo.com> | | | Michael_Monahan |
| 36 | 00447215 00447218 (duplicate) | 5/11/2012 | Confidential communication from Michael Monahan to Aaron Hartman for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation, in response to (and including) prior communications between Michael Monahan, Aaron Hartman, and Edward Adams. | X | X | Michael Monahan <michaelrmonahan@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com> | | Michael Monahan <michaelrmonahan@yahoo.com> | Michael_Monahan |
| 37 | 00048049 | 5/11/2012 | Confidential communication from Edward Adams to Aaron Hartman for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation | X | X | edwardsadams <edwardsadams@yahoo.com> | AHartman@aoblaw.com <AHartman@aoblaw.com> | | | Edward_S_Adams |
| 38 | 00447294 | 5/11/2012 | Confidential communication from Aaron Hartman to Michael Monahan for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | Aaron R. Hartman <AHartman@aoblaw.com> | michaelrmonahan@yahoo.com <michaelrmonahan@yahoo.com> | | | Michael_Monahan |
| 39 | 00447318 00447320 (attachment) 00447329 (attachment) 00447332 (attachment) 00447335 (attachment) 00447338 (attachment) 00447341 (attachment) 00447342 (attachment) | 5/11/2012 | Confidential communication with draft document attachments from Michael Monahan to Josh Reilly, forwarding communication from Aaron Hartman to Michael Monahan, regarding Mack and Rapello civil litigation. | X | X | Michael Monahan <michaelrmonahan@yahoo.com> | Josh Reilly <reill097@umn.edu> | | | Michael_Monahan |
| 40 | 00048270 | 5/17/2012 | Confidential communication from Edward Adams to Aaron Hartman and Michael Monahan for the purpose of obtaining legal advice regarding Mack and Rapello civil litigation. | X | X | edwardsadams <edwardsadams@yahoo.com> | AHartman@aoblaw.com <AHartman@aoblaw.com>; Michael Monahan <michaelrmonahan@yahoo.com> | | | Edward_S_Adams |
| 41 | 00051841 | 7/19/2012 | Confidential communication from Edward Adams to Aaron Hartman and Michael Monahan, made for the purpose of obtaining legal advice in anticipation of civil litigation involving certain Apollo investors (Fink litigation). | X | X | Edward Adams <edwardsadams@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com>; Michael Monahan <michaelrmonahan@yahoo.com> | | | Edward_S_Adams |

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 42 | 00051875 00051878 (attachment) | 7/20/2012 | Confidential communication with attachment from Edward Adams to Aaron Hartman, made for the purpose of obtaining legal advice in anticipation of civil litigation involving certain Apollo investors (Fink litigation). | X | X | Edward Adams <edwardsadams@yahoo.com> | Aaron R. Hartman <AHartman@aoblaw.com> | | | Edward_S_Adams |
| 59 | 00053031 | 8/15/2012 | Confidential communication from Edward Adams to Cory Manning (Nelson Mullins LLP) and Joe Lancia, copying Aaron Hartman and Michael Monahan, for the purpose of obtaining legal advice in connection with civil litigation involving certain Apollo investors (Fink litigation). | X | X | edwardsadams <edwardsadams@yahoo.com> | cory.manning@nelsonmullins.com <cory.manning@nelsonmullins.com>; Joseph Lancia <jlancia@sciodiamond.com> | AHartman@aoblaw.com <AHartman@aoblaw.com>; Michael Monahan <michaelrmonahan@yahoo.com> | | Edward_S_Adams |
| 60 | 00053035 | 8/15/2012 | Confidential communication from Edward Adams to Joseph Lancia and Cory Manning (Nelson Mullins LLP), copying Aaron Hartman and Michael Monahan, for the purpose of obtaining legal advice in connection with civil litigation involving certain Apollo investors (Fink litigation). | X | X | edwardsadams <edwardsadams@yahoo.com> | Joseph Lancia <jlancia@sciodiamond.com>; cory.manning@nelsonmullins.com <cory.manning@nelsonmullins.com> | AHartman@aoblaw.com <AHartman@aoblaw.com>; Michael Monahan <michaelrmonahan@yahoo.com> | | Edward_S_Adams |

