

**U.S. Department of Justice**

United States Attorney
District of Minnesota

| | |
|---|---|
| *600 United States Courthouse* | *Telephone: (612) 664-5600* |
| *300 South Fourth Street* | *Fax: (612) 664-5787* |
| *Minneapolis, MN 55415* | |

June 20, 2018

The Honorable Katherine M. Menendez                                    <u>**Via ECF**</u>
United States Magistrate Judge
300 South Fourth Street, Suite 8E
Minneapolis, MN 55415

      Re:    *United States v. Edward S. Adams*
               Criminal No. 17-64 (DWF/KMM)

Dear Judge Menendez:

We write to provide the following description of the matters to be addressed during the teleconference with the Court on June 22, 2018.

On June 1, 2018, the defense filed memoranda, exhibits, and other documentation in support of three motions in this matter.  (Docket Nos. 140, 142-43, 147-150, and 156-57.)  These submissions totaled more than 800 pages.  In addition, the defense filed a number of other documents *ex parte* and *in camera*, the specifics of which and total number of pages are unknown to the government.  These filings had originally been due on April 30, 2018; the defense sought and was granted two extensions of the filing date, neither of which were objected to by the government.

In early May 2018, AUSA David Maria advised the US Attorney's Office that he would be returning to the Washington, D.C. area to take a position with a law firm.  AUSA Maria had been the primary AUSA on the investigation and prosecution of this case.  AUSA John Kokkinen was also assigned to the case, but had significantly less involvement in both the investigation and prosecution of the case, as he was occupied with a series of health care fraud prosecutions and trials throughout 2017 and 2018.  AUSA Maria gave notice that his last day at the U.S. Attorney's Office would be May 25, but he indicated that he intended to do the initial drafting of the motions response in this matter (at the time he gave notice, the defendant's motions and memoranda were due on May 15).  On May 17, the defense moved for an extension of time to file its motions because Judge Frank had not yet ruled on the objections to this Court's Report and Recommendation (Dkt. 117); the government did not object, and this Court granted the defendant's motion for a continuance, requiring the defense to file motions within 7 days of Judge Frank's ruling on

the objections.  On May 25, 2018, Judge Frank adopted the Report and Recommendation, fully adopting the conclusions reached by this Court.  (Dkt. 139.)

On June 1, 2018, the defense filed its motions.  The government has been diligently reviewing and drafting its responses.  In attempting to respond to the motion to dismiss, however, the government finds itself unable to conduct a substantive analysis of the defendant's arguments because they are premised in large part on materials submitted to the Court *in camera*.  Accordingly, on June 11, 2018, the government contacted defense counsel to indicate that we would be seeking a continuance of the deadline for responding to the defense motions and that we wanted to designate "walled off" AUSAs to be able to review the documents submitted to the Court in order to respond to the motion to dismiss. The parties spoke by telephone on June 18, during which the government explained the procedure by which it intended to conduct the "walled off" review and motion response and sought the defense's concurrence as to both that procedure and a 30-day extension of the deadline for the government to file responses to the motion to dismiss (Dkt. 141) and the motion to suppress (Dkt. 147).  On June 19, 2018, defense counsel sent an email to the government indicating that they would only agree to an extension of 7 days (until July 6, 2018) and would oppose any use of "walled off" lawyers.  After receiving defense counsel's email, the government contacted the Court and asked to schedule a telephone conference to request (1) approval for the use of a "walled off" AUSA team to respond to the motion to dismiss and (2) an extension of the motions response deadline.

The motion to dismiss makes a number of arguments regarding emails provided to the Court - the government does not have access to these emails, and all references to them are redacted in the memorandum in support of the motion.  The memorandum contains arguments and assertions about the privileged nature of these emails, the connection between the substance of those emails and the criminal case, and prejudice to the defense resulting from alleged government exposure to these email.  The government cannot effectively respond to these arguments without being able to review the contents of the emails.  At present, the government has only the defendant's assertion that approximately 190 of the emails are privileged.  He repeatedly asserts, for example, that certain emails were sent for the purpose of seeking legal advice, a key component of the attorney-client privilege.  The government should be permitted to evaluate these assertions, to contest them if incorrect, or to agree with them, if they are correct, to narrow the scope of the parties' disputes.

More fundamentally, however, the defense asserts that the government's purported intrusions into privileged communications violated his due process rights under the 5th amendment.  To prevail on this claim, the defendant must show that the government's

conduct in this case was "outrageous" – that is, that the conduct amounted to a "deliberate intrusion" into privileged information that resulted in "actual and substantial prejudice" to Mr. Adams in this case. *United States v. Voigt,* 89 F.3d 1050, 1067 (3rd Cir. 1996). Thus, the obviousness of the privileged nature of the emails, and the extent to which the subject matter of the emails overlaps with the issues in this case, are essential to Mr. Adams's due process claim, and the government cannot address these aspects of due process claim without knowing what the prosecution team saw in the allegedly privileged emails.

The government has therefore proposed that AUSAs David MacLaughlin and Ann Bildtsen be given access to the emails referenced in the defense filings and provided to the Court, as well as any other emails designated privileged; that they be ethically walled off from communicating with the prosecution team about the case in any way; that they file a response to the motion to dismiss that addresses arguments based on emails we are presently unable to review; that any reference to the emails in the written response be redacted in the public filing; and that the unredacted version be made available only to the Court and defense counsel, and not the prosecution team.

Permitting AUSAs MacLaughlin and Bildtsen to be so "walled off" would carry the additional benefit of permitting the simultaneous litigation, if necessary, of the defense privilege log. Indeed, the proposed procedure might ultimately narrow some of the issues that will have to be decided by the Court.

With respect to the government's request for a continuance, an extension of 30 days is reasonable in this case where the defense has filed voluminous briefs and supporting documentation for which they have had essentially six months to draft, where the primary AUSA has left the U.S. Attorney's Office, and where the "walled off" lawyers do not yet have access to the documents underlying defendant's motion to dismiss. In addition, no time has yet elapsed from the Speedy Trial clock, as the Court has ordered that the period from March 31, 2017, through October 9, 2018, be excluded from the Speedy Trial Act computations in this case. (*See* Dkt. 108.)

Sincerely,

ERICA H. MacDONALD
United States Attorney

/s/ *John E. Kokkinen*

BY: JOHN E. KOKKINEN
Assistant U.S. Attorney