LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

LANCE A. WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 21, 2018

<u>Via ECF</u>

Hon. Kate M. Menendez
United States District Court
District of Minnesota
8E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

      Re:    <u>United States of America v. Edward S. Adams, Case No. 17-cr-64</u>

Dear Judge Menendez:

On behalf of Mr. Adams, I write to provide his positions on the two issues that the government has raised in advance of the upcoming conference call with the court at 8:30 a.m. on Friday, June 22, 2018.

## I.    Mr. Adams Opposes the Government's Request for a 30-day Extension

Mr. Adams opposes the government's request for a 30-day extension of its deadline to respond to two of Mr. Adams's three briefs (ECF Nos. 141 and 147).  Mr. Adams does not oppose extending the deadlines by one week, but the lengthy extension the government seeks would interfere with Mr. Adams's ability to adequately prepare for trial on the present schedule.

If the government's request for an extension is granted, briefing will not be complete until August 13.  *See* ECF No. 138.  Such a schedule would not provide adequate time for the pending issues to be considered and decided by this Court (and potentially also the District Court if an appeal is taken), and for undersigned counsel to prepare for an October 9 trial in light of those decisions.  *See* ECF No. 108 (setting Sept. 25 pretrial deadlines and Oct. 9 trial date).

The government contends that the extension is necessary because (1) the lead prosecutor, David Maria, has left the U.S. Attorney's Office, and (2) Mr. Adams's briefs are lengthy.  On the first issue, the government presumably had substantial advance notice of Mr. Maria's departure and time to prepare for a transition.  By the time the government informed undersigned counsel of this development on June 11 (ten days after Mr. Adams's briefs were filed), Mr. Maria already appeared on the Squire Patton Boggs website.  The AUSAs who are presently involved in this case—John Kokkinen and Timothy Rank—have both been involved since before the indictment, and both appeared at the January evidentiary hearing.  On the second issue, while Mr. Adams's

June 21, 2018
Page 2

submissions are lengthy, that is largely due to the discussion of the record made during the January evidentiary hearing and the legal issues raised at that hearing. While the government contends that Mr. Adams had nearly five months to draft his briefs, the government has had equal time to analyze the facts and issues presented at the hearing. None of the issues raised in the briefs is a surprise to the government.

## II. Mr. Adams Opposes the Government's Request to Permit Two AUSAs to Review Mr. Adams's Privileged Communications

Mr. Adams opposes the government's request to permit AUSAs David MacLaughlin and Ann Bildtsen to review the privileged communications that Mr. Adams has submitted to the court *in camera* in connection with his motions. It bears emphasizing that the 21 exhibits Mr. Adams submitted *in camera* contain communications between Mr. Adams and his attorneys—including his former criminal counsel in this very matter, Jon Hopeman, his counsel at Latham & Watkins in the closely-related SEC investigation, his tax counsel, Tom Brever, his *Kovel* accountant, Murry LLC, and his counsel in related civil litigation, Aaron Hartman. These are not privileged communications discussing collateral or historical issues. Rather, as set forth in Mr. Adams's motion, they relate directly to Mr. Adams's defenses in this criminal case and his own testimony, and thus implicate his constitutional rights. *See* ECF No. 141 at 19-26.

Mr. Adams objects to the use of a taint team because taint teams comprised of prosecutors do not adequately protect a defendant's Sixth Amendment rights. *See, e.g.*, ECF No. 149 at 5-8, Order Adopting R&R, *United States v. Heppner et al.*, No. 05-cr-00094, at 4 n.1 (D. Minn. Nov. 23, 2005) (Tunheim, J.) (sharing "the Magistrate Judge's skepticism . . . that the use of a 'taint reviewer' was adequate to protect defendants' . . . rights." (quoting ECF 71, at 11 n.3 (Noel, M.J.) (employing taint team is "not unlike assigning the fox to guard the henhouse"))); *see also In re Seizure of All Funds on Deposit in Accounts in Names of Nat'l Elecs., Inc.*, No. M-18-65, 2005 WL 2174052, at *3 (S.D.N.Y. Sept. 6, 2005) ("This Court agrees that reliance on review by a 'wall' Assistant in the context of a criminal prosecution should be avoided where possible."); *In re Search Warrant for Law Offices Executed on Mar. 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994) ("[T]his Court notes that reliance on the implementation of a Chinese Wall, especially in the context of a criminal prosecution, is highly questionable, and should be discouraged. . . . notwithstanding our own trust in the honor of an AUSA"). That is particularly true given the nature of the communications involved here.

Instead, Mr. Adams believes that the appropriate process is for the Court to consider the documents that Mr. Adams has submitted *in camera*, and for the government to prepare its response based on the information that Mr. Adams has supplied in his privilege log and in the public version of his brief. "[A] government taint team's review of documents is far riskier to the non-moving party's privilege than is a judge's *in camera* review. . . . taint teams present inevitable, and reasonably foreseeable, risks to privilege . . . . human nature being what it is, occasionally some taint-team attorneys will make mistakes or violate their ethical obligations." *In re Grand Jury Subpoenas*, 454 F.3d 511, 520-22 (6th Cir. 2006).

Although the government promises that AUSAs MacLaughlin and Bildtsen would be prohibited from "communicating with the prosecution team about the case in any way," a taint

June 21, 2018
Page 3

team comprised of AUSAs (and particularly ones from the same office as the prosecution team) simply presents too great a risk that mistakes would be made that would create further leaks of Mr. Adams's privileged communications to the prosecution team.  *See In re Grand Jury Subpoenas*, 454 F.3d at 520-22; *see generally United States v. Johnson*, 362 F. Supp. 2d 1043, 1084–85 (N.D. Iowa 2005) (in similar context, appointing taint attorney from different United States Attorney's Office, discouraging communications between the taint attorney and prosecution team, and ordering any such contact to be made in writing or before a court reporter and filed under seal).

The information that Mr. Adams has provided the government—including a revised, document-by-document privilege log as well as further general descriptions of the documents in the public version of the brief—is sufficient to permit it to respond to Mr. Adams's motion, and is the standard protocol in privilege litigation.  *See In re Grand Jury Subpoenas*, 454 F.3d at 523-24 (ordering use of privilege log procedure and noting "under the appellants' proposal, which incidentally seems to follow a fairly conventional privilege review procedure employed by law firms in response to discovery requests, the government would still enjoy the opportunity to challenge any documents that appellants' attorneys misidentify . . . as privileged").  Although "[i]n camera reviews of documents necessarily hamper attorneys' ability to advocate their positions. . . . the very nature of the attorney-client privilege and work product doctrine demands that information about disputed documents be limited."  *Struzyk v. Prudential Ins. Co. of Am.*, No. CIV. 99-1736 (JRT/FLN), 2003 WL 21302964, at *2 (D. Minn. May 16, 2003).

The documents that Mr. Adams has submitted for *in camera* review, Exhibits A-U to ECF No. 141, submitted under seal as ECF No. 145, are a manageable volume (169 total pages). Permitting further scrutiny by the government of any of the *in camera* documents would only deepen the privilege violations in this case—and this is particularly true for the six documents submitted *in camera* by Mr. Adams that have not previously been seen by the government, and were submitted to the Court to provide additional context.

*       *       *

Mr. Adams respectfully requests that the Court deny the government's requests.

                    Respectfully submitted,

                    /s/ Lance A. Wade