UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-64 (DWF/KMM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDWARD S. ADAMS,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS TAX CHARGES OR FOR A BILL OF PARTICULARS**

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and John Kokkinen, Assistant United States Attorney, respectfully submits this response to defendant Edward S. Adams's motion to dismiss tax charges or for a bill of particulars [Docket No. 140].

## BACKGROUND

On March 22, 2017, Adams was charged by indictment with multiple counts of mail fraud and wire fraud. Indictment [Docket No. 1]. The indictment alleged a fraud scheme that began in approximately 2006 in which Adams lead investors to believe that their money would be used to fund the operations of two companies, Apollo Diamond Inc. and Apollo Diamond Gemstone Corporation. Instead, Adams misappropriated and embezzled millions of dollars of investor funds for his personal use and benefit and then later orchestrated an asset purchase agreement between the Apollo companies and a new company, Scio. This transaction was designed by Adams to lull investors and prevent them from learning about his prior embezzlement of millions of dollars of investor funds.

On December 20, 2017, a superseding indictment was returned by the grand jury that added three tax charges to the original indictment, the making and subscribing of false and fraudulent tax returns for tax years 2008, 2009, and 2010, in violation of 26 U.S.C. § 7206(1). Superseding Indictment [Docket No. 70]. Those charges were based on Adams's failure to report as income the investor funds he had embezzled through the fraud scheme alleged in the indictment and re-alleged, without any alteration, in the superseding indictment. The tax charges alleged in the superseding indictment track the language of the statute, contain all of the elements of the offense, and identify by amount the particular line item ("taxable income") that was false and fraudulent. Adams brings the current motion, asserting that the tax charges are insufficiently specific and should therefore be dismissed, or, in the alternative, be supplemented by a bill of particulars.

## ARGUMENT

Rule 7(c) of the Federal Rules of Criminal Procedure states, "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994); *see also United States v. Hughson*, 488 F. Supp. 2d 835, 840 (D. Minn. 2007) ("In reviewing the sufficiency of an Indictment, . . . we are to determine whether the Indictment sufficiently sets forth the elements of the offenses alleged . . . in order to place the defendant on fair notice of the charges against him, and to enable him to raise an acquittal, or

conviction, so as to prevent his double jeopardy for a single offense."). "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). An indictment will generally be deemed sufficient "unless no reasonable construction can be said to charge the offense." *United States v. Peterson*, 867 F.2d 1110, 1114 (8th Cir. 1994).

Adams does not argue, nor could he, that the tax charges in Counts 15-17, false tax returns in violation of 26 U.S.C. § 7206(1), fail to allege an offense fail, track the language of the statute, or set forth the elements of the offense. Instead, he claims that the tax charges are defective because they are not specific enough to permit him to "mount an informed defense." Specifically, he complains that the tax charges do not allege *how much* income he failed to report or the source of that unreported income. But, as the Eighth Circuit decisions cited above make clear, such specific information is not required for an indictment to be sufficient. In fact, proof of exactly *how much* income was omitted from the tax returns is not even required at trial because a charge under 26 U.S.C. § 7206(1) does not require proof of an actual tax deficiency. *See United States v. Giambalvo*, 810 F.3d 1086, 1097 (8th Cir. 2016). The Eighth Circuit's model jury instructions reject the precise argument that Adams makes: "If the amount of income is false, *the amount of understatement is irrelevant.*" Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, § 6.26.7206 n.6 (citing *United States v. Hedman*, 630 F.2d 1184, 1196 (7th Cir. 1980)).

Although the "missing" information that Adams complains about is not required, the superseding indictment does, contrary to Adams's argument, provide that information.

3

The superseding indictment explains that during the course of the fraud scheme, Adams diverted large portions of investors' funds to accounts controlled by Adams for his personal use and benefit.   Superseding Indictment ¶ 64.   Those accounts controlled by Adams are specified earlier in the superseding indictment as having been multiple bank accounts opened by Adams that purported to be accounts related to and for the benefit of Apollo Diamond and Apollo Gemstone.   *Id*. ¶¶ 13-15.   The superseding indictment goes even further and specifies the names of those various bank accounts, identifies approximately *how much* money was deposited into each of those various accounts during certain periods, and identifies how the money deposited into those accounts was then spent.   *Id*. ¶¶ 16-40. Quite plainly, the superseding indictment does in fact inform Adams about the source and approximate amounts of unreported income.   The Court should reject Adams's argument that the tax charges should be dismissed on the ground that they are not specific enough.

