# U.S. v. Edward S. Adams
# Case No. 17-64 (DWF/KMM)

# Exhibit 4



**U.S. Department of Justice**

United States Attorney
District of Minnesota

| | |
|---|---|
| *600 United States Courthouse*<br>*300 South Fourth Street*<br>*Minneapolis, MN 55415* | *Telephone: (612) 664-5600*<br>*Fax: (612) 664-5787* |

June 7, 2016

*Via Email and United States Mail*

Jon Hopeman, Esq.
Felhaber, Larson, Fenlon & Vogt
220 S. Sixth Street, Suite 2200
Minneapolis, MN 55402-4504

    Re:    *Edward S. Adams*

Dear Mr. Hopeman:

    We are in receipt of your letters of May 16 and May 19, 2016, that were directed to Andrew M. Luger, as well as your June 6, 2016 letter to me, regarding the involvement of Assistant U.S. Attorney David Maria in the investigation relating to your client, Edward S. Adams. As you are aware, we take very seriously any allegations of improper conduct or conflicts of interest made against prosecutors in our office. That being said, having thoroughly reviewed the allegations in your letters, we find your assertion of a conflict to be unsupported by the facts and your conclusions to be premised on an erroneous characterization of the Rules of Professional Conduct.

    In your May 16 letter, you indicated that Apollo Diamond, Inc. "retained, consulted, and/or worked with the law firm of Latham & Watkins, LLP." We spoke by telephone on May 23, during which call I asked you to advise me as to: (1) whether Apollo Diamond was ever a client of Latham & Watkins; (2) if so, when Latham & Watkins was retained and when they last did any work for Apollo Diamond; and (3) the names of any Latham & Watkins lawyers who did work for Apollo Diamond. In your June 6 letter, you indicate that "an attorney-client relationship began between Latham and Apollo possibly as early as 2001 (and certainly no later than 2003)" and "[t]hat relationship continued until the end of 2010." You do not name any specific Latham & Watkins lawyers who did work for Apollo Diamond.

Jon Hopeman, Esq.
June 7, 2016
Page 2

      In your May 16 letter, you also indicated that Oak Ridge Capital Group, Inc. "retained, consulted, and/or worked with the law firm of Latham & Watkins, LLP." During our May 23 telephone call, I asked you to advise me as to: (1) whether Oak Ridge Capital was ever a client of Latham & Watkins; (2) if so, when Latham & Watkins was retained and when they last did any work for Oak Ridge Capital; and (3) the names of any Latham & Watkins lawyers who did work for Oak Ridge Capital. In your June 6 letter, you indicate that "Oak Ridge and [Adams] and one of his business associates entered into an attorney-client relationship with Latham in 2003 relating to Oak Ridge which ended in circa 2007." You do not name any specific Latham & Watkins lawyers who did work for Apollo Diamond.

      You also indicated in your May 16 letter that "as recently as 2010, Mr. Adams, on his own individual behalf and that of Apollo Diamond, Inc., had substantive discussions with Latham attorneys about Apollo Diamond, Inc., including a discussion relating to a potential regulatory matter." During our May 23 telephone call, I asked you to advise me as to: (1) whether Mr. Adams ever retained Latham & Watkins personally in connection the potential regulatory matter; and (2) the names of any Latham & Watkins lawyers with whom Mr. Adams had the discussions referenced in your letter. In your June 6 letter, you indicate that "[Adams's] personal attorney-client relationship with Latham began in 2003 and has continued to this day." I am not sure what exactly that means, but it does not appear from your answer that Mr. Adams ever retained Latham & Watkins or was ever represented in his personal capacity by any Latham & Watkins attorneys.

      Finally, during our May 23 telephone call, I asked whether you have any reason to believe that AUSA David Maria did any work for Apollo Diamond, Oak Ridge Capital, or Edward Adams. You indicate in your June 6 letter that you do not.

      AUSA Maria worked as an associate for the firm of Latham & Watkins in their Washington, D.C. office. He joined the firm on December 31, 2006, and left in November of 2010. AUSA Maria has made no secret of his prior employment with Latham & Watkins, and in fact advised the attorney who represented Mr. Adams in connection with the SEC's investigation, Jim Kopecky, as to this fact when they first spoke in January of this year. As you know, Latham & Watkins is a large, international law firm. In 2010, the firm had approximately 2000 lawyers with offices around the world. AUSA Maria has no recollection of doing any work for Apollo Diamond or Oak Ridge Capital, and he did not acquire any information whatsoever from or regarding these entities, let alone privileged or confidential information.

Jon Hopeman, Esq.
June 7, 2016
Page 3

You contend that Minnesota Rule of Professional Conduct 1.9 bars AUSA Maria from participating in a criminal investigation into whether Mr. Adams defrauded investors in Apollo Diamond and Scio Diamond Technology Corporation. I think you are wrong.

As you note in your letter, Rule 1.9(c) provides that a "lawyer ... whose former firm has ... represented a client ... shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client ...." What you fail to note is that this provision requires that the lawyer in question (1) obtain information about the former client, and (2) use it to the former client's disadvantage. Indeed, the Commentary to Rule 1.9 makes clear that "information *acquired by the lawyer* in the course of representing a client may not subsequently be used or revealed by the lawyer to the disadvantage of the client," and, more specifically, "if a lawyer while with one firm acquired no knowledge or information relating to a particular client of the firm, and that lawyer later joined another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the two clients conflict." Minn. R. Prof. Conduct 1.9, Comments 5 and 8 (emphasis added); *see also Harker v. Comm'r of Internal Revenue*, 82 F.3d 806 (8th Cir. 1996); *Cook v. Columbia Heights*, 945 F. Supp. 183 (D. Minn. 1996); and Minnesota Rule 1.11(d) ("a lawyer currently serving as a public officer or employee: . . . shall not . . . (i) participate in a matter in which the lawyer participated *personally and substantially* while in private practice.") (emphasis added). As noted above, you make no assertion that AUSA Maria ever obtained information regarding Apollo Diamond, Oak Ridge Capital, or Mr. Adams while at Latham & Watkins, let alone that he is now using that information to anyone's disadvantage.

You further claim in your letter that even if AUSA Maria did not work on any matters for or acquire confidential information from Apollo Diamond or Oak Ridge Capital, the knowledge of other lawyers at Latham & Watkins must be imputed to a former associate such as AUSA Maria. For this proposition, you cite, incorrectly, to Comment 2 to Minnesota Rule 1.10. Indeed, you fail to note that Comment 2, which relates to paragraph (a) of Rule 1.10, specifically states that "[p]aragraph (a) operates only among the lawyers currently associated in a firm." As discussed above, AUSA Maria has not been associated with Latham & Watkins since 2010.

For the reasons I have explained above, we do not see any conflict of interest with respect to AUSA Maria, and he will continue to work on the investigation into allegations of fraud involving Mr. Adams. If the facts as I have presented them are incorrect, if you have any questions, or if you care to discuss this matter further for any reason, please call

Jon Hopeman, Esq.
June 7, 2016
Page 4

me at (612) 664-5613. Moreover, you are welcome to seek a ruling on this issue from the District Court Judge who is overseeing the grand jury in this matter, the Honorable Joan Ericksen.

                Sincerely,

                Andrew M. Luger
                United States Attorney

                *s/ Timothy C. Rank*

                BY: TIMOTHY C. RANK
                Assistant U.S. Attorney