# <u>U.S. v. Edward S. Adams</u>
# Case No. 17-64 (DWF/KMM)

# Exhibit 23

**To:**          Kokkinen, John (USAMN)[jkokkinen@usa.doj.gov]; Rank, Timothy
(USAMN)[TRank@usa.doj.gov]
**Cc:**          Wade, Lance[LWade@wc.com]
**From:**        Maier, Gloria
**Sent:**        Mon 6/25/2018 4:51:52 PM
**Importance:**           Normal
**Subject:**     RE: U.S. v. Adams
**MAIL_RECEIVED:**    Mon 6/25/2018 4:53:49 PM
2018.06.01 - Adams Personal Privilege Log - Viewed Not Seized.XLSX

John,


Here is the native Excel version of Dkt 142 Exhibit 2.


Regards,

Gloria


**Gloria Maier**

**Williams & Connolly LLP**

725 Twelfth Street, N.W., Washington, DC 20005

(P) 202-434-5213 | (F) 202-434-5029

gmaier@wc.com | www.wc.com


**From:** Kokkinen, John (USAMN) [mailto:John.Kokkinen@usdoj.gov]
**Sent:** Saturday, June 23, 2018 5:57 PM
**To:** Maier, Gloria <GMaier@wc.com>; Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>
**Cc:** Wade, Lance <LWade@wc.com>
**Subject:** RE: U.S. v. Adams


Gloria and Lance,

The various spreadsheets you've sent are quite helpful.  You previously sent one such spreadsheet titled "2018.5.15 – Revised Adams Personal Privilege Log."  This appears to correspond to Dkt 142 Exhibit 1.  Do you have a spreadsheet that corresponds to Dkt 142 Exhibit 2 that you could please email to me?

Thank you,

John

**From:** Maier, Gloria <GMaier@wc.com>
**Sent:** Friday, June 22, 2018 2:35 PM
**To:** Kokkinen, John (USAMN) <jkokkinen@usa.doj.gov>; Rank, Timothy (USAMN) <TRank@usa.doj.gov>
**Cc:** Wade, Lance <LWade@wc.com>
**Subject:** FW: U.S. v. Adams

John and Tim:

To clarify the issue that you raised earlier today, I have attached two lists that make up the 3,350 "viewed" and "seized" documents from Mr. Adams's Yahoo! emails over which Mr. Adams is not asserting a privilege, which we agree the government may access.  *See* ECF 147 at 20-21; ECF 150 ¶ 2 (Supp. Maier Decl.).

This 3,350 includes those that Mr. Adams identified as non-privileged to the government on March 15, a handful of additional documents that we agreed were not privileged after meeting and conferring with you all in April, as well as (in light of Judge Frank's ruling) the 219 documents over which Mr. Adams previously asserted a privilege on behalf of the Apollo companies as his client.

You asked about the difference between these 3,350 and the 3,877 identified in the Maier Declaration (ECF 148) as the emails from Mr. Adams's Yahoo! accounts that were viewed and

seized by the government.  The difference is made up of documents over which Mr. Adams has asserted his personal attorney-client privilege, *see* Ex. 1 to Motion to Dismiss ("Revised Privilege Log of Documents Viewed by Government in "For Review" Folder – E. Adams Personal Attorney-Client Privilege or Attorney Work Product Protection") (131 documents), as well as documents that fall into the other 3 categories of Mr. Adams's March 15 categorical privilege log.  As mentioned on the call this morning, these documents include (1) communications with other clients; (2) communications relating to expert engagements by Mr. Adams, and (3) spousal privilege.

The only privileged documents that Mr. Adams specifically references in his briefs are In Camera Exhibits A-U.  These are the only privileged documents that Mr. Adams has submitted in camera.  All of these documents relate to Mr. Adams's personal privilege and to the extent that they were viewed by the government, they are reflected on the privilege logs that are attached as Exhibits 1 and 2 to the Motion to Dismiss.  The government does not have access to these documents.  The government also does not have access to (1) the other documents identified on Mr. Adams's privilege logs; and (2) the documents that the government seized but did not view.

Please let me know if you have any questions or would like to have a call to discuss this further.

**Gloria Maier**

**Williams & Connolly LLP**

725 Twelfth Street, N.W., Washington, DC 20005

(P) 202-434-5213 | (F) 202-434-5029

gmaier@wc.com | www.wc.com

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.