# <u>U.S. v. Edward S. Adams</u>
# Case No. 17-64 (DWF/KMM)

# Exhibit J

## Kokkinen, John (USAMN)

| | |
|---|---|
| **From:** | Kokkinen, John (USAMN) |
| **Sent:** | Thursday, July 26, 2018 11:04 AM |
| **To:** | 'Maier, Gloria' |
| **Cc:** | 'Wade, Lance'; Rank, Timothy (USAMN); Maclaughlin, David (USAMN) |
| **Subject:** | RE: Adams - SAR and Phone Conference |

One point of clarification I should make regarding Spitzer because I probably misspoke on the phone. The basis for us questioning whether Mr. Adams had a personal attorney-client relationship with Spitzer is in Mr. Adams's SEC deposition, starting at about page 346. Although I'm not 100% sure, I don't think we ever spoke with Spitzer.

Thanks,
John

**From:** Kokkinen, John (USAMN)
**Sent:** Thursday, July 26, 2018 10:14 AM
**To:** 'Maier, Gloria' <GMaier@wc.com>
**Cc:** Wade, Lance <LWade@wc.com>; Rank, Timothy (USAMN) <TRank@usa.doj.gov>; Maclaughlin, David (USAMN) <DMaclaughlin@usa.doj.gov>
**Subject:** RE: Adams - SAR and Phone Conference

Gloria,

Thank you for the below. We will review and get back to you.

John

**From:** Maier, Gloria <GMaier@wc.com>
**Sent:** Thursday, July 26, 2018 9:55 AM
**To:** Kokkinen, John (USAMN) <jkokkinen@usa.doj.gov>
**Cc:** Wade, Lance <LWade@wc.com>; Rank, Timothy (USAMN) <TRank@usa.doj.gov>
**Subject:** RE: Adams - SAR and Phone Conference

John,

We have now had adequate time to re-review each of the 48 privilege log entries that you have challenged relating to Mr. Adams and Mr. Monahan and/or Mr. Reilly (item 6 in the email below). While we believe these documents are privileged, in an effort to narrow the issues before the Court we are willing to withdraw our privilege claims as to the following privilege log rows: 2-12, 14, 15, 17, 92-97, and 99, on the understanding that by doing so, the government will not argue that Mr. Adams has waived privilege as to any other documents. We also can withdraw our privilege claim as to row 13 except for the information in that document that relates to WWEBNET, a client of Adams Monahan LLP, and will provide you with a redacted copy of that document.

We withdraw our privilege claims as to these specific documents only, and without waiver of our position that other communications involving Mr. Adams and Mr. Monahan are privileged, including some relating to the Mack/Rapello litigation and the McPheely litigation.

Regards,
Gloria

**Gloria Maier**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5213 | (F) 202-434-5029
gmaier@wc.com | www.wc.com

---

**From:** Maier, Gloria
**Sent:** Monday, July 23, 2018 11:39 AM
**To:** Kokkinen, John (USAMN) <John.Kokkinen@usdoj.gov>
**Cc:** Wade, Lance <LWade@wc.com>; Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>
**Subject:** RE: Adams - SAR and Phone Conference

John,

I am writing to follow up about the privilege issues that you raised late last week.  Here are our positions on the issues:

1) Privilege log rows 70 and 75 (Mr. Evangelista):  We confirm our position that these communications reflect and relate to an initial consultation for the purpose of obtaining legal advice, although Mr. Evangelista was ultimately not retained on this issue.

2) Privilege log rows 44-46, 69, and 74 (Mr. Spitzer):  Although you stated during our meet and confer on Thursday that it is your understanding from Mr. Spitzer that Mr. Spitzer did not represent Mr. Adams, we confirm our position that these communications reflect and relate to two initial consultations for the purpose of obtaining legal advice on two issues, although Mr. Spitzer was not ultimately retained on these issues.

3) Row 98 (Mr. Spitzer): This document (DocID 00132931) is an attachment that was sent to Mr. Spitzer.  A duplicate of this document (DocID 00132914) already exists in the government's database of viewed non-privileged documents.  We withdraw our privilege claim as to this document, without waiver of our position that Adams had privileged communications with Mr. Spitzer at other times.

4) Row 1 (DTLL document): We confirm that DTLL, Inc. refers to a company formerly known as Dental Resources, Inc. and the document relates to anticipated litigation between DTLL and Mr. Adams.  We are unaware of any connection between that anticipated litigation and the Apollo Companies, Focus, or ESA Consulting.

