# U.S. v. Edward S. Adams
# Case No. 17-64 (DWF/KMM)

# Exhibit 60

## DL INVESTMENTS, LLC

## REPAYMENT COMMITMENT RELATING TO
## APOLLO DIAMOND, INC. COMMITMENT OF SERVICES

Minneapolis, MN

December 31, 2007

FOR VALUE RECEIVED, the undersigned, Edward S. Adams, an individual ("Obligor"), promises to repay to Apollo Diamond, Inc. ("Apollo") through DL Investments, LLC ("DL") the amount calculated and set forth below in the event the Obligor ceases to provide services to Apollo upon the earlier of the cessation or sale of Apollo's business, the death or disability of the Obligor or January 1, 2015 (the "Agreement").

### RECITALS

WHEREAS, Obligor has previously entered into agreements of employment, term sheets, and side letters with Apollo (the "Terms of Employment");

WHEREAS, Apollo is desirous of employing the talents and services of Obligor for a period of time;

WHEREAS, the Terms of Employment of Obligor do not mandate that Obligor continue to devote his talents and services in finance, law, business, and the diamond business to Apollo;

WHEREAS, Apollo has permitted the Obligor to sell warrants issued to him by Apollo to accredited third party investors through DL in disclosed transactions;

WHEREAS, Apollo and DL have entered into an agreement relating to DL's commitment to advance any paid amounts by Obligor to DL to Apollo in full;

### AGREEMENT

FOR GOOD AND VALUABLE CONSIDERATION, the parties hereby memorialize this repayment commitment by Obligor to DL:

1. *Acknowledgement of Sales.* Obligor agrees and acknowledges that he has sold warrants issued to him by Apollo through DL and that in connection therewith and with Apollo's desire to continue to avail itself of the services of Obligor, Obligor has agreed to execute this Agreement with DL.

2. *Receipt of Funds and Approval.* Obligor acknowledges that he has received approximately $857,000 in connection with his sales of warrants in Apollo through DL to third party accredited investors and that Apollo has approved of such sales.

ESA002715

3. *Repayment Obligation.* Obligor acknowledges and agrees that in the event he ceases to perform financial, legal, and/or business-related services for or on behalf of Apollo, he shall repay to DL the pro rata amount of monies received by DL that he has received in connection with his sales of warrants. By way of example, under the term of this Agreement and his Terms of Employment, Obligor is committing to provide services to Apollo for a period of seven years. If Obligor ceases to provide services to Apollo beginning on January 1, 2010, then Obligor shall repay to DL (which shall provide such funds to Apollo), the sum of $857,000 multiplied by 5/7 (where 5 is the years of service left and 7 is the total number of committed years of service) or $612,142.

4. *Forgiveness Upon Cessation or Sale of Apollo's Business, Death or Disability of Obligor, or January 1, 2015.* Notwithstanding anything in this Agreement to the contrary, DL and Obligor acknowledge and agree that any obligation of Obligor to DL (and Apollo) to continue to provide services to Apollo shall cease and be null and void upon the earlier of the cessation or sale of Apollo's business operations, upon the death or Disability (as defined below) of Obligor, or January 1, 2015 (seven years from the date hereof). Obligor and DL acknowledge and agree that this Agreement does not affect any contractual employment or consulting obligations that Apollo has or shall have in the future to Obligor. For avoidance of doubt, this Agreement shall be consistent with or treated like an advance fee retainer (earned upon execution) or "waffle" in the brokerage industry—meaning that the monies received by Obligor from DL shall be treated as earned immediately by the Obligor subject to the potential repayment obligation set forth in Section 3 above and shall not be considered part of the consideration due and owing to the Obligor by Apollo subject to any separate employment or consulting agreements (including, but not limited to, that certain Employment Agreement executed by and between Obligor and Apollo dated as of January 10, 2005).

"Disability" shall mean a physical or mental incapacity as a result of which Obligor becomes unable to continue the proper performance of Obligor's duties to Apollo for six (6) consecutive calendar months or for shorter periods aggregating one hundred eighty (180) business days in any twelve (12) month period, but only to the extent that such definition does not violate the Americans with Disabilities Act.

5. *Binding Effect.* This Agreement shall inure to the benefit of DL, Apollo (as a third-party beneficiary), and their respective successors and assigns.

6. *Provisions Severable.* In the event that any one or more provisions of this Agreement shall be held to be illegal, invalid or otherwise unenforceable, the same shall not affect any other provision of this Agreement and the remaining provisions of this Agreement shall remain in full force and effect.

7. *Governing Law.* This Agreement shall be governed by and construed in accordance with the laws of the State of Minnesota, without giving effect to the principles thereof relating to conflicts of law.

IN WITNESS WHEREOF, DL and Obligor have entered into this Agreement on the day and year first above written.

ESA002716

*[signature]*

DL INVESTMENTS, LLC

By: *[signature]*
Name: Ed Adams
Title: CEO

OK R✗ 1/31/03

ESA002717