UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>EDWARD S. ADAMS,<br><br>                      Defendant. | 17-cr-64-DWF-KMM<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTION TO OCTOBER 27, 2018 ORDER** |

The government's objection to the Magistrate Judge's October 27, 2018 Order (ECF 225) (the "Order"), which denied in part and granted in part the government's Motion Contesting the Application of Privilege (ECF 192), should be overruled. The government has objected to Judge Menendez's denial of the government's privilege challenge regarding seven email communications between Mr. Adams and accountants at Murry LLC, who were retained by Mr. Adams's tax counsel under a *Kovel* arrangement. *United States v. Kovel*, 296 F.2d 918, 921-22 (2d Cir. 1961). The government's objection to the Magistrate Judge's Order is without merit.

Objections to a magistrate judge's nondispositive pretrial order are reviewed to determine if the order is contrary to the law or clearly erroneous. Fed. R. Crim. P. 59(a); 18 U.S.C. § 636(b)(1)(A); L.R. 72.2(a). Here, the Magistrate Judge's Order, a nondispositive pretrial order regarding the application of the attorney-client privilege, is neither contrary to the law nor clearly erroneous. The de novo standard urged by the government does not apply because the Order is not a report and recommendation on a

dispositive matter, but even if de novo review were appropriate, there is no basis to disturb the Order.

Six months ago, this Court considered these same seven documents *in camera* in connection with the parties' prior briefing about the validity of Mr. Adams's assertions of the attorney-client privilege, under *Kovel*, over communications with Murry LLC. *See* Mot. Asserting Certain Privileges Implicated by Yahoo! Email Seizure & Ex. 22 (ECF 90 & 91-22). After conducting a de novo review of the Magistrate Judge's Report & Recommendation, this Court held: "[t]he Magistrate Judge correctly concluded that Defendant has established the privileged nature of communications with accountants that his tax attorney retained for the purpose of rendering legal advice to Defendant." ECF 139 at 2. Neither the law nor the record relating to the seven Murry LLC communications has changed in the intervening six months, and both the law and the record support Mr. Adams's claim of privilege over these documents.[1]

The government's first objection is that the Magistrate Judge did not rely on the government's preferred out-of-circuit cases. This objection is meritless, as the Order correctly applied the controlling law. The Eighth Circuit in *United States v. Cote*, 456

---

[1] Mr. Adams will not repeat all of the arguments in his previously-submitted briefs, and incorporates those briefs and supporting documents by reference herein. *See* ECF 89-93, 110-114, 121, 201-213. Contemporaneous with this brief, Mr. Adams is also submitting a courtesy copy of his prior briefing and relevant exhibits, including Defendant's Opposition to Government's Motion Contesting the Application of Privilege ("Adams Br.") (sealed/*in camera* version of ECF 201), the sealed/*in camera* Declarations of Thomas Brever (ECF 93 & 112), and the seven documents at issue (*in camera* Exhibits M, N, O, P, R, S, T).

PUBLIC VERSION

F.2d 142 (8th Cir. 1972), applied the *Kovel* doctrine and concluded that the attorney-client privilege attached to the information contained in an accountant's workpapers where "the accountant's aid to the lawyer preceded the advice and was an integral part of it." *Id.* at 144.  Applying this principle, the Magistrate Judge correctly concluded that Mr. Adams had demonstrated the privileged nature of the documents, observing that Mr. Brever's declarations "thoroughly explain[] how communications with Murry LLC and the information Mr. Adams provided to the accountants assisted in Mr. Brever's provision of legal advice to his client regarding tax-related matters," and that "*in camera* review of the communications does not contradict Mr. Brever's explanation."  Order at 3; *see also* Adams Br. 9-12.  The government urges the Court to apply a rule that communications such as these should be protected by the attorney-client privilege only if they were made for the "sole or primary" purpose of obtaining legal advice.  Gov. Obj. at 2.  To the extent that the government is arguing for a "sole purpose" test, this is inconsistent with *Cote*, in which the communications were not for the sole purpose of obtaining legal advice.  In *Cote*, "the accountant's work memoranda [were] used in preparation of the amended returns" in addition to being an "integral" part of the legal advice—but this did not prevent the Eighth Circuit from concluding that "the attorney-client privilege attached to the information contained in the accountant's workpapers under the circumstances existing here."  456 F.2d at 144.  *Id.*[2]  To the extent the

---

[2] The government's cases relating to "sole" purpose are inapposite, and largely concern whether the attorney-client privilege attaches to communications where an attorney is himself serving as a tax preparer—a circumstance not present here.  In *United States v.*

