**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 17-64 (DWF/KMM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Edward S. Adams, | |
| Defendant. | |

This matter is before the Court upon Defendant Edward S. Adams' ("Defendant") objections (Doc. No. 222) to Magistrate Judge Katherine M. Menendez's September 17, 2018 Report and Recommendation (Doc. No. 221) insofar as it recommends that: (1) Defendant's Motion to Suppress be denied; (2) Defendant's Motion to Dismiss Counts 15–17 of the Superseding Indictment, or in the Alternative, for a Bill of Particulars be denied; (3) Defendant's Motion to Dismiss the Superseding Indictment, or in the Alternative for Disqualification, for Privilege Violations be denied; and (4) that an Order be issued which prohibits the government from using at trial any documents submitted in *In Camera* Exhibits A through U that are ultimately deemed privileged. The Government filed a response to Defendant's objections on October 15, 2018. (Doc. No. 223.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections. Pertinent to the present objections, the Magistrate Judge considered three pretrial motions filed by Defendant, wherein Defendant sought:

(1) suppression of information obtained by the government from his Yahoo! e-mail accounts pursuant to a federal search warrant; (2) dismissal of the indictment, or in the alternative, disqualification of the prosecution team because agents and prosecuting attorneys reviews privileged communications; and (3) dismissal of Count 15-17 of the indictment (charging him with tax fraud), or in the alternative, requiring the government to file a bill of particulars.

In the Report and Recommendation, the Magistrate Judge acknowledged that the government's execution of the search warrant and efforts to protect Defendant's attorney-client privileged communications were imperfect. The Magistrate Judge, however, also determined that the government did not improperly review e-mails or other materials that were beyond the scope of the search permitted by the Yahoo! warrant, and that the remedies of complete suppression, dismissal, and disqualification were not justified. More particularly, the Magistrate Judge concluded that: Defendant is not entitled to dismissal of the indictment pursuant to the Sixth Amendment because his right to counsel had not yet attached; Defendant failed to demonstrate that his Fifth Amendment right to due process was violated by the government's pre-indictment intrusion into his privileged communications; Defendant failed to demonstrate a systematic and persistent abuse of power that would warrant dismissal of the indictment; disqualification of the current prosecution team is unwarranted, and the disqualification of Mr. Maria, Inspector Kroells, and Investigator Belich is not necessary to ensure

Defendant receives a fair trial; despite the fact that the Magistrate Judge found no due-process or Sixth Amendment violations, the government should be prohibited from using at Defendant's upcoming trial any privileged communications between himself and his attorneys; Defendant's motion to suppress be denied because the Yahoo! warrant was sufficiently particularized and was not constitutionally overbroad and because the warrant's execution was neither unreasonable under the Fourth Amendment nor in reckless disregard of Federal Rule of Criminal Procedure 41; and the indictment should not be dismissed for failure to provide Defendant notice of the tax charges again him and that a bill of particulars is not necessary.

    Defendant now objects to the Magistrate Judge's recommendation, and in particular, the Magistrate Judge's denial of suppression of roughly 37,000 e-mails that the government has not reviewed, as well as 750 documents that Defendant maintains lie outside of the warrant's request because the documents relate to Defendant's personal matters or business interests not implicated in any alleged crime. More broadly, Defendant argues the Court should suppress all documents seized by the government because the warrant and search violated the Fourth Amendment and Rule 41. In addition, Defendant maintains that Defendant's motion to dismiss, or in the alternative to disqualify, should be granted because the government violated Defendant's constitutional rights and Defendant has demonstrated prejudice. At a minimum, Defendant argues that the tax charges against him should be dismissed because the government was on notice

that communications with Murray LLC were potentially privileged making further review of communications deliberate and outrageous. In addition, Defendant takes issue with the Magistrate Judge's finding that the tax charges were forthcoming independent of the review of Defendant's e-mails. The Government responds to Defendant's objections, arguing that the Magistrate Judge correctly recommended that Defendant's motion to suppress be denied, that Defendant's motions requesting dismissal be denied, and that the Magistrate Judge's denial of a request for a bill of particulars and for disqualification be affirmed as they were not contrary to law or clearly erroneous.

The Court has conducted a *de novo* review of the record as to Defendant's motions pertaining to dispositive matters, including a review of the arguments and submissions of counsel. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). In addition, the Court considers objections to the Magistrate Judge's ruling on nondispositive matters and will modify or set aside any part of such an order that is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). The Court notes that the issues presented in the pending objections have been briefed extensively by the parties and addressed thoroughly by Magistrate Judge Menendez in a 94-page Report and Recommendation after the Magistrate Judge presided over a two-day evidentiary hearing. After carefully considering Defendant's objections, the Court finds no reason to depart from Magistrate Judge Menendez's carefully considered Report and Recommendation. Indeed, the Court concludes that there was no government misconduct that would warrant

4

Defendant's requests for suppression, dismissal, or disqualification. Accordingly, and based upon the Court's review of the record and the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Edward S. Adams' objections (Doc. No. [222]) to Magistrate Judge Katherine M. Menendez's September 17, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Katherine M. Menendez's September 17, 2018 Report and Recommendation (Doc. No. [221]) is **ADOPTED**.

3. Defendant's Motion to Suppress (Doc. No. [36]) is **DENIED**.

4. Defendant's Motion to Dismiss Counts 15–17 of the Superseding Indictment, or in the Alternative, for a Bill of Particulars (Doc. No. [140]) is **DENIED**.

5. Defendant's Motion to Dismiss the Superseding Indictment, or in the Alternative for Disqualification, for Privilege Violations (Doc. No. [141]) is **DENIED**.

6. The government is prohibited from using at trial any documents submitted in *In Camera* Exhibits A through U that are ultimately deemed privileged.

Dated: December 10, 2018       s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge