# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                        Criminal No. 17-64 (DWF/KMM)

           Plaintiff,

v.                                                                     **ORDER**

Edward S. Adams,

           Defendant.

This matter is before the Court upon Plaintiff United States of America's ("the government") appeal (Doc. No. 226) of Magistrate Judge Katherine M. Menendez's October 27, 2018 Order (Doc. No. 225) insofar as the Magistrate Judge denied in part and granted in part the government's motion contesting the application of privilege. In particular, the government objects to the Magistrate Judge's denial of the government's privilege challenge regarding seven e-mail communications between Defendant Edward S. Adams and his accountants, the Murry firm (the "Murry e-mails"), who were retained by Defendant's tax counsel. Defendant opposes the government's appeal. (Doc. No. 228.)

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, the government argues that its objections are subject to a *de novo* review because the practical effect of the Magistrate Judge's ruling is the suppression of the Murry e-mails. The Court need not decide which standard applies, however, because the Court's decision would be the same under either standard.

The government submits that Magistrate Judge Menendez's Order did not address the government's arguments regarding the primary purpose of the Murry e-mails, and that according to persuasive out-of-circuit caselaw, this omission is important because the privilege only applies if the communications were for the sole or primary purpose of obtaining legal advice. In addition, the government argues that Defendant cannot properly claim privilege over all of the underlying details that support the figures on his amended returns because if the Murry e-mails contain underlying details that form the basis for totals reported on tax returns, they are part of the data revealed (even if unpublished) and any privilege was waived. Finally, the government takes issue with Magistrate Judge Menendez's rejection of the government's crime-fraud argument. The government submits that Magistrate Judge Menendez did not address the disparity between draft returns produced by the Murry firm and the final filed versions. The government argues that the disparity shows that Defendant's tax obligation was reduced by at least $200,000 by misrepresenting the nature of certain transactions.

Defendant argues that the government's objection is without merit. Defendant points out that these same documents were considered by the Court *in camera* in connection to prior briefing regarding the assertion of the attorney-client privilege and that the Court previously recognized the privileged nature of the communications with accountants that were retained by a tax attorney for the purpose of rendering legal advice to Defendant. Defendant further argues that the record fully supports Magistrate Judge Menendez's finding that the Murry e-mails are covered by the attorney-client privilege, the filing of amended returns did not waive that privilege as to the Murry e-mails, and that the government failed to make the ultimate showing that the crime-fraud exception applies.

After careful consideration of the government's objections and the parties' arguments, the Court finds that Magistrate Judge Menendez's Order is neither clearly erroneous nor contrary to law. In addition, even if the Court had reviewed the Order *de novo*, it would have reached the same conclusion. Accordingly, the Court denies Defendant's appeal and affirms Magistrate Judge Menendez's October 27, 2018 Order in all respects.

Thus, **IT IS HEREBY ORDERED** that:

1. Plaintiff United States of America's appeal (Doc. No. [226]) of Magistrate Judge Katherine M. Menendez's October 27, 2018 Order is **OVERRULED**.

2. Magistrate Judge Katherine M. Menendez's October 27, 2018 Order (Doc. No. [225]) is **AFFIRMED.**

Dated:  December 10, 2018         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge