# EXHIBIT A

**Internal Revenue Service**
**30 East Seventh Street**
M/S 4020CJ
Saint Paul, MN 55101

**Department of the Treasury**

Taxpayer Identification Number:


Transaction/Promoter:
Domestic Voluntary Disclosure

Tax Period(s) Ended:
200812      200912      201012

Date: AUG 26 2015

Edward Adams & Denise Adams


Person to Contact/Identification Number:
Chris John / 1000208108

Contact Telephone Number:
651-312-7840

Refer Reply to:
4020CJ

Dear Edwards Adams,

The closing agreement you submitted has been approved and signed. Enclosed is a signed duplicate of the closing agreement for your records.

Thank you for your cooperation.

Sincerely yours,

*Lynn Brennan*
Lynn Brennan
Technical Services Group Manager

Enclosure:
Form 906, Closing Agreement

Letter 1595-E (1-2007)
Catalog Number 49296C

00252068

Form **906**
(Rev. August 1994)

Department of the Treasury—Internal Revenue Service

## Closing Agreement On Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code

**Edward Adams** (███████) **& Denise Adams** (███████)

███████████████████████████████████

(name, address, and identifying number)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, the Taxpayers filed Federal income tax returns (Forms 1040) for the tax years 2008, 2009 and 2010 claiming a married joint filing status.

WHEREAS, the Taxpayers desire to enter into an agreement with the Internal Revenue Service regarding the proper amount of Federal income taxes, applicable penalties and interest for the years 2008, 2009 and 2010.

WHEREAS, the Taxpayers desire to resolve the proper amount of taxable income, Federal income taxes, penalties and interest for the years 2008, 2009 and 2010 with the payment of the agreed liabilities for the income tax, penalties, and interest on terms acceptable to the Internal Revenue Service.

WHEREAS, the Taxpayers timely filed their Federal income tax returns (Forms 1040) for the tax years 2008, 2009 and 2010.

WHEREAS, the Taxpayers represent herein they were engaged in legitimate business activities and that all of their income was legal source income.

WHEREAS, the Taxpayers underreported their Federal income tax liabilities for the tax years 2008, 2009 and 2010 as a result of missed capital gain income that was not previously reported.

WHEREAS, the Taxpayers affirm that they have provided to the Internal Revenue Service correct amended Federal individual income tax returns (Forms 1040X) for the tax years 2008, 2009 and 2010.

WHEREAS, the Taxpayers represent herein they were not previously under examination or criminal investigation by the Internal Revenue Service nor are they currently under examination or criminal investigation for the tax years 2008, 2009 or 2010.

WHEREAS, the Taxpayers understand and acknowledge that absent a false return determination pursuant to Internal Revenue Code §§ 6501(c) and 6663(a) the period of limitation for assessment has expired for the tax years 2008, 2009 and 2010

WHEREAS, the parties have determined it is mutually advantageous for them to enter into an agreement finally determining the Taxpayers' correct income, correct taxable income, correct income tax liability, additions to the tax, applicable penalties and interest for the tax years 2008, 2009 and 2010 on terms acceptable to the Internal Revenue Service.

WHEREAS, this Closing Agreement to resolve the income tax liabilities, additions to the tax, applicable penalties and interest of the Taxpayers for the tax years 2008, 2009 and 2010 is being made by the Commissioner solely for settlement purposes.

SEE ATTACHMENT A FOR ADDITIONAL CLOSING AGREEMENT TERMS & CONDITIONS:

Catalog Number 16961A

Form **906** (Rev. 8-1994)

00252069

## Instructions

This agreement must be signed and filed in triplicate. (All copies must have original signatures.) The original and copies of the agreement must be identical. The name of the taxpayer must be stated accurately. The agreement may relate to one or more years.

If an attorney or agent signs the agreement for the taxpayer, the power of attorney (or a copy) authorizing that person to sign must be attached to the agreement. If the agreement is made for a year when a joint income tax return was filed by a husband and wife, it should be signed by or for both spouses. One spouse may sign as agent for the other if the document (or a copy) specifically authorizing that spouse to sign is attached to the agreement.

If the fiduciary signs the agreement for a decedent or an estate, an attested copy of the letters testamentary or the court order authorizing the fiduciary to sign, and a certificate of recent date that the authority remains in full force and effect must be attached to the agreement. If a trustee signs, a certified copy of the trust instrument or a certified copy of extracts from that instrument must be attached showing:

(1) the date of the instrument;

(2) that it is or is not of record in any court;

(3) the names of the beneficiaries;

(4) the appointment of the trustee, the authority granted, and other information necessary to show that the authority extends to Federal tax matters; and

(5) that the trust has not been terminated, and that the trustee appointed is still acting. If a fiduciary is a party, Form 56, Notice Concerning Fiduciary Relationship, is ordinarily required.

If the taxpayer is a corporation, the agreement must be dated and signed with the name of the corporation, the signature and title of an authorized officer or officers, or the signature of an authorized attorney or agent. It is not necessary that a copy of an enabling corporate resolution be attached.

Use additional pages if necessary, and identify them as part of this agreement.

