# EXHIBIT B

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 14, 2018

<u>Via Email</u>

John Kokkinen, Esq.
Joe Thompson, Esq.
Assistant U.S. Attorney
District of Minnesota, Criminal Division
U.S. Department of Justice
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

    Re:    <u>United States v. Edward S. Adams – Cr. 17-64 (DWF/KMM)</u>

Dear Counsel:

    This follows up on your December 5, 2018 letter and recent discussions. Thank you for your detailed response, but a few items require additional discussion and clarification, in the hope that we can resolve our disputes and avoid motions practice.

    1. Mr. Zipkin's tax documents and your communications with his counsel, Mr. Madel, are covered by Rule 16, *Brady*, and *Giglio*. They relate to issues beyond Rule 608(b), as they are relevant to his general motive and bias, and to contradiction, among other things. These documents are particularly relevant given that Mr. Madel, as a former shareholder in Apollo, is a purported victim of the alleged fraud and thus had a conflict of interest in the matter that may or may not have been disclosed to the government and/or Mr. Zipkin. On this last point, we caution you not to have any further communications with Mr. Madel on these matters as it would only serve to deepen the conflict. Again, please produce all communications and proffer notes, or summaries of oral proffers, involving Mr. Zipkin and/or Mr. Madel.

    2. You have an obligation as counsel to the government to search agent notes for *Brady*/*Giglio*. Lawyers, not agents, are obliged to assess such materials. Your letter could be read to suggest that counsel to the government will not perform such a review.

WILLIAMS & CONNOLLY LLP

John Kokkinen, Esq.
Joe Thompson, Esq.
December 14, 2018
Page 2

      3. We have information that employees of the IRS took the position that the government could not bring criminal tax charges against Mr. Adams because he made a voluntary disclosure and entered a closing agreement with the IRS. This is an argument we may well advance at trial. To the extent IRS agents and employees involved in this case agreed with this position, we are entitled to those documents pursuant to *Brady* and *Giglio*.

      4. Relatedly, we understand from comments on our prior call that you now intend to offer evidence relating to Mr. Adams's voluntary disclosure in your case in chief. A prosecution based on voluntary-disclosure evidence would be highly unusual if not unprecedented, and would breach Mr. Adams's closing agreement with the IRS, which resolves all federal tax matters with the United States government relating to the 2008, 2009, and 2010 returns. Please advise us of your position on this issue, including how or whether you intend to use this evidence, so we can consider whether this issue needs to be addressed with the Court and/or the Tax Division at Main Justice. Please also produce all internal IRS and DOJ policies regarding whether criminal tax cases can or should be brought after a taxpayer has entered the voluntary disclosure program and signed a closing agreement with the IRS.

      As always, we are happy to discuss these or other matters further in effort to avoid needless litigation. Please let us know if you would like to set a time to discuss.

      Sincerely,

      Lance Wade