# EXHIBIT C



**U.S. Department of Justice**

United States Attorney
District of Minnesota

*600 United States Courthouse*   Telephone: (612) 664-5600
*300 South Fourth Street*   Fax: (612) 664-5787
*Minneapolis, MN 55415*

April 1, 2019

Lance Wade, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

    Re:    *United States v. Edward S. Adams*
           Cr. 17-64 (DWF/KMM)

Dear Counsel:

    This follows up to your December 14, 2018 letter and several phone conversations we have had since regarding the impact, if any, that the voluntary disclosure and closing agreement Adams entered into with the IRS in 2015 would have on this criminal case and what evidence may be offered by the government at trial. As I have stated to you, the government may offer at trial exhibits associated with the voluntary disclosure and closing agreement as evidence, for example, of an admission by Adams that the money he received from the Apollo warrant sales in 2008-2010, which money was not reported in his original returns or the first set of amended returns, was in fact income to him. The government's position, in other words, is that the second set of amended returns is probative of the issues of willfulness and falsity as to a material matter. I understand from your letter and our phone conversations that you believe that the voluntary disclosure and closing agreement might preclude the government from offering such evidence in its case in chief. In addition, I understand that you request a meeting with the Tax Division of DOJ to address the issue with them. You are of course free to request such a meeting with DOJ-Tax, and I have forwarded your December 14, 2018 letter, along with a copy of this letter, to the appropriate attorneys at DOJ-Tax.

    The Voluntary Disclosure Practice is a longstanding practice of the IRS of taking timely, accurate, and complete voluntary disclosures into account in deciding whether to recommend to the Department of Justice that a taxpayer be criminally prosecuted. It enables noncompliant taxpayers to resolve their tax liabilities and minimize their chances of criminal prosecution. When a taxpayer truthfully, timely, and completely complies with the provisions of the voluntary disclosure practice, the IRS will not recommend criminal prosecution to the Department of Justice. This voluntary disclosure practice creates no substantive or procedural rights for taxpayers, but rather is a matter of internal IRS practice, provided solely for guidance to IRS personnel. A voluntary disclosure will

April 1, 2019
Page 2

not automatically guarantee immunity from prosecution; however, a voluntary disclosure may result in prosecution not being recommended.  A voluntary disclosure occurs when the communication is truthful, timely, and complete. *See* IRM 9.5.11.9

A Closing Agreement entered pursuant to 26 U.S.C. § 7121 authorizes the Secretary of the Treasury "to enter into an agreement in writing with any person relating to the liability of such person … in respect of any internal revenue tax for any taxable period. 26 U.S.C. § 7121(a).  Such agreements are deemed to be "final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact … shall not be reopened as to matters agreed upon." 26 U.S.C. § 7121(b).  Section 7122 stands in stark contrast to Section 7122, which authorizes the Secretary to compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense.  26 U.S.C. § 7122.  Agreements entered pursuant to Section 7122 explicitly address matters of civil or criminal liability, whereas agreements entered pursuant to Section 7121 focus solely on the tax liabilities of parties who sign and do not cover criminal cases.

The prosecution of Adams is not precluded by his voluntary disclosure because, as noted above, the Voluntary Disclosure Program creates no substantive or procedural rights and instead is a matter of internal IRS practice intended to provide guidance in prosecution decisions. In addition, as noted above, the Closing Agreement may be voided if fraud, malfeasance or misrepresentation of a material fact is established. Adams's voluntary disclosure contained a misrepresentation of material fact: namely, the characterization of the transactions as being the sale of stock that Adams had held for more than five years rather than the truth, which is that the transactions involved the sale of warrants that had not previously been exercised.  It is of no moment that the misrepresentation was determined to be insufficient to trigger the crime-fraud exception; it still was a misrepresentation of material fact.  And, as we know from the litigation regarding the Murry communications, Adams's voluntary disclosure to the IRS did not include any elaboration or documentation on the nature of the transactions that gave rise to the previously unreported income that would have put the IRS on notice that the transactions were really warrant sales rather than stock sales.  We know this because such elaboration or documentation was apparently withheld purportedly as "unpublished expressions" that retained their privileged status under a *Kovel* arrangement notwithstanding the filing of the amended returns.  In addition, at least as to the 2008 year, the voluntary disclosure and the amended returns failed to report an additional $600,000 in income received from Apollo warrant sales.

Although it appears that the issue does not arise frequently, courts have agreed with the above conclusion and held that a closing agreement entered into through a voluntary disclosure under 26 U.S.C. § 7121 "does not discuss criminal liability, penalties, or any obligation on the part of the government to cease its investigation." *United States v.*

April 1, 2019<br>Page 3

*Mohney*, 949 F.2d 1397, 1408 (6th Cir. 1991); *United States v. Khanu*, 664 F. Supp. 2d 35, 39 (D.D.C. 2009) (holding that a closing agreement under 26 U.S.C. § 7121 "is not binding on the government with respect to criminal prosecutions").  Coincidentally, *Khanu* also supports our position that the voluntary disclosure, the closing agreement, and the amended tax returns filed as a part of that process are relevant and admissible if offered by the government at trial.  *See id*. at 41-42.

Please feel free to call me with any questions.

> ERICA H. MACDONALD
> United States Attorney
>
> *s/ John Kokkinen*
> BY:  JOHN KOKKINEN
> Assistant U.S. Attorney
> Attorney ID No. 0388356