UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 17-64 (DWF/KMM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **PLEA AGREEMENT** |
| v. | ) |
| EDWARD S. ADAMS, | ) |
| Defendant. | ) |

The United States of America and defendant EDWARD S. ADAMS agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**: The defendant agrees to plead guilty to Count One of the Information, which charges the defendant with willful failure to provide information, in violation of 26 U.S.C. § 7203. The defendant fully understands the nature and elements of the crime with which he has been charged. The government agrees to move to dismiss the Superseding Indictment at the time of sentencing.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of the charge contained in Count One of the Information. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt

SCANNED
OCT 24 2019
vos
U.S. DISTRICT COURT ST. PAUL

beyond a reasonable doubt and constitute relevant conduct pursuant to Guidelines § 1B1.3:

In April 2015, the defendant, who is a resident of Minneapolis, Minnesota, entered into a closing agreement with the IRS as part of the Voluntary Disclosure Program. In his closing agreement, the defendant admitted that he underreported his federal income tax liabilities for the tax years 2008, 2009, and 2010, as a result of a missed capital gain that was not previously reported.

Specifically, for the tax year 2008, the defendant admitted that he failed to report income from the sale of stock in the amount of $81,000. He also admitted that he failed to report $424,755 from the sale of stock in tax year 2009, and $90,025 from the sale of stock in tax year 2010.

As part of his closing agreement, the defendant paid the approximately $118,000 in additional taxes that he owed on this income to the IRS.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained within this plea agreement, the defendant knowingly, willingly, and voluntarily agrees to give up the right to file pretrial motions in this case and agrees to withdraw any motions previously filed. Specifically, the defendant also waives any right to assert a claim or defense based on any applicable statute of limitations.

4. **Waiver of Indictment.** Recognizing that the defendant is charged with a misdemeanor, which does not require charging by Indictment, the defendant

nevertheless waives the right to be charged by indictment. The defendant agrees to sign a written waiver of this right at the change of plea hearing.

5. **Waivers of Trial Right**. The defendant understands that he has the right to persist in a plea of not guilty to the charges against him and, if he does, he would have the right to a public and speedy trial. The defendant understands that by pleading guilty he surrenders this right.

6. **Statutory Penalties**. The defendant understands that the charge to which he is pleading guilty is a misdemeanor offense that carries the following statutory penalties:

   a. A maximum sentence of 1 year in prison;

   b. A maximum fine of $100,000, or twice the gross gain or gross loss, whichever is greater;

   c. A maximum term of supervised release of not more than 1 year; and

   d. A mandatory special assessment of $25.

7. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guideline Calculations**. The defendant understands that in imposing its sentence the Court will be guided by the United States Sentencing Guidelines.

3

The defendant understands that the Sentencing Guidelines are advisory, not mandatory, and that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a. <u>Base Offense Level</u>: The base offense level for Count One is 6, pursuant to Guidelines § 2T1.1(a)(2).

    b. <u>Specific Offense Characteristics</u>: The parties agree that no specific offense characteristics apply.

    c. <u>Acceptance of Responsibility</u>: The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The parties agree that no other Chapter 3 adjustments apply.

    d. <u>Criminal History Category</u>. Based on the facts now known to the government, the defendant has 0 criminal history points and falls in criminal history category I.

    e. <u>Guidelines Range</u>: Therefore, based on the facts now known to the government, the parties agree that the anticipated offense level is 4, which when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 0 to 6 months in prison, in addition to any supervised release and/or fine the Court may impose.

  f. <u>Fine Range</u>: If the adjusted offense level is 4, the Sentencing Guidelines fine range is $500 to $9,500. U.S.S.G. § 5E1.2(c)(3).

10. **Discretion of the Court.** The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court is neither a party to nor bound by this plea agreement and may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range, and may impose a sentence up to the maximum penalties as set forth above. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements Related to Sentencing.** The parties agree that a non-custodial, probationary disposition is appropriate in this case, and agree to make such a recommendation to the Court at the time of sentencing. The defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Remaining Counts.** After the Court imposes its sentence on the count to which the defendant pleads guilty, as agreed herein, the government will move to dismiss the Superseding Indictment.

13. **Other Conduct.** The United States Attorney's Office for the District of Minnesota agrees not to file any further charges against the defendant based in whole

5

or in part on any facts that are or were known to it as of the date of this agreement, and the defendant agrees not to pursue any actions or make any claims against the United States related to the same.

14. **Special Assessment**. The defendant agrees to pay the $25 special assessment to the Clerk of the U.S. District Court at the time of sentencing.

15. **Waivers of Appellate Rights**. The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal. The United States also waives its right to seek appellate review of any sentence imposed by the District Court on any ground set forth in 18 U.S.C. § 3742. In addition, the defendant has been advised of his rights to file a petition under 28 U.S.C. § 2255 and expressly waives his right to file such a petition. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

16. **Waiver of Freedom of Information Act and Privacy Act**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the

United States and the defendant. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause the defendant to plead guilty.

The defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

Date: 10-24-2019

ERICA H. MACDONALD
United States Attorney

BY: JOSEPH H. THOMPSON
KIMBERLY A. SVENDSEN
JORDAN L. SING
Assistant U.S. Attorneys

Date: 10/24/19

EDWARD S. ADAMS
Defendant

Date: 10/24/19

LANCE WADE
JOSEPH PETROSINELLI
GLORIA MAIER
JENA NEUSCHLER
Counsel for Defendant

7