*U.S. v. Adams*

**EXCERPT: Privilege Log of Documents Viewed by Government in Excluded Folder (Not "Seized")**
**E. Adams Personal Attorney-Client Privilege or Attorney Work Product Protection**

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 00051832 | 7/19/2012 | Confidential communication from Edward Adams to Aaron Hartman and Michael Monahan, made for the purpose of obtaining legal advice in anticipation of civil litigation involving certain Apollo investors (Fink litigation). | X | X | Edward Adams <edwardsadams@yahoo.com> | Michael Monahan <michaelrmonahan@yahoo.com>; Aaron Hartman <AHartman@aoblaw.com> | | | Edward_S_Adams |
| 6 | 00051833 | 7/19/2012 | Confidential communication from Edward Adams to Aaron Hartman, made for the purpose of obtaining legal advice in anticipation of civil litigation involving certain Apollo investors (Fink litigation). | X | X | edwardsadams <edwardsadams@yahoo.com> | AHartman@aoblaw.com <AHartman@aoblaw.com> | | | Edward_S_Adams |

Excerpt of Relativity Activity Log:
*In Camera* Ex. U (certain communications with Mr. Hartman)

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00447095 | View | Document | Maria, David | 5/24/2016 10:14:23 AM EDT | |
| 00447097 | View | Document | Maria, David | 5/24/2016 10:14:26 AM EDT | |
| 00447095 | View | Document | Maria, David | 5/24/2016 10:14:29 AM EDT | |
| 00447095 | View | Document | Kroells, Christine | 5/25/2016 5:09:45 PM EDT | |
| 00447097 | View | Document | Kroells, Christine | 5/25/2016 5:11:48 PM EDT | |
| 00447099 | View | Document | Kroells, Christine | 5/25/2016 5:12:00 PM EDT | |
| 00048044 | View | Document | Kroells, Christine | 5/25/2016 5:14:05 PM EDT | |
| 00048045 | View | Document | Kroells, Christine | 5/25/2016 5:14:51 PM EDT | |
| 00447124 | View | Document | Kroells, Christine | 5/25/2016 5:15:29 PM EDT | |
| 00447125 | View | Document | Kroells, Christine | 5/25/2016 5:15:31 PM EDT | |
| 00447126 | View | Document | Kroells, Christine | 5/25/2016 5:15:33 PM EDT | |
| 00447128 | View | Document | Kroells, Christine | 5/25/2016 5:15:35 PM EDT | |
| 00447130 | View | Document | Kroells, Christine | 5/25/2016 5:15:38 PM EDT | |
| 00447156 | View | Document | Kroells, Christine | 5/25/2016 5:15:51 PM EDT | |
| 00447157 | View | Document | Kroells, Christine | 5/25/2016 5:15:54 PM EDT | |
| 00447169 | View | Document | Kroells, Christine | 5/25/2016 5:15:56 PM EDT | |
| 00447172 | View | Document | Kroells, Christine | 5/25/2016 5:15:56 PM EDT | |
| 00447175 | View | Document | Kroells, Christine | 5/25/2016 5:15:57 PM EDT | |
| 00447160 | View | Document | Kroells, Christine | 5/25/2016 5:16:05 PM EDT | |
| 00051832 | View | Document | Kroells, Christine | 5/31/2016 11:34:15 AM EDT | |
| 00051833 | View | Document | Kroells, Christine | 5/31/2016 11:34:55 AM EDT | |
| 00051841 | View | Document | Kroells, Christine | 5/31/2016 11:35:07 AM EDT | |
| 00051832 | View | Document | Kroells, Christine | 5/31/2016 12:16:17 PM EDT | |
| 00051833 | View | Document | Kroells, Christine | 5/31/2016 12:16:23 PM EDT | |
| 00051841 | View | Document | Kroells, Christine | 5/31/2016 12:16:26 PM EDT | |
| 00447099 | View | Document | Kroells, Christine | 6/28/2016 10:55:11 AM EDT | |
| 00447095 | View | Document | Kroells, Christine | 12/13/2016 4:24:17 PM EST | |
| 00447097 | View | Document | Kroells, Christine | 12/13/2016 4:24:32 PM EST | |
| 00447099 | View | Document | Kroells, Christine | 12/13/2016 4:24:40 PM EST | |
| 00447156 | View | Document | Kroells, Christine | 12/13/2016 4:25:25 PM EST | |
| 00447156 | View | Document | Kroells, Christine | 12/13/2016 4:53:40 PM EST | |
| 00447156 | View | Document | Kroells, Christine | 12/13/2016 4:53:58 PM EST | |
| 00048045 | View | Document | Kroells, Christine | 12/13/2016 4:58:20 PM EST | |
| 00447126 | View | Document | Kroells, Christine | 12/13/2016 4:58:56 PM EST | |
| 00447156 | View | Document | Kroells, Christine | 12/13/2016 4:59:14 PM EST | |