The Court should likewise reject Adams's alternative request for a bill of particulars because the superseding indictment complies with the requirements of Rule 7 and Adams has been provided ample discovery that contains the information he claims is missing.   The test for determining if a bill of particulars is required is whether it is necessary "to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial."   *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). The Eighth Circuit has repeatedly emphasized, however, that "[a] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011); *see also United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) ("A bill

of particulars . . . is not a proper tool for discovery; it is not to be used to provide detailed disclosure of the government's evidence at trial."); *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006) (noting a bill of particulars is not to be used for discovery purposes); *see also generally United States v. Holzendorf*, 576 Fed. App'x 932, 935–36 (11th Cir. 2014) (unpublished) (affirming district court's denial of defendant's request for a bill of particulars and describing the requested bill of particulars as "a thinly veiled attempt to have the government make a detailed disclosure of the evidence that it planned to present at trial"); *United States v. Tyler*, 42 Fed. App'x 186, 190 (10th Cir. 2002) (unpublished) (defendant was not entitled to notice of all the government's evidence); *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982) ("[E]ven a bill of particulars cannot be required to compel revelation of the full theory of the case or all the evidentiary facts."). The decision to deny or order a bill of particulars is left to the broad discretion of the trial court. *See, e.g., United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986).

As explained above in the response to Adams's request for dismissal of the tax charges, the superseding indictment does inform Adams of the general nature of the unreported income, the time frames when he realized that income, and the approximate amounts of that income.  Adams suggests that the superseding indictment is deficient because it does not inform him of how many transactions there were and when they took place.  But that information is contained within the bank records, which were provided to the defense more than a year ago.  *See* [Docket No. 41-1] Defendant's Ex. 10 to Motion to Suppress at 116-22 (summarizing extensive disclosures provided in May 2017).  The defense is perfectly capable of reviewing, scheduling, and analyzing those records.  *See* 1

Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure: Criminal*, §

130 at 663-64 (4th ed. 2008) (observing that a motion for a bill of particulars should not be

granted when the desired information has been provided through pretrial discovery).

Furthermore, the government has in fact shown the defense spreadsheets that summarize

the transactions from the bank accounts referenced in the superseding indictment.  This

happened during a "reverse proffer" on March 17, 2016, more than a year before the

original indictment was returned, and one of Adams's current attorneys, Mr. Petrosinelli,

attended that reverse proffer.[1]  *See* [Docket No. 36] Defendant's Ex. 48 from Jan. 8-9 Hr'g.

## CONCLUSION

The tax charges in the superseding indictment contain the elements of the offense

and, when read in conjunction with the earlier allegations of the superseding indictment,

which were incorporated by reference in the tax charges, fairly informs Adams of the nature

of the charges against him.  The superseding indictment identifies the particular line item

---

[1] Adams's request that the government be required to specify the method of proof for the unreported income is difficult to understand.  As noted above, the superseding indictment quite clearly indicates how the government intends to prove that Adams realized income that was not reported on his tax returns:  he caused Apollo investment funds to be deposited in multiple bank accounts that he controlled (e.g., the Venture Bank accounts) and then later transferred millions of dollars of those Apollo investment funds to his personal accounts.  In addition, this is not a tax evasion case but a false returns case.  While the government might be required to specify the method of proof in an evasion case, the specificity required in a false returns case is identification of the "line or lines on the applicable returns in which the income in question was allegedly omitted."  *See United States v. Manfredi*, 628 F. Supp. 2d 608, 634-35 (W.D. Pa. 2009).  Here, the superseding indictment provides this information by specifying "taxable income of $674,673," which corresponds to line 5 of the 1040X for 2008 (Count 15); "taxable income of $581,795," which corresponds to line 5 of the 1040X for 2009 (Count 16); and "taxable income of $783,327," which corresponds to line 5 of the 1040X for 2010 (Count 17).

on the returns in question that is alleged to be false.  Adams has had access to the bank records referenced in the superseding indictment for more than a year, and he has been on notice for more than two years regarding the type of charts that might be offered at trial to summarize the transactions in and out of the various Venture Bank accounts referenced in the superseding indictment.  Adams's motion should be denied.

Dated: June 29, 2018                              Respectfully Submitted,

                                                  ERICA H. MacDONALD
                                                  United States Attorney

                                                  *s/ John Kokkinen*

                                                  BY:  JOHN KOKKINEN
                                                  Assistant U.S. Attorney
                                                  Attorney Id No. 0388356
                                                  600 U.S. Courthouse
                                                  300 South Fourth Street
                                                  Minneapolis, Minnesota 55415
                                                  612-664-5600