5) Rows 47-62 (Nelson Mullins):  We maintain our position that attorneys from Nelson Mullins represented Mr. Adams personally during the period of time that they were handling issues relating to the *Fink* matter.  As evidence of that, non-privileged documents reflect that, in its communications with opposing counsel, Nelson Mullins was offering that Mr. Adams would personally transfer shares of stock and pay cash towards a potential settlement.

6) Rows 2-17, 43, 64-68, 71-73, 76-97, 99 (Communications between Mr. Adams and Mr. Monahan and/or Mr. Reilly relating to the dispute with Mack/Rapello, Fink, Nelson Mullins, or McPheely, but which do not include an outside attorney):  We maintain our position that Mr. Adams and Mr. Monahan were in a common interest and/or joint defense relationship in connection with these civil litigation matters, and that, depending on the circumstances that vary widely for these 48 entries, these entries are either protected by the attorney-client privilege or attorney work protection (or both).  We will individually re-assess these entries (and have not been able to do so in the limited time we have had since you raised this issue), but we do not anticipate reaching an agreement on the overall category.

7) Crime fraud exception:  We do not agree with your theory of the application of the crime fraud exception to Mr. Adams's privileged communications with Murry LLC, and we intend to oppose it.

Regards,
Gloria


**Gloria Maier**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5213 | (F) 202-434-5029
gmaier@wc.com | www.wc.com

---

**From:** Kokkinen, John (USAMN) [mailto:John.Kokkinen@usdoj.gov]
**Sent:** Friday, July 20, 2018 8:11 PM
**To:** Maier, Gloria <GMaier@wc.com>
**Cc:** Wade, Lance <LWade@wc.com>; Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>
**Subject:** RE: Adams - SAR and Phone Conference

Thanks Gloria.  I agree with you that our phone call covered only the Monahan/Reilly communications discussing the Mack/Rapello dispute.  But as I wrote the below email and re-reviewed the privilege log, I think the Monahan/Reilly communications discussing the Fink, Nelson Mullins, and McPheely disputes suffer from similar deficiencies in terms of their status as privileged.  For that reason, our current intention is to challenge those communications as well.

Thanks,
John

---

**From:** Maier, Gloria <GMaier@wc.com>
**Sent:** Friday, July 20, 2018 7:00 PM
**To:** Kokkinen, John (USAMN) <jkokkinen@usa.doj.gov>
**Cc:** Wade, Lance <LWade@wc.com>; Rank, Timothy (USAMN) <TRank@usa.doj.gov>
**Subject:** RE: Adams - SAR and Phone Conference

John,

Thank you for your message.  We are in the process of following up on the privilege issues that you have raised below.  It is helpful to have received the privilege log row numbers that you intend to challenge.  Preliminarily, I do not agree with your recap of some of the issues below (for example, the Monahan/Reilly issues, which relate to 48 privilege log entries and four distinct legal disputes).

We will do our best to get you our final positions on as many of these issues as we can by Monday.

Regards,
Gloria

**Gloria Maier**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5213 | (F) 202-434-5029
gmaier@wc.com | www.wc.com

3

**From:** Kokkinen, John (USAMN) [mailto:John.Kokkinen@usdoj.gov]
**Sent:** Friday, July 20, 2018 4:53 PM
**To:** Maier, Gloria <GMaier@wc.com>
**Cc:** Wade, Lance <LWade@wc.com>; Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>
**Subject:** RE: Adams - SAR and Phone Conference

Gloria,

Thank you for taking the time to speak with us yesterday. I am just writing to recap our discussion regarding the motion contesting the application of privilege that we intend to file on Monday. I am adding in the entries from your privilege log (Exhibit 2 to the motion to dismiss) to be precise about what we are talking about.

The first group of communications we discussed was those between Adams and Evangelista (Rows 70 and 75) or Spitzer (Rows 44-46, 69, 74, and 98). You indicated to us that it was your understanding that although Adams did not ultimately retain either of those two individuals, he had an initial consultation with them for the purpose of obtaining legal advice. As such, your position is that the communications are privileged. You indicated that you would confirm the nature of the relationship and your position. We responded that we likely would agree with you if you got back to us and confirmed the above.