PUBLIC VERSION

government is arguing for a "primary purpose" test, such a standard is no different than *Cote*'s "integral part" test—if a *Kovel* accountant's communications are an "integral part" of a lawyer's legal advice to a client, then a court certainly may find that a "primary purpose" of the communications is to facilitate that legal advice. The record here fully supports the Magistrate Judge's finding that the *Cote* standard was satisfied. Order at 3; Adams Br. 9-12.[3]

---

*Frederick*, the Seventh Circuit considered whether the tax-preparation files of an attorney who also acted as a tax preparer were privileged, and concluded that communications not made "for the purpose of eliciting the lawyer's . . . legal assistance are not privileged," and that "a dual-purpose document—a document prepared for use in preparing tax returns *and* for use in litigation—is not privileged." 182 F.3d 496, 499-501 (7th Cir. 1999). The court's reasoning was guided by a concern that taxpayers could use lawyers as tax preparers to cloak their tax preparation—an activity not normally subject to any privilege—with the attorney-client privilege. *Id.* at 500-02. Similarly, *United States v. Lawless*, 709 F.2d 485 (7th Cir. 1983), concerned documents relating to the preparation of taxes sent to a lawyer who was acting as a tax preparer. Here, no attorney was serving in a dual legal/tax preparation role—rather, Attorney Brever retained Murry LLC to facilitate his legal advice to Mr. Adams in connection with ███████████████████ ███████████████████████████████████████████████████████ The third case cited by the government, *In re Grand Jury Proceedings*, 220 F.3d 568 (7th Cir. 2000), summarized *Frederick* and *Lawless* but remanded to the district court the issue of whether documents subpoenaed from accountants were privileged, due to inconsistencies in the record regarding whether the sole purpose of the accountants' engagement was to prepare amended returns. Here, the record clearly establishes that Murry LLC's purpose was not solely the preparation of amended returns.

[3] *See also* Brever Supp. Decl. ¶¶ 4, 7 (describing documents at issue, including explaining that *in camera* Ex. R was ███████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████).

4

The government also claims that the Magistrate Judge improperly concluded that the filing of amended returns by Mr. Adams did not waive the attorney-client privilege as to the seven documents at issue. The government does not dispute, however, that *Cote*, again, provides the governing law, and that *Cote* held the attorney-client privilege is not waived by the filing of amended tax returns for otherwise privileged communications containing "unpublished expressions which are not part of the data revealed on the tax returns." 456 F.2d at 144-145 & n.4 (citing *United States v. Schlegel*, 313 F. Supp. 177 (D. Neb. 1970)). The government's objection is based on its presumption that the seven Murry LLC documents contained detail underlying Mr. Adams's amended tax returns. Gov. Obj. at 3-4. The Magistrate Judge properly concluded that the documents at issue "comprised the type of unpublished expressions that were not later revealed on the amended returns," based on her *in camera* review of the documents and Mr. Brever's Supplemental Declaration, which explained that he previously produced documents that contained data and information underlying the amended returns but withheld requests for legal advice. ECF 225 at 4. A review of the documents at issue confirms the Magistrate Judge's conclusion: they include ███████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

PUBLIC VERSION

███████████████████████████████████████████  *See in camera*

Exhibits M, N, O, P, R, S, T; Adams Br. 12-15.

The government's third objection is that the Magistrate Judge rejected its crime-fraud argument. The government argues, as it did in its motion, that differences between the draft and amended final returns demonstrate that Mr. Adams "misrepresent[ed] that the transactions involved stocks rather than warrants." Gov. Obj. at 4-5. The government's theory is based on pure speculation, and is contradicted by the record. Based on "closely review[ing]" the seven Murry documents *in camera*, the Magistrate Judge correctly concluded that the government "failed to make the ultimate showing that the crime-fraud exception applies." ECF 225 at 8. The seven documents reflect that, █

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████  *See also* Adams

Br. 21-25. This objection, like the others, is meritless.

## **CONCLUSION**

Mr. Adams respectfully requests that the Court deny the government's objection to the October 27, 2018 Order.

Dated: November 21, 2018                Respectfully submitted,

       /s/ *Lance Wade*

Joseph G. Petrosinelli (DC Bar #434280)
Lance Wade (DC Bar #484845)
Gloria Maier (DC Bar # 1012208)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
jpetrosinelli@wc.com
lwade@wc.com
gmaier@wc.com

James L. Volling (#113128)
Deborah A. Ellingboe (#26216X)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55420
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
james.volling@faegrebd.com
debbie.ellingboe@faegrebd.com

*Attorneys for Defendant Edward S. Adams*

PUBLIC VERSION