Please see Revenue Procedure 68 16, C.B. 1968 1, page 770, for a detailed description of practices and procedures applicable to most closing agreements.

This agreement is final and conclusive except:
(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;
(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and
(3) if it relates to a tax period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

**By signing, the above parties certify that they have read and agreed to the terms of this document.**

Your signature _____ Date Signed  3-31-15

Spouse's signature (if a joint return was filed) _Tami J Adann_ Date Signed 3/31/15

Taxpayer's representative _____ Date Signed _____

Taxpayer (other than individual) _____

By _____ Date Signed _____

Title _____

Commissioner of Internal Revenue

By _for Kost_ _Lynn Brennan_ Date Signed 8-17-15

Title **TECHNICAL SERVICES GROUP MANAGER**

Catalog Number 16961A                                             Form **906** (Rev. 8-1994)

00252071

# ATTACHMENT A – FORM 906

**TAXPAYERS: ADAMS,** EDWARD ▮▮▮▮▮▮ & ADAMS, DENISE
▮▮▮▮▮▮

**TAX YEARS ENDED:** DECEMBER 31, 2008, DECEMBER 31, 2009 & December 31, 2010

## NOW IT IS HEREBY DETERMINED AND AGREED FOR FEDERAL TAX PURPOSES THAT:

1. For the tax year 2008, the Taxpayers failed to report income in the amount of $81,000 from the sale of stock received in 2003. For the tax year 2009, the Taxpayers failed to report income in the amount of $424,755 from the sale of stock received in 2003. For the tax year 2010, the Taxpayers failed to report income in the amount of $90,025 from the sale of stock received in 2003.

2. There are deficiencies of the income tax required to be shown on the Taxpayers' joint Federal income tax returns in the amounts of $34,064, $52,411 and $31,354 for tax years 2008, 2009, and 2010, respectively.

3. Interest is due as provided by law on the underpayments of the income tax, addition to tax, and penalties as determined by or resulting from the determinations of this Closing Agreement for the tax years 2008, 2009, 2010 and the relief provisions of internal Revenue Code § 6404(g) do not apply.

4. The total amount of payments made by the Taxpayers in accordance with this Closing Agreement is not refundable nor shall any amount be credited or offset against any other taxes or liabilities owed by the Taxpayers.

5. The Taxpayers agree that they will not file suit for refund or make an administrative claim for refund with respect to the liability for the additional income taxes, addition to tax, penalties or interest as determined by or resulting from the determinations of this Closing Agreement for the tax years 2008, 2009 and 2010.

6. The Taxpayers agree that neither Edward And/Or Denise Adams are entitled to relief pursuant to the provisions of Internal Revenue Code § 6015 from the joint and several liability for the additional income taxes, addition to tax, penalties and interest as determined by or resulting from the determinations of this Closing Agreement for the tax years 2008, 2009 and 2010.

7. If any information provided is not materially accurate and complete, the Internal Revenue Service will not be bound by any agreements or understandings heretofore reached with the Taxpayers or recited within this Closing Agreement.

8. If any provision or determination is held to be invalid, the Internal Revenue Service shall have the sole discretion to treat the entire agreement as null and void having

no legal effect.

9. By signing this agreement, the Taxpayers consent to the assessment and collection of the liabilities for the income tax, addition to tax, penalties and interest as determined by or resulting from the determinations of this Closing Agreement, waiving all defenses against and restrictions on the assessment and collection of those liabilities, including any defense based on the expiration of the period of limitation on assessment or collection. By signing this agreement the Taxpayers agree that they will not file suit for refund or make an administrative claim for refund with respect to amounts paid under this agreement.

10. The Taxpayers waive all rights to Collection Due Process (CDP) or Collection Appeals Program (CAP) consideration with respect to the filing of a notice of Federal tax lien and notice of intent to levy in connection with the payment arrangements agreed upon as a condition of entering into this Closing Agreement. The Taxpayers also waive all rights to Appeals consideration of the collection of the liability under Internal Revenue Code §§ 6320 and 6330, including CDP hearings, consideration under CAP, and Appeals consideration of the rejection by the Service of any alternative payment proposal in the future. This waiver of appeal rights extends to actions such as liens or levies that result as a consequence of a default of an installment agreement, payment extension, rejected or defaulted Offers in Compromise or other promises regarding payment. The Taxpayers further waive the right to receive notice of appeal rights that are waived by this Agreement. Notwithstanding the foregoing, in the event of a default of the agreed-upon payment arrangements, the Taxpayers retain their right to challenge the collection of the liability by showing, to the Commissioner's satisfaction, that the default was the result of an unanticipated significant economic hardship due to circumstances beyond the Taxpayers' control or was the result of procedural or computational error on the part of the Service.

| | |
|---|---|
| I have examined the specific matters involved and recommend the acceptance of the proposed agreement. | I have reviewed the specific matters involved and recommend approval of the proposed agreement. |
| _____  4-6-15<br>(Receiving Officer)          (Date) | _____  09/17/2015<br>(Reviewing Officer)          (Date) |
| Revenue Agent<br>(Title) | Revenue Agent<br>(Title) |