# EXHIBIT 20

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 118 | 00253676 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 119 | 00253677 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 120 | 00253678 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 121 | 00253679 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 122 | 00253680 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |

U.S. v. Adams

EXCERPT: Revised Privilege Log of Documents Viewed by Government in "For Review" Folder
E. Adams Personal Attorney-Client Privilege or Attorney Work Product Protection

5/30/2018

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 123 | 00253681 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 124 | 00253682 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 125 | 00253683 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 126 | 00253684 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 127 | 00253685 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |

*U.S. v. Adams*

EXCERPT: Revised Privilege Log of Documents Viewed by Government in "For Review" Folder
E. Adams Personal Attorney-Client Privilege or Attorney Work Product Protection

*5/30/2018*

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 128 | 00253686 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |
| 129 | 00253687 | 9/10/2015 | Confidential draft correspondence from Edward Adams to his counsel in the SEC investigation for the purpose of obtaining legal advice, made in anticipation of litigation with the SEC and criminal investigation, and subsequently transmitted to John Sikora (Latham & Watkins) and Jim Kopecky (Kopecky Schumacher Bleakley & Rosenburg, P.C.). | X | X | Edward Adams <edwardsadams@yahoo.com> | | | | Edward_S_Adams |

**Excerpt of Relativity Activity Log:**

*In Camera*  **Ex. D (draft email to Latham)**

| Name | Action | Object Type | User Name | Timestamp | Details |
|------|--------|-------------|-----------|-----------|---------|
| 00253676 | View | Document | Maria, David | 9/6/2016 1:30:31 PM EDT | |
| 00253677 | View | Document | Maria, David | 9/6/2016 1:30:46 PM EDT | |
| 00253678 | View | Document | Maria, David | 9/6/2016 1:30:48 PM EDT | |
| 00253679 | View | Document | Maria, David | 9/6/2016 1:30:59 PM EDT | |
| 00253680 | View | Document | Maria, David | 9/6/2016 1:31:02 PM EDT | |
| 00253681 | View | Document | Maria, David | 9/6/2016 1:31:04 PM EDT | |
| 00253682 | View | Document | Maria, David | 9/6/2016 1:31:08 PM EDT | |
| 00253683 | View | Document | Maria, David | 9/6/2016 1:31:10 PM EDT | |
| 00253684 | View | Document | Maria, David | 9/6/2016 1:31:12 PM EDT | |
| 00253685 | View | Document | Maria, David | 9/6/2016 1:31:18 PM EDT | |
| 00253686 | View | Document | Maria, David | 9/6/2016 1:31:19 PM EDT | |
| 00253687 | View | Document | Maria, David | 9/6/2016 1:31:20 PM EDT | |

# EXHIBIT 22

*U.S. v. Adams*

EXCERPT: Revised Privilege Log of Documents Viewed by Government in "For Review" Folder
E. Adams Personal Attorney-Client Privilege or Attorney Work Product Protection