The second group was one communication between Adams and Mumm or Maddux regarding DTLL, Inc. (Row 1). You explained that DTLL, Inc. had nothing to do with the Apollo companies and so it is outside the scope of the warrant. We asked whether it possibly had any connection to Focus or ESA Consulting, and you said you would get back to us on that. We anticipate that we likely won't bother with contesting the claim of privilege regarding this communication given that it appears likely, based on your description, to have minimal significance to this case.

The third group are communications between Adams and either Monahan or Reilly. There are two subgroups within this category, as we understand it: (1) communications between Adams and Monahan/Reilly forwarding or recounting a communication with Hartman (Row 39) and (2) communications between Adams and Monahan/Reilly discussing the dispute with Mack/Rapello, Fink, Nelson Mullin, or McPheely, but which did not include an outside attorney (Rows 2-17, 43, 64-68, 71-73, 76-97, 99). We indicated that we did not anticipate contesting the first subgroup. As to the second subgroup, we indicated that we plan to contest whether those communications are privileged. You stated that your position is that they are because the disputes involved Adams and Monahan individually, as well an entity that Adams and Monahan would be representing. In other words, your position is that they are communications in their capacity as lawyers for a client (the entity), and thus, are subject to work product and attorney-client privileges. We indicated that we disagree with that analysis, and you responded that you would confirm whether you intend to persist in your position.

The fourth group is the communications with Nelson Mullins (Rows 47-62). You indicated that the privilege assertion is based on Adams's belief or recollection that Nelson Mullins not only represented Scio but that it also represented Adams personally. We responded that per Cory Manning, Nelson Mullins represented Scio but never represented Adams personally. You responded that you would confirm whether you intend to persist in your position.

The final group is the communications with the Murry firm. We explained that in addition to all of the reasons we have previously asserted, we believe that the communications with the Murry firm are not privileged under the crime-fraud exception. We gave you a brief overview of the basis for our position. You responded that you would have to evaluate the issue and get back to us with your position.

If there is anything about the above that you disagree with, please let us know. I'm sure it's quite possible that I misinterpreted some of your positions. At the end of the day, I don't need to know the exact contours of your position; I just need to be able to say something along the lines of the following to the Court in our motion: "The parties met and conferred and were able to reach an agreement regarding certain documents/categories of documents. The

documents/categories of documents to which the parties were unable to reach an agreement are discussed in greater detail below."

Looking forward to your response.  Have a great weekend!

Regards,
John Kokkinen
Assistant United States Attorney
District of Minnesota, Criminal Division
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
V: 612.664.5648 | F: 612.664.5787

---

**From:** Kokkinen, John (USAMN)
**Sent:** Thursday, July 19, 2018 8:13 AM
**To:** Maier, Gloria <GMaier@wc.com>
**Cc:** Wade, Lance <LWade@wc.com>; Rank, Timothy (USAMN) <TRank@usa.doj.gov>
**Subject:** Re: Adams - SAR and Phone Conference

I guess the only other one is an email with Jim Evangelista.  Not sure who he is and whether there was an actual attorney-client relationship. But if you can confirm that sufficiently, then maybe it's a non-issue.

John

Sent from my iPhone

On Jul 19, 2018, at 7:45 AM, Maier, Gloria <GMaier@wc.com> wrote:

> John,
>
> Thank you for your message.  Can you please clarify which communications (other than Adams-Spitzer communications) you are referring to when you say "there are a few other communications we are unsure of."  We would like to be able to meaningfully address these issues during our call today at 3 pm EST, and we may be unable to do so without prior notice of the issues.
>
> Thanks and regards,
> Gloria
>
> **Gloria Maier**
> **Williams & Connolly LLP**
> 725 Twelfth Street, N.W., Washington, DC 20005
> (P) 202-434-5213 | (F) 202-434-5029
> gmaier@wc.com | www.wc.com
>
>> **From:** Kokkinen, John (USAMN) [mailto:John.Kokkinen@usdoj.gov]
>> **Sent:** Wednesday, July 18, 2018 10:40 PM
>> **To:** Maier, Gloria <GMaier@wc.com>; Wade, Lance <LWade@wc.com>
>> **Cc:** Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>
>> **Subject:** RE: Adams - SAR and Phone Conference