*5/30/2018*

| Row | Doc ID Beg | Date | Description | Attorney Client Privilege | Attorney Work Product | Email From | Email To | Email CC | Email BCC | Custodian |
|-----|-----------|------|-------------|---------------------------|-----------------------|------------|----------|----------|-----------|-----------|
| 101 | 00224269 00224270 (attachment) | 10/28/2014 | Confidential correspondence with "ESA Tax Summary for P. Murry" Excel spreadsheet attachment from Edward Adams to Patrick Murry, copying Ashley Miller, supplying private information in an "ESA Tax Summary for P.Murry" Excel spreadsheet, conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | | Edward Adams <edwardsadams@yahoo.com> | Patrick M. Murry <pmurry@murryllc.com> | amiller <amiller@murryllc.com> | | Edward_S_Adams |
| 102 | 00224366 | 10/29/2014 | Confidential correspondence from Edward Adams to Ashley Miller, supplying information conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | X | edwardsadams <edwardsadams@yahoo.com> | Ashley Miller <amiller@murryllc.com> | | | Edward_S_Adams |
| 103 | 00224368 | 10/29/2014 | Confidential correspondence from Edward Adams to Ashley Miller, supplying information conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | X | edwardsadams <edwardsadams@yahoo.com> | Ashley Miller <amiller@murryllc.com> | | | Edward_S_Adams |
| 104 | 00224409 | 10/29/2014 | Confidential correspondence from Ashley Miller, to Edward Adams posing questions to obtain information to facilitate legal advice from Foster Brever Wehrly, PLLC. | X | X | Ashley Miller <amiller@murryllc.com> | Edward Adams <edwardsadams@yahoo.com> | | | Edward_S_Adams |
| 105 | 00224497 | 11/4/2014 | Confidential correspondence from Edward Adams to Patrick Murry and Ashley Miller, supplying information conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | | Edward Adams <edwardsadams@yahoo.com> | Patrick M. Murry <pmurry@murryllc.com>; amiller@murryllc.com <amiller@murryllc.com> | | | Edward_S_Adams |
| 106 | 00224725 | 11/8/2014 | Confidential correspondence from Edward Adams to Patrick Murry and Ashley Miller, supplying information conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | | Edward Adams <edwardsadams@yahoo.com> | amiller@murryllc.com <amiller@murryllc.com> | | | Edward_S_Adams |
| 107 | 00224879 | 11/10/2014 | Confidential correspondence from Edward Adams to Patrick Murry, supplying information conveyed to seek legal advice from Foster Brever Wehrly, PLLC. | X | | Edward Adams <edwardsadams@yahoo.com> | Patrick M. Murry <pmurry@murryllc.com> | | | Edward_S_Adams |

**Excerpt of Relativity Activity Log:**

**Privileged Murry LLC Documents Viewed or Converted After December 6, 2016**

| Name | Action | Object Type | User Name | Timestamp | Details |
|---|---|---|---|---|---|
| 00224366 | View | Document | Maria, David | 1/23/2017 10:22:29 AM EST | |
| 00224366 | Conversion Complete | Document | Maria, David | 1/23/2017 10:22:32 AM EST | <auditElement><runAuditId>2037299</runAuditId></auditElement> |
| 00224368 | Conversion Complete | Document | Maria, David | 1/23/2017 10:22:33 AM EST | <auditElement><runAuditId>2037300</runAuditId></auditElement> |
| 00224409 | Conversion Complete | Document | Maria, David | 1/23/2017 10:22:33 AM EST | <auditElement><runAuditId>2037300</runAuditId></auditElement> |
| 00224497 | Conversion Complete | Document | Maria, David | 1/23/2017 10:22:34 AM EST | <auditElement><runAuditId>2037300</runAuditId></auditElement> |
| 00224270 | View | Document | Kroells, Christine | 4/27/2017 2:22:58 PM EDT | |