5

Gloria,

The categories that we foresee a challenge on are as follows. The first, as you know, is the Murry communications.  In addition to the arguments we've previously identified, it appears that they are not privileged under the crime-fraud exception.  The second category are communications between Adams, on the one hand, and either Monahan or Reilly, or both, where there is no outside lawyer involved purporting to be doing work on behalf of them.  These would seem to be just communications between individuals (putative co-defendants) involved in an anticipated dispute with other shareholders, and the fact that the individuals communicating about that anticipated dispute are lawyers would not seem to give rise to a claim of privilege.  The third is the communications with the individuals at Nelson Mullins.  Our understanding, per Cory Manning, is that Nelson Mullins represented Scio and never represented Adams in his personal capacity.  There are a few other communications we are unsure of.  For example, we are unaware of any attorney-client relationship between Adams and Sptizer, and it would seem difficult for him to have done so given that he was a recipient of shares in the initial Scio transaction.

Talk to you tomorrow,
John

**From:** Kokkinen, John (USAMN)
**Sent:** Tuesday, July 17, 2018 4:19 PM
**To:** 'Maier, Gloria' <GMaier@wc.com>; Wade, Lance <LWade@wc.com>
**Cc:** Rank, Timothy (USAMN) <TRank@usa.doj.gov>
**Subject:** RE: Adams - SAR and Phone Conference

Gloria,

Sorry for the delay in getting back to you.  How about Thursday at 3:00 p.m. EST?

Tomorrow, I will get you a list of the documents/categories of documents to be discussed during the Thursday phone call.

Thanks,
John

**From:** Maier, Gloria <GMaier@wc.com>
**Sent:** Monday, July 16, 2018 4:11 PM
**To:** Kokkinen, John (USAMN) <jkokkinen@usa.doj.gov>; Wade, Lance <LWade@wc.com>
**Cc:** Rank, Timothy (USAMN) <TRank@usa.doj.gov>
**Subject:** RE: Adams - SAR and Phone Conference

John,

Thank you for the update regarding the SAR.  We will expect to receive that from AUSA Bildtsen later this week.

I am available to meet and confer about the privilege issues on Thursday between 10 a.m. EST and 4:30 p.m. EST.  Please let me know if there is an agreeable time during that window.

We request that you identify the documents or categories of documents that you anticipate challenging in advance of our call so we can more meaningfully and efficiently meet and confer with you.

Regards,
Gloria


**Gloria Maier**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5213 | (F) 202-434-5029
gmaier@wc.com | www.wc.com

---

**From:** Kokkinen, John (USAMN) [mailto:John.Kokkinen@usdoj.gov]
**Sent:** Monday, July 16, 2018 10:57 AM
**To:** Wade, Lance <LWade@wc.com>; Maier, Gloria <GMaier@wc.com>
**Cc:** Rank, Timothy (USAMN) <Timothy.Rank@usdoj.gov>
**Subject:** Adams - SAR and Phone Conference

Lance and Gloria,

I write for two reasons.  The first is to advise you that we will be sending the SAR to you this week.  Lance, as I told you on the phone a few weeks back, my plan was to check the SAR for any references to Brever and Murry before examining it closely in developing arguments in response to your motions.  You indicated that you did not have any problem with me doing so.  In doing my review, I noted that the only reference in the body of the SAR (pages 1-24) is a statement that Murry prepared the second set of amended returns for 2008-2010 (see page 5 of the SAR), with no other discussion.  I did not observe any other discussion of Murry in the body of the SAR.  I also noted that the list of witnesses and exhibits references an email string between Adams and Ashley Miller (see page 26) and an email string with Brever (see page 29).  I did not review those email strings; however, the descriptions indicate that the string with Miller is one of the documents you claim is privileged and that the string with Brever is not one of those documents.  I will provide the SAR to AUSA Bildsten for her to send it to you and will refrain from reviewing the SAR any further until the issues surrounding the search warrant and the communications with Murry have been resolved.

The second reason for my email is to request a conference call regarding the government's intention to raise a challenge to some of the privilege designations asserted on your privilege logs.  Pursuant to the local rules and Judge Menendez's most recent ruling [Dkt. 165], I believe that I'm under an obligation to meet and confer with you before proceeding with any motion.  Please let us know what your availability is for such a phone call.

Regards,
John Kokkinen
Assistant United States Attorney
District of Minnesota, Criminal Division
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
V: 612.664.5648 | F: 612.664.5787

---

This message and any attachments are intended only for the addressee and may contain information that